UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

FEB 1 3 2018

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No: 1:18cr83 |
| v. | ) | |
| | ) | **UNDER SEAL** |
| PAUL J. MANAFORT, JR., | ) | |

GOVERNMENT'S MOTION TO SEAL INDICTMENT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of

the Local Criminal Rules for the United States District Court for the Eastern District of Virginia,

asks for an Order to Seal the indictment, until further motion of the United States.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The Special Counsel's Office is investigating Paul J. Manafort, Jr., and others for

for tax fraud, failure to file foreign bank account reports, bank fraud, and bank fraud conspiracy.

2.      Premature disclosure of the charges against the defendant would jeopardize

ongoing plea discussions and the identity of a cooperating witness cited in the Indictment,

thereby prejudicing that witness prior to his entering a plea.

**II.     REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.      The Court has the inherent power to seal indictments.  See United States v.

Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761,

765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see

also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C.

Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975).   The trial court has supervisory

power over its own records and may, in its discretion, seal documents if the public's right of

access is outweighed by competing interests.   In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984).   Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

III.   **PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4.   The indictment would need to remain sealed until ongoing plea negotiations have concluded, at which time the United States will move to unseal the indictment, as sealing will no longer be necessary.   The United States anticipates that it will be able to move to unseal the indictment by Friday, February 23, 2018.

6.   The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation and ongoing plea discussions.

WHEREFORE, the United States respectfully requests that the indictment and this Motion to Seal and proposed Order be sealed until further motion of the United States.

Respectfully submitted,

ROBERT S. MUELLER III
Special Counsel

By: _____
Kyle R. Freeny
Assistant Special Counsel
Special Assistant United States Attorney

2