IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:18-cr-83 |
| PAUL J. MANAFORT, JR., ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER

In this prosecution for tax and bank fraud, defendant made his initial appearance on March 8, 2018, and was arraigned at the same time. At defendant's initial appearance, the Special Prosecutor did not seek detention in this case, and thus the issue is what condition or combination of conditions will reasonably assure defendant's appearance at trial. *See* 18 U.S.C. § 3142(c)(B).

Under the Bail Reform Act, criminal defendants are generally entitled to pretrial release under the least restrictive conditions possible. *Id.* When considering which condition or combination of conditions will reasonably assure the defendant's appearance at trial, the following factors give appropriate guidance:

> (1) the nature and circumstances of the offense charged ...;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person ...; [and]
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. ...

*Id.* § 3142(g).

1

These factors, applied to this case, point convincingly to the conclusion that the following special conditions are necessary to reasonably assure defendant's appearance at trial:

(i) Home incarceration with location monitoring; and

(ii) A $10,000,000 unsecured bond.

These conditions are necessary because the defendant is a person of great wealth who has the financial means and international connections to flee and remain at large, as well as every incentive to do so. Specifically, given the nature of the charges against the defendant and the apparent weight of the evidence against him, defendant faces the very real possibility of spending the rest of his life in prison. In this regard, he poses a substantial risk of flight and the above-mentioned conditions are the least restrictive conditions that will reasonably assure defendant's appearance at trial.

Accordingly,

It is hereby **ORDERED** that defendant is **RELEASED** pending trial pursuant to the following special and standard conditions of release:

(i) Defendant shall be subject to home incarceration; specifically, defendant is restricted to a 24-hour-a day lock-down at his residence except for medical necessities, court appearances and other activities preapproved by the court or the pretrial services officer;

a. Other than attending court proceedings, defendant will only be permitted to leave his residence in Alexandria, Virginia to attend meetings with defense counsel, to attend medical appointments, and to attend religious observances, and then only after seeking and obtaining the permission of the pretrial services officer at least forty-eight (48) hours in advance;

(ii) Defendant shall submit to location monitoring as directed by the pretrial services officer and comply with all requirements and instructions provided;[1]

(iii) Defendant must agree to and sign a $10,000,000 unsecured bond;

(iv) Defendant may not violate federal, state or local law while on release;

(v) Defendant must seek permission from the court in writing to change his residence or telephone number;

(vi) Defendant must surrender all passports to the pretrial services office;

(vii) Defendant shall not obtain a new passport or any other international travel documents;

(viii) Defendant must avoid all contact, directly or indirectly, with any person who is a victim or witness in the investigation or prosecution of the defendant;

(ix) Defendant may not possess a firearm, destructive device or any other weapon;

(x) Defendant may not use alcohol to excess;

(xi) Defendant may not possess or use a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

(xii) Defendant shall submit to substance abuse testing as required by the pretrial services officer;

(xiii) Defendant must immediately report any contact with law enforcement officials to his pretrial services officer.

Defendant may move to modify these conditions, specifically the home incarceration condition, if he presents an appropriate bail package that will reasonably assure his appearance at trial.

---

[1] Defendant must pay all of the costs associated with his location monitoring.

3

Defendant is also warned that violating any of the conditions of his release will have serious consequences. Specifically, violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for defendant's arrest, a revocation of defendant's release, an order of detention, a forfeiture of bond, and a prosecution for contempt of court and could result in imprisonment, a fine or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a fine of $250,000 or both to: obstruct a criminal investigation, tamper with a witness, victim or informant, retaliate or attempt to retaliate against a witness, victim or informant, or intimidate a witness, victim, informant, juror, or officer of the court. The penalties for tampering, retaliation or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed. A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you may receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

The Clerk is directed to send a copy of this Order to the Marshals Service, the Pretrial Services Office, and all counsel of record.

Alexandria, Virginia  
March 9, 2018

/s/  
T. S. Ellis, III  
United States District Judge