UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, Jr.,<br><br>Defendant. | Crim. No. 1:18-cr-83 (TSE) |

PROTECTIVE ORDER GOVERNING DISCOVERY

Upon consideration of the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the defendant, the defendant's counsel, legal experts, administrative personnel, investigators, data or accounting analysts, and database processors (defined as the Defense) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. Before providing materials to any member of the Defense, each must be provided with a copy of this Order and that person must agree in writing to abide by the terms of this Order.

2. The Defense shall not share or provide the materials or their contents directly or indirectly to any person or entity other than persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies

of the materials as necessary to prepare the defense, but may not retain copies or create copies without prior permission of the Court.

3. The Defense shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the Defense. Such copies and reproductions shall be treated in the same manner as the original materials.

4. The Defense and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, the Defense must provide the authorized person with a copy of this Order and that person must agree in writing to abide by the terms of this Order.

6. Upon conclusion of this criminal case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to the Defense by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within seven days of such a request, the Defense shall return all such material if in

hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials.

9. Because discovery in this matter includes materials that were previously produced to the defendant as part of the prosecution of the defendant in the United States District Court for the District of Columbia, *United States v. Manafort*, 17 Cr. 201 (ABJ), and that are subject to the Protective Order entered in that matter on November 14, 2017, nothing in this Order is intended to limit the use of any material produced in that District of Columbia prosecution in the present prosecution in the Eastern District of Virginia, *United States v. Manafort*, 18 Cr. 83 (TSE). Further, because the defendant has consented to discovery in both cases being produced together, nothing in this Order is intended to limit the use of any material produced in the Eastern District of Virginia prosecution, *United States v. Manafort*, 18 Cr. 83 (TSE), in the prosecution in the District of Columbia, *United States v. Manafort*, 17 Cr. 201 (ABJ)

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED the _____ of March, 2018

_____

SO STIPULATED:

ROBERT S. MUELLER III
Special Counsel

Date: 3/12/18

_____
Andrew Weissmann
Senior Assistant Special Counsel

Date: 3/15/18

_____
Greg D. Andres
Senior Assistant Special Counsel

Date: 2/15/18

_____
Kevin Downing, Esq.
Attorney for the defendant Manafort

Date: 3/15/18

_____
Thomas Zehnle, Esq.
Attorney for the defendant Manafort

4