IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:18-CR-83 |
| PAUL J. MANAFORT, JR., | ) | |
| Defendant. | ) | |

## ORDER

The matter is before the Court on the government's Unopposed Motion for a Protective Order Governing Discovery pursuant to Rule 16(d), Fed. R. Crim. P. (Doc. 29). For the reasons that follow, the motion, at this time, must be denied.

To begin with, the motion is insufficiently specific in describing the information to be subject to the requested protective order, which is, in the circumstances, excessively broad. To be sure, there may be good reason to apply a protective order to certain specific information in this case, but that information has not been adequately identified or described. Instead, the protective order simply refers vaguely to "other confidential materials" that need to be shielded from disclosure. In sum, the request is too anemic in the reasons proffered to support the issuance of a protective order and inadequately specific about what precisely needs to be subject to the order. The current proposed protective order throws an unnecessarily broad cloak of secrecy over documents and information to be disclosed in discovery. And this is so especially given that the indictment in this case charges defendant with engaging in conspiracies that began as long ago as 2005 and ended in 2014. In circumstances where a conspiracy began and ended several years ago, there is no need to throw such a broad cloak of secrecy over the materials to be provided in discovery.

1

Although the reasons in support of the government's request are currently inadequate, and the proposed order apparently excessively broad, this Order does not foreclose the government seeking a more narrowly tailored and sharply focused protective order provided it is supported by good reasons.[1] If necessary, a closed hearing may be scheduled to consider such a motion. In the meantime, counsel for the parties should proceed with alacrity to complete discovery, inasmuch as a trial date has been set and absent extraordinary circumstances, that trial date will not be continued.

Accordingly, for the reasons stated above, and for good cause shown,

It is hereby **ORDERED** that the government's motion seeking a protective order is **DENIED** (Doc. 29).

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 27, 2018

/s/
_____
T. S. Ellis, III
United States District Judge

---

[1] Although the district court in the District of Columbia has apparently issued such an order, that order does not govern this case in this Court.