IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:18-cr-00083-TSE |
| v. ) | |
| ) | Judge T. S. Ellis, III |
| PAUL J. MANAFORT, JR., ) | |
| ) | ORAL ARGUMENT REQUESTED |
| Defendant. ) | May 25, 2018 @ 9:00 a.m. |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PAUL J. MANAFORT, JR.'S MOTION TO DISMISS COUNT ELEVEN OF THE
SUPERSEDING INDICTMENT**

**I.   BACKGROUND**

After an Indictment charging Paul J. Manafort, Jr., was initially returned on February 18, 2018, Mr. Manafort and former co-defendant, Richard W. Gates, III, were charged in a 32-count Superseding Indictment ("Superseding Indictment") on February 22, 2018. Count Eleven charges Mr. Manafort with failing to file a Report of Foreign Bank and Financial Accounts ("FBAR") for the calendar year 2011, which was due on June 29, 2012, in violation of 31 U.S.C. §§ 5314 and 5322(a). (Superseding Indictment, p. 29). The count should be dismissed as a matter of law because the applicable statute of limitations bars prosecution of this offense.

**II.   DISCUSSION**

The statute of limitations for the willful failure to file an FBAR, in violation of 31 U.S.C. §§ 5314 and 5322(a), is five years from the date of the commission of the offense. 18 U.S.C. § 3282. Generally, the statute of limitations does not begin to run until the crime is complete. *Toussie v. United States*, 397 U.S. 112, 115 (1970). For the calendar year at issue, the FBAR was required to be filed on or before June 30 of the year following the

1

calendar year that was being reported.[1] The alleged willful failure to file the 2010 FBAR was complete and the statute of limitations, therefore, began to run on June 29, 2012. Thus, the Special Counsel was required to bring this charge by June 29, 2017. As noted *supra*, the Special Counsel brought the original and Superseding Indictment in February 2018. Because "no person shall be prosecuted, tried, or punished" outside of the five-year statute of limitations set forth in Section 3282, and because there is no allegation in the Superseding Indictment—nor could there be—that the defendant was "fleeing from justice" as required by 18 U.S.C. Section 3290,[2] Count Eleven must be dismissed as a matter of law.

Dated: April 30, 2018                                   Respectfully submitted,


                                                        s/ Kevin M. Downing
                                                        Kevin M. Downing (*pro hac vice*)
                                                        Law Office of Kevin M. Downing
                                                        601 New Jersey Avenue NW
                                                        Suite 620
                                                        Washington, DC 20001
                                                        (202) 754-1992
                                                        kevindowning@kdowninglaw.com


                                                        s/ Thomas E. Zehnle
                                                        Thomas E. Zehnle (VSB No. 27755)
                                                        Law Office of Thomas E. Zehnle
                                                        601 New Jersey Avenue NW
                                                        Suite 620
                                                        Washington, DC 20001
                                                        (202) 368-4668
                                                        tezehnle@gmail.com

                                                        *Counsel for Defendant Paul J. Manafort, Jr.*

---

[1] June 30, 2012 was a Saturday, which is presumably the reason the Superseding Indictment alleges a due date of June 29, 2012. (Superseding Indictment, p.29).

[2] *See, e.g., United States v. Catino*, 735 F.2d 718, 722 (2d Cir. 1984) (holding that Section 3290 applies only "when a person absents himself from a jurisdiction where an offense has been committed with the intent of avoiding arrest or prosecution") (citation omitted).

2