# EXHIBIT A

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | )    Case No.    1:17SW449 |
| THE PREMISES LOCATED ███████ | ) |
| ███████ ALEXANDRIA, VIRGINIA 22314 | )    **UNDER SEAL** |
| | ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Virginia _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 8, 2017 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Theresa C. Buchanan _____ .
                                                                      *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for *(180)* days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____

                                                                      /s/
                                                                      Theresa Carroll Buchanan
Date and time issued:    7/25/17    11:25 am              United States Magistrate Judge
                                                                      *Judge's signature*

City and state:    Alexandria, Virginia              Honorable Theresa C. Buchanan
                                                                      *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>1:17SW449 | Date and time warrant executed:<br>7/26/2017  4:56PM | Copy of warrant and inventory left with:<br>Paul Manafort |

Inventory made in the presence of : *Paul Manafort*

Inventory of the property taken and name of any person(s) seized:

See attached:
- List of items seized (Attachment A)
- List of items digitally imaged, not physically taken ~~seized~~ BD (Attachment B)
- List of items seized, flagged for possible attorney-client privilege (Attachment C)

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 8/8/17

_____
Executing officer's signature

Special Agent
Printed name and title

FD-597 (Rev 8-11-94)

**Attachment A**

# UNITED STATE DEPARTMENT OF JUSTICE
# FEDERAL BUREAU OF INVESTIGATION

Receipt for Property    Received/Returned/Released/Seized

**File #: 205B-WF-6832812**

On (date)    7/26/2017

item(s) listed below were:
- ☐ Received From
- ☐ Received To
- ☐ Released To
- ☒ Seized

| | |
|---|---|
| (Name) | Paul Manafort |
| (Street Address) | ███████████████ |
| (City) | Alexandria, VA 22314 |

**Description of Item(s):**

FD-597 (Rev 8-11-94)

# UNITED STATE DEPARTMENT OF JUSTICE
# FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property    Received/Returned/Released/Seized

File #: 205B-WF-
6832812



FD-597 (Rev 8-11-94)

# UNITED STATE DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION

Receipt for Property    Received/Returned/Released/Seized

File #: 205B-WF-6832812

FD-597 (Rev 8-11-94)

**UNITED STATE DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**

Receipt for Property    Received/Returned/Released/Seized

**File #: 205B-WF-6832812**

Received By ███████████    Received From    Paul Manafort

(signature)    (signature)

ATTACHMENT B

List of items digitally imaged on-premises, not physically taken:







Attachment C

205B-WF-6032812
7/26/2017

collected item log- possible
attorney client privilege



## ATTACHMENT A

### The Property to Be Searched

The premises to be searched (the "Subject Premises") is the condominium unit located at  Alexandria, VA 22314, including the storage unit numbered ▉ as well as any locked drawers, containers, cabinets, safes, computers, electronic devices, and storage media (such as hard disks or other media that can store data) found therein.

**ATTACHMENT B**

**Items to Be Seized (or, in the alternative, identified)**

1.      Records relating to violations of 31 U.S.C. §§ 5314, 5322(a) (failure to file a report of foreign bank and financial accounts); 22 U.S.C. § 611, *et. seq.* (foreign agents registration act); 26 U.S.C. § 7206(1) (filing a false tax return); 18 U.S.C. § 1014 (fraud in connection with the extension of credit); 18 U.S.C. §§ 1341, 1343, and 1349 (mail fraud, wire fraud, and conspiracy to commit these offenses); 18 U.S.C. §§ 1956 and 1957 (money laundering and money laundering conspiracy); 52 U.S.C. §§ 30121(a)(1)(A) and (a)(2) (foreign national contributions); and 18 U.S.C. §§ 371 and 2 (conspiracy, aiding and abetting, and attempt to commit such offenses) (collectively, the "Subject Offenses"), occurring on or after January 1, 2006, including but not limited to:

   a.    Any and all financial records for Paul Manafort, Jr., Kathleen Manafort, Richard Gates, or companies associated with Paul Manafort, Jr., Kathleen Manafort, or Richard Gates, including but not limited to records relating to any foreign financial accounts and records relating to payments by or on behalf of any foreign government, foreign officials, foreign entities, foreign persons, or foreign principals;

   b.    Any and all federal and state tax documentation, including but not limited to personal and business tax returns and all associated schedules for Paul Manafort, Jr., Richard Gates, or companies associated with Manafort or Gates;

   c.    Letters, correspondence, emails, or other forms of communications with any foreign financial institution, or any individual acting as the signatory or controlling any foreign bank account;

   d.    Records relating to efforts by Manafort, Gates, or their affiliated entities to conduct activities on behalf of, for the benefit of, or at the direction of any foreign government, foreign officials, foreign entities, foreign persons, or foreign principals, including but not limited to the Party of Regions and Viktor Yanukovych;

   e.    Records relating to, discussing, or documenting Telmar Investments Limited, Tiakora Ventures Limited, Lucicle Consultants Limited, Actinet Trading Limited, Black Sea View Limited, Bletilla Ventures Limited, Evo Holdings Limited, Global Highway Limted, Leviathan Advisors Limited, Loav Advisors Limited, Peranova Holdings Limited, including but not limited to bank records, canceled checks, money drafts, letters of credit, cashier's checks, safe deposit records, checkbooks, and check stubs, duplicates and copies of checks, deposit items, savings passbooks, wire transfer records, and similar bank and financial account records;

   f.    Physical items purchased through the use of funds from Cypriot accounts, including but not limited to rugs purchased from J & J Oriental Rugs, a Bijan Black Titanium "Royal Way" watch, and clothing purchased from House of Bijan and Alan Couture;

g.   Evidence relevant to any false statements, pretenses, representations, or material omissions in connection with communications with the Department of Justice, the Internal Revenue Service, tax preparers, accountants, or banks;

h.   Communications, records, documents, and other files involving any of the attendees of the June 9, 2016 meeting at Trump tower, as well as Aras and Amin Agalorov;

i.   Evidence indicating Manafort's state of mind as it relates to the crimes under investigation;

j.   The identity of any person(s)—including records that help reveal the whereabouts of the person(s)—who communicated with Manafort about any matters relating to activities conducted by Manafort on behalf of, for the benefit of, or at the direction of any foreign government, foreign officials, foreign entities, foreign persons, or foreign principals;

k.   Any and all daily planners, logs, calendars, or schedule books relating to Manafort or Gates.

2.   Computers or storage media used as a means to commit the Subject Offenses.

3.   For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a.   evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.   evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.   evidence of the lack of such malicious software;

d.   evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.   evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.   evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

2

g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h.  evidence of the times the COMPUTER was used;

i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k.  records of or information about Internet Protocol addresses used by the COMPUTER;

l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m.  contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.