# EXHIBIT A



**U.S. Department of Justice**

*The Special Counsel's Office*

*Washington, D.C. 20530*

November 17, 2017

**By Hand Delivery and Email**

Kevin M. Downing, Esq.
Law Offices of Kevin Downing
815 Connecticut Avenue, N.W. /Suite 730
Washington, D.C. 20006
(kevindowning@kdowninglaw.com)
(Counsel for Paul J. Manafort, Jr.)

Shanlon Wu, Esq.
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building
& International Trade Center
1300 Pennsylvania Avenue, N.W./Suite 700
Washington, D.C. 20004
(swu@dcwhitecollar.com)
(Counsel for Richard W. Gates III)

Re: United States v. Paul J. Manafort, Jr. & Richard W. Gates III
Crim. No. 17-201 (ABJ)

Dear Messrs. Downing & Wu:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, enclosed please find the government's first discovery production. The government requests reciprocal discovery from each defendant. This production, and all others, are covered by the Protective Order entered by the Court on November 15, 2017.

Enclosed with this letter are a thumb drive and a larger hard drive. The enclosed materials are protected by a password that will be sent to you under separate cover.

## I. The Government's Discovery

### A. Statements of the Defendants

Below please find a list of documents containing the defendants' statements which are being produced in the enclosed thumb drive:

| Attachment # | Date of Statement |
|---|---|
| 1 | October 30, 2017 Statement of Paul J. Manafort, Jr. (Post-Arrest) |
| 2 | October 30, 2017 Statement of Richard W. Gates III (Post Arrest) |
| 3 | July 26, 2017 Statement of Paul J. Manafort (Condominium Search) |
| 4 | March 13, 2013 Interview of Paul J. Manafort, Jr. |
| 5 | July 2, 2014 Interview of Richard W. Gates III |
| 6 | July 30, 2014 Interview of Paul J. Manafort, Jr. |

### B. The Defendants' Criminal History

The government is not presently aware of any criminal history by either defendant.

### C. Documents and Tangible Objects

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling the undersigned to arrange a mutually convenient time.

- ***Documents seized from physical searches***

Court-authorized search warrants were executed in this matter, including a July 26, 2017 search of defendant Manafort's residence at [redacted] Alexandria, Virginia ("[redacted] search"), and a May 27, 2017 search of a storage unit at 370 Holland Lane, Unit 3013, Alexandria, Virginia ("storage unit search"). The government is producing copies of the search warrant affidavits, with redactions to protect the identity of individuals who provided information and the government's ongoing investigation. Below is a list of material related to these searches that are being produced on the enclosed thumb drive.

| Attachment # | Document | Bates Range (where applicable) |
|---|---|---|
| 7 | Application and Affidavit (with redactions) for search at [redacted] Alexandria, VA | N/A |
| 8 | Warrant Return for search of [redacted] Alexandria, VA | N/A |
| 9 | Application and Affidavit (with redactions) for search at 370 Holland Lane, Unit 3013, Alexandria, VA | N/A |
| 10 | Warrant Return for 370 Holland Lane, Unit 3013, Alexandria, VA | N/A |
| 11 | Photographs of Condominium Search | SCO-PROD01-00000001 – 00001383 |

With respect to the [redacted] search, the government has already provided defendant Manafort with access to hard copy documents and has provided all electronic discovery already, either by leaving the originals of the electronic material on site at the time of the search (and the government only took an electronic image) or by later producing an electronic copy to the defense of the material that could not be copied at the time of the search. Accordingly, the government does not intend to reproduce these electronic materials to defendant Manafort, but we are producing the hardcopy documents. The government is currently processing the electronic media seized from [redacted] for production to defendant Gates. In particular, these materials are being processed to segregate out both privileged material (including, for example, those instances where Manafort is the sole privilege holder) and personal material that is irrelevant to the prosecution. If you would like to discuss in further detail what these processes entail, please let us know. Once the privileged and personal materials are segregated, the government will provide copies of the remaining material to the defendant Gates, on a rolling basis.

