UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant | Crim. No. 1:18-cr-83 (TSE) |

### GOVERNMENT'S RESPONSE TO PAUL J. MANAFORT, JR.'S MOTION TO DISMISS COUNT ELEVEN OF THE SUPERSEDING INDICTMENT

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby files this response to defendant Paul J. Manafort, Jr.'s Motion to Dismiss Count Eleven of the Superseding Indictment. *See* Docs. 41 and 42. Manafort contends that Count Eleven is barred by the statute of limitations. Because the applicable statute of limitations was suspended pursuant to 18 U.S.C. § 3292, Manafort's motion should be denied.

### DISCUSSION

Count Eleven of the Superseding Indictment (Doc. 9) charges Manafort with failing to file a Foreign Bank Account Report ("FBAR") with the Department of the Treasury disclosing that he had a financial interest in, and signature authority over, foreign bank accounts for the 2011 calendar year, in violation of 31 U.S.C. §§ 5314 and 5322(a). The deadline for filing an FBAR for the year 2011 was June 29, 2012. Doc. 9 at 29 ¶ 50. The parties agree that the FBAR filing deadline triggers the running of the statute of limitations. The statute of limitations for failure to file an FBAR would bar the commencement of any prosecution, in the absence of any tolling or suspension, five years after the commission of the offense, *see* 18 U.S.C. § 3282(a).

1

Section 3292(a)(1) of Title 18 suspends the running of the statute of limitations where the government, before the return of an indictment, applies to a court in which a grand jury is investigating the offense to suspend the running of the statute of limitations because evidence of the offense being investigated is in a foreign country. In connection with that application, the government must show, by a preponderance of the evidence, that "an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." 18 U.S.C. § 3292(a)(1). If the government is successful in making that showing, the running of the applicable statute of limitations is suspended from "the date on which the official request is made" until "the date on which the foreign court or authority takes final action," *id.* § 3292(b), though the suspension may not exceed three years, *id.* § 3292(c).*

Because the government secured a timely and valid order in this District to suspend the running of the applicable statute of limitations until at least the date on which the Superseding Indictment was returned, Manafort's motion should be denied. On June 6, 2017, the government transmitted a request pursuant to a mutual legal assistance treaty ("MLAT") to the Republic of Cyprus seeking, among other evidence, bank records, articles of incorporation, and witness interviews concerning certain of Manafort and Richard Gates's bank accounts in Cyprus.

On June 26, 2017, the government applied, *ex parte*, to this Court for an order pursuant to 18 U.S.C. § 3292 to suspend the applicable statute of limitations in light of the government's

---

* Section 3292(c)(2) also limits the period of suspension if "final action" by the foreign country is completed before the statute would have run in the absence of any suspension. That provision is inapplicable here, as the statute of limitations would have run during the pendency of the government's MLAT request, in the absence of tolling. *See generally United States v. Bischel*, 61 F.3d 1429, 1433 (9th Cir. 1995) ("Subsection (c)(2) . . . limits the time of tolling to six months when both the official request and the 'final action' occur within the normal period of limitations").

MLAT request to Cyprus. This Court (Hilton, J.) granted the government's request on June 27, 2017, thus suspending the applicable statute of limitations during the pendency of the government's official request to Cyprus. *See In Re Grand Jury Investigation*, No. 14 GJ 1420 (E.D.V.A. June 27, 2017) (attached hereto as Exhibit A). As found by Judge Hilton, a grand jury impaneled in this District was conducting an investigation into, as relevant here, the flow of foreign money to Manafort, DMP International, Davis Manafort Partners, Smythson LLC, and Jesand Investment Corporation, and into subject offenses that included potential violations of 31 U.S.C. §§ 5314 and 5322(a) (Failure to File a Report of Foreign Bank Accounts). Judge Hilton further found, based on a preponderance of evidence, that evidence of such offenses was located in Cyprus and that the government had made an "official request" to Cyprus for that evidence under 18 U.S.C. § 3292(d) on June 6, 2017. Having found the requirements of Section 3292 satisfied, Judge Hilton ordered that the statute of limitations be suspended for the FBAR offenses, among others, for the period authorized by Section 3292(c).

Because Cyprus had not taken "final action" on the government's June 6, 2017 official request at the time the Superseding Indictment was returned, the statute of limitations remained suspended. Specifically, Cyprus produced documents in response to the government's June 6 request on September 6, 2017; October 2, 2017; November 1, 2017; and April 30, 2018. Several of the items requested in the June 6, 2017 request remained outstanding at least until the time of the April 2018 production. For example, on December 8, 2017—before Cyprus's most recent production—the government wrote to Cypriot authorities to renew its June 6, 2017 request (and a related request made two weeks later). The government's December 8 letter stated that, after reviewing the records produced thus far, investigators had identified several items called for in the MLAT request that Cyprus had not produced. And Cyprus did not make a subsequent response to

the government's request until the April 30, 2018 production mentioned above. The bottom line, then, is that Cyprus had not fully satisfied the government's official request when the original and Superseding Indictment of Manafort were returned on February 13 and 22, respectively. As a result, no "final action" had yet occurred as of the date of the operative indictments, and the applicable statute of limitations remained suspended. *See United States v. Bischel*, 61 F.3d 1429, 1433-34 (9th Cir. 1995) (construing "final action" to mean "a dispositive response by the foreign sovereign to both the request for records and for a certificate of authenticity of those records"); *see also, e.g.*, *United States v. Ratti*, 365 F. Supp. 2d 649, 659-60 (D. Md. 2005) (following *Bischel*'s interpretation of Section 3292).

At the time that Manafort filed his Motion to Dismiss Count Eleven in this Court, Manafort was not aware of the existence of the foregoing Section 3292 Order, or of the tolling of the statute of limitations on the FBAR charges as of June 6, 2017. The government has now produced that Order to the defense, together with redacted versions of the MLAT requests themselves.

## CONCLUSION

For the foregoing reasons, Manafort's motion to dismiss Count Eleven (Doc. 41) should be denied.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: May 14, 2018

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

*/s/ Andrew Weissmann*
Andrew Weissmann
Greg D. Andres
Special Assistant United States Attorneys
Special Counsel's Office

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of May, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                           /s/  *Andrew Weissmann*
                                           Andrew Weissmann
                                           Special Assistant United States Attorney
                                           Senior Assistant Special Counsel
                                           U.S. Department of Justice
                                           Special Counsel's Office
                                           950 Pennsylvania Avenue N.W.
                                           Washington, D.C. 20530
                                           Telephone: (202) 616-0800
                                           Fax: None
                                           E-mail: AAW@usdoj.gov

                                           *Attorney for the United States of America*