IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:18-cr-00083-TSE |
| v. | ) | |
| | ) | Judge T. S. Ellis, III |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PAUL J. MANAFORT, JR.'S REPLY TO THE SPECIAL COUNSEL'S MEMORANDUM IN OPPOSITION TO HIS MOTION TO SUPPRESS EVIDENCE AND ALL FRUITS THEREOF RELATING TO THE SEARCH OF HIS RESIDENCE LOCATED IN ALEXANDRIA, VIRGINIA**

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits his reply to the Special Counsel's memorandum in opposition (Dkt. # 65) to his motion to suppress evidence and all fruits thereof relating to the search of his residence (the "Manafort Home") located in Alexandria, Virginia (Dkt. #47).

The Fourth Amendment of the Constitution guarantees that one's house will not be searched and that the possessions there will not be seized unless a warrant – particularly describing the items to be searched and seized and supported by probable cause that links those items to purported criminal activity – is issued by a judge. It goes without saying that personal computers, telephones, electronic devices and other storage media are pervasive in our society, maintained in virtually every American home.[1] Indeed, it would be hard to find a home where residents do not store almost everything, from mundane information to their most private medical and financial

---

[1] *See, e.g.,* Quentin Fortrell, "Consumers sitting on $9 billion in old iPhones," *MarketWatch* (Feb. 23, 2013) (available at https://www.marketwatch.com/story/consumers-hoard-9-billion-in-old-iphones-2013-02-15) (most "American consumers say they have two or more unused cell phones in their household, according to a new survey").

1

data, on electronic devices. Virtually every computer contains such data, as do smart phones, and electronic devices can monitor what residents say and do, can control music, lighting, climate, and more. In these modern times, American homes are electronic.

Based on information that was obtained from a former employee of Davis Manafort Partners ("DMP"), the government learned that Mr. Manafort had a desktop computer in his home office, used electronic media in his business, and kept a drawer of no-longer-used electronic equipment (which he donated to charity) at his *prior* residence. (Dkt. # 65 at 4.) The Special Counsel's position in this case is that law enforcement officers can present allegations of some type of criminality (unrelated to the Russian collusion/Trump campaign investigation that spurred his appointment), secure a warrant to search for records that relate to a laundry list of federal criminal statutes, and search and seize every computer, electronic device, and media storage device in the defendant's home, regardless of whether the equipment even belongs to the defendant. But the government's search of the Manafort Home violated the Fourth Amendment, and the fruits of the overbroad and unlawful search should be suppressed.

The Supreme Court has recently reiterated that, "[f]ew protections are as essential to individual liberty as the right to be free from unreasonable searches and seizures." *Byrd v. United States*, No. 16-1371, slip op. at 6, 2018 WL 2186175, at *6 (U.S. May 14, 2018). While the Special Counsel concedes that the Fourth Amendment's "particularity requirement"[2] was designed "'to prevent general searches,'" (Dkt. # 65 at 7 (quoting *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)), the government nevertheless contends that the warrant permitted the agents to seize virtually every electronic device in the Manafort Home without any regard to whether the "[c]omputers or storage

---

[2] The FBI Affidavit (containing more information than the warrant) was neither attached to nor incorporated into the warrant, and the Fourth Amendment's particularity requirement must be satisfied "in the warrant, *not in the supporting documents*." *Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (emphasis added).

media [were] used as a means to commit the Subject Offenses." (*Id.* at 10). This is the kind of general search and seizure that the Fourth Amendment forbids.[3]

Indeed, the Special Counsel contends that the "Apple iPod" or "iPod Touch" could be seized even though there were no allegations in the affidavit that such devices were ever utilized in Mr. Manafort's business. (*Id.* at 18.) The seizing agents did not stop there, however. The Manafort family's personal effects were rummaged through and seized, including the following items:

1. Nikon Cool Pics FN-1 camera
2. Go Pro Hero 2 camera
3. Nikon D-7000 camera
4. Casio EXILIM camera
5. Sony camera
6. Nikon D-90 camera
7. Nikon I camera
8. Nikon Cool Pics S-9700 camera
9. Sony Handicam
10. Panasonic video camera
11. Casio camera
12. Sony Cyber Shot camera
13. Canon Power Shot camera

---

[3] *United States v. Burroughs*, 905 F. Supp.2d 297 (D.D.C. 2012), cited by the Special Counsel, supports the defendant's position that the warrant at issue was not sufficiently particularized. (Dkt. # 65 at 11, n.7). In *Burroughs*, the warrant identified "cellphones" and an "iPod Shuffle device" even though it did not identify the color, size and type of the phones or the color of the iPod Shuffle. *Id.* at 307. Here, by contrast "cellphones" and "iPods" were not even identified, leaving the agents to use their imaginations as to what "electronic devices" and "media storage" they could seize.

