IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
                                                  )          CRIMINAL NO. 1:18-CR-83
              v.                                  )
                                                  )          Trial Date:  July 25, 2018
PAUL J. MANAFORT, JR.,                            )
                                                  )          The Honorable T. S. Ellis, III
                                                  )
              Defendant.                          )


## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the government respectfully requests

the Court to include in its charge to the Jury the following general and special instructions, and

further reserves the right to file any other such instructions as may become appropriate during

the course of trial.


Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel


By:  _____/s/_____

Uzo Asonye                                  Andrew Weissmann
Assistant United States Attorney            Greg D. Andres
Eastern District of Virginia                Special Assistant United States Attorneys
                                            Special Counsel's Office

                                            U.S. Department of Justice
                                            950 Pennsylvania Ave., NW
                                            Washington, DC 20530
                                            Phone: (202) 616-0800

Table of Contents

GENERAL INSTRUCTIONS ................................................................................................ 9

INSTRUCTION NO. 1 ....................................................................................................... 10

   Opening Instruction ...................................................................................................... 10

INSTRUCTION NO. 2 ....................................................................................................... 22

   Pretrial Publicity ........................................................................................................... 22

INSTRUCTION NO. 3 ....................................................................................................... 23

   Note-taking—Permitted ................................................................................................ 23

INSTRUCTION NO. 4 ....................................................................................................... 24

   Admonitions at Court Recesses – Short Form ............................................................. 24

INSTRUCTION NO. 5 ....................................................................................................... 25

   Objections and Rulings ................................................................................................. 25

INSTRUCTION NO. 6 ....................................................................................................... 26

   Court's Comments to Counsel ...................................................................................... 26

INSTRUCTION NO. 7 ....................................................................................................... 27

   Court's Questions to Witnesses .................................................................................... 27

INSTRUCTION NO. 8 ....................................................................................................... 28

   Court's Comments on Certain Evidence ....................................................................... 28

INSTRUCTION NO. 9 ....................................................................................................... 29

   Publicity During Trial .................................................................................................... 29

INSTRUCTION NO. 10 ..................................................................................................... 30

   Evidence Admitted for a Limited Purpose Only ........................................................... 30

INSTRUCTION NO. 11 ..................................................................................................... 31

   Cross-Examination of Defendant's Character Witness (If Appropriate) ....................... 31

INSTRUCTION NO. 12 ..................................................................................................... 32

   Introduction to the Final Charge – Province of the Court and of the Jury ................... 32

INSTRUCTION NO. 13 ..................................................................................................... 34

   Judging the Evidence .................................................................................................... 34

INSTRUCTION NO. 14 ..................................................................................................... 35

   Evidence Received in the Case–Stipulations, Judicial Notice & Inferences Permitted ........... 35

INSTRUCTION NO. 15 ..................................................................................................... 37

   Direct and Circumstantial Evidence ............................................................................. 37

INSTRUCTION NO. 16 ................................................................................................ 38

    Inferences from the Evidence ................................................................................ 38

INSTRUCTION NO. 17 ................................................................................................ 39

    Jury's Recollection Controls ................................................................................ 39

INSTRUCTION NO. 18 ................................................................................................ 40

    The Question Is Not Evidence ............................................................................. 40

INSTRUCTION NO. 19 ................................................................................................ 41

    Consider Only the Offense Charged ..................................................................... 41

INSTRUCTION NO. 20 ................................................................................................ 42

    Verdict as to Defendant Only ............................................................................... 42

INSTRUCTION NO. 21 ................................................................................................ 43

    Consider Each Count Separately .......................................................................... 43

INSTRUCTION NO. 22 ................................................................................................ 44

    The Superseding Indictment Is Not Evidence ..................................................... 44

INSTRUCTION NO. 23 ................................................................................................ 45

    "On or About" and "In and Around"–Explained ................................................. 45

INSTRUCTION NO. 24 ................................................................................................ 46

    Opinion Evidence – The Expert Witness (If Appropriate) ................................... 46

INSTRUCTION NO. 25 ................................................................................................ 47

    Charts & Summaries Admitted into Evidence (If Appropriate) ........................... 47

INSTRUCTION NO. 26 ................................................................................................ 48

    Credibility of Witnesses – Accomplice (If Appropriate) ..................................... 48

INSTRUCTION NO. 27 ................................................................................................ 49

    Credibility of Witnesses – Inconsistent Statement (If Appropriate) .................... 49

INSTRUCTION NO. 28 ................................................................................................ 50

    Credibility of Witnesses – Conviction of Felony (If Appropriate) ...................... 50

INSTRUCTION NO. 29 ................................................................................................ 51

    Effect of the Defendant's Decision Not to Testify (If Appropriate) .................... 51

INSTRUCTION NO. 30 ................................................................................................ 52

    Character Evidence – Reputation of the Defendant (If Appropriate) ................... 52

INSTRUCTION NO. 31 ................................................................................................ 53

    Proof of Knowledge or Intent—Rule 404(b) Evidence (If Appropriate) .............. 53

INSTRUCTION NO. 32 ................................................................................................ 54

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court ................................................................................ 54

SPECIAL INSTRUCTIONS ........................................................................................................ 56

INSTRUCTION NO. 33 ............................................................................................................... 57

Credibility of Witnesses–Generally ........................................................................................ 57

INSTRUCTION NO. 34 ............................................................................................................... 59

Credibility of Witnesses – Immunized Witness (If Appropriate) ........................................... 59

INSTRUCTION NO. 35 ............................................................................................................... 60

Presumption of Innocence, Burden of Proof, Reasonable Doubt ........................................... 60

INSTRUCTION NO. 36 ............................................................................................................... 61

The Nature of the Offense Charged – Counts One through Five ............................................. 61

(Subscribing to a False Individual Income Tax Return) ......................................................... 61

INSTRUCTION NO. 37 ............................................................................................................... 63

The Statutes Defining the Offense Charged – Counts One Through Five .............................. 63

(Subscribing to a False Individual Income Tax Return) ......................................................... 63

INSTRUCTION NO. 38 ............................................................................................................... 64

The Essential Elements of the Offense Charged – Counts One Through Five ........................ 64

(Subscribing to a False Individual Income Tax Return) ......................................................... 64

INSTRUCTION NO. 39 ............................................................................................................... 65

Aiding and Abetting—Explained ............................................................................................ 65

INSTRUCTION NO. 40 ............................................................................................................... 67

Causing Another To Do An Act – 18 U.S.C. § 2(b) ............................................................... 67

INSTRUCTION NO. 41 ............................................................................................................... 68

Agent of the Defendant ........................................................................................................... 68

INSTRUCTION NO. 42 ............................................................................................................... 69

Subscribed – Defined .............................................................................................................. 69

INSTRUCTION NO. 43 ............................................................................................................... 70

"Materiality" - Defined ........................................................................................................... 70

INSTRUCTION NO. 44 ............................................................................................................... 71

Omission of a Material Matter ................................................................................................ 71

INSTRUCTION NO. 45 ............................................................................................................... 72

Not Necessary to Show Any Additional Tax Due .................................................................. 72

INSTRUCTION NO. 46 ............................................................................................................... 73

Each Tax Year is Separate ............................................................................................. 73

INSTRUCTION NO. 47 .................................................................................................. 74

    Proof of One False Material Item Enough .................................................................. 74

INSTRUCTION NO. 48 .................................................................................................. 75

    Assignment of Income ............................................................................................... 75

INSTRUCTION NO. 49 .................................................................................................. 76

    Gross Income ............................................................................................................. 76

INSTRUCTION NO. 50 .................................................................................................. 77

    Partnership and Partnership Income .......................................................................... 77

INSTRUCTION NO. 51 .................................................................................................. 78

    S Corporation and Pass-Thru Items to Shareholders ................................................ 78

INSTRUCTION NO. 52 .................................................................................................. 79

    Loan – Explained ....................................................................................................... 79

INSTRUCTION NO. 53 .................................................................................................. 80

    "False" – Defined ...................................................................................................... 80

INSTRUCTION NO. 54 .................................................................................................. 81

    "Willfully" – Defined ................................................................................................ 81

INSTRUCTION NO. 55 .................................................................................................. 82

    The Nature of the Offense Charged – Counts Eleven through Fourteen ................... 82

    (Failure to File Reports of Foreign Bank and Financial Accounts) ......................... 82

INSTRUCTION NO. 56 .................................................................................................. 83

    The Statutes Defining the Offense Charged – Counts Eleven through Fourteen ...... 83

    (Failure to File Reports of Foreign Bank and Financial Accounts) ......................... 83

INSTRUCTION NO. 57 .................................................................................................. 84

    The Essential Elements of the Offense Charged – Counts Eleven through Fourteen .............. 84

    (Failure to File Reports of Foreign Bank and Financial Accounts) ......................... 84

INSTRUCTION NO. 58 .................................................................................................. 85

    U.S. Person ................................................................................................................ 85

INSTRUCTION NO. 59 .................................................................................................. 86

    Financial Interest or Signatory or Other Authority .................................................. 86

INSTRUCTION NO. 60 .................................................................................................. 87

    Nature of the Offense Charged – Count Twenty-Four .............................................. 87

    (Bank Fraud Conspiracy/ Lender B / $3.4 million loan) ........................................... 87

INSTRUCTION NO. 61 ................................................................................................ 88

    Statute Defining Offense – Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, Thirty-One ............................................................................................................................ 88

    (Bank Fraud Conspiracy) ....................................................................................................... 88

INSTRUCTION NO. 62 ................................................................................................ 89

    Elements of the Offense – Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, Thirty-One ............................................................................................................................ 89

