# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>**Defendant** | Crim. No. 1:18-cr-83 (TSE) |

## GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE OR ARGUMENT

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby moves *in limine* for an order precluding defendant Paul J. Manafort, Jr. (Manafort) from presenting argument or evidence at trial: (1) concerning selective or vindictive prosecution or the motive and mandate of the Department of Justice office leading this prosecution, and (2) suggesting that any government investigation into Manafort that preceded the Special Counsel's appointment ended with a decision not to prosecute him. As explained below, although Manafort's challenges to the authority of the Special Counsel's Office are an appropriate subject for a pretrial motion before the Court, the issue of the Special Counsel's authority is not relevant to the questions to be resolved by the jury. Similarly, the issue of the government's motives or investigative mandate is not a pertinent jury issue. Pursuant to Federal Rules of Evidence 401 and 403, the Court should therefore preclude Manafort from raising these issues before the jury.

**A. Background**

On February 22, 2018, a grand jury in this district returned a superseding indictment charging Manafort with tax and bank fraud crimes. *See* Doc. 9. Specifically, the indictment charges Manafort with subscribing to false income tax returns, in violation of 26 U.S.C. § 7206(1)

1

(Counts 1-5); failing to file reports of foreign bank accounts, in violation of 31 U.S.C. §§ 5314, 5322(a) (Counts 11-14); and bank fraud conspiracy and bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (Counts 24-32). Trial is scheduled to begin on July 25, 2018.

Manafort has filed a series of pretrial motions seeking to dismiss the indictment and other forms of relief. *See, e.g,.* Doc. 30 (motion to dismiss); Doc. 43 (motion for a hearing on alleged government leaks). In these motions, Manafort has made a number of arguments or assertions about government investigations into his conduct that predate the Special Counsel's May 2017 appointment, as well as the Special Counsel's investigation that has culminated in this prosecution (and the parallel prosecution in the District of Columbia). For example, in seeking dismissal of the indictment, Manafort has argued, incorrectly, that the Department of Justice "investigated much of th[e] conduct" giving rise to the current charges in or around 2014 "and simply chose not to pursue it." Doc. 30-1 at 16; *see id.* at 23-24 (similar); Doc. 40 at 13 ("[L]awfully appointed DOJ prosecutors *knew about* the alleged conduct years ago—and chose not to pursue it.") (emphasis in original).

In addition, in both his motion to dismiss and other pleadings, Manafort has challenged the scope of the Special Counsel's authority, contending here and in the District of Columbia that the charges do not relate to the subject matter that the Special Counsel was appointed to investigate. *See* Doc. 30-1 at 27-28; Doc. 77 at 8-9 (arguing that this is a "highly unusual case, where a Special Counsel was appointed and thereafter wandered far from his core mandate to investigate Russian collusion in the 2016 presidential election"); *see also United States v. Manafort*, No. 17-cr-201, 2018 WL 2223656 (D.D.C. May 15, 2018) (denying motion to dismiss D.C. prosecution based on challenges to the Special Counsel's appointment and authority).

**B. Argument**

1. Two legal principles control disposition of the present motion. First, evidence must be "relevant" as that term is defined under the Federal Rules of Evidence—that is, it must have a "tendency to make a fact more or less probable that it would be without the evidence," and that "fact [must be] of consequence in determining the" defendant's guilt. Fed. R. Evid. 401. Even when evidence is relevant to an issue in the case, moreover, it may be excluded "where 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *United States v. Whittington*, 26 F.3d 456, 465 (4th Cir. 1994) (quoting Fed. R. Evid. 403); *see Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.").

Second, arguments that appropriately form the basis for pretrial motions directed to a judge may be entirely irrelevant to, and should be kept from, the jury that adjudicates the defendant's guilt or innocence at trial. These include arguments based on the motives of the prosecutors that have brought charges against a defendant. Although such arguments can form the basis for a pretrial motion to dismiss, *see* Fed. R. Crim. P. 12(b)(3)(A)(iv) (motion for "selective or vindictive prosecution"), a defendant who fails to make that motion—or does not prevail on it—is not entitled to assert the claim before the jury. To the contrary, "[c]ourts have consistently excluded evidence and argument by defendants seeking to attack the prosecution's motives in initiating prosecution." *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) (collecting cases); *see also United States v. Schmidt*, 935 F.2d 1440, 1449-50 (4th Cir. 1991) (upholding refusal to give a requested instruction on selective prosecution).

