**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 1:18-cr-00083-TSE |
| | ) | |
| v. | ) | Trial Date: July 25, 2018 |
| | ) | |
| PAUL J. MANAFORT, JR., | ) | Judge T. S. Ellis, III |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT PAUL J. MANAFORT, JR.'S MOTIONS *IN LIMINE*</u>**

Paul J. Manafort, Jr., by and through counsel, hereby submits the following motions *in limine* in connection with the jury trial scheduled to commence on July 25, 2018.

**First Motion *In Limine*
(Preclusion of Evidence or Argument Concerning Mr. Manafort's or the Trump Campaign's Alleged Collusion with the Russian Government)**

The superseding indictment filed on February 22, 2018 (the "Superseding Indictment") charges Mr. Manafort with subscribing to false tax returns (*see* Superseding Indictment, Counts 1 through 5); failure to file reports of foreign bank and financial accounts (*see id.*, Counts 11 through 14); and bank fraud conspiracy and bank fraud (*see id.*, Counts 24 through 32). As the Court observed at the hearing on Mr. Manafort's motion to dismiss the Superseding Indictment, notably absent from these charges are any allegations related to Mr. Manafort's association with then-presidential candidate Donald J. Trump's campaign and its possible connection to the Russian government, which, as the Court is aware, was the basis for the appointment of the Special Counsel in this case. (*See* Tr. of Motions Hearing May 4, 2018 at 5 (Court observing that the information set out in the Superseding Indictment does not have "anything to do with links or coordination

between the Russian government and individuals associated with the campaign of Donald Trump."); *see id.* at 7 (Court questioning "how does bank fraud and these other things that go back to 2005, 2007, how does that have anything to do with links and/or coordination between the Russian government and individuals associated with the campaign of Trump?")).

**1. Mr. Manafort's role in the Trump campaign and speculation about "collusion" should be precluded by F.R.E. 401 and F.R.E. 402.**

Rule 401 of the Federal Rules of Evidence ("Rule 401") states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "What constitutes 'relevant evidence' depends on the facts of the case, the nature of the claims, and the associated defenses to those claims." *United States v. Seko*, No. 1:15CR301 (JCC), 2017 WL 1318008, at *1 (E.D. Va. Apr. 10, 2017). "In order for evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. Rawle*, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988) (citation omitted). Of course, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

Here, evidence or argument relating to Mr. Manafort's work for then-candidate Trump's campaign in 2016 or the Special Counsel's investigation of the campaign's alleged collusion with the Russian government is wholly irrelevant to whether Mr. Manafort's personal income tax returns were false, whether he willfully failed to file reports of foreign accounts, and whether he conspired to commit, or committed, bank fraud. Accordingly, any such information would be irrelevant to the facts of Mr. Manafort's case, the nature of the Special Counsel's claims, or Mr. Manafort's defenses to the allegations of tax and bank fraud as set out in the Superseding Indictment. Therefore, the Special Counsel should be precluded from introducing evidence or

advancing arguments at Mr. Manafort's trial related to his work for the Trump campaign or the campaign's alleged associations with the Russian government.

**2. Mr. Manafort's role in the Trump campaign and speculation about "collusion" should be precluded by F.R.E. 403.**

Even if evidence or arguments concerning Mr. Manafort's role in the Trump campaign or the allegations of collusion under investigation by the Special Counsel were relevant and admissible, they should nevertheless be precluded by Rule 403 of the Federal Rules of Evidence ("Rule 403"). Under Rule 403, relevant evidence may be excluded at trial "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403. "[U]nfair prejudice can arise where the offered evidence presents a 'genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" *United States v. Lentz*, 384 F. Supp. 2d 934, 949 (E.D. Va. 2005) (quoting *United States v. Van Metre*, 150 F.3d 339, 351 (4th Cir. 1998)).

