**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:18-cr-00083-TSE |
| v. ) | |
| ) | Trial Date: July 25, 2018 |
| PAUL J. MANAFORT, JR., ) | |
| ) | Judge T. S. Ellis, III |
| Defendant. ) | |

## PAUL J. MANAFORT, JR.'S PROPOSED VOIR DIRE

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, and the Court's order at the June 29, 2018 motions hearing, the proposed voir dire set forth herein.

As Justice Sotomayor has observed, "the more intense the public's apathy toward a defendant, the more careful a court must be to prevent that sentiment from tainting the jury." *Skilling v. United States*, 561 U.S. 358, 427 (2010) (Sotomayor, J., concurring in part and dissenting in part); *id.* at 439 ("[A]s the tide of public enmity rises, so too does the danger that the prejudices of the community will infiltrate the jury"). As one court of appeals noted, "[t]he appropriate procedure when potential juror bias presents itself is a function of the probability of bias; the greater the probability, the more searching the inquiry needed to make reasonably sure that an unbiased jury is impaneled." *United States v. Blitch*, 622 F.3d 658, 665 (7th Cir. 2010) (citation and quotation marks omitted). And, as this Court has observed, a case that garners extensive pretrial media coverage requires a "careful and searching voir dire examination." *United States v. Lentz*, 352 F. Supp. 2d 718, 722 (E.D. Va. 2005) (citation and quotation omitted). *See also United States v. Bobbitt*, 2000 WL 102925, at *4 (4th Cir. 2000) (upholding trial court's

asking "the entire venire a series of questions regarding pretrial publicity."); *ABC, Inc. v. Stewart*, 360 F.3d 90, 94 (2d Cir. 2004) (observing "the problems presented in empaneling an unbiased jury" in a case subjected to an "unusually high level of media attention"); *United States v. Bieganowski*, 313 F.3d 264, 273 (5th Cir. 2002) (finding "adequacy of voir dire frequently arise[s] in situations where the trial is surrounded by significant publicity.").

As the Court is well aware, there has been intense media interest in this case, much of it negative toward Mr. Manafort, and there is significant risk that many potential jurors will come to court already deeply biased against him. Accordingly, to ensure an efficient jury selection—but one that protects Mr. Manafort's right to a fair and impartial jury—Mr. Manafort respectfully requests that the Court inquire of the potential jurors in this case as set out below.

### A. Proposed Introductions

1. Good morning, I am Judge T.S. Ellis, and I will be the judge presiding at this trial. I am going to briefly explain what the trial involves and determine which of you will serve as the jurors for the trial.

2. The defendant in this case is Paul J. Manafort, Jr. Let me introduce you to Mr. Manafort. [*Direct Mr. Manafort to stand.*] Let me introduce you also to the attorneys who will be trying this case. The Special Counsel is represented in this case by Andrew Weissmann and Greg Andres of the Special Counsel's Office of the U.S. Department of Justice and Uzo Asonye of the U.S. Attorney's Office for the Eastern District of Virginia. During this jury selection process and during the trial I will often refer to the Special Counsel's Office and the U.S. Attorney's Office simply as the "government." Mr. Manafort is represented by Kevin Downing, Thomas Zehnle, Richard Westling, and Jay Nanavati. Mr. Nanavati is from the law firm of Kostelanetz & Fink, and Mr. Westling is from the law firm of Epstein, Becker & Green.

3. This is a criminal case. Mr. Manafort has been charged by the government with tax-related offenses and offenses related to bank fraud. These charges are set out in a superseding indictment filed against Mr. Manafort in this District. However, the indictment is not evidence or proof of anything, it merely contains the formal charges that the government must prove to the jury beyond a reasonable doubt.

4. Mr. Manafort has pled not guilty to all of the charges in this case, and he is presumed innocent of all of the charges. It is the government's burden to prove each charge beyond a reasonable doubt. The burden of proof remains at all times with the government; the burden never shifts to Mr. Manafort. Therefore, Mr. Manafort is not required to call any witnesses or offer any evidence during the trial. Do any of you have any hesitation or unwillingness to accept this rule of law?

5. In addition, under our Constitution a person accused of a crime has an absolute right not to testify. And if a defendant decides not to testify, you may not in any way hold that against him or consider his decision not to testify when you are deciding whether the government has proven whether he is guilty beyond a reasonable doubt. Do any of you have any hesitation or unwillingness to accept this rule of law?

6. At the end of the trial I will give you detailed instructions on the crimes charged. It will be upon those legal instructions, together with the evidence presented at trial, that you have to base your decision, should you be chosen as a juror in this case.

**B. Proposed General Questions**

1. Have you, a family member, or anyone close to you, ever worked as an employee of the federal, a state, or a local government?

2. Have you, a family member, or anyone close to you, ever worked for any federal, state, or local law enforcement agency?

3. Have you, a family member, or anyone close to you, ever worked as part of the criminal justice system—for example, as a judge, court staff, probation officer, or correction officer?

