IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Crim. No. 1:18-cr-83 (TSE) |

**GOVERNMENT'S RESPONSE TO DEFENDANT
PAUL J. MANAFORT, JR.'S MOTIONS *IN LIMINE***

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby responds to the three motions *in limine* filed by the defendant Paul J. Manafort, Jr., on June 22, 2019, (Doc. 93) in which the defendant moved to preclude: (1) evidence or argument concerning the defendant's or the Donald J. Trump presidential campaign's alleged collusion with the Russian Government (as well as the defendant's work for the Trump campaign); (2) evidence or argument concerning the charges filed against the defendant in *United States v. Manafort*, No. 17-cr-201 (D.D.C.); and (3) evidence or argument regarding the defendant's remand in the aforementioned case in the District of Columbia. The government has limited objections to the defendant's first and second motions *in limine*, and has no objections to his third motion *in limine*.[1]

**BACKGROUND**

The defendant's motions relate to (1) the nexus between the defendant's role in the Trump campaign and the bank fraud and bank fraud conspiracy charges in Count 29 through 32 of the

---

[1] The government's response presumes that any restrictions imposed pursuant to the defendant's motions *in limine* would be imposed on both parties. The government also reserves the right to present evidence on any precluded subject if the defendant opens the door at trial to such evidence. The government will apply to the Court prior to attempting to introduce such evidence.

1

Superseding Indictment (Doc. 9); and (2) co-conspirator Richard Gates' guilty plea before United States District Judge Amy Berman Jackson in *United States v. Manafort*, No. 17-cr-201 (D.D.C.). Accordingly, certain limited background is necessary.

I.   Bank Fraud and Bank Fraud Conspiracies Pertaining to Lender D

Counts 29 through 32 of the Superseding Indictment charge the defendant with bank fraud and conspiring to commit bank fraud against a financial institution, Lender D, in seeking and securing two loans totaling approximately $16 million. *See* Doc. 9 ¶¶ 67-74. Between April 2016 and January 2017, the defendant made, and conspired to make, false and fraudulent representations to Lender D to secure these loans. Both loan applications ultimately were approved by, among others, a senior executive at Lender D, who sought the defendant's assistance to obtain a position advising the Trump campaign (which he obtained) and later in the administration of President Trump (which he did not obtain).

The first loan involved a $9.5 million loan from Lender D (Counts 29 and 30). As described in the Superseding Indictment, the defendant made numerous false statements during the loan application process, including: (i) providing doctored profit and loss statements for his company, DMP International, LLC ("DMI"), for 2015 and 2016, overstating its income by millions of dollars; and (ii) lying about the circumstances of an outstanding $300,000 delinquency on his American Express bill. *Id.* ¶¶ 43-44.

The government intends to present evidence that although various Lender D employees identified serious issues with the defendant's loan application, the senior executive at Lender D interceded in the process and approved the loan. During the loan application process, the senior executive expressed interest in working on the Trump campaign, told the defendant about his interest, and eventually secured a position advising the Trump campaign. The senior executive

later expressed an interest in serving in the administration of President Trump, but did not secure such a position.

The defendant also applied for a $6.5 million loan from Lender D in 2016 and early 2017 (Counts 31 and 32). In securing the $6.5 million loan, the defendant again relied on many of the false statements cited in his first loan application to Lender D, including false statements about his income and the doctored profit and loss statements for DMI. *Id.* ¶ 43.  As with the first loan, the senior executive at Lender D approved the loan.

II.     <u>Gates' Guilty Plea in the District of Columbia</u>

On February 23, 2018, Richard Gates pled guilty to a two-count Superseding Criminal Information in the United States District Court for the District of Columbia. *United States v. Manafort*, No. 17-cr-201 (D.D.C.) (Doc. 205). As described in the accompanying Statement of Offense, Gates admitted to (1) conspiring with the defendant to file the defendant's false tax returns, to facilitate the defendant's failure to file reports of foreign bank accounts ("FBARs"), and to violate the Foreign Agents Registration Act ("FARA"), and (2) making a false statement relating to the defendant's FARA violations.

