Law Office of Kevin M. Downing
Law Office of Thomas E. Zehnle
815 Connecticut Avenue, NW
Suite 730
Washington, DC 20006
Direct: (202) 754-1992
kevindowning@kdowninglaw.com
tezehnle@gmail.com

January 23, 2018

**VIA EMAIL**

Andrew Weissmann
Greg D. Andres
Kyle R. Freeney
Office of Special Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: <u>United States v. Paul J. Manafort, Jr. – 1:17-201-01 (ABJ)</u>

Dear Mr. Weissmann, Mr. Andres and Ms. Freeney,

This letter serves to formalize our previous discussions and requests that the Office of Special Counsel ("OSC") make available all discovery and *Brady* material in the above-referenced case. Based on our previous discussions and what was represented at the status conference on January 16, 2018, we are unclear as to how the OSC is interpreting its obligations in this regard.

To make sure that there is no misunderstanding, this formal request includes all information that the government is required to disclose pursuant to the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and relevant case law. We recognize that the OSC has been providing these materials on a rolling basis, but because the Court has now set a February 23, 2018, deadline for filing dispositive motions (as well as subsequent deadlines for other key motions), we request that all such information and documents be secured and produced to the defense forthwith. Indeed, given that we may potentially start trial in September 2018, time is of the essence. Completing the production of *all* such materials is imperative so that the defense has sufficient time to utilize the information and materials in any motions it may seek to file.

To facilitate the government's compliance with its obligations, the following is a list of the categories of information and/or documents that the defendant seeks to have produced – to the extent, of course, that the OSC has not yet produced all relevant information or documents. Importantly, where documents or information are withheld under any claim of privilege or otherwise by the government, please state the basis for the privilege or reason and supply a sufficient summary (or redaction) of such

1

withheld material so that the defense may determine whether a motion is warranted and appropriately bring the matter to the Court's attention.

A.     Federal Rule of Criminal Procedure 16

1. *Statements of the Defendant*: Please provide all statements of the defendant as required by Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B). In responding to this request for the defendant's statements, we request that you ask each law enforcement agency or government official involved in any way in investigating or prosecuting this case or related matters to search its files for responsive information. In terms of determining whether such written or recorded statements are within the OSC's possession, custody or control, the prosecution should disclose under Rule 16 any and all "documents material to the defense that: (1) it has actually reviewed, or (2) are in the possession, custody, or control of a government agency so closely aligned with the prosecution as to be considered part of the prosecution team." *United States v. Finnerty*, 411 F. Supp. 2d 428, 432 (S.D.N.Y. 2006). We believe such government agencies currently include (but are not limited to) the FBI, the U.S. Department of Justice National Security Division and any other DOJ component (including U.S. Attorney Offices), and the Internal Revenue Service. We also have reason to believe that the National Security Agency and the Central Intelligence Agency may have relevant materials based on reporting from major news agencies citing government sources.

We note that the OSC has produced the defendant's interview statements, statements made by the defendant during the search of his condominium and post-arrest, and depositions that were taken more than two years ago. Particular attention, however, should be given to any written or recorded statements that were obtained during the United States Government's surveillance of Mr. Manafort, or its surveillance of others, in which the defendant's statements were written or recorded in any manner. To be clear, regardless of how these statements may have been obtained (including pursuant to FISA procedures), the defense is requesting their immediate production. If any such materials have been destroyed, please provide all information regarding the same.

2. *Defendant's Criminal Record*: The OSC has previously stated that it is not aware of any criminal history for Mr. Manafort. Should this position change, please provide a copy of the defendant's criminal record as required by Fed. R. Crim. P. 16(a)(1)(D).

3. *Documents and Tangible Objects*: The defendant requests all documents or tangible objects as required by Fed. R. Crim. P. 16(a)(1)(E). It is noted that the OSC has been providing, on a rolling basis, voluminous documentation in this matter. That said, statements made in the OSC's most recently filed status report and during the status conference held on January 16, 2018, acknowledge that there are relevant discovery materials that have not been provided to Mr. Manafort. We have been advised that the OSC continues to search for such responsive materials, including looking for relevant items in "less obvious" places.

To date, the parties have been working in a professional manner with one another concerning discovery issues. We wish to continue that approach, but given the February 23 motion deadline, which discovery may impact, we must request that all discovery be completed forthwith. Needless to say, tactical advantage should not be sought by delaying the production of Rule 16 and *Brady* material (discussed *infra*); indeed, it was the OSC, not the defendants, that proposed May 14, 2018, as the trial date. Pursuant to the Rule, the defendant requests that the government separately identify materials that it intends to use at trial in its case-in-chief. Because voluminous documentation has already been

produced that the OSC has stated may not pertain to the charges currently pending before the Court, separate identification of materials that the government intends to use in its case-in-chief in the above-captioned matter is warranted. See Fed. R. Crim. P. 16(a)(1)(E)(ii).

