Law Office of Kevin M. Downing
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, NW
Suite 620
Washington, DC 20001
Direct: (202) 754-1992
kevindowning@kdowninglaw.com
tezehnle@gmail.com

February 21, 2018

**VIA EMAIL**

Andrew Weissmann
Greg D. Andres
Kyle R. Freeney
Office of Special Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: United States v. Paul J. Manafort, Jr. – 1:17-201-01 (ABJ)

Dear Mr. Weissmann, Mr. Andres and Ms. Freeney,

We write once again to request materials relating to the DOJ's "leaks" investigations regarding our client and materials concerning any government communications with news media organizations and/or journalists, reporters and editors which relate to Mr. Manafort, the co-defendant, and entities associated with them. *See* Discovery Letter from Downing and Zehnle to OSC, p. 4, dated January 23, 2018. Despite the Court's admonition and order regarding such contacts, *see* Dkt. # 38, anonymous government officials continue to contact news outlets in a not-too-subtle attempt to poison the well against our client, in violation of his Fifth and Sixth Amendment rights.

Just this past holiday weekend, numerous news stories – fueled by government sources – appeared in the press which have substantially and negatively impacted and violated Mr. Manafort's constitutional rights to due process and trial by an impartial jury. *See, e.g.*, Jason Leopold, Anthony Cormier and Tanya Kozyreva, *Manafort Under Scrutiny for $40 Million in "Suspicious" Transactions*, BuzzFeed News, Feb. 19, 2018 (discussing the OSC's investigation and noting that "three current and former law enforcement officials said that Mueller's team is poring over [documents] as it considers leveling new charges against Manafort"); David Willman, *Former Trump Aide Richard Gates to Plead Guilty; Agrees to Testify Against Manafort, Sources Say*, L.A. Times, Feb. 18, 2018 (discussing Gates' alleged plea "within the next few days" and stating that these individuals "spoke on condition of anonymity, citing a judge's gag order restricting comments about the case to the news media or public"); Katelyn Polantz and Sara Murray, *Exclusive: A Top Trump Campaign Adviser Close to Plea Deal with Mueller*, CNN, Feb. 17, 2018 (anonymous sources stating that "investigators with the special counsel's office are preparing to file new charges against him, according to people familiar with the

1

probe"). Government sources are sometimes specifically identified as such in these news articles; even when they are not, it is abundantly clear that the leakers are current and former government officials with personal knowledge of the matters reported. For example, in the CNN article, the two reporters note that Mr. Gates' lawyers did not respond to requests for comments and we, of course, are not privy to your plea dealings with the co-defendant and the inner workings of the OSC.

Your previous reply that "the government is not aware of the relevance of [these] request[s]" under Rule 16 or *Brady* is without merit and simply delaying the disclosure of materials to which the defendant is entitled. *See* Letter from OSC dated February 12, 2018, p. 5. It is not our responsibility to inform the government of Mr. Manafort's theories of defense, but suffice it to say, the Office of Special Counsel is no doubt aware that impeachment evidence under *Brady* must be turned over to the defense. Indeed, the Court in this case has specifically instructed the OSC to disclose *Brady* material as soon as it becomes aware of it. Given the nature of these leaks, it is not possible, but probable, that some of these anonymous government sources are close to the prosecution team and will be called to testify in the trial of this matter. Further, the information requested is material to the preparation of the defense under Rule 16. As you know, the government must not disclose or confirm confidential information to unfairly prejudice the defendant and taint the jury pool – *i.e.*, information that is subject to grand jury secrecy, the Court's November 8, 2017 Order, the protective order entered in this case regarding discovery, and prohibitions against disclosure of classified materials. Such misconduct violates Mr. Manafort's due process rights and damages our judicial system.

We have now sufficiently advised you of some of the legal bases upon which the information is appropriately sought. We will not stand idly by while these continuing leaks of protected information by numerous government sources continues unabated. Mr. Manafort is owed his day in court, and before an impartial jury. We would hope that you, too, support this basic tenet of the American justice system and will provide the materials forthwith. We await your timely response before determining what, if any, Court action is required.

/s/
Kevin M. Downing

/s/
Thomas E. Zehnle