**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:18-cr-00083-TSE |
| v. | ) | |
| | ) | Trial Date: July 25, 2018 |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | Judge T. S. Ellis, III |
| Defendant. | ) | |

## PAUL J. MANAFORT, JR.'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A CONTINUANCE OF THE TRIAL CURRENTLY SCHEDULED FOR JULY 25, 2018

Defendant Paul J. Manafort, Jr., by and through counsel, hereby moves for a continuance of the trial currently scheduled to commence on July 25, 2018. Mr. Manafort further requests that the trial be rescheduled to a time convenient to this Court and following the trial currently scheduled in the case against Mr. Manafort pending in the District of Columbia (the "D.C. Case"). Defense counsel has conferred with the Office of the Special Counsel (the "Special Counsel"), and the Special Counsel opposes this motion.

This is Mr. Manafort's first request for a continuance of the trial in this case. Under the Speedy Trial Act, a continuance is appropriate when the ends of justice outweigh the interest of the defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Moreover, continuance of a trial date is warranted when additional time is necessary for the effective preparation of the defense. *See, e.g.*, *United States v. Bran*, No. 3:12CR131, 2012 WL 4507903, at *2 (E.D. Va. Sept. 28, 2012) (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)); *cf. United States v. Walker*, No. 3:09CR366-HEH, 2010 WL 2976049, at *1–2, *7 (E.D. Va. July 28, 2010) (denying motion to dismiss on Speedy Trial grounds and observing that the court had already granted four

trial continuances to afford defense counsel reasonable time to effectively prepare for trial); *United States v. Mallory*, No. 1:09CR228, 2010 WL 1039831, at *2 (E.D. Va. Mar. 19, 2010) (denying dismissal on Speedy Trial grounds and noting that several trial continuances had been granted at defense counsel's request and that counsel had made "repeated representations . . . that additional time was necessary in order to prepare an adequate defense for his client.").

Of course, the decision to grant a continuance is vested in the discretion of the Court, and the analysis presents "inevitably fact-specific conflicts between individual rights and state interests . . . notwithstanding that constitutional rights may be implicated." *United States v. Cerritos*, 180 F. Supp. 3d 432, 435 (E.D. Va. 2016) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Williams*, 445 F.3d 724, 738–39 (4th Cir. 2006)).   Defense motions to continue a trial are often denied when it is apparent that the only basis for the request is delay.   *See id.* ("Because a request for delay cannot be considered 'justifiable' if it proceeds from a 'transparent ploy for delay,' whether it is the one or the other is the critical constitutional issue posed by such a request." (quoting *Slappy*, 461 U.S. at 13)).   Mr. Manafort's request for a continuance of the trial in this case is not to seek a delay for its own sake; rather, this request is to ensure that Mr. Manafort and his attorneys have sufficient time to effectively prepare for trial based upon the circumstances of this case and the related case pending in the District of Columbia.

Mr. Manafort and his defense counsel have been diligently preparing for trial.   However, on June 15, 2018, circumstances changed dramatically.   In the D.C. Case, U.S. District Judge Amy Berman Jackson remanded Mr. Manafort to custody following his arraignment on a superseding indictment and after a bail revocation hearing.[1]   (*See United States v. Paul J. Manafort, Jr.*, Crim.

---

[1] Mr. Manafort's attorneys have since prepared and filed an expedited appeal of Judge Jackson's detention order.   *See United States v. Paul J. Manafort, Jr.*, Case No. 18-3037 (D.C. Cir. (filed June 25, 2018)).   A copy of the Memorandum of Law and Fact for Appellant Paul J. Manafort, Jr. is annexed hereto as Exhibit A.

Action No. 17-0201-01 (ABJ) (D.D.C), Minute Entry of June 15, 2018; *see id.*, Doc. 328).   Mr.

Manafort was thereafter designated by the U.S. Marshals Service to the Northern Neck Regional

Jail in Warsaw, Virginia, pending the trial scheduled in the D.C. Case for September 17, 2018.

The Northern Neck Regional Jail is located approximately 100 miles away from Mr. Manafort's

attorneys' offices and it generally takes over two hours each way by car for counsel to visit with

him.   No electronic communication is permitted (*e.g.*, to allow for the transmission of documents

for Mr. Manafort to review), and telephonic communication is restricted to ten (10) minutes per

call.[2]   This unforeseen development has severely impacted the ability of the defense to effectively

prepare for the upcoming trial before this Court.

More specifically, Mr. Manafort's current detention has made meetings with his attorneys

to prepare his defense far more infrequent and enormously time-consuming compared to when he

remained on house arrest and subject to GPS monitoring in Alexandria, Virginia, pursuant to this

Court's release order.   In fact, prior to the action taken in the D.C. Case, Mr. Manafort was having

meetings with his attorneys at their law offices multiple times per week, for many hours at a time,

to review the voluminous documents produced by the Special Counsel and to assist in the

preparation of his defense.[3]   Reports and records from the Pretrial Services officers who were

supervising Mr. Manafort's release—both in the Eastern District of Virginia and the District of

Columbia—will readily confirm this fact.

