**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Case No. 1:18-cr-83 (TSE) |

**GOVERNMENT'S MOTION TO SEAL
PURSUANT TO LOCAL CRIMINAL RULE 49(E)**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby submits this motion to seal its motions for use immunity for the trial testimony of five potential witnesses, pursuant to Local Criminal Rule 49(E). A proposed order, a non-confidential supporting memorandum, and the documents to be filed under seal accompany this motion.

                                      Respectfully submitted,

                                      ROBERT S. MUELLER, III
                                      Special Counsel

Dated: July 17, 2018                       */s/ Andrew Weissmann*
                                      Andrew Weissmann
Uzo Asonye                               Greg D. Andres
Assistant United States Attorney         Brandon L. Van Grack
Eastern District of Virginia               Special Assistant United States Attorneys
                                      Special Counsel's Office

                                      U.S. Department of Justice
                                      950 Pennsylvania Avenue NW
                                      Washington, D.C. 20530
                                      Telephone: (202) 616-0800

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of July, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

    /s/
Uzo Asonye
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
uzo.asonye@usdoj.gov
Phone: (703) 299-3700
Fax: (703) 299-3981

*Attorney for the United States of America*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>            Defendant | Case No. 1:18-cr-83 (TSE) |

### ORDER

This matter comes before the Court on the Motion of the United States to seal its motions for use immunity for the trial testimony of five potential witnesses pursuant to Local Criminal Rule 49(E). For good cause shown, the Court finds:

1.  The United States seeks an order pursuant to Local Criminal Rule 49(E) sealing its motions for use immunity for the trial testimony of five potential witnesses.

2.  Sealing of these documents is necessary because the motions would reveal the identities of uncharged third parties involved in the investigation and the trial, thereby creating the risk of undue harassment. Sealing is also appropriate because the information contained in the motions could lead to reputational harm. *See, e.g., United States v. Smith*, 776 F.2d 1104, 1115 (3d Cir.1985) (finding that the trial court properly sealed a Bill of Particulars to protect the identities of third party individuals and "the reputational and privacy interests" of those third parties); *United States v. Gerena*, 869 F.2d 82, 85 (2d Cir. 1989) (finding the need to consider the privacy interests of innocent third parties that may be harmed by disclosure); *United States v. Bracy*, 67 F.3d 1421,

1426–27 (9th Cir. 1995) (finding that the need to protect the safety of potential witnesses justified sealing of indictment).

3. The United States and the Court have considered procedures other than sealing, but none would suffice to protect the information subject to sealing.

4. This Court has the inherent authority to order that documents be filed under seal. "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

5. The United States seeks to have its motions for use immunity for the trial testimony of five potential witnesses sealed unless and until the named individuals testify in the upcoming trial, or until further order of the Court.

It is therefore ORDERED that the United States' Motion to Seal is GRANTED; it is further ORDERED that the motions for use immunity for the trial testimony of five potential witnesses will remain under seal unless and until the named individuals testify in the upcoming trial, or until further Order of this Court.

_____ _____
Date                                        The Honorable T. S. Ellis, III
                                            UNITED STATES DISTRICT JUDGE