**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Case No. 1:18-cr-83 (TSE) |

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO SEAL THE
GOVERNMENT'S MOTIONS FOR USE IMMUNITY FOR TRIAL TESTIMONY**

The United States of America, by and through Special Counsel Robert S. Mueller, III, pursuant to Local Rule of Court 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, respectfully requests an Order sealing its motions for use immunity for the trial testimony of five potential witnesses.

**I.   Items to Be Sealed and Necessity for Sealing**

1.   The government seeks to seal five Motions for Use Immunity for Trial Testimony pertaining to potential witnesses in the trial presently scheduled for July 25, 2018.[1]   The motions indicate that the named individuals will not testify or provide other information on the basis of their privilege against self-incrimination, and that the government is requesting that the Court compel them to testify at the upcoming trial.

2.   The five individuals identified in the motions at issue are third parties who have not been charged in this matter, and who have not been identified publicly with the case. Disclosing

---

[1] Although the government is also filing the five motions for use immunity *ex parte*, it will provide any corresponding orders for use immunity to defense counsel in advance of trial.

the motions would reveal those individuals' involvement in the investigation and the trial, thereby creating the risk of their undue harassment. Such concern potentially would be heightened by the additional revelation that they have invoked their privilege against self-incrimination and may be granted immunity from the use against them of any compelled testimony. There is also a concern that the witnesses' invocation of their privilege against self-incrimination and the Court's subsequent grant of immunity could lead to reputational harm for the witnesses. *See* U.S. Attorneys' Manual, 9-27.760 ("In all public filings and proceedings, federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged third-parties.").

3.  The government recognizes that if any of the five individuals are called to testify, their identity and receipt of use immunity likely will become public, and thus the concerns raised in this motion no longer would apply. Accordingly, in order to narrowly tailor its request, the government proposes that the information remain sealed unless and until the individuals testify in this case.

## II.  References to Governing Case Law

3.  The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate to protect the reputational and privacy interests of third parties. *See, e.g., United States v. Smith*, 776 F.2d 1104, 1115 (3d Cir.1985) (finding that the trial court properly

sealed a Bill of Particulars to protect the identities of third party individuals and "the reputational and privacy interests" of those third parties); *United States v. Gerena*, 869 F.2d 82, 85 (2d Cir. 1989) (finding the need to consider the privacy interests of innocent third parties that may be harmed by disclosure); *United States v. Bracy*, 67 F.3d 1421, 1426–27 (9th Cir. 1995) (finding that the need to protect the safety of potential witnesses justified sealing of indictment).

### III. Period of Time Government Seeks to Have the Matter Remain Under Seal

4. The government is only seeking to have the five motions remain sealed unless and until the named individuals testify in the upcoming trial.

WHEREFORE, the United States respectfully requests that an order be entered allowing the motions be placed under seal.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: July 17, 2018

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

*/s/ Andrew Weissmann*
Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack
Special Assistant United States Attorneys
Special Counsel's Office

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of July, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

    /s/
Uzo Asonye
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
uzo.asonye@usdoj.gov
Phone: (703) 299-3700
Fax: (703) 299-3981

*Attorney for the United States of America*