**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 1:18-cr-00083-TSE |
| | ) | |
| v. | ) | Trial Date: July 25, 2018 |
| | ) | |
| PAUL J. MANAFORT, JR., | ) | Judge T. S. Ellis, III |
| | ) | |
| Defendant. | ) | |

**PAUL J. MANAFORT, JR.'S SUPPLEMENTAL MOTION *IN LIMINE***

Paul J. Manafort, Jr., by and through counsel, hereby submits the following motion *in limine* in connection with the jury trial scheduled to commence on July 25, 2018 and asks that the Court preclude irrelevant and unnecessarily time-consuming evidence or argument concerning Mr. Manafort's prior consulting activities in foreign jurisdictions. Mr. Manafort previously submitted motions *in limine*. (Doc. 93).

Earlier today, the Special Counsel provided Mr. Manafort with copies of exhibits that the government intends to offer at trial. In reviewing the proposed exhibits, it is readily apparent that the Special Counsel intends to offer evidence concerning matters that are wholly irrelevant to this tax and bank fraud trial. Numerous exhibits relate solely to Mr. Manafort's substantive foreign consulting work. As the Court has observed, however, this is "[a] typical tax and bank fraud case[.]" (Doc. 138 at 1). A significant portion of the Special Counsel's proposed exhibits have nothing to do with the tax and bank fraud allegations charged in the Superseding Indictment and, more importantly, the admission of this evidence will pose substantial risk of unfair prejudice, will confuse and mislead the jury, and will result in significant delay and waste of time. Therefore,

this evidence should be excluded pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence.

To be clear, Mr. Manafort does not generally object on relevance grounds[1] to that portion of the proposed exhibits related to foreign consulting work that are relevant to payments made to Mr. Manafort (or entities related to him), the preparation and filing of income tax returns and/or foreign bank account reports, or documents and statements related to the U.S. financial institutions that are relevant to the bank fraud allegations set forth in the Superseding Indictment.  The Special Counsel's proposed exhibits, however, appear to extend far past those allegations.  For example, the Special Counsel's proposed exhibits include emails and documents that relate only to political consulting work that Mr. Manafort performed for former Ukrainian president Victor Yanukovych and organizations associated with Mr. Yanukovych.  *See, e.g.*, Proposed Exhibit No. 5 (2006 memorandum setting out Yanukovych political campaign messaging strategy); *see also* Proposed Exhibit No. 7 (2010 email forwarding text of Yanukovych's election night speech); Proposed Exhibit No. 18 (2014 email exchange concerning purpose and itinerary for upcoming trip to Ukraine); Proposed Exhibit No. 44 (Ukraine Opposition Party campaign strategy PowerPoint presentation); Proposed Exhibit No. 338 (Ukraine team contact list); Proposed Exhibit No. 345 (email and memorandum regarding Party of Regions and 2012 Ukraine parliamentary elections). The Special Counsel has even included photographs of Mr. Yanukovych among its proposed exhibits.  *See* Proposed Exhibits 33A through 33C.  These and similar exhibits have nothing to do with whether Mr. Manafort committed the offenses alleged in the Superseding Indictment and should be excluded at trial.

---

[1] This supplemental motion *in limine* is not a waiver of any of Mr. Manafort's specific objections to the Special Counsel's proposed exhibits, which Mr. Manafort reserves for trial.

**1. The evidence should be excluded under Rules 401 and 402**

Rule 401 of the Federal Rules of Evidence states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "What constitutes 'relevant evidence' depends on the facts of the case, the nature of the claims, and the associated defenses to those claims." *United States v. Seko*, No. 1:15CR301 (JCC), 2017 WL 1318008, at *1 (E.D. Va. Apr. 10, 2017). "In order for evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. Rawle*, 845 F.2d 1244, 1247 n.3 (4th Cir. 1995) (citation omitted). Of course, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

The fact that Mr. Manafort performed foreign consulting work, and that he was paid for that work, is not in dispute. As noted above, the only issues to be tried in this Eastern District of Virginia case relate to whether or not Mr. Manafort willfully filed false tax returns, willfully failed to file foreign bank account reports, and/or engaged in bank fraud. In reviewing the Special Counsel's proposed exhibits, it is clear that the Special Counsel seeks to offer evidence concerning the details of Mr. Manafort's work for various groups and entities in Ukraine, and particularly former president Viktor Yanukovych. This evidence has no probative value in the jury's consideration of whether Mr. Manafort committed the charged offenses and is not related to any facts that are of consequence in making that decision. Evidence related to the substance of Mr. Manafort's overseas consulting work is irrelevant and, therefore, should be precluded at trial pursuant to Rules 401 and 402 of the Federal Rules of Evidence.[2]

---

[2] Indeed, it appears that the Special Counsel is attempting to have two bites at the apple, seeking to present evidence in this case that is only relevant to the case pending in the District of Columbia.

**2. The evidence should be excluded under Rule 403**

Even if evidence or argument concerning the substance Mr. Manafort's overseas consulting work was relevant and admissible (and it is not), it should nevertheless be barred by Rule 403 of the Federal Rules of Evidence. Under Rule 403, relevant evidence may be excluded at trial "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Such considerations warrant preclusion of this evidence at trial.

As noted above, this evidence has minimal probative value. In contrast, evidence related to the substance of Mr. Manafort's overseas consulting work presents substantial risk of unfair prejudice, jury confusion, and, at a minimum, will result in significant delay and waste of time. Evidence concerning Mr. Yanukovych, the Party of Regions, and the work that Mr. Manafort performed on their behalf poses the substantial risk that the jurors will be sidetracked by Mr. Yanukovych's controversial tenure as Ukraine's president, his removal from power in the midst of public protests, the charges of treason brought against him by the Ukrainian government, and his current exile in Russia. There is also a risk that jurors will erroneously assume or conclude that Mr. Manafort's work related to these controversies surrounding Mr. Yanukovych, and the organizations or entities related to him, rather than associate that work with an effort to form a closer association between Ukraine and Western Europe. In short, the risk of unfair prejudice and issue confusion is substantial, as are concerns about delay and waste of time.[3] Therefore, even if it was relevant, alleged evidence related to the substance of Mr. Manafort's overseas consulting work should be excluded pursuant to Rule 403.

---

[3] This may be why at the motions hearing the Special Counsel estimated the trial will now be three weeks, as opposed to the original estimate of two weeks. *See* Tr. of Motions Hearing, June 29, 2018 at 69.

WHEREFORE, Mr. Manafort respectfully moves the Court to grant this motion *in limine*.

Dated: July 20, 2018

Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

 s/ Richard W. Westling
Richard W. Westling (*pro hac vice*)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-296-2882
Email: rwestling@ebglaw.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 20th day of July, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew A. Weissman
Greg D. Andres
Uzo Asonye

U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800
Email:  AAW@usdoj.gov
   GDA@usdoj.gov
   Uzo.Asonye@usdoj.gov

              s/ Jay R. Nanavati
              Jay R. Nanavati (VSB No. 44391)
              Kostelanetz & Fink LLP
              601 New Jersey Avenue NW
              Suite 620
              Washington, DC 20001
              (202) 875-8000
              jnanavati@kflaw.com

              *Counsel for Defendant Paul J. Manafort, Jr.*