**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 1:18-cr-83 (TSE)** |
| **PAUL J. MANAFORT, JR.,** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL MOTION IN LIMINE**

The United States of America, by and through Special Counsel Robert S. Mueller, III, files this response to defendant Paul J. Manafort, Jr.'s supplemental motion *in limine* (Doc. 143). In his supplemental motion, Manafort moves to exclude as irrelevant and unfairly prejudicial proposed trial exhibits that document his political consulting work in Ukraine, which is the work that generated the income he failed to report and that went to foreign bank accounts he failed to disclose. For the reasons explained below, Manafort's motion should be denied.

1. The emails and documents to which Manafort objects are relevant to and probative of the offenses to be tried. *See* Fed. R. Evid. 401 & 402. The superseding indictment alleges in pertinent part that Manafort subscribed tax returns that were false in that they failed to report in full the income that he earned through political consulting and lobbying work performed for Ukraine, as well as the offshore accounts through which he was paid. Doc. 9 ¶¶ 1-5, 7, 14-17, 19-24, 46, 50; *see, e.g., id.* ¶ 1 ("Between at least 2006 and 2016, MANAFORT and GATES . . . represented the Government of Ukraine, the president of Ukraine (Victor Yanukovych, who was President from 2010 to 2014), the Party of Regions (a Ukrainian political party led by Yanukovych) and the Opposition Bloc (a successor to the Party of Regions . . . ."); *id.* ¶ 2

1

("MANAFORT and GATES generated tens of millions of dollars in income as a result of their Ukraine work. From approximately 2006 through the present, MANAFORT and GATES engaged in a scheme to hide income from United States authorities, while enjoying the use of the money.").

The exhibits at issue serve to prove an essential predicate of these offenses—namely, that Manafort in fact earned millions of dollars in income for services rendered for Ukraine. *See United States v. Carrillo*, 561 F.2d 1125, 1127 (5th Cir. 1977) (in a prosecution for "filing a false return by failing to show income received," "the government necessarily ha[s] to show the income's source" "[i]n order to demonstrate the receipt of the income"); *see also, e.g.*, *United States v. Martin*, 773 F.2d 579, 582-83 (4th Cir. 1985). The exhibits also corroborate expected trial testimony about the nature and extent of Manafort's Ukraine work. Evidence of Manafort's significant work for Ukraine is necessary to establish the source of Manafort's money and quantify the corresponding amount of income earned. *See Martin*, 773 F.2d at 583 (even where "the amount of unreported income was stipulated [but] its reportability was not," the government could only establish the latter "by proof of its source").

Further, Yanukovych's loss of power in 2014 is highly relevant to explain the dramatic decrease in Manafort's income in and after 2014—which led to the defendant's involvement in the charged bank frauds, as alleged in the superseding indictment. Further, evidence of the identity of Manafort's sources of income in Ukraine is itself relevant because those people instituted the framework to pay Manafort via foreign accounts. And evidence about payments for work performed—*i.e.*, that Manafort was paid for work in one foreign country (Ukraine) through accounts in another (Cyprus)—further helps to establish the level of knowledge required to prove that Manafort willfully failed to (a) disclose his foreign accounts on the Schedule B form and (b) file the FBAR form. *See* Doc. 9 ¶¶ 19-24, 46, 50. For these reasons, the exhibits at issue easily

clear the "low barrier to admissibility" set by the relevance standard.  *United States v. Smallwood*, 306 F. Supp. 2d 582, 586 (E.D. Va. 2004) (quoting *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003), which states that "evidence need only be 'worth consideration by the jury,' or have a 'plus value,'" to qualify as relevant).

In addition to being directly probative of the charged offenses, the limited amount of Ukraine-related evidence that the government intends to present at trial is also admissible as background evidence.  The government does not intend to litigate in any way the pros and cons of Yanukovych as a leader (and would not object to a limiting instruction that the evidence is not offered for that purpose).  The Fourth Circuit has long recognized that "the government is allowed to provide context relevant to the criminal charges," including through "evidence [that] predates the time period of the indictment."  *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007); *see, e.g.*, *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir.1994).  That principle responds to the reality that a jury should understand the basic "setting of a case" and "cannot be expected to make its decision in a void—without knowledge of the time, place and circumstances of the acts which form the basis of the charge."  *United States v. Dudley*, 941 F.2d 260, 262 (4th Cir. 1991). Here, evidence about Manafort's work for President Yanukovych and the Party of Regions "establishe[s Manafort's] relationship" with the individuals and entities that paid him income through unreported foreign accounts and "set[s] the stage for later events."  *United States v. Billups*, 522 F. Supp. 935, 952 (E.D. Va. 1981).