The government also has obtained possession of other electronic devices (including computers), which as explained below, are being processed and/or reviewed by a separate taint team of agents and prosecutors to ensure that the prosecution team is not provided with any privileged material. This issue is further addressed below in Section I(G).

A copy of the physical material seized during the storage unit search will be produced to both defendants in a subsequent production.

- ***Financial and other Documents***

The government has obtained a substantial number of additional documents that will be produced on a rolling basis. To facilitate the production of various financial records, the government provides the following documents on the enclosed thumb drive (we will be reproducing this material in load-ready format with sequential Bates stamps at a later date):





- ***"Hot" Documents***

In light of the volume of documentary evidence to be produced in this case, the government will endeavor to identify "hot" documents. Our initial effort in that regard is being produced with this letter, as identified below:

| Attachment # | Date of Statement | Bates range |
|---|---|---|
| 24 | "Hot Docs" | SCO-PROD01-00002496 – 00008832 |

Included among these documents are certain tax documents, including documents from KWC (formerly Kositzka, Wicks and Co.), identified with the Bates numbers SCO-PROD01-00004863 – 00008832.

- ***Hard Drive Documents***

In addition to the aforementioned documents provided on the thumb drive, the government is producing an additional set of documents on a separate hard drive.[1] The hard drive contains approximately 89,000 separate items, encompassing Bates numbers DOJSCO-400000001 – DOJSCO-400261645. The index for the documents is as follows:

[1] All documents titled with a numbered attachment can be found on the thumb drive being produced by the government (*e.g.* "Attachment 1 – October 30, 2017 Statement of Paul J. Manafort, Jr. (Post-Arrest)"). Such documents are titled by the attachment name as listed in this letter, and are not being produced in load-ready format. All documents produced on the hard drive are in load-ready format for any e-discovery platform.





Case 1:18-cr-00083-TSE   Document 65-1   Filed 05/14/18   Page 9 of 15 PageID# 1207





Page **10**



**D. <u>Reports of Examinations and Tests</u>**

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

**E. <u>Expert Witnesses</u>**

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

**F. <u>Brady Material, Jencks Material and Other Crimes, Wrongs or Acts</u>**

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500 (Jencks Act), as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972). The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b). As suggested by the Court at the November 6, 2017 conference, the government expects to work with the defendants to propose a schedule with respect to the production of both Rule 404(b) notice and Section 3500 (Jencks Act) material.

**G. <u>Privilege/Taint Review</u>**

To address potential privilege issues with respect to materials obtained during the investigation, the government employed a taint review process, which was managed by [REDACTED], [REDACTED] in the Department of Justice. As to certain material, Ms. [REDACTED] will make productions to defense counsel directly. She can be reached at (202) [REDACTED].

**H. Indictment References**

Please see below regarding the anonymized references in the Indictment:

| Anonymized Reference (from Indictment) | Identity |
|---|---|
| Vendor A | [redacted] |
| Vendor B | [redacted] |
| Vendor C | [redacted] |
| Vendor D | [redacted] |
| Vendor E | [redacted] |
| Vendor F | [redacted] |
| Vendor G | [redacted] |
| Vendor H | [redacted] |
| Vendor I | [redacted] |
| Vendor J | [redacted] |
| Vendor K | [redacted] |
| Vendor L | [redacted] |
| Vendor M | [redacted] |
| Vendor N | [redacted] |
| Vendor O | [redacted] |
| Vendor P | [redacted] |
| Vendor Q | [redacted] |
| Vendor R | [redacted] |
| Vendor S | [redacted] |
| Company A | [redacted] |
| Company B | [redacted] |

## II. The Defendants Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that each defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or

otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendants disclose prior statements of witnesses who will be called by the defendants to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendants disclose a written summary of testimony that the defendants intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendants' intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendants intend to rely in establishing the defense identified in any such notice.

## III. Conclusion

If you have any questions or requests regarding further discovery, please do not hesitate to contact us.

Very truly yours,

ROBERT S. MUELLER, III
Special Counsel

By: /s/
_____________________________
Andrew Weissmann
(202) [redacted]

Greg D. Andres
(202) [redacted]

Kyle R. Freeny
(202) [redacted]

Enclosures

cc: [redacted]