(*See* Dkt. # 48, Ex. A (motion to file unredacted exhibits under seal pending, *see* Dkt. # 56).)

As the Supreme Court observed in *Byrd*, "the Court has viewed with disfavor practices that permit 'police officers unbridled discretion to rummage at will among a person's private effects.'" *Byrd*, *supra*, slip op. at 6, 2018 WL 2186175, at *6 (quoting *Arizona v. Gant*, 556 U.S. 332, 345 (2009)). *See also United States v. Owens*, 848 F.2d 462, 463 (4th Cir. 1988) (Fourth Amendment forbids "general, exploratory searches."). What possible relevance the items listed above would have had to the authorized investigation is beyond imagination. Yet, the Special Counsel takes the position that any electronic device "capable of storing evidence" – and regardless of whether it was related to the limited information received from the former DMP employee – was within the scope of the warrant and could be seized. (Dkt. # 65 at 18.) But this position is without merit. Allegations that Mr. Manafort had a desktop computer, "made widespread use of electronic media" in his business – like every business person – and held on to old electronic equipment at his *prior* residence until he could donate it, even if coupled with an allegation that Mr. Manafort was engaged in criminal activity, cannot establish "the requisite 'nexus . . . between the item to be seized and criminal behavior[.]'" *United States v. Hoang Anh Thi Duong*, 156 F. Supp. 2d 564, 572 (E.D. Va. 2001) (quoting *Warden v. Hayden*, 387 U.S. 294, 307 (1967)).

The Special Counsel and the seizing agents had no reasonable basis to believe that all "computers, electronic devices, and storage media" would be pertinent to the investigation. Because it was unreasonable, *United States v. Leon*, 468 U.S. 897 (1984), offers no escape to the Special Counsel. *See United States v. Robinson*, 275 F.3d 371, 382 (4th Cir. 2001) (blanket suppression appropriate when searching officers flagrantly disregard terms of warrant and "engage in indiscriminant fishing for evidence.") (citation and internal quotation marks omitted).

Dated: May 21, 2018 						Respectfully submitted,

<p style="margin-left: 50%;">s/ Kevin M. Downing<br>
Kevin M. Downing (<em>pro hac vice</em>)<br>
Law Office of Kevin M. Downing<br>
601 New Jersey Avenue NW<br>
Suite 620<br>
Washington, DC 20001<br>
(202) 754-1992<br>
kevindowning@kdowninglaw.com</p>

<p style="margin-left: 50%;">s/ Thomas E. Zehnle<br>
Thomas E. Zehnle (VSB No. 27755)<br>
Law Office of Thomas E. Zehnle<br>
601 New Jersey Avenue NW<br>
Suite 620<br>
Washington, DC 20001<br>
(202) 368-4668<br>
tezehnle@gmail.com</p>

<p style="margin-left: 50%;">s/ Jay R. Nanavati<br>
Jay R. Nanavati (VSB No. 44391)<br>
Kostelanetz & Fink LLP<br>
601 New Jersey Avenue NW<br>
Suite 620<br>
Washington, DC 20001<br>
(202) 875-8000<br>
jnanavati@kflaw.com</p>

*Counsel for Defendant Paul J. Manafort, Jr.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of May, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew A. Weissman  
Greg D. Andres  
U.S. Department of Justice  
Special Counsel's Office  
950 Pennsylvania Avenue NW  
Washington, DC 20530  
Telephone: (202) 616-0800  
Email: AAW@usdoj.gov  
        GDA@usdoj.gov

                s/ Jay R. Nanavati  
                Jay R. Nanavati (VSB No. 44391)  
                Kostelanetz & Fink LLP  
                601 New Jersey Avenue NW  
                Suite 620  
                Washington, DC 20001  
                (202) 875-8000  
                jnanavati@kflaw.com

                *Counsel for Defendant Paul J. Manafort, Jr.*