    (Bank Fraud Conspiracy) ....................................................................................................... 89

INSTRUCTION NO. 63 ................................................................................................ 90

    Conspiracy—Existence of an Agreement ............................................................................. 90

INSTRUCTION NO. 64 ................................................................................................ 92

    Conspiracy—Membership in an Agreement ......................................................................... 92

INSTRUCTION NO. 65 ................................................................................................ 93

    Acts and Declarations of Co-Conspirators ........................................................................... 93

INSTRUCTION NO. 66 ................................................................................................ 94

    Common Scheme or Plan – Evidence of Acts or Declarations of Confederates .................... 94

INSTRUCTION NO. 67 ................................................................................................ 96

    Success of Conspiracy Immaterial ....................................................................................... 96

INSTRUCTION NO. 68 ................................................................................................ 97

    Responsibility for Substantive Offenses ............................................................................... 97

INSTRUCTION NO. 69 ................................................................................................ 99

    Relationship between Conspiracy to Commit Offense and a Substantive Offense ................ 99

INSTRUCTION NO. 70 .............................................................................................. 100

    Nature of the Offense– Count Twenty-Five .......................................................................... 100

    (Bank Fraud / Lender B / $3.4 million loan) ........................................................................ 100

INSTRUCTION NO. 71 .............................................................................................. 101

    Statute Defining Offense– Counts Twenty-Five, Twenty-Seven, Thirty, Thirty-Two ........... 101

    (Bank Fraud) ......................................................................................................................... 101

INSTRUCTION NO. 72 .............................................................................................. 102

    Essential Elements of the Offense – Counts Twenty-Five, Twenty-Seven, Thirty, Thirty-Two .............................................................................................................................................. 102

    (Bank Fraud) ......................................................................................................................... 102

INSTRUCTION NO. 73 .............................................................................................. 103

    "Federal Chartered or Insured Financial Institution" – Defined ........................................... 103

INSTRUCTION NO. 74 ..................................................................................................... 104

"Any Scheme or Artifice to Defraud" & "False or Fraudulent Pretenses, Representations or Promises"—Defined................................................................................................... 104

INSTRUCTION NO. 75 ..................................................................................................... 106

Intent to Defraud—Defined ............................................................................................ 106

INSTRUCTION NO. 76 ..................................................................................................... 107

"Motive" - Explained ...................................................................................................... 107

INSTRUCTION NO. 77 ..................................................................................................... 108

"Knowingly" - Explained................................................................................................ 108

INSTRUCTION NO. 78 ..................................................................................................... 109

Proof of Knowledge or Intent.......................................................................................... 109

INSTRUCTION NO. 79 ..................................................................................................... 110

Nature of the Offense – Count Twenty-Six ..................................................................... 110

(Bank Fraud Conspiracy / Lender C / $1 million loan)..................................................... 110

INSTRUCTION NO. 80 ..................................................................................................... 111

Nature of the Offense– Count Twenty-Seven .................................................................. 111

(Bank Fraud / Lender C / $1 million loan)....................................................................... 111

INSTRUCTION NO. 81 ..................................................................................................... 112

Nature of the Offense– Count Twenty-Eight ................................................................... 112

(Bank Fraud Conspiracy / Lender B / $5.5 million loan).................................................. 112

INSTRUCTION NO. 82 ..................................................................................................... 113

Nature of the Offense– Count Twenty-Nine .................................................................... 113

(Bank Fraud Conspiracy / Lender D / $9.5 million loan)).................................................. 113

INSTRUCTION NO. 83 ..................................................................................................... 114

Nature of the Offense– Count Thirty ............................................................................... 114

(Bank Fraud / Lender D / $9.5 million loan)..................................................................... 114

INSTRUCTION NO. 84 ..................................................................................................... 115

Nature of the Offense– Count Thirty-One ....................................................................... 115

(Bank Fraud Conspiracy/ Lender D / $6.5 million loan) ................................................... 115

INSTRUCTION NO. 85 ..................................................................................................... 116

Nature of the Offense– Count Thirty-Two........................................................................ 116

(Bank Fraud / Lender D / $6.5 million loan)..................................................................... 116

INSTRUCTION NO. 86 ..................................................................................................... 117

The Good Faith Defense ................................................................................................ 117

INSTRUCTION NO. 87 ............................................................................................... 119

Deliberate Ignorance – Explained (If Appropriate) ............................................... 119

INSTRUCTION NO. 88 ............................................................................................... 120

Unanimity - Explained ........................................................................................... 120

INSTRUCTION NO. 89 ............................................................................................... 121

Proof May Be Disjunctive ...................................................................................... 121

<u>GENERAL INSTRUCTIONS</u>

The government hereby requests the Court to include in its charge to the Jury the following general instructions found in O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (6th ed. updated through Fed. 2018) – General Instructions for Federal Criminal Cases.

Opening Instruction

**Introduction**

Members of the Jury,

What I say now is intended to serve as an introduction to the entire trial of this case. It is not a substitute for the detailed instructions on the law which I will give to you at the end of the case and before you retire to deliberate on your verdict. It is only a brief overview of the trial process.

Beginning with these preliminary instructions and during the trial you will hear me use a few terms with which you may not be familiar. Let me now briefly explain some of the most common to you. You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyers" or "attorneys." I will sometimes refer to myself as the "Court." The prosecution and the defendant are sometimes called the "parties" to this case.

When I "sustain" an objection, I am excluding that evidence from this trial for good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When we say "admitted into evidence" or "received into evidence" we mean that this particular statement or this particular exhibit is now part of the trial and, most important; may be considered by you in making the decisions you must make at the close of this case. Statements or exhibits which are not "admitted into evidence" may not be considered by you in reaching your verdict.

The term "burden of proof" or "sustaining its burden of proof" means the obligations of proving its case—in this trial—the government's obligation to produce proof beyond a reasonable doubt of the charges in the indictment that is brought.

## The Indictment—The Presumption of Innocence—Elements of the Offense

This is a criminal case commenced by the United States, which I may sometimes refer to as "the prosecution" and sometimes as "the government," against Paul Manafort to whom I may refer to as the defendant. The case is initiated by way of a superseding indictment, which is summarized as follows:

[Here summarize or read the superseding indictment]

You should understand that the superseding indictment is simply a charge by the government to begin a case and that it is not, in any sense, evidence of the allegations or statements it contains.

The defendant, has pleaded "not guilty" to the superseding indictment. The government has the burden or obligation to prove each of the essential elements of the crimes charged in the superseding indictment to you beyond reasonable doubt. The purpose of this trial is to determine whether or not the government can meet this burden or obligation.

I instruct you that you must presume that the defendant is not guilty of the crimes charged in the superseding indictment.

The crime charged in Counts One through Five of superseding indictment, subscribing or causing to be subscribed a false individual income tax return, is based on Title 26 of the United States Code, Section 7206(1), which provides, in part, that: "Any person who- Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter," shall be guilty of an offense against the United States.

The crime charged in Counts Eleven through Fourteen of superseding indictment, failure to file reports of foreign bank accounts (known as an FBAR), is based on Title 31 of the United States Code, Sections 5314 and 5322, which provide, in part, that: "the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency," and that: "A person willfully violating this subchapter," shall be guilty of an offense against the United States.

The crime charged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One of the superseding indictment, conspiracy to commit bank fraud, is based on Title 18 of the United States Code, Sections 1344 and 1349, which provide, in part, that: "Any person who . . . conspires to commit any offense under this chapter [including an offense in violation of Title 18, United States Code, Section 1344]," shall be guilty of an offense against the laws of the United States.

The crime charged in Counts Twenty-Five, Twenty-Seven, Thirty, and Thirty-Two of the superseding indictment, bank fraud, is based on Title 18, United States Code, Section 1344.  That statute provides, in part, that "(a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a federally chartered or insured financial institution; or (2) to obtain any of the monies, funds, … or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises," shall be guilty of an offense against the United States.

To help you analyze the evidence as you hear it at trial, I will give you now a preliminary summary of the individual elements of the crimes charged which the government is required to prove beyond a reasonable doubt.

In order to prove the crime of subscribing or causing to be subscribed a false individual income tax return as charged in Counts One through Five of the superseding indictment, the government must prove the following five (5) elements beyond a reasonable doubt:

One: The defendant made and subscribed, or caused to be made and subscribed, a tax return for the specified year that contained false information, as to a material matter as detailed in the superseding indictment;

Two: The defendant knew that this information was false;

Three: The false information was material;

Four: The return contained a written declaration that it was being signed subject to the penalties of perjury; and

Five: In filing the false tax return, the defendant acted willfully.

In order to prove the crime of failure to file an FBAR as charged in Counts Eleven through Fourteen of the superseding indictment, the government must prove the following four (4) elements beyond a reasonable doubt:

First: the defendant was a United States person during the calendar year specified in the count;

Second: the defendant had a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country during the calendar year specified in the count;

Third: the aggregate value of the defendant's foreign bank, securities, or other financial account exceeded $10,000 at any time during the calendar year specified in the count; and

Fourth: the defendant willfully failed to file an FBAR on or before the due date following the calendar year specified in the count.

In order to prove the crime of conspiracy to commit bank fraud as charged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, Thirty-One, the government must prove the following three (3) elements beyond a reasonable doubt:

First That the conspiracy, agreement, or understanding to commit bank fraud, as charged in the superseding indictment, was formed, reached, or entered into by two or more persons;

Second That at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement or understanding; and

Third That with knowledge of the purpose of the conspiracy, agreement, or understanding, the defendant then deliberately joined the conspiracy, agreement, or understanding.