The government's reasons for initiating a prosecution have nothing to do with whether the evidence at trial proves the elements of the charged offenses, which is the sole question that the jury must answer. *See United States v. Stewart*, No. 03-cr-717, 2004 WL 113506, at *1 (S.D.N.Y Jan. 26, 2004) (granting government motion to preclude defense "arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting Ms. Stewart," because those arguments raised questions of prosecutorial bias that have "no bearing on the issues properly before the jury"); *United States v. Mosky*, No. 89-cr-669, 1990 WL 70823, at *1 (N.D. Ill. May 7, 1990) (granting government motion to preclude defense arguments "that the government's motives in initiating this prosecution were improper because based on political factors," since that argument did "not bear on the defendants' guilt"); *see also United States v. Muse*, 83 F.3d 672, 677 (4th Cir.) (explaining that, while "a jury has the power of nullification, . . . defense counsel is not entitled to urge the jury to exercise this power"), *cert. denied*, 519 U.S. 904 (1996). Information or argument directed at prosecutorial motives also risks juror confusion or, worse still, opening the door to impermissible appeals to juror sympathy and "the siren song of nullification," *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (holding that "[a] trial judge, therefore, may block defense attorneys' attempts to" encourage nullification); *see also United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("categorically reject[ing] the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent").

2. Under the foregoing principles, Manafort should be precluded from presenting to the jury evidence or argument concerning several of the issues mentioned above that were raised in his pretrial motions and that, if reasserted at trial, would serve primarily as a basis for jury nullification or otherwise confuse the jury.

To begin with, Manafort should be barred from arguing or suggesting in questions to witnesses that the conduct charged in the superseding indictment does not relate to the Special Counsel's mandate. Manafort's argument on that point forms the basis for a motion to dismiss that has been fully briefed and remains pending before the Court. *See* Docs. 30, 32, and 40. Regardless of how the Court decides that motion, the boundaries of the Special Counsel's authority are irrelevant to the jury's consideration of whether the evidence proves the elements of the tax, foreign account, and bank fraud offenses. And even if (contrary to fact) such an argument had some probative value, that value would be substantially outweighed by the risk of misleading or confusing the jury. *See* Fed. R. Evid. 403.

Manafort should also be precluded from arguing that he has been singled out for prosecution because of his position in the campaign of then-candidate Donald J. Trump, or otherwise asserting that he has been selectively prosecuted by the Special Counsel's Office. Manafort elected not to make that claim in a pretrial motion.* Courts have consistently held that claims of selective (or vindictive) prosecution must be presented to the court before trial and cannot be argued to the jury. *See* pp. 3-4, *supra*; *see also United States v. Safavian*, No. 05-cr-370, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008) ("Where issues of vindictive or selective prosecution are properly raised they are legal matters for the Court, not theories of defense for the jury."). Here, such an argument would not serve to establish any fact relevant under Rule 401 and could instead serve only to make "an emotional" appeal to the jury, which would support exclusion under

---

 * Any such claim of selective prosecution would have failed given the "presumption of regularity" that applies to prosecutorial decisions, *United States v. Armstrong*, 517 U.S. 456, 464 (1996), and the showing that the Supreme Court has required to overcome that presumption, *id.* at 465-66. *See United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012) (to make out selective-prosecution claim, a defendant must show both that similarly situated individuals were not prosecuted and that the decision to prosecute was invidious or in bad faith).

5

Rule 403. *See* Fed. R. Evid. 403 & adv. comm. notes (1972); *see also United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (en banc) (affirming the exclusion of "extraneous and collateral" evidence offered to show that the "indictment was a political instrument").

In a similar vein, the Court should bar Manafort from incorrectly suggesting—as he has in pretrial filings, *see* Doc. 30-1 at 16, 23-24; Doc. 40 at 13—that prosecutors in this case have resurrected charges that the Department of Justice previously investigated but declined to prosecute or determined not to be meritorious. Any such argument would be misleading to the extent it suggests that the Department ceased investigating Manafort before the appointment of the Special Counsel and had decided not to bring charges against him. It would also not make a fact more or less true. Instead, it would again invite jurors to consider impermissible factors. In short, even if an argument of this nature had any relevance and probative value (and it does not), its likely prejudicial effect would justify exclusion under Rule 403.

## CONCLUSION

For these reasons, the government requests that the Court enter an order precluding Manafort's arguing or presenting evidence at trial concerning alleged selective or vindictive prosecution, the motive and mandate of the Department of Justice office leading this prosecution, and the supposed outcome of any government investigation into Manafort that preceded the Special Counsel's appointment.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: June 22, 2018

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

*/s/*  _____
Andrew Weissmann
Greg D. Andres
Special Assistant United States Attorneys
Special Counsel's Office

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for United States of America*

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

            /s/
            Uzo Asonye
            Assistant United States Attorney
            U.S. Attorney's Office
            Eastern District of Virginia
            2100 Jamieson Avenue
            Alexandria, VA 22314
            uzo.asonye@usdoj.gov
            Phone: (703) 299-3700
            Fax: (703) 299-3981

            *Attorney for the United States of America*