As the Court (not to mention the potential jurors in this case and the American public at-large) is aware, the appointment of the Special Counsel to investigate possible collusion between the Trump campaign and the Russian government has been on the front page of most newspapers for over a year and is mentioned each day in hundreds of media outlets, from major network television news broadcasts to political blogs, and has engendered fierce debate around the country. There can be no doubt that the scant probative value of evidence concerning Mr. Manafort's tenure as then-candidate Trump's campaign chairman, or concerning allegations that the campaign colluded with Russian officials, is undoubtedly and substantially outweighed by the risk of unfair prejudice. Specifically, there is a very real risk that the jurors in this case—most of whom likely have strong views about President Trump, or have likely formed strong opinions as to the well-

3

publicized allegations that the campaign colluded with Russian officials—will be unable to separate their opinions and beliefs about those matters from the tax and bank fraud matters to be tried before them in this case. For these reasons, the Special Counsel should be precluded from offering evidence or advancing arguments concerning Mr. Manafort's role with the Trump campaign or the Special Counsel's investigation into alleged collusion between the campaign and the Russian government.

**Second Motion *In Limine***
**(Preclusion of Evidence or Argument Concerning the Charges Filed Against Mr. Manafort in *United States v. Paul J. Manafort, Jr. et al.*, Criminal No. 17-201, (D.C.C.) (ABJ))**

As the Court is aware, before the charges against Mr. Manafort were brought in this Court, the Special Counsel brought separate charges against him in the U.S. District Court for the District of Columbia (the "D.C. Case"). The D.C. Case is before Judge Amy Berman Jackson; trial has been scheduled for September 17, 2018. Since the D.C. Case was commenced, the Special Counsel has filed four superseding indictments. (*See United States v. Paul J. Manafort, Jr. et al.*, Criminal No. 17-201 (ABJ) (S-4)). The most recent superseding indictment in the D.C. Case alleges that Mr. Manafort conspired against the United States (*see id.*, Count 1); conspired to launder money (*see id.*, Count 2); willfully failed to register as an agent of a foreign principal under the Foreign Agents Registration Act ("FARA") (*see id.*, Count 3); made false and misleading FARA statements (*see id.*, Count 4); made false statements in submissions to the Department of Justice, (*see id.*, Count 5); obstructed justice (*see id.*, Count 6); and conspired to obstruct justice (*see id.*, Count 7).

1. **Information about the D.C. Case is irrelevant to this case.**

As explained above, irrelevant evidence is per se inadmissible. *See* Fed. R. Evid. 402. Here, the charges in the D.C. Case deal mainly with Mr. Manafort's alleged failure to register as an agent of

a foreign principal, laundering of the proceeds of his purported FARA violations and making false FARA statements, as well as the recently added allegations concerning Mr. Manafort's purported attempts to tamper with witnesses. Those charges have no bearing on the charges in this case—whether Mr. Manafort filed false tax returns, failed to file reports with the Treasury Department, or engaged in bank fraud. Thus, the charges in the D.C. Case are irrelevant. Therefore, the Special Counsel should be precluded from offering evidence or advancing arguments at Mr. Manafort's trial in this case concerning the allegations that the Special Counsel has brought against Mr. Manafort in the D.C. Case.

**2. Information about the D.C. Case should be precluded by F.R.E. 404(b).**

Even if evidence related to the D.C. Case was relevant here, evidence or arguments concerning those charges in this case should be precluded pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)").[1] Rule 404(b) bars evidence of crimes, wrongs, or other acts to prove a criminal defendant's character or propensity to commit crimes. Fed. R. Evid. 404(b)(1); *see also United States v. Siegal*, 536 F.3d 306, 317 (4th Cir. 2008) (quoting *United States v. Young*, 248 F.3d 260, 271 (4th Cir. 2001)). Such evidence may only be used by the prosecution for limited purposes such as establishing, *inter alia*, motive, intent, or knowledge. *See Siegal*, 536 F.3d at 317 (quoting Fed. R. Evid. 404(b)(2)). "To be admissible under Rule 404(b), evidence must be '(1) relevant to an issue other than character; (2) necessary; and (3) reliable.'" *Id.* (internal citations omitted). Lastly, Rule 404(b) applies "to evidence of other acts that are 'extrinsic to the one charged.'" *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996)).

---

[1] The Special Counsel has not yet provided Mr. Manafort with a notice of intent to introduce 404(b) evidence in this case. Therefore, this motion is being filed in the event that the Special Counsel seeks at trial to introduce evidence or advance arguments concerning "other acts" evidence. To the extent that the Special Counsel intends to do so we request that he provide notice pursuant to Fed. R. Evid. 404(b)(A).