4. Have you, a family member, or anyone close to you, ever worked for the Department of Treasury or the Internal Revenue Service?

5. Have you ever had any training or work experience in the law—for example, as a law student, attorney, paralegal, legal secretary, court reporter, or some other position in a law-related setting?

6. Have you ever served as a grand juror or as a juror in a criminal case?

7. Have you, a family member, or anyone close to you ever been the victim of a crime, a witness to a crime, or someone charged with a crime?

8. Do you have any religious, moral, or philosophical beliefs that would affect your ability to sit as a juror in a criminal case and be fair and impartial to both the government and Mr. Manafort?

9. Do you have any health problems that might impair your ability to sit as a juror in this case?

10. Are you taking any medication that might impair your ability to sit as a juror in this case?

11. Do you have any problems seeing or hearing?

12. Do you have any problems understanding or speaking the English language?

13. This trial may last 2-3 weeks. Do you believe that you could not sit as a juror in this case due to the anticipated length of the trial?

14. Do you personally know, or have you had, any type of connection to Mr. Manafort or members of his family?

15. Do you personally know, or have you had, any type of connection to any of the attorneys that I introduced you to earlier?

16. Do you personally know or have any type of connection to me, my staff, or anyone else you see in the courtroom today?

17. I will now read to you a list of names of individuals who may testify as a witness or whose name may be mentioned during the trial. [*Read from parties' witness lists*].

Do you know any of these individuals?

18. I will now read to you the names of certain entities or companies that may be mentioned during the trial.

    a. Davis Manafort Partners, Inc., also called "DMP"

    b. DMP International, LLC, also called "DMI"

    c. The Party of Regions

Are you familiar with any of these entities?

19. Is there anyone who feels that just because Mr. Manafort has been charged with criminal offenses in this case it means he is probably guilty?

20. Is there anyone who feels that Mr. Manafort should have to prove his innocence?

21. It is anticipated that there will be extensive media coverage and press about this case. One of the things you will be required to do if you are selected as a juror is to avoid all contact with the news or other media coverage of this case, and this includes all social media

platforms. You will have to avoid watching or listening to the news and any other media programs that might mention the case. Do you have any hesitation about being able to follow these instructions should you be selected as a juror?

22. Have you already heard or learned something about this case or something about Mr. Manafort in the press or media, or have you discussed this case or Mr. Manafort with your family, friends, colleagues, or others?

**C. Proposed Individual Questions**

1. What have you heard about in the media or read about in the press about this case or Mr. Manafort?

2. Based on what you have heard about the case before today, have you formed any opinions, or have you drawn any conclusions about Mr. Manafort or whether or not he is innocent or guilty?

3. What are your main sources for news?

4. What newspapers and magazines do you read, and how often do you read them?

5. What radio programs or podcasts do you listen to, and how often do you listen to them?

6. What television programs do you watch, and how often do you watch them?

7. Do you watch cable news? If so, which cable networks do you watch? Which specific news anchors or reporters do you most often watch?

8. What websites do you visit and how often do you visit them?

9. What social media do you use or follow?

10. Do you post or share political news or stories on social media platforms?

11. Do you believe the news is reported accurately by the media?

12. What are your hobbies and interests?

13. Are you a member of any organizations—social, religious, or professional? If yes, do you hold a leadership position in any of these organizations?

14. Do you consider yourself politically active?

15. Do you identify as a Republican, a Democrat, an Independent, or with some other type of political party?

16. Have you ever been a candidate in an election for public office?

17. Have you ever worked for an elected official?

18. Have you ever been involved in a political campaign?

19. Do you (or have you in the past) attended political rallies or fundraisers?

20. Do you (or have you in the past) attended political protests?

21. During an election season do you advertise the candidates that you support—for example, bumper stickers, yard signs, or campaign buttons?

22. Do you (or have you in the past) voted in primary elections?

23. Do you (or have you in the past) voted in general elections?

24. Do you (or have you in the past) voted in state or local elections?

25. Do you (or have you in the past) donated money to a political party, a political action committee (PAC), a candidate for office, or any other political organization?

26. Do you (or have you in the past) volunteered your time or services to a political party, a political action committee (PAC), a candidate for office, or any other political organization?

27. Is there anything else that I have not specifically asked you that you think the parties and I should know because it may have some bearing on your ability to serve as a fair and impartial juror in this case?

Dated: July 2, 2018

Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew A. Weissmann
Greg D. Andres
Uzo Asonye

U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800
Email: AAW@usdoj.gov
       GDA@usdoj.gov
       Uzo.Asonye@usdoj.gov

                s/ Jay R. Nanavati
                Jay R. Nanavati (VSB No. 44391)
                Kostelanetz & Fink LLP
                601 New Jersey Avenue NW
                Suite 620
                Washington, DC 20001
                (202) 875-8000
                jnanavati@kflaw.com

                *Counsel for Defendant Paul J. Manafort, Jr.*