More specifically, Gates admitted as part of his guilty plea that from 2008 through 2014, he assisted the defendant in causing millions of dollars of wire transfers to be made from offshore nominee accounts, without the defendant paying taxes on that income. *See* Statement of Offense at 2-3, No. 17-cr-201 (D.D.C.) (Doc. 206). The payments were made for goods, services, and real estate. *Id.* Gates further admitted that, acting on the defendant's authority, he routinely dealt with the defendant's accountants in the preparation of the defendant's tax return. *Id.* In that role, acting at the defendant's knowledge and agreement, Gates repeatedly misled the defendant's accountants, including by not disclosing the defendant's overseas accounts and income. *Id.* Gates also admitted

that he helped the defendant maintain foreign bank accounts in Cyprus and the Grenadines, and arranged substantial transfers from the accounts for the defendant and himself. *Id.* At the defendant's instruction, Gates did not report the existence of the bank accounts to the defendant's accountants in an effort to hide them, and to allow the defendant to avoid disclosing their existence on FBAR filings. *Id.*

## DISCUSSION

I. Defendant's First Motion *In Limine*

Although captioned as a motion to preclude evidence or argument concerning collusion with the Russian government, the defendant's first motion *in limine* seeks to preclude evidence or argument on two subjects: collusion and the defendant's role in the Trump campaign. The government does not intend to present at trial evidence or argument concerning collusion with the Russian government and, accordingly, does not oppose the defendant's motion in that respect. As discussed above, however, the defendant's role in the Trump campaign is relevant to the bank fraud and bank fraud conspiracy charges in Counts 29 through 32 of the Superseding Indictment.

In short, the defendant's role with the Trump campaign is relevant and inextricably intertwined with the Lender D bank fraud and bank fraud conspiracy charges. Here, it would be difficult for the jury to understand why the loans were approved without understanding that the lender approved the loans, in spite of the identified deficiencies, because the senior executive factored in his own personal ambition.[2]

---

[2] Nor would this information be excludable under Rule 404(b). *Cf. United States v. Zeleke*, 811 F. Supp. 2d 1232, 1237 (E.D. Va. 2011) ("Rule 404(b) does not limit the admission of evidence of other conduct that is actually intrinsic to the charged offenses. *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). In this regard, other acts are intrinsic 'when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.' *Id.* at 88 (4th Cir. 1996) (citation and internal quotation marks omitted). Put differently, '[e]vidence of uncharged conduct is not other crimes evidence subject to Rule 404 if

4

The defendant alleges that any probative value of these facts is substantially outweighed by the unfair prejudice that jurors are "likely to have strong views about President Trump." Doc. 93 at 3. But he does not articulate how "strong views" about the President are prejudicial to him or would impact how a juror would view the defendant's prior work on the campaign. Nor does the defendant offer alternative means to address this alleged unfair prejudice.[3] Courts have routinely recognized that Federal Rule of Evidence 403 analysis should include "balanc[ing] between relevance and prejudice and the alternatives available for the substitution of less prejudicial proof." *United States v. Long*, 574 F.2d 761, 770 (3d Cir. 1978) (Adams, J., concurring); *Old Chief v. United States*, 519 U.S. 172, 182-84 (1997) (when balancing under Rule 403, the Court should "evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well"); *see also* Advisory Committee's Notes on Fed. Rule Evid. 403 (when a court considers "whether to exclude on grounds of unfair prejudice," the "availability of other means of proof may . . . be an appropriate factor"). In the absence of some viable alternative to deal with this issue, the defendant's motion should be denied.[4]

---

the uncharged conduct arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.' *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (citations omitted and internal quotation marks omitted).")

[3] The government has raised this concern with defense counsel and stated its willingness to consider alternative means to present the necessary evidence and argument, but has yet to receive a proposal.

[4] In other contexts, courts have adopted the use of anonymized names or neutral phrases to avoid unfairly prejudicing defendants. For example, in addressing out-of-court confessions of a non-testifying codefendant, the Fourth Circuit has held that the use of "neutral phrases" can ensure defendants are not prejudiced. *United States v. Akinkoye*, 185 F.3d 192, 198; *see also United States v. Salad*, 2013 WL 12205700 (E.D. Va. June 7, 2013).