4. *Reports of Scientific Tests and Other Examinations*: Please provide results or reports of tests or examinations as required by Fed. R. Crim. P. 16(a)(1)(F). In the event the results were reported orally to you or to any government official and were not memorialized in writing, please advise.

5. *Summaries of Expert Witness Testimony*: Please prepare and produce a summary of any expert witness testimony the government intends to offer, the grounds or basis for any such expert testimony, and the qualifications of the expert witness, as required by Fed. R. Crim. P. 16(a)(1)(G).

B.  Federal Rule of Criminal Procedure Rule 12(b)(4)(B)

Please provide notice of any evidence the government intends to use in its case in-chief discoverable under Fed. R. Crim. P. 16 that may be subject to a motion to suppress.

C.  Federal Rule of Evidence 404(b)

Please provide notice of any "other crimes, wrongs or acts" evidence that the government intends to introduce at trial pursuant to the Court's order dated January 16, 2018. Please identify the specific purpose under Rule 404(b) which supports the admission of the evidence. See, e.g., *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996).

D.  Federal Rule of Evidence Rule 1006

In the event you intend to call a summary witness at trial or present evidence in the form of a summary or chart, please produce within a reasonable time prior to trial such summary evidence and the documents or records upon which such summary, testimony, or chart is based.

E.  *Brady* Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419 (1995), and their legal progeny, provide any exculpatory evidence material to the defendant's guilt or punishment. Such request includes any impeachment materials or other evidence in any way favorable to the defense.

In addressing this important obligation, please note the concise summary of *Brady* evidence previously provided by a federal district court in the District of Columbia:

> The prosecutor cannot be permitted to look at the case pretrial through the end of the telescope an appellate court would use post-trial. Thus, the government must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed – with the benefit of hindsight – as affecting the outcome of the trial.

* * * *

> The meaning of the term "favorable" under *Brady* is not difficult to discern. It is any information in the possession of the government – broadly defined to include all Executive Branch agencies – that relates to the guilt or punishment and that tends to help the defense by either bolstering the defense case or impeaching potential prosecution witnesses.
>
> * * * *
>
> Under *Brady*, the prosecutors have an affirmative duty to search possible sources of exculpatory information, including a duty to learn of favorable evidence known to others acting on the prosecution's behalf . . . [and] also by other branches of government 'closely aligned with the prosecution.'

*United States v. Safavian,* 233 F.R.D. 12, 14-15 (D.D.C. 2005) (citations omitted).

Specifically, the defendant requests the following:

(1) records from the United States Embassy in Kiev, Ukraine, the United States State Department, and the Central Intelligence Agency regarding any and all meetings with the U.S. ambassadors and embassy personnel and the defendant, Konstantin Kilimnic and/or Phil Griffin, including visitor logs, notes, memoranda, text messages and email regarding the substance of these meetings;

(2) materials from the United States government's surveillance of Paul Manafort;

(3) materials from prior DOJ investigations that have been reviewed by and/or otherwise utilized by the OSC in the above-captioned case, including memoranda of interviews, attorney notes, agent notes, email and text messages, the dates of initiation and termination (if any) of such investigations, and any approvals or declinations of the same;

(4) materials from the DOJ FARA office concerning audits, investigations or dealings with the defendant, Mr. Gates, and their related entities, the Podesta Group and Mercury Consulting, and their principals and employees, with respect to Ukrainian-related activities;

(5) materials from the DOJ Office of Inspector General's 2016 audit of the National Security Division's enforcement and administration of the Foreign Agents Registration Act, including memoranda of interviews, attorney notes, agent notes, email and text messages;

(6) materials from DOJ's "leaks" investigation(s) concerning meetings and conversations with news media organizations and/or journalists, reporters and editors relating to Paul J. Manafort, Jr. and Richard W. Gates III, and their related entities, including memoranda of interviews, attorney notes, agent notes, email and text messages; and

(7) materials concerning government communications with news media organizations and/or journalists, reporters and editors relating to the defendant, Mr. Gates, and their related entities, known to the OSC or prosecution team and regardless of whether part of the DOJ's "leaks" investigation(s).

These specific requests cover any and all documents, materials and information related to the topics identified, regardless of the form of such documents, materials and information (*e.g.*, written documents, electronic data, etc.).

F.    Jencks Act Material

Please provide production of Jencks Act material in accordance with the Court's schedule and within a reasonable time prior to trial to avoid any unnecessary delay in the trial proceedings.

G.    *Bruton* Material

Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), please provide any statements of the co-defendant, if any are in existence, that may potentially implicate the defendant so that appropriate consideration can be given as to whether a motion to sever is appropriate. In responding to this request, please request each law enforcement agency or government official involved in investigating or prosecuting this case to search its files for responsive information.

Finally, as you are aware, this discovery request is of a continuing nature through the resolution of the case. Please notify us immediately should additional information or materials become available. In the meantime, should you have any questions regarding this letter, do not hesitate to contact us.

_____
Kevin M. Downing

_____
Thomas E. Zehnle

5