Indeed, in terms of discovery, defense counsel has continued to receive voluminous

amounts from the Special Counsel up-to-the-moment.   Thus far, there have been twenty-three (23)

---

[2] To be clear, this factual recitation is not intended to be a comment upon the U.S. Marshals Service and the officers at the Warsaw facility.  Their concern for the safety and well-being of Mr. Manafort as one of their detainees, and their treatment of him, has been nothing but professional.
[3] The defense has received and is reviewing approximately two *million* pages of documents related to Mr. Manafort's pending cases in the Eastern District of Virginia and the District of Columbia.

discovery productions, the most recent of which was produced to the defense at 6:28 p.m. today, July 6, 2018 (*i.e.*, the same date that this motion for a continuance is being filed)—a mere 19 days before the scheduled trial in this case.  The Special Counsel's production today appears to contain approximately 50,000 pages of new documents.  Indeed, this is despite the Special Counsel's representations earlier this year that discovery was complete, or nearly complete.[4]  In fact, since May the defense has received seven discovery productions which include at least 140,000 pages of material.  The Special Counsel's next most-recent disclosure—coming on July 3, 2018 (a mere 22 days prior to the scheduled trial)—includes data obtained from the primary cooperating witness's personal electronic devices and will require extensive review and analysis.  (This is the same witness who resolved his case in the District of Columbia in *February* of this year.)  Moreover, defense counsel's review of the discovery produced to date has been unusually time-consuming because discovery relevant to this case has often been co-mingled with discovery that appears relevant solely to the D.C. Case.  As the Court observed at the recent motions hearing, this is primarily a documents case, and defense counsel require additional time to thoroughly review and analyze with their client the voluminous documents produced by the Special Counsel.  It is critically important for the defense to have sufficient time to review the discovery *with* Mr. Manafort because he understands many of the relevant documents (and their context) better than anyone else.

Finally, by seeking this continuance Mr. Manafort also attempts to limit the unfair prejudice that has resulted from the intense negative media coverage surrounding his June 15 detention.  *See, e.g.*, *Watergate prosecutor: Manafort is toast*, NBC News (June 5, 2018),

---

[4] *See, e.g.*, Doc. 20 (filed Feb. 28, 2018) at 7 ("[W]e believe that almost all of the relevant discovery in this matter in our possession has already been produced in the course of the District of Columbia prosecution."); *see also* D.C. Case, Doc. 146 (filed Jan. 12, 2018) at 1 ("As of the date of this filing, the government has completed a substantial portion of the discovery in this case.").

https://www.nbcnews.com/dateline/video/watergate-prosecutor-paul-manafort-is-toast-

1248993859590 (commenting on Mr. Manafort's upcoming detention hearing); *Paul Manafort,*

*One of D.C.'s Most Venerable Swamp Creatures, Is Headed to Jail*, Rolling Stone (June 15, 2018),

https://www.rollingstone.com/politics/politics-news/paul-manafort-one-of-d-c-s-most-venerable-

swamp-creatures-is-headed-to-jail-628771/; *Judge Sends Paul Manafort to jail, pending trial*,

CNN Politics (June 16, 2018), https://www.cnn.com/2018/06/15/politics/judge-sends-paul-

manafort-to-jail-pending-trial/index.html; *Paul Manafort ordered to jail after witness-tampering*

*charges*, The Washington Post (June 15, 2018), https://www.washingtonpost.com/local/public-

safety/manafort-ordered-to-jail-after-witness-tampering-charges/2018/06/15/ccc526cc-6e68-

11e8-afd5-778aca903bbe_story.html?noredirect=on&utm_term=.4480ee97ca44.   Mr.  Manafort

has been subject to negative press since the leaking of the Special Counsel's investigation more

than a year ago;[5] however, the recent bail revocation and his subsequent detention has exacerbated

the situation.  Time is needed to allow passions to cool and to permit the seating of an impartial

jury.

    This request for a trial continuance is not made lightly.  Since Mr. Manafort's detention,

counsel have continued to work diligently to prepare for the July 25 trial date, consult with

opposing counsel, and have otherwise attempted to navigate the substantial logistical problems

created by Mr. Manafort's detention.  While in some cases these issues might be circumvented, in

a document-intensive case with voluminous discovery still being produced as of a few days ago,

---

[5] *See, e.g.*, *Protestor with 'traitor' sign at Manafort court appearance is the hero we need*, N.Y. Daily News (Mar. 8, 2018), http://www.nydailynews.com/news/politics/man-traitor-sign-manafort-court-appearance-hero-article-1.3863542; *Watch protestor throw Russian flag at Paul Manafort*, NBC News (Mar. 8, 2018), https://www.nbcnews.com/dateline/video/protester-throws-russian-flag-at-paul-manafort-while-exiting-federal-courthouse-1180778051705.

with very limited access to his attorneys and the records, and considering the extraordinary negative media coverage surrounding his recent detention, Mr. Manafort cannot effectively prepare for trial beginning on July 25.

WHEREFORE, Mr. Manafort respectfully moves this Court for a continuance of the trial currently scheduled for July 25, 2018, to a date that is convenient to this Court after the conclusion of the trial in the D.C. Case.

Dated: July 6, 2018                               Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com


*Counsel for Defendant Paul J. Manafort, Jr.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 6th day of July, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew A. Weissman
Greg D. Andres
Uzo Asonye

U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800
Email: AAW@usdoj.gov
   GDA@usdoj.gov
   Uzo.Asonye@usdoj.gov

       <u>s/ Jay R. Nanavati</u>
       Jay R. Nanavati (VSB No. 44391)
       Kostelanetz & Fink LLP
       601 New Jersey Avenue NW
       Suite 620
       Washington, DC 20001
       (202) 875-8000
       jnanavati@kflaw.com

       *Counsel for Defendant Paul J. Manafort, Jr.*