2.  Manafort does not appear to dispute the basics of the foregoing relevance analysis.  In fact, he "does not generally object on relevance grounds to that portion of the proposed exhibits related to foreign consulting work that are relevant to payments made to Mr. Manafort (or entities related to him), [or] the preparation and filing of income tax returns and/or foreign bank account

reports." Doc. 143 at 2 (footnote omitted). The problem for Manafort is that the "emails and documents" that he singles out for exclusion are "relevant" and probative for the same reason as the exhibits to which he does not object—*i.e.*, they each show that Manafort performed a specific type of work in Ukraine over a lengthy period of time and was compensated for it. *See id.* (listing exhibits that chronicle Manafort's initial Ukraine work in 2006, and continued work in the 2010, 2012, and 2014 political cycles).[1]

Contrary to Manafort's suggestion (Doc. 143 at 3), the fact that Manafort performed work and received income for such work for Ukraine *is* in dispute—at a minimum, the government bears the burden to prove the amount of income to Manafort as an element of the charged tax crimes. *See Martin*, 773 F.2d at 583; *Carrillo*, 561 F.2d at 1127. To meet that burden, the government "is entitled to prove its case by evidence of its own choice." *Old Chief v. United States*, 519 U.S. 172, 186 (1997); *see United States v. Basham*, 789 F.3d 358, 386 (4th Cir. 2015) ("The prosecution . . . is entitled to fashion its own case and present a continuing, logical story to satisfy its ultimate burden."), *cert. denied*, 136 S. Ct. 1449 (2016). Here, the documents detailing the nature of the work for which Manafort was compensated will aid the government both in carrying that burden and in establishing Manafort's connection to and knowledge of the foreign accounts that he subsequently (and willfully) failed to report. *See Martin*, 773 F.2d at 583 (source evidence admissible even where it involved illegal activity of bookmaking); *United States v. Tafoya*, 757 F.2d 1522, 1527 (5th Cir. 1985) (same, where a tax defendant was a paid assassin: "prosecutors

---

[1] To the extent that Manafort means to suggest that his not objecting to certain exhibits that reflect his Ukraine work renders other exhibits at issue cumulative, any such argument is premature in a pre-trial motion *in limine* and can be addressed at trial. *See United States v. Verges*, No. 1:13-cr-222, 2014 WL 559573, at *4 (E.D. Va. Feb. 12, 2014) (explaining that defense objection to proffered testimony as "unduly cumulative is premature" at pretrial stage, and that the court could "limit the testimony" at trial if it proved to be cumulative).

consistently have been permitted to prove the source of unreported income, a rule that here permitted evidence to establish the job for which Tafoya was hired and paid").

3.   Manafort's remaining contention is that admission of the exhibits would run afoul of Rule 403 by risking unfair prejudice, juror confusion, or trial delays.  But he cites no case from the Fourth Circuit or any other supporting exclusion in comparable circumstances.  That Manafort did work for Ukraine and was paid through accounts in Cyprus are relevant facts in a prosecution charging failure to report income and foreign accounts.  Further, there is nothing unduly prejudicial about doing legal political consulting work for Ukraine; indeed, Manafort has touted that he served to bring that regime closer to western ideals.  *Cf. United States v. Bajoghli*, 785 F.3d 957, 966 (4th Cir. 2015) (explaining the meaning of "unfair prejudice" under Rule 403).  Any juror who feels otherwise is unlikely to be seated following the Court's *voir dire* process, which features use of a jury questionnaire that includes a question about Manafort's "business ties" to "Ukraine and the Ukrainian President."  Doc. 122 at 12 (Question 25).

The Court can mitigate any risk by giving a limiting instruction on the purposes for which the evidence may be considered.  *See* Fed. R. Evid. 403 adv. comm. note ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction.").  And the challenged exhibits pose few if any "concerns about delay and waste of time" (Doc. 143 at 4) considering their above-described relevance to the government's case, as reflected in the superseding indictment.  This is not, in short, the rare instance in which relevant and probative evidence should be excluded under Rule 403.  *See Bajoghli*, 785 F.3d at 966 ("Once it is recognized that evidence is probative of an element of the crime charged, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.") (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Manafort's supplemental motion *in limine* should be denied.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: July 22, 2018

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

*/s/*  _____
Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for United States of America*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 22nd day of July, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com


                    /s/
Uzo Asonye
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
uzo.asonye@usdoj.gov
Phone: (703) 299-3700
Fax: (703) 299-3981

*Attorney for the United States of America*