In order to prove the crime of bank fraud as charged in Counts Twenty-Five, Twenty-Seven, Thirty, and Thirty-Two of the superseding indictment, the government must prove the following four (4) elements beyond a reasonable doubt:

One: The defendant knowingly executed or attempted to execute a scheme or artifice to defraud a financial institution, or a scheme or artifice to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises as described in Counts Twenty-Five, Twenty-Seven, Thirty, Thirty-Two of the superseding indictment;

Two:  The false or fraudulent pretenses, representations, or promises employed in the scheme were material;

Three:  The defendant acted with the intent to defraud; and

Four: The financial institution was then insured or chartered by the United States.

At the conclusion of the trial, after you have heard all of the evidence and after I have had an opportunity to confer with the lawyers, I will give you the final and controlling statement as to what the elements of the crimes are. I am giving you this preliminary summary now to help you as you hear the evidence and see the exhibits as the trial progresses.

**<u>Order of Trial</u>**

The trial will proceed in the following order:

*First*: the parties have the opportunity to make opening statements. The government may make an opening statement at the beginning of the case. The defendant may make an opening statement following the opening statement for the government or may postpone the making of an opening statement until the close of the government's case. The defendant is not obligated to make an opening statement.

What is said in the opening statements is not evidence. The opening statements simply serve as an introduction to the evidence which the party making the opening statement intends to produce during the trial.

*Second*: After any opening statements, the government will introduce evidence which it feels supports the charges contained in the indictment.

*Third*: After the government has presented its evidence, the defendant may present evidence, but is not obliged to do so.

The burden or obligation, as you will be told many times during the course of this trial, is always on the government to prove each and every element of the offenses charged beyond reasonable doubt. The law never imposes on a defendant in a criminal case the burden of calling any witnesses, producing any exhibits, or introducing any evidence. A defendant is presumed to be innocent of the charges.

*Fourth*: After all of the evidence has been received, in other words—after all of the witnesses have testified and after all of the exhibits have been admitted—each party will be given the opportunity to present argument to you in support of its case. This is called "closing

argument." What is said in closing argument is not evidence, just as what is said in the opening statements is not evidence. The closing arguments are designed to present to you the theories and conclusions of the parties as to what each feels the evidence has shown and what inferences may be drawn from the evidence.

*Fifth*: After you have heard the closing arguments of all parties, I will give you, orally and in writing, the final instructions concerning the laws which you must apply to the evidence received during the trial. Those instructions will be much more detailed than these I am giving you now. You will then retire to consider your verdict. Your verdict must be unanimous—all twelve of you must agree to it. Your deliberations are secret. You will not be required to explain your verdict to anyone.

*Sixth*: You must keep an open mind to both the government and the defense during this trial. As you know, there are generally two sides to most stories and you must not make up your mind about any of the questions in this case until you have heard all of the evidence and all of the law which you must apply to that evidence—in other words, until you begin your deliberations.

**Duty of the Jury—Duty of the Court—Evidence**

Your assignment as jurors is to find and determine the facts. Under our system of justice you are the sole judge of the facts. If at any time I should make any comment regarding the facts, or you think I am making some comment on a piece of evidence, you are at liberty to disregard it totally. It is especially important that you perform your duty of determining the facts diligently and conscientiously for ordinarily there is no means of correcting an erroneous determination of the facts by a jury.

On the other hand, and with equal emphasis, I instruct you that the law as given by the Court in these and other instructions constitute the only law for your guidance. It is your duty to accept and to follow the law as I give it to you even though you may disagree with the law.

You are to determine the facts solely from the evidence admitted in the case. This evidence consists of the testimony of witnesses and exhibits received. Questions asked by the lawyers are not evidence, for the evidence consists of the witnesses' answers to the questions— not the questions themselves. As I said earlier, statements and arguments of counsel are not evidence. Counsel, however, may enter into agreements or stipulations of facts which are not in dispute in this case, and when they do so, you may accept those facts as established. I may also tell you that I am taking judicial notice of certain facts, and you then may accept those facts as true. It is always up to you, however, to decide what facts are established by the evidence and what inferences are to be drawn from the evidence.

The parties may sometimes present objections to some of the testimony or exhibits. An objection is the only proper method of requesting a ruling from the Court concerning evidence. It is the duty of a lawyer to object to evidence which he or she believes may not properly be received or admitted and you should not be prejudiced in any way against a lawyer who makes objections or against the party he or she represents. At times I may sustain objections or direct that you disregard certain testimony or exhibits. You must not consider any evidence to which an objection has been sustained or which I have instructed you to disregard.

Do not read any news accounts about this case in any newspaper or on the internet or watch any such news accounts on television or listen to any such news accounts on the radio. You must not consider anything you may have read or heard about the case outside of this courtroom whether before or during the trial or during your deliberations. Do not attempt any

independent research or investigation about this matter. Your decision in this case must be based solely and exclusively upon the evidence received during this trial, my final instructions, and not upon anything else.

You may have already heard the terms "direct evidence" and "circumstantial evidence." "Direct evidence" is generally the testimony of a person who claims to have actual and direct knowledge of a fact—for example, the testimony of an eye witness who claims to have seen an event. "Circumstantial evidence" is generally testimony of a chain of facts which may lead to a conclusion of some kind. In any event, the law makes no distinction between "direct evidence" and "circumstantial evidence." In considering the evidence here in this trial you should give it such weight or importance as you think it deserves whether it is called "direct" or "circumstantial" evidence and make the deductions and reach the conclusions to which your experience and common sense lead.

In attempting to determine the true facts in this case you may be called upon to judge the credibility of the witnesses who testify in this trial. In deciding whether or not to believe what a witness has said, I suggest that you consider the intelligence of the witness, the ability of the witness to have seen or heard what the witness said was seen or heard, the ability of the witness to remember what happened, any interest that the witness might have in how this case is decided, and whether the testimony is reasonable. You are free to believe all of what a witness or exhibit says, some of it, or none of it. I will address this subject again after you have heard all of the evidence in the trial.

No statement, ruling, remark, or comment which I may make during the course of the trial is intended to indicate my opinion as to how you should decide the case or is intended to influence you in any way in your determination of the facts. I may, for example, ask questions of

witnesses. If I do so, it is for the purpose of explaining matters which I feel should be brought out and not in any way to indicate my opinion about the facts or to indicate the weight I feel you should give to the testimony of the witness so questioned. I may also find it necessary, for example, to admonish the lawyers and, if I do, you should not show prejudice toward a lawyer or the client of that lawyer because I have found it necessary to correct him or her.

At times during this trial it will be important for me to confer privately with the lawyers and others about various evidentiary and procedural issues. During these conferences—both here at the bench and in my chambers—it is not our intention to hide anything from you, but simply to determine how certain issues will be handled. Please be patient with us during any such delays. We are only taking care to insure that the trial is being conducted fairly and according to the law.

At times you will also be required to wait in your jury room while I am required to hear and decide other matters from other cases not connected with this one. These delays are unavoidable. I do everything I can to keep these interruptions to a minimum, but can never avoid them entirely. Please be patient.

You are not to concern yourself in any way with the sentence which a defendant might receive if you should find him guilty. Your function is solely to decide whether the government has sustained or carried its burden of proving the charges to you beyond a reasonable doubt. If, and only if, you find a defendant guilty of the charges, will it become the duty of the Court to pronounce sentence.

The attorneys and the parties will not speak with you because I have already instructed them that they must not. When you see one of the lawyers in the hallway, for example, and he or she does not speak with you, that lawyer is not being rude, cold, or unfriendly, but is simply

doing what I have ordered all of the lawyers to do in this case. It does not look appropriate for one side or the other to this case to be speaking with any of you no matter how innocent or trivial that conversation might, in fact, be.

Until this case is submitted to you to begin your deliberations, you must not discuss it with anyone at all—even with your fellow jurors. After it is submitted, you must discuss the case only in the jury room with your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you and you have received the final instructions of the Court regarding the law which you must apply to the evidence.

**<u>Conclusion</u>**

Please keep a few key principles in mind as we begin this trial.

Your job is to decide all of the factual questions in this case—like who should be believed and who should not be believed. I will decide all of the legal questions in this case— like what testimony or exhibits are received into evidence and which are not received. Please do not concern yourselves with the legal questions.

The defendant has pled not guilty and is presumed to be innocent of the crimes charged. As such, the defendant is not required to produce any evidence whatsoever. By bringing the superseding indictment, moreover, the government has accepted the responsibility of proving the guilt of the defendant to each of you—unanimously—beyond a reasonable doubt.

Finally, do not discuss this case with anyone and keep an open mind regarding each issue in the case until all of the evidence has been received. At that time I will be able to give you the complete and final instructions which you must use to guide you in reaching your decisions. Then and only then will you be fully prepared to begin your deliberation and reach your verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §10.01 (6th ed. through February 2018).

## INSTRUCTION NO. 2

## Pretrial Publicity

There has been substantial publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court and who, therefore, cannot be seen and evaluated by the jury like all of the other witnesses and will not be examined or cross-examined by either of the parties under oath.

You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

To rely upon anything you see or hear outside of this courtroom in reaching your verdict is a violation of your oath as a juror.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §10:02 (6th ed. through February 2018).

Note-taking—Permitted

The Court will permit jurors to take notes during the course of this trial. You, of course, are not obliged to take notes. If you do not take notes you should not be influenced by the notes of another juror, but rely upon your own recollection of the evidence.

Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is. Note-taking must not be allowed to interfere with the ongoing nature of the trial or distract you from what happens here in court. Notes taken by any juror, moreover, are not evidence in the case and must not take precedence over the independent recollection of the evidence received in the case. Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §10:04 (6th ed. through February 2018).

INSTRUCTION NO. 4

Admonitions at Court Recesses – Short Form

During this recess and all other recesses, you must not discuss this case with anyone. This includes your family, other jurors, and anyone involved in the trial. If anyone attempts in any way to talk to you about this trial during a recess, it is your obligation to tell me immediately.

Do not watch or listen to any news reports concerning this trial on television or on radio and do not read any news accounts of this trial in a newspaper or on the internet.

Do not speak at all with any of the parties, the witnesses, or the attorneys.

You are required to keep an open mind until you have heard all of the evidence in this case, the closing arguments of counsel, and the final instructions of law provided by the Court.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:02 (6th ed. through February 2018).

INSTRUCTION NO. 5

Objections and Rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:03 (6th ed. through February 2018).

INSTRUCTION NO. 6

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:04 (6th ed. through February 2018).

INSTRUCTION NO. 7

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter–not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:05 (6th ed. through February 2018).

Court's Comments on Certain Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:06 (6th ed. through February 2018).

<u>INSTRUCTION NO. 9</u>

<u>Publicity During Trial</u>

I am advised that reports about this trial are appearing in the newspapers and on radio, on television, and on the internet. The people who are reporting the story may not have listened to all of the testimony as you have, may be getting information from people who you may not see here in court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence which is received here in court.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:08 (6th ed. through February 2018).

<u>INSTRUCTION NO. 10</u>

<u>Evidence Admitted for a Limited Purpose Only</u>

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:09 (6th ed. through February 2018).

## INSTRUCTION NO. 11

### Cross-Examination of Defendant's Character Witness (If Appropriate)

On direct examination, _____, a witness for the defendant, testified that he was familiar with the reputation of the defendant in the community.

The attorney for the government now proposes to ask certain questions on cross examination of this witness as to certain alleged events in the defendant's past.

I caution you that these questions will be permitted solely for the limited purpose of testing the testimony of this witness that he was familiar with the reputation of the defendant in the community. The answers to these questions are to be considered by you only for the purpose of testing the credibility of this witness.

The questions and answers in this area are not to be considered as any evidence that the defendant committed the crimes charged in this superseding indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:15 (6th ed. through February 2018).

INSTRUCTION NO. 12

Introduction to the Final Charge – Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the superseding indictment and the plea of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice–through trial by jury–depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §12.01 (6th ed. through February 2018).

## INSTRUCTION NO. 13

### Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12.02 (6th ed. through February 2018).

<u>INSTRUCTION NO. 14</u>

<u>Evidence Received in the Case–Stipulations, Judicial Notice & Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses–regardless of who may have called them–all exhibits received in evidence–regardless of who may have produced them–all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted

to draw from the facts which you find have been proved such reasonable inferences as you feel

are justified in the light of your experience and common sense.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:03 (6th ed. through February 2018).

<u>INSTRUCTION NO. 15</u>

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:04 (6th ed. through February 2018).

## INSTRUCTION NO. 16

### Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead

the jury to draw from the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:05 ((6th ed. through February 2018).

INSTRUCTION NO. 17

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:07 (6th ed. through February 2018).

INSTRUCTION NO. 18

The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:08 (6th ed. through February 2018).

INSTRUCTION NO. 19

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the superseding indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:09 (6th ed. through February 2018).

<u>INSTRUCTION NO. 20</u>

<u>Verdict as to Defendant Only</u>

You are here to determine whether the government has proven the guilt of the defendant for the charges in the superseding indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of Defendant Paul Manafort for the crimes charged in the superseding indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find Defendant Manafort not guilty.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:11 (6th ed. through February 2018).

INSTRUCTION NO. 21

Consider Each Count Separately

A separate crime is charged in each count of the superseding indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:12 (6th ed. through February 2018).

<u>INSTRUCTION NO. 22</u>

<u>The Superseding Indictment Is Not Evidence</u>

A superseding indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this superseding indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this superseding indictment and, therefore, denies that he is guilty of the charges.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:04 (6th ed. through February 2018).

INSTRUCTION NO. 23

"On or About" and "In and Around"–Explained

The superseding indictment charges that the offenses alleged in the superseding indictment were committed "on or about" or "in and around" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the superseding indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:05 (6th ed. through February 2018) (modified to add "in and around").

INSTRUCTION NO. 24

Opinion Evidence – The Expert Witness (If Appropriate)

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence *[including that of other "expert witnesses"]*, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:01 (6th ed. through February 2018).

<u>INSTRUCTION NO. 25</u>

<u>Charts & Summaries Admitted into Evidence (If Appropriate)</u>

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:02 (6th ed. through February 2018).

## INSTRUCTION NO. 26

### Credibility of Witnesses – Accomplice (If Appropriate)

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person, including the defendant.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:04 (6th ed. through February 2018).

INSTRUCTION NO. 27

Credibility of Witnesses – Inconsistent Statement (If Appropriate)

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:06 (6th ed. through February 2018).

<u>INSTRUCTION NO. 28</u>

<u>Credibility of Witnesses – Conviction of Felony (If Appropriate)</u>

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:07 (6th ed. through February 2018).

## INSTRUCTION NO. 29

### Effect of the Defendant's Decision Not to Testify (If Appropriate)

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:14 (6th ed. through February 2018).

INSTRUCTION NO. 30

Character Evidence – Reputation of the Defendant (If Appropriate)

The defendant has offered evidence of his or her good general reputation for [truth and veracity] [honesty and integrity] [being a law-abiding citizen]. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

[Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime[s] charged, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person of good character for *[truth and veracity]* *[honesty or integrity]* *[being a law-abiding citizen]* would commit such a crime or crimes.]

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:15 (6th ed. through February 2018).

## INSTRUCTION NO. 31

### Proof of Knowledge or Intent—Rule 404(b) Evidence (If Appropriate)

Evidence that an act was done or that an offense was committed by the defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offenses charged in this superseding indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether the defendant actually performed the physical acts charged in this superseding indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that the defendant physically did the acts charged in this superseding indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which the defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the superseding indictment. Nor may the defendant be convicted of the crimes charged even if you were to find that he committed other crimes – even crimes similar to the ones charged in this superseding indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:08 (6th ed. updated through February 2018).

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of
Verdict – Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your

members to act as your foreperson. The foreperson will preside over your deliberations and will

be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a

verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be

unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another

with a view towards reaching an agreement if you can do so without violence to individual

judgment. Each of you must decide the case for himself and herself, but do so only after an

impartial consideration of the evidence in the case with your fellow jurors. In the course of your

deliberations, do not hesitate to reexamine your own views and to change your opinion if

convinced it is erroneous. Do not surrender your honest conviction, however, solely because of

the opinion of your fellow jurors or for the mere purpose of thereby being able to return a

unanimous verdict.

Remember at all times that you are not partisans. You are judges–judges of the facts of

this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you

have seen or read outside of court may be considered. Nothing that I have said or done during

the course of this trial is intended in any way to somehow suggest to you what I think your

verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to

suggest or convey to you in any way or manner any intimation as to what verdict I think you

should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the superseding indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

---

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 20:01 (6th ed. updated through February 2018).

## SPECIAL INSTRUCTIONS

The government hereby requests the Court to include in its charge to the Jury the following special instructions.

## INSTRUCTION NO. 33

## Credibility of Witnesses–Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

Adapted from 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:01 (6th ed. through February 2018).

INSTRUCTION NO. 34

Credibility of Witnesses – Immunized Witness (If Appropriate)

The testimony of an immunized witness, someone who has been told that their testimony will not be used against them in return for that cooperation with the government, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government.

The jury must determine whether the testimony of an immunized witness has been affected by self-interest, or by the agreement they have with the government, or by their own interest in the outcome of this case, or by prejudice against the defendant.

Adapted from 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:03 (6th ed. through February 2018).

INSTRUCTION NO. 35

Presumption of Innocence, Burden of Proof, Reasonable Doubt

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the superseding indictment, begins the trial with a "clean slate"—with no evidence against him. The superseding indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence by cross-examining the witnesses for the government.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the superseding indictment, you must find the defendant not guilty of the offenses.

It is not required, however, that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12:10 (6th ed. updated through February 2018) (definition of "reasonable doubt" and "two-inference instruction" omitted to conform with Fourth Circuit law); *see United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017) (directing district courts not to use the two-inference instruction); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998) ("a district court need not, and in fact should not, define the term 'reasonable doubt' even upon request") United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998); *see also United States v. Reives*, 15 F.3d 42 (4th Cir. 1994); *United States v. Oriakhi*, 57 F.3d 1290 (4th Cir. 1995).

## INSTRUCTION NO. 36

### The Nature of the Offense Charged – Counts One through Five
(Subscribing to a False Individual Income Tax Return)

Counts One through Five of the superseding indictment charge that on or about the dates specified below, in the Eastern District of Virginia and elsewhere, defendant willfully and knowingly did make and subscribe, and aid and abet and cause to be made and subscribed, United States Individual Income Tax Returns, Forms 1040 and Schedule B, for the tax years set forth below, which returns contained and were verified by the written declaration of the defendant that they were made under penalties of perjury, and which returns the defendant did not believe to be true and correct as to every material matter, in that the returns (a) claimed that the defendant did not have a financial interest in and signature and other authority over a financial account in a foreign country and (b) failed to report income, whereas the defendant then and there well knew and believed that he had a financial interest in, and signature and other authority over, bank accounts in a foreign country and had earned total income in excess of the reported amounts noted below:

| COUNT | TAX YEAR | APPROX. FILING DATE | FOREIGN ACCOUNT REPORTED (Sch. B, Line 7a) | TOTAL INCOME REPORTED (Line 22) |
|---|---|---|---|---|
| 1 | 2010 | October 14, 2011 | None | $504,744 |
| 2 | 2011 | October 15, 2012 | None | $3,071,409 |
| 3 | 2012 | October 7, 2013 | None | $5,361,007 |
| 4 | 2013 | October 6, 2014 | None | $1,910,928 |
| 5 | 2014 | October 14, 2015 | None | $2,984,210 |

The defendant has entered a plea of not guilty to these allegations in the superseding indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of subscribing to a false individual income tax return.