The charges pending in the D.C. Case are entirely unrelated to the charges before this Court. Mr. Manafort's motive, intent, planning, or knowledge concerning the alleged crimes in this case—which concern, essentially, tax filings and banking offenses—bear no relationship to the charges in the D.C. Case, which concern, essentially, money laundering, false statements, failing to register as an agent of a foreign principal, and witness tampering. The allegations in the D.C. Case are not necessary for the Special Counsel to put Mr. Manafort's alleged tax and bank fraud in context. Lastly, the allegations brought by the Special Counsel in the D.C. Case have not been proven and therefore cannot be deemed reliable evidence in the trial of this case. Accordingly, the Special Counsel should be precluded from offering evidence or advancing arguments concerning Mr. Manafort's "other acts" that are, at bottom, nothing more than the Special Counsel's unproven allegations in the D.C. Case.

**3. Information about the D.C. Case should be precluded by F.R.E. 403.**

Even if they were relevant and admissible under Rule 404(b), information that may be relevant in the D.C. Case should be precluded in this case pursuant to Rule 403, because the scant probative value of that information is substantially outweighed by the risk of undue prejudice to Mr. Manafort at trial. *See Rawle*, 845 F.2d at 1247 ("Even if the evidence is admissible under Rule 404(b), its probative value must be weighed against the danger of undue prejudice aroused by the evidence.") (citation omitted). As noted above, in the D.C. Case Mr. Manafort faces a host of charges unrelated to the charges he faces in this case. However, there is substantial risk that, if the jury in this case is permitted to hear evidence and arguments concerning the D.C. Case, at least some jurors will be likely to conclude that a person facing a host of felony accusations not just in one district but in two districts must be guilty of *something* or has a propensity to engage in

criminal behavior, despite that fact that Mr. Manafort has pleaded not guilty to all of the charges in the D.C. Case and will be tried in that matter in September.

### Third Motion *In Limine*
**(Preclusion of Evidence or Arguments Concerning Remand in the D.C. Case)**

On June 4, 2018, the Special Counsel filed a motion in the D.C. Case to revoke or revise Mr. Manafort's order of pretrial release based on allegations that Mr. Manafort attempted with another individual to influence potential trial witnesses in that case. (*See United States v. Paul J. Manafort, Jr. et al.*, Criminal No. 17-201 (ABJ) (Doc. 315)). On June 8, 2018, the grand jury in the D.C. Case returned a fourth Superseding Indictment against Mr. Manafort that contained additional counts of obstruction of justice and conspiracy to obstruct justice related to the Special Counsel's allegations of attempted witness tampering. (*See id.*, Doc. 318.) Following arraignment, the entry of a not guilty plea on the superseding indictment, and argument as to the Special Counsel's bail motion, Judge Berman Jackson revoked Mr. Manafort's pretrial release order and remanded him to the custody of the U.S. Marshal Service pending trial. (*See id.*, Minute Entry of June 15, 2018; Doc. 328 at 19).

As noted above, Rule 403 precludes admissible evidence when its probative value is substantially outweighed by the risk of undue prejudice. Mr. Manafort entered a plea of not guilty to the Special Counsel's new charges of obstruction of justice and intends to vigorously defend himself against the new charges, and all of the charges, in the D.C. Case. The fact that Judge Berman Jackson determined that remand was warranted has no probative value in the case before this Court as to whether Mr. Manafort filed false tax returns, failed to file reports of foreign accounts, or committed bank fraud. But the fact that Mr. Manafort's bail package was revoked and that he was remanded to jail poses a substantial danger of unfair prejudice; specifically, that at least some jurors in this case will be likely to view Mr. Manafort as someone who is already in

7

jail because he must have violated the law and that, therefore, it is more likely that he is guilty of the charges against him in this case. Therefore, the Special Counsel should be precluded from offering evidence or advancing arguments concerning Judge Berman Jackson's order of detention in the D.C. Case.

WHEREFORE, Mr. Manafort respectfully moves the Court to grant the motions *in limine* set out herein.

Dated: June 22, 2018

Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*