II.    <u>Defendant's Second Motion *In Limine*</u>

The second motion *in limine* makes multiple requests: to preclude evidence or argument about the charges brought in the District of Columbia and about "evidence related to the D.C. case." As explained below, a request to preclude any evidence "related to the D.C. case" is premature and some aspects of the charges in the District of Columbia should be admitted with the Gates' guilty plea.

The defendant's request to preclude evidence relating to the District of Columbia case is a premature effort to preclude evidence under Rule 404(b). *See* Doc. 93 at 5 n.1 ("[T]his motion is being filed in the event that the Special Counsel seeks at trial to introduce evidence or advance arguments concerning 'other act' evidence."). The standard practice in the Eastern District of Virginia, as referenced in the Government's proposed discovery order (Doc. 83 at 7), is that the government provide notice of Rule 404(b) evidence it intends to introduce at trial seven days before trial. Although the defendant has not responded to the Government's Motion for Entry of Discovery Order, the government intends to follow the District's standard practice with respect to Rule 404(b) notice. It nevertheless bears noting that contrary to the defendant's characterization, there is substantial overlap between the evidence in District of Columbia case and the one before this Court. The Superseding Indictment in the District of Columbia alleges tax fraud that overlaps with the substantive tax charges in the Eastern District of Virginia. The conspiracy charge in Count 1 in the District of Columbia references defrauding the Department of Treasury and the defendant's failure to file FBARs. That tax charge overlaps Counts 1 through 5 and Counts 11 through 14 of the Superseding Indictment in the Eastern District of Virginia. *See* Doc. 20 (February 28, 2018 Status Report).

As for precluding any reference to the charges brought in the District of Columbia, the government does not intend to reference the charges themselves, with one limited exception. As described above, Gates pled guilty in the District of Columbia to conspiring with the defendant to file the defendant's false tax returns, to facilitate the defendant's failure to file FBARs, and to violate the FARA, and making a false statement relating to the defendant's FARA violations. Gates' guilty plea to multiple offenses, and the overlap of those offenses to the Eastern District of Virginia case, are relevant facts. The Fourth Circuit has found that it is appropriate to "permit[] the government to introduce the terms of [a cooperator's] plea bargain during the government's case in chief." *United States v. Henderson*, 717 F.2d 135 (4th Cir. 1983); *United States v. Collins*, 415 F.3d 304, 308 (4th Cir. 2005). Rather than preclude the details of Gates' guilty plea, a jury instruction that a co-conspirator's guilty plea is not evidence of guilt of the defendant would address the defendant's concern. The Fourth Circuit has explained that a trial judge's "curative instruction" on plea bargains "prevents the misleading of the jury." *Collins*, 415 F.3d at 309; *Henderson*, 717 F.2d at 138. The parties already proposed such an instruction to this Court on June 22, 2018. *See* Doc. 88 at 48 ("The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person, including the defendant."). With the parties' proposed jury instruction, the defendant and government would be able to elicit the relevant testimony of Gates' plea agreement, without unfairly prejudicing the defendant or the government.

## CONCLUSION

With respect to the defendant's first motion *in limine*, the government objects to being precluded from raising the defendant's role in the Trump campaign insofar as it is a relevant fact with respect to the Lender D bank fraud and bank fraud conspiracy charges. As for the defendant's

second motion *in limine*, the government respectfully requests that the parties be permitted to describe the charges Gates pled guilty to in the District of Columbia, that the Court provide a jury instruction pertaining to that plea, and that the Court defer any further decision on Rule 404(b) evidence until the issue is ripe.

                                                                                             Respectfully submitted,

                                                                                             ROBERT S. MUELLER, III
Special Counsel

Dated: July 6, 2018                                                                                              */s/*_____
Andrew Weissmann
Uzo Asonye                                                                                                 Greg D. Andres
Assistant United States Attorney                                Brandon L. Van Grack
Eastern District of Virginia                                     Special Assistant United States Attorneys
Special Counsel's Office

                                                                                             U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

                                                                      *Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                                /s/
                                          Uzo Asonye
                                          Assistant United States Attorney
                                          U.S. Attorney's Office
                                          Eastern District of Virginia
                                          2100 Jamieson Avenue
                                          Alexandria, VA 22314
                                          uzo.asonye@usdoj.gov
                                          Phone: (703) 299-3700
                                          Fax: (703) 299-3981

                                          *Attorney for the United States of America*