Adapted from the Indictment; 2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67:13 (6th ed. updated through February 2018).

The Statutes Defining the Offense Charged – Counts One Through Five
(Subscribing to a False Individual Income Tax Return)

Section 7206(1) of Title 26 of the United States Code provides that:

"Any person who-

Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter …"

shall be guilty of an offense against the United States.

26 U.S.C. § 7206(1); 2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67:14 (6th ed. updated through February 2018).

<u>INSTRUCTION NO. 38</u>

<u>The Essential Elements of the Offense Charged – Counts One Through Five</u>
(Subscribing to a False Individual Income Tax Return)

In order to sustain its burden of proof for the crime of willfully filing a false tax return as charged in Counts One through Five of the superseding indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

<u>One</u>: The defendant made and subscribed, or caused to be made and subscribed, a tax return for the specified year that contained false information, as to a material matter as detailed in the superseding indictment;

<u>Two</u>: The defendant knew that this information was false;

<u>Three</u>: The false information was material;

<u>Four</u>: The return contained a written declaration that it was being signed subject to the penalties of perjury; and

<u>Five</u>: In filing the false tax return, the defendant acted willfully.

26 U.S.C. § 7206(1); Adapted from 2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67:15 (6th ed. updated through February 2018).

## INSTRUCTION NO. 39

## Aiding and Abetting—Explained

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before the defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of crimes charged in Counts One through Five, Eleven through Fourteen, Twenty-Five, Twenty-Seven, Thirty, and Thirty-Two of the superseding indictment, the government must prove beyond a reasonable doubt that the defendant:

One: knew that the crime charged was to be committed or was being committed;

Two: knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime; and

Three: acted with the intention of causing the crime charged to be committed.

Before the defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that some person or persons committed each of the essential elements of the offenses charged in Counts One through Five, Eleven

through Fourteen, Twenty-Five, Twenty-Seven, Thirty, and Thirty-Two of the superseding indictment.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find the defendant aided and abetted the commission of that crime.

The government must prove that the defendant knowingly associated himself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* § 18:01 (6th ed. updated through February 2018); *United States v. Rashwan,* 328 F.3d 160, 165 (4th Cir. 2003) (aiding and abetting is implicit in all indictments).

INSTRUCTION NO. 40

Causing Another To Do An Act – 18 U.S.C. § 2(b)

A defendant need not commit all the acts constituting an offense in order to be guilty of it. Title 18, Section 2(b) of the United States Code states:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [is guilty of an offense].

In other words, a defendant can be guilty of an offense if the defendant causes another person to take an action, which if the defendant had done the act himself, would have made the defendant guilty of the offense.

In this regard, it does not matter whether the other person himself or herself was knowingly involved in the offense or was just an innocent party.

The defendant, however, must have willfully – that is, knowingly, deliberately, and intentionally, as contrasted with accidentally, carelessly, or unintentionally – caused the other person to take the action, which if the defendant had done it himself, would have made the defendant guilty. This means that the defendant must have done an act either with knowledge that the other person's act would follow in the ordinary course of business, or where the other person's act could reasonably have been foreseen.

*United States v. Walser*, 3 F.3d 387, 388 (11th Cir. 1993) ("[A]n individual is criminally culpable for causing an intermediary to commit a criminal act even though the intermediary has no criminal intent and is innocent of the substantive crime."); *United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987); *United States v. Cantena*, 500 F.2d 1319, 1323 (3rd Cir.), *cert. denied*, 419 U.S. 1047 (1974); *Pereira v. United States*, 374 U.S. 1, 8-9 (1954) (Court applies 18 U.S.C. § 2(b) and holds that "'where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used."); *United States v. Day*, 700 F.3d 713, 720 (4th Cir. 2012) (indictment need not reference 18 U.S.C. § 2 for instruction on aiding and abetting)

INSTRUCTION NO. 41

Agent of the Defendant

In order to sustain its burden of proof, it is not necessary for the government to prove that the defendant personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.

1A O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 18:03 (6th ed. through February 2018).

Subscribed – Defined

In general, the word "subscribe" simply means to sign one's name to a document. In the case of an electronically filed return, an electronic signature made in accordance with guidance published by the Internal Revenue Service is for all purposes the same as a written signature on a paper tax return.

Section 6064 of Title 26 of the United States Code provides, in part, that: "The fact that an individual's name is signed to a return … shall be prima facie evidence for all purposes that the return … was actually signed by him."  In other words, you may infer and find that a tax return was, in fact, signed by the person whose name appears to be signed to it. You are not required, however, to accept any such inference or to make any such finding.

If you find beyond a reasonable doubt from the evidence in the case that the defendant signed or caused to be signed the tax return in question, then you may also draw the inference and may also find, but are not required to find, that the defendant knew of the contents of the return that he signed or caused to be signed.

Adapted from 2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67.22 (6th ed. updated through February 2018); 26 U.S.C. §6061(b).

INSTRUCTION NO. 43

"Materiality" - Defined

A statement or representation is "material" if it has a natural tendency to influence or is capable of influencing a decision or action. To be "material" it is not necessary that the statement or representation, in fact, influence or deceive.

For a violation of filing a false tax return, materiality has been defined as "whether a particular item must be reported in order that the taxpayer estimate and compute his tax correctly" or a misstatement that "could hinder the Internal Revenue Service (IRS) in carrying out such functions as the verification of the accuracy" of a tax return.

Adapted from 1A O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 16.11 (6th ed. through February 2018); *United States v. Null*, 415 F.2d 1178, 1181 (4th Cir. 1969); *United States v. Aramony*, 88 F.3d 1369, 1384-85 (4th Cir. 1996); *United States v. Greenberg*, 735 F.2d 29, 31 (2d Cir. 1984).

INSTRUCTION NO. 44

Omission of a Material Matter


An income tax return may be materially false not only because of a misstatement of a material matter, but also because of an omission of a material matter.

*United States v. Griffin*, 524 F.3d 71, 76 (1st Cir. 2008); *Siravo v. United States*, 377 F.2d 469, 472 (1st Cir. 1967); *United States v. Taylor*, 574 F.2d 232, 235-236 (5th Cir. 1978); *United States v. Cohen*, 544 F.2d 781, 783 (5th Cir. 1977).

<u>INSTRUCTION NO. 45</u>

<u>Not Necessary to Show Any Additional Tax Due</u>

Although the government is required to prove beyond a reasonable doubt that the defendant willfully filed or caused to be filed a false tax return as charged in Counts One through Five of the superseding indictment, the government is not required to prove that any additional tax was due to the government or that the government was deprived of any tax revenues by reason of any filing of any false return.

Adapted from 2B Kevin F. O'Malley et al., *Federal Jury Practice and Instructions*, § 67.19 (6th ed. updated through February 2018).

<u>INSTRUCTION NO. 46</u>

<u>Each Tax Year is Separate</u>

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from any such failure to comply for a different year. The tax obligations of the defendant in any one year must be determined separately from the tax obligations in any other year.

2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67.24 (6th ed. updated through February 2018).

INSTRUCTION NO. 47

Proof of One False Material Item Enough

The superseding indictment charges in Counts One through Five that the defendant's income tax returns for the years 2010, 2011, 2012, 2013, and 2014 were each false in two material respects, in that each return (a) claimed that the defendant did not have a financial interest in or signature or other authority over a financial account in a foreign country and (b) failed to report income, whereas the defendant then and there well knew and believed that he had a financial interest in, and signature and other authority over, bank accounts in a foreign country and had earned total income in excess of the reported amounts.

You are instructed that it is sufficient if you find that the government has established beyond a reasonable doubt that either of these two items were both material and falsely reported on the defendant's tax returns. In other words, the government does not have to prove that in each year both of the items were false and material: proof of the falsity and materiality of a single item in each year is sufficient. You must unanimously agree on that item. On the other hand, if you unanimously find that none of these items was material and falsely reported on the defendant's return then you should acquit the defendant.

*Griffin v. United States* 502 U.S. 46, 49 (1991); *Silverstein v. United States*, 377 F.2d 269, 270 n.3 (1st 1967); *United States v. Rayor*, 204 F. Supp. 486, 491 (S.D. Cal. 1962); *United States v. Null*, 415 F.2d 1178, 1181 (4th Cir. 1969); *See United States v. Gaudin*, 515 U.S. 506, 510 (1995) (holding that "materiality" is a question for the jury, not the judge, to decide); *Neder v. United States*, 527 U.S. 1, 15 (1999).

INSTRUCTION NO. 48

Assignment of Income

Income is taxed to the person/entity who earns it, even when it is paid or assigned by that person/entity or at that person's/entity's direction to someone else or a corporate entity. Such payments or assignments made for the purpose of avoiding tax liability are not recognized under the tax laws of the United States.

*Lucas v. Earl*, 281 U.S. 111, 115 (1930); *United States v. Newell*, 239 F.3d 917 (7th Cir. 2001); *United States* v. *Vernon*, 814 F.3d 1091, 1099-1103 (10th Cir. 2016) (instruction on assignment of income and sham corporations not error where defendant directed income to corporate entity).

INSTRUCTION NO. 49

Gross Income

Gross income includes all income from whatever source derived, in any location. Gross income includes the following: (1) Compensation for services, including fees, commissions and similar items; (2) Gross income derived from business activity; (3) Gains derived from dealings in property; (4) Interest; (5) Rents; (6) Royalties; (7) Dividends; (8) Alimony and separate maintenance payments; (9) Annuities; (10) Income from life insurance and endowment contracts; (11) Pensions; (12) Income from discharge of indebtedness; (13) Distributive share of partnership gross income; (14) Income in respect of a decedent; and (15) Income from an interest in an estate or trust. Wages and salaries fall within this definition and are included in gross income.

Adapted from 2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67.12 (6th ed. updated through February 2018), as modified by *United States v. Romero*, 640 F.2d 1014 (9th Cir. 1981).

<u>INSTRUCTION NO. 50</u>

<u>Partnership and Partnership Income</u>

A partnership as such is not subject to income tax. Instead, each partner is individually taxed on and must report his/her share of the partnership income on an individual tax return, even if the income is not actually distributed to the partners.  If the partnership incurs a loss, each partner can deduct his/her share of the loss on that partner's individual tax return.

26 U.S.C. §§ 701, 702

INSTRUCTION NO. 51

S Corporation and Pass-Thru Items to Shareholders

The term "S corporation" means, with respect to any taxable year, a small business corporation for which an election under the Internal Revenue Code is in effect for such year. In general, an S corporation does not pay any income tax.  Instead, the corporation's income and expenses are divided among, and passed through to, its shareholders.  The shareholders then must report the income and expense on their own individual income tax returns.

26 USC §§1361, 1362(a)

INSTRUCTION NO. 52

Loan – Explained

The Internal Revenue Code defines gross income as "all income from whatever source derived." Loan proceeds are not included in gross income because of the obligation to repay the loan. Whether a particular transaction constitutes a loan is a question of fact to be determined by considering all of the pertinent facts in the case.

A loan requires both parties to have an actual, good-faith intent to establish a debtor-creditor relationship when the funds are advanced. An intent to establish a debtor-creditor relationship exists if the debtor intends to repay the loan, and the creditor intends to enforce the repayment.

In making your determination whether the parties intended a loan, you should take into consideration the following non-exclusive list of factors, no one of which is controlling: (1) the ability of the borrower to repay; (2) the existence or nonexistence of a debt instrument – that is, a written loan document; (3) whether any security was given by the debtor; (4) whether the loan agreement required the payment of interest, and whether any interest was in fact paid; (5) whether the loan agreement had a fixed repayment date, and a repayment schedule; (6) how the parties' records and conduct reflect the transaction; (7) whether the borrower made repayments on the loan; (8) whether the lender had demanded repayment; (9) the likelihood that the loan was disguised compensation for services; and (10) the testimony, if any, of the purported borrower and lender, or others knowledgeable about the transaction.

*United States v. Swallow*, 511 F.2d 514, 522 n. 7 (10th Cir. 1985); *Welch v. Commissioner*, 204 F.3d 1228, 1230 (9th Cir. 2000), *aff'g* T.C. Memo. 1998–121; *Frierdich v. Commissioner*, 925 F.2d 180, 182 (7th Cir. 1991), *aff'g* T.C. Memo. 1989–393; *see also Todd v. Commissioner*, T.C. Memo. 2011–123, *aff'd*, 486 Fed.Appx. 423 (5th Cir. 2012).

INSTRUCTION NO. 53

"False" – Defined

The word "false" means contrary to the truth. As used in the law, the word "false" generally means more than an innocent mistake or a simple error of fact.

A statement or representation is "false" if it was untrue when made and was then known to be untrue by the person making it or causing it to be made or made or caused to be made with reckless indifference as to its truth or falsity.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 16:06 (6th ed. updated through February 2018)

INSTRUCTION NO. 54

"Willfully" – Defined

In order to sustain its burden of proof for the crimes as charged in Counts One through Five and Counts Eleven through Fourteen of the superseding indictment, the government must prove beyond a reasonable doubt that the defendant acted "willfully."

To act willfully means to act voluntarily and deliberately and intending to violate a known legal duty. Negligent conduct is not sufficient to constitute willfulness.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes are, and experience has taught us that frequently actions speak more clearly than spoken or written words. To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

Adapted from 2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67.20 (6th ed. updated through February 2018); *Third Circuit Model Criminal Jury Instructions*, § 6.26.7201-4 (2010 ed.); *Fifth Circuit Criminal Jury Instructions*, § 2.96 (note) (2001 ed.); *Criminal Federal Jury Instructions of the Seventh Circuit*, 26 U.S.C. § 7206; *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit*, §§ 6.26.7206, 7.02 (committee comments) (2012 ed.); *Manual of Model Jury Instructions for the Ninth Circuit*, § 9.42 (comment) (2010 ed.); *Tenth Circuit Criminal Jury Instructions*, § 2.93 (2005 ed.); *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Bishop*, 412 U.S. 346, 360 (1973); *Spies v. United States*, 317 U.S. 492, 499 (1943); *United States v. Ashfield*, 735 F.2d 101, 105 (3d Cir. 1984).

INSTRUCTION NO. 55

The Nature of the Offense Charged – Counts Eleven through Fourteen
(Failure to File Reports of Foreign Bank and Financial Accounts)

Counts Eleven through Fourteen of the superseding indictment charge that on the filing

dates listed below, in the Eastern District of Virginia and elsewhere, defendant PAUL J.

MANAFORT, JR., unlawfully, willfully, and knowingly did fail to file with the Treasury a

Report of Foreign Bank and Financial Accounts, known as an "FBAR," disclosing that he had a

financial interest in, and signature and other authority over, a bank, securities, and other financial

account in a foreign country, which had an aggregate value of more than $10,000 in a 12-month

period, during the years listed below:

| COUNT | YEAR | DUE DATE TO FILE FBAR |
|-------|------|-----------------------|
| 11 | 2011 | June 29, 2012 |
| 12 | 2012 | June 30, 2013 |
| 13 | 2013 | June 30, 2014 |
| 14 | 2014 | June 30, 2015 |

Adapted from the Superseding Indictment.

<u>The Statutes Defining the Offense Charged – Counts Eleven through Fourteen</u>
(Failure to File Reports of Foreign Bank and Financial Accounts)

Section 5314 of Title 31 of the United States Code provides that:

"the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency."

Section 5322 of Title 31 of the United States Code provides that:

"A person willfully violating this subchapter or a regulation prescribed . . . under this subchapter . . ."

shall be guilty of an offense against the United States.

Section 1010.350 of Title 31 of the Code of Federal Regulations provides that:

"Each United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists and shall provide such information as shall be specified in a reporting form prescribed under 31 U.S.C. 5314 to be filed by such persons."

31 U.S.C. §§ 5314, 5322(a); 31 C.F.R. § 1010.350

<u>INSTRUCTION NO. 57</u>

<u>The Essential Elements of the Offense Charged – Counts Eleven through Fourteen</u>
(Failure to File Reports of Foreign Bank and Financial Accounts)

In order for the government to prove the charge of failure to file an FBAR, it must establish

beyond a reasonable doubt each of the following four elements:

<u>First</u>: the defendant was a United States person during the calendar year specified in the count;

<u>Second</u>: the defendant had a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country during the calendar year specified in the count;

<u>Third</u>: the aggregate value of the defendant's foreign bank, securities, or other financial account exceeded $10,000 at any time during the calendar year specified in the count; and

<u>Fourth</u>: the defendant willfully failed to file an FBAR on or before the due date following the calendar year specified in the count.

31 U.S.C. §§ 5314, 5322; 31 C.F.R. § 1010.350

INSTRUCTION NO. 58

U.S. Person

For purposes of Counts Eleven through Fourteen, a "United States person" means a

citizen or resident of the United States, or an entity formed under the laws of the United States,

any state, the District of Columbia, any territory or possession of the United States, or an Indian

tribe.

31 C.F.R. § 1010.350

## INSTRUCTION NO. 59

### Financial Interest or Signatory or Other Authority

A person has a "financial interest" in each account for which such person is the owner of record or has legal title, whether the account is maintained for his or her own benefit or for the benefit of others. If an account is maintained in the name of more than one person, each United States person in whose name the account is maintained has a financial interest in that account. A person also has a "financial interest" in each account for which the owner of record or holder of legal title is:

> (i) A person acting as an agent, nominee, attorney or in some other capacity on behalf of the United States person with respect to the account; or

> (ii) A corporation in which the United States person owns directly or indirectly more than 50 percent of the voting power or the total value of the shares, a partnership in which the United States person owns directly or indirectly more than 50 percent of the interest in profits or capital, or any other entity (other than an entity in paragraphs (e)(2)(iii) through (iv) of this section) in which the United States person owns directly or indirectly more than 50 percent of the voting power, total value of the equity interest or assets, or interest in profits.

A United States person that causes an entity, including but not limited to a corporation, partnership, or trust, to be created for a purpose of evading Title 31, Code of Federal Regulations, Section 1010.350 shall have a financial interest in any bank, securities, or other financial account in a foreign country for which the entity is the owner of record or holder of legal title.

A person has "signature or other authority" over an account if such person (alone or in conjunction with another) can control the disposition of money, funds, or other assets held in a financial account by direct communications (whether in writing or otherwise) to the person with whom the financial account is maintained.

31 C.F.R. § 1010.350

INSTRUCTION NO. 60

Nature of the Offense Charged – Count Twenty-Four
(Bank Fraud Conspiracy/ Lender B / $3.4 million loan)

Count Twenty-Four of the superseding indictment charges that from on or about and between December 2015 and March 2016, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Citizens Bank (Lender B), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiracy to commit bank fraud.

Adapted from the Superseding Indictment

Statute Defining Offense – Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, Thirty-One
(Bank Fraud Conspiracy)

Title 18, United States Code, Section 1349, provides in pertinent part:

> Any person who . . . conspires to commit any offense under this chapter [which includes offenses in violation of Title 18, United States Code, Section 1344]

shall be guilty of an offense against the laws of the United States.

The alleged object of the conspiracy is defined in Title 18, United States Code, Section 1344 as follows:

> (a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—
> (1) to defraud a federally chartered or insured financial institution; or (2) to obtain any of the monies, funds, … or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises, …

shall be guilty of an offense against the United States.

18 U.S.C. §§ 1344, 1349.

INSTRUCTION NO. 62

Elements of the Offense – Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine,
Thirty-One
(Bank Fraud Conspiracy)


To prove a conspiracy to commit bank fraud as charged in Counts Twenty-Four, Twenty-

Six, Twenty-Eight, Twenty-Nine, Thirty-One as to the defendant, the government must prove

three essential elements beyond a reasonable doubt:

*First:*        That the conspiracy, agreement, or understanding to commit bank fraud, as charged in the superseding indictment, was formed, reached, or entered into by two or more persons;

*Second:*    That at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement or understanding; and

*Third:*      That with knowledge of the purpose of the conspiracy, agreement, or understanding, the defendant then deliberately joined the conspiracy, agreement, or understanding.

Adapted from 2 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 31:03 (6th ed. updated through February. 2018); *Whitfield v. United States*, 543 U.S. 209, 214 (2005) (no overt act requirement where not explicitly stated); *United States v. Shabani*, 513 U.S. 10, 15 (1994) (same); *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010).

## INSTRUCTION NO. 63

### Conspiracy—Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant, and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some laws by means of some common plan or course of action, as alleged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One of the superseding indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the superseding indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the superseding indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charge contained in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One of the superseding indictment.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31.04 (6th ed. updated through February 2018).

INSTRUCTION NO. 64

Conspiracy—Membership in an Agreement

Before you may find that the defendant, or any other person, became a member of the conspiracy as charged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One of the superseding indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to commit the offenses as charged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy. Even a "slight connection" to a conspiracy may be sufficient to establish the defendant's membership in that conspiracy, if proved beyond a reasonable doubt.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31.05 (6th ed. updated through February 2018); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947); *United States v. Burgos*, 94 F.3d 849, 861-62 (4th Cir. 1996) (*en banc*); *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993).)

## INSTRUCTION NO. 65

## Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One of the superseding indictment to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the conspiracies charged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One of the superseding indictment against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant, and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against a defendant who did not do the particular act or make the particular statement.

Acts done or statements made by an alleged co-conspirator before a defendant joined a conspiracy may also be considered by you in determining whether the government has sustained its burden of proof in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-One of the superseding indictment. Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed that act or made that statement.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:06 (6th ed. updated through February 2018).

INSTRUCTION NO. 66

Common Scheme or Plan – Evidence of Acts or Declarations of Confederates

When two or more persons knowingly associate themselves together to carry out a common plan or arrangement and intend either to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means, there arises from that association a kind of partnership in which each member becomes the agent of every other member.

So if you find that the evidence in the case shows such a common plan or arrangement, then an act knowingly done or a statement knowingly made by a member, while the common plan or arrangement is continuing and done or made in furtherance of some object or purpose thereof, is admissible against all of the members.

In order to establish that such a common plan or arrangement existed, the evidence must show that the parties to the plan or arrangement in some way or manner came to a mutual understanding to accomplish some common object or purpose.

In order to establish that the defendant or any other person was a party to or a member of such a common plan or arrangement, the evidence must show that the plan was knowingly formed and that the defendant, or other person who is alleged to have been a member of it, knowingly participated in it intending to advance or further some common object or purpose of the plan or arrangement.

In determining whether or not the defendant or any other person was a party to or a member of such a common plan or arrangement, the jury is not to consider what others may have said or done. The membership of the defendant or any other person in such a common plan or arrangement, in other words, must be established by evidence as to the defendant's own conduct—what the defendant himself or herself knowingly said or knowingly did.

If, and only if, it appears from such evidence in the case that a common plan or arrangement did exist, and that the defendant was one of the members of the plan or arrangement, then the acts and statements by any person likewise found to be a member may be considered by the jury as evidence in the case as to the defendant found to have been a member. This is true even though the acts and statements may have occurred in the absence of and without the knowledge of the defendant, provided that such acts and statements were knowingly done or knowingly made during the existence of the common plan or arrangement and in furtherance of some intended object or purpose of the plan or arrangement.

Otherwise any admission or incriminatory statement made or act done by one person outside of court may not be considered as evidence against any person who was not present and saw the act done or heard the statement made.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 18:02 (6th ed. updated through February 2018)

Success of Conspiracy Immaterial

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

2 O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 31:08 (6th ed. updated through February 2018).

INSTRUCTION NO. 68

Responsibility for Substantive Offenses

A member of a conspiracy who commits another crime during the existence or life of a

conspiracy and commits this other crime in order to further or somehow advance the goals or

objectives of the conspiracy may be considered by you to be acting as the agent of the other

members of the conspiracy.  The illegal actions of this conspirator in committing this other crime

may be attributed to other individuals who are then members of the conspiracy.  Under certain

conditions, therefore, a defendant may be found guilty of this other crime even though he or she

did not participate directly in the acts constituting that offense.

If you find that the government has proven a defendant guilty of conspiracy beyond a

reasonable doubt, as charged in Counts Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine,

and Thirty-One of the superseding indictment, you may also find that defendant guilty of the

corresponding substantive crimes alleged in the superseding indictment, provided you find that

the essential elements of those counts as defined in these instructions have been established

beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that:

One:    The substantive offense of bank fraud as described in Counts Twenty-Five, Twenty-Seven, Thirty, and Thirty-Two of the superseding indictment was committed by a member of the corresponding conspiracy as detailed in Counts Twenty-Four, Twenty-Six, Twenty-Nine, and Thirty-One of the superseding indictment;

Two:    The substantive crime of bank fraud were committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Counts Twenty-Four, Twenty-Six, Twenty-Nine, and Thirty-One of the superseding indictment; and

Three:    At the time that that a particular substantive offense was committed, the defendant was a member of the corresponding conspiracy detailed in Counts Twenty-Four, Twenty-Six, Twenty-Nine, and Thirty-One of the superseding indictment.

2 O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 31:10 (6th ed. updated through February 2018).

INSTRUCTION NO. 69

Relationship between Conspiracy to Commit Offense and a Substantive Offense

Under the law, participating in a conspiracy to commit a crime is an entirely separate and distinct charge from the actual violation of the substantive charge which may be the object of the conspiracy. Therefore, all of the underlying elements of substantive participation in an act affecting bank fraud need not be met in order for you to find that there was a conspiracy to commit that offense. All that you must find is that there was an agreement to commit that offense and that a defendant voluntarily joined the conspiracy.

I will instruct you on the elements of bank fraud shortly. You should consider these elements in determining whether the defendants knowingly and intentionally conspired to participate in bank fraud. As I have explained to you before, however, the government need not prove each of these underlying elements to prove that a defendant conspired to participate in bank fraud.

*United States v. Bayer*, 331 U.S. 532, 542 (1947); *Hanford v. United States*, 231 F. 2d 661, 662 (4th Cir. 1956) ("The crime of conspiracy is a separate and distinct crime from the crime that is its object. 'Its essence is the agreement or confederation to commit a crime, and that is what is punishable as a conspiracy, if any overt act is taken in pursuit of it. The agreement is punishable whether or not the contemplated crime is consummated.'") (*per curiam*) (*quoting Bayer*, 331 U.S. at 542).

Nature of the Offense– Count Twenty-Five
(Bank Fraud / Lender B / $3.4 million loan)

Count Twenty-Five of the superseding indictment charges from on or about and between December 2015 and March 2016, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR. did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, to wit: Citizens Bank (Lender B), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment.  The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of bank fraud.

Adapted from the Superseding Indictment.

<u>INSTRUCTION NO. 71</u>

<u>Statute Defining Offense– Counts Twenty-Five, Twenty-Seven, Thirty, Thirty-Two</u>
(Bank Fraud)

Section 1344 of Title 18 of the United States Code provides, in part, that:

    (a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—
(1) to defraud a federally chartered or insured financial institution; or (2) to obtain
any of the monies, funds, … or other property owned by or under the custody or
control of a federally chartered or insured financial institution by means of false
or fraudulent pretenses, representations, or promises, …

shall be guilty of an offense against the United States.

18 U.S.C § 1344

## INSTRUCTION NO. 72

Essential Elements of the Offense – Counts Twenty-Five, Twenty-Seven, Thirty, Thirty-Two
(Bank Fraud)

In order to sustain its burden of proof for the crime of knowingly executing a scheme or plan to defraud and knowingly executing a scheme or plan to obtain the money, funds or credits owned by or under the control of a financial institution as charged in Counts Twenty-Five, Twenty-Seven, Thirty, and Thirty-Two of the superseding indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

> One: The defendant knowingly executed or attempted to execute a scheme or artifice to defraud a financial institution, or a scheme or artifice to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises as described in Counts Twenty-Five, Twenty-Seven, Thirty, Thirty-Two of the superseding indictment;

> Two:  The false or fraudulent pretenses, representations, or promises employed in the scheme were material;

> Three:  The defendant acted with the intent to defraud; and

> Four: The financial institution was then chartered or insured by the United States.

Adapted from 2A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* § 47:11 (6th ed. updated through February 2018); *Pattern Criminal Jury Instructions of the Seventh Circuit* 411 (2012 Ed.); *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)* O52 (2016).

INSTRUCTION NO. 73

"Federal Chartered or Insured Financial Institution" – Defined

The term "federally chartered or insured financial institution" means "a bank organized or operating under the laws of the United States," "a bank with deposits insured by the Federal Deposit Insurance Corporation," or "a mortgage lending business . . . or any person or entity that makes in whole or in part a federally related mortgage loan."

Adapted from 2A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 47:12 (6th ed. updated through February 2018); 18 U.S.C. § 20.

## INSTRUCTION NO. 74

### "Any Scheme or Artifice to Defraud" & "False or Fraudulent Pretenses, Representations or Promises"—Defined

The phrase "any scheme or artifice to defraud," and "any scheme or artifice for obtaining money or property" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another and by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone or in obtaining money or property by means of false or fraudulent pretenses, representations, or promises. It is not necessary for the government to prove that anyone lost any money or property as a result of the scheme or plan to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

An unsuccessful scheme or plan to defraud or to obtain money by means of false or fraudulent pretenses, representations, or promises, is as illegal as a scheme or plan that is ultimately successful.

Adapted from 2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:13 (6th ed. updated through February 2018); *Shaw v. United States*, 137 S. Ct. 462, 469 (2016).

INSTRUCTION NO. 75

Intent to Defraud—Defined

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

Adapted from 2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:14 (6th ed. updated through February 2018); *Shaw v. United States*, 137 S. Ct. 462, 469 (2016).

"Motive" - Explained

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

2A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:06 (6th ed. updated through February 2018).

"Knowingly" - Explained

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

2A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:04 (6th ed. updated through February 2018).

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17:07 (6th ed. updated through February 2018).

Nature of the Offense – Count Twenty-Six
(Bank Fraud Conspiracy / Lender C / $1 million loan)

Count Twenty-Six of the superseding indictment charges that from on or about and between March 2016 and May 2016, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Banc of California (Lender C), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiracy to commit bank fraud.

Adapted from the Superseding Indictment.

INSTRUCTION NO. 80

Nature of the Offense– Count Twenty-Seven
(Bank Fraud / Lender C / $1 million loan)


Count Twenty-Seven of the superseding indictment charges from on or about and

between December 2015 and March 2016, both dates being approximate and inclusive, in the

Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did

knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one

or more financial institutions, to wit: Banc of California (Lender C), the deposits of which were

insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits

owned by and under the custody and control of such financial institution by means of materially

false and fraudulent pretenses, representations, and promises.

The defendant has entered a plea of not guilty to this allegation in the superseding

indictment.  The government, therefore, assumes the responsibility of proving each of the

essential elements of the crime of bank fraud.

Adapted from the Superseding Indictment.

Nature of the Offense– Count Twenty-Eight
(Bank Fraud Conspiracy / Lender B / $5.5 million loan)

Count Twenty-Eight of the superseding indictment charges that from on or about and between March 2016 and August 2016, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Citizens Bank (Lender B), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment.  The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiracy to commit bank fraud.

Adapted from the Superseding Indictment.

<u>INSTRUCTION NO. 82</u>

<u>Nature of the Offense– Count Twenty-Nine</u>
(Bank Fraud Conspiracy / Lender D / $9.5 million loan))

Count Twenty-Nine of the superseding indictment charges that from on or about and between April 2016 and November 2016, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: The Federal Savings Bank (Lender D), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiracy to commit bank fraud.

Adapted from the Superseding Indictment.

Nature of the Offense– Count Thirty
(Bank Fraud / Lender D / $9.5 million loan)


Count Thirty of the superseding indictment charges from on or about and between April 2016 and November 2016, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, to wit: The Federal Savings Bank (Lender D), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment.  The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of bank fraud.

Adapted from the Superseding Indictment.

Nature of the Offense– Count Thirty-One
(Bank Fraud Conspiracy/ Lender D / $6.5 million loan)

Count Thirty-One of the superseding indictment charges that from on or about and between April 2016 and January 2017, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Lender D (The Federal Savings Bank), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiracy to commit bank fraud.

Adapted from the Superseding Indictment.

INSTRUCTION NO. 85

Nature of the Offense– Count Thirty-Two
(Bank Fraud / Lender D / $6.5 million loan)


Count Thirty-Two of the superseding indictment charges from on or about and between April 2016 and January 2017, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, defendant PAUL J. MANAFORT, JR., did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, to wit: The Federal Savings Bank (Lender D), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by and under the custody and control of such financial institution by means of materially false and fraudulent pretenses, representations, and promises.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of bank fraud.

Adapted from the Superseding Indictment.

# INSTRUCTION NO. 86

## The Good Faith Defense

The good faith of the defendant is a complete defense to the charges of subscribing a false individual income tax return, failing to file an FBAR, conspiracy to commit bank fraud, and bank fraud contained in Counts One through Five, Eleven through Fourteen, Twenty-Four through Thirty-Two of the superseding indictment, or aiding or abetting the substantive offenses, because good faith on his part is, simply, inconsistent with the intent to subscribe the false tax return, intent to fail to file an FBAR, intent to conspire, intent to defraud, or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises alleged in those charges.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of criminal conduct.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

The law is written to subject to criminal punishment only those people who willfully subscribe a false tax return, willfully fail to file an FBAR, knowingly conspire, knowingly defraud or attempt to defraud, or knowingly obtain money or property or attempt to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that the defendant acted with an intent to subscribe a false tax return, fail to file an FBAR, conspire, defraud, or obtain money or property by means of false or fraudulent pretenses, representations, or promises, or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with the intent to subscribe a false tax return, intent to fail to file an FBAR, intent to conspire, intent to defraud or intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendant acted with an intent to subscribe the false tax return, fail to file an FBAR, conspire, defraud, or obtain money or property by means of false or fraudulent pretenses, representations, or promises, or aid or abet the substantive offenses, or in good faith, the jury must acquit the defendant.

Adapted from 2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:16 (6th ed. updated through February 2018).

# INSTRUCTION NO. 87

### Deliberate Ignorance – Explained (If Appropriate)

The government may prove that a defendant acted "knowingly" by proving, beyond a reasonable doubt, that the defendant deliberately closed his or her eyes to what would otherwise have been obvious. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of a defendant's intent to avoid knowledge or enlightenment would permit the jury to find knowledge. Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that a defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

Adapted from 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 17:09 (6th ed. updated through Feb. 2018); *United States v. Ruhe*, 191 F.3d 376 (4th Cir. 1999); *United States v. Guay*, 108 F.3d 545 (4th Cir. 1997).

INSTRUCTION NO. 88

Unanimity - Explained

Counts Twenty-Four through Thirty-Two of the superseding indictment, charging the defendant with conspiring to commit and committing bank fraud, allege a number of separate schemes or plans to defraud and schemes or plans to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

The government is not required to prove all of the schemes or plans to defraud, all of the schemes or plans to obtain money or property by means of false or fraudulent pretenses, representations or promises, or all of the false or fraudulent pretenses, representations, or promises that are alleged in Counts Twenty-Four through Thirty-Two of the superseding indictment.

Each of the jurors must agree with each of the other jurors, however, that the same scheme or plan to defraud, or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises alleged in Counts Twenty-Four through Thirty-Two were, in fact, employed by the defendant. The jury need not unanimously agree on each scheme or plan, but, in order to convict, must unanimously agree upon at least one such scheme or plan as a scheme or plan that was knowingly used by the defendant.

Unless the government has proven the same scheme or plan to defraud, or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises to each of you, beyond a reasonable doubt, you must acquit the defendant of the conspiracy and bank fraud charges in Counts Twenty-Four through Thirty-Two of the superseding indictment.

2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 47:17 (6th ed. updated through February 2018).

INSTRUCTION NO. 89

Proof May Be Disjunctive

Although the superseding indictment may charge the defendant with committing an

offense in several ways, using conjunctive language, it is not necessary for the government to

prove that the defendant did each of those things.  It is sufficient if the government proves

beyond a reasonable doubt that the defendant did any of these alternative acts as charged.

Jury Instruction No. 35, *United States v. Apple*, 15-CR-363 (E.D. Va. 2015) (given by Judge Ellis), adapted from Sand, Siffert, Loughlin and Reiss, *Modern Federal Jury Instructions*, Instruction No. 14.4 (assault on a federal officer); *United States v. McGinnis*, 783 F.2d 755, 757 (8th Cir. 1986); *United States v. Webb*, 747 F.2d 278, 282 (5th Cir. 1985).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2018, I electronically filed the foregoing

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS with the Clerk of Court using the

CM/ECF system, which will send a notification of that electronic filling (NEF) of the foregoing

to the following:


ROBERT S. MUELLER, III
Special Counsel



By: _____/s/_____

Uzo Asonye                           Andrew Weissmann
Assistant United States Attorney    Greg D. Andres
Eastern District of Virginia         Special Assistant United States Attorneys
                                      Special Counsel's Office

U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
Phone: (202) 616-0800