THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Criminal Action No. 1:18-cr-83 |
| ) | |
| PAUL J. MANAFORT, ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's and the government's motions *in limine* to exclude certain evidence at trial (Doc. 89, 93, 143). Specifically, on June 22, 2018, the government filed a motion (Doc. 93) seeking to preclude defendant from presenting argument or evidence at trial (i) that the Special Counsel was not authorized to prosecute this case, (ii) that defendant was selectively or vindictively prosecuted, and (iii) that any government investigation that preceded the Special Counsel's appointment ended with a decision not to prosecute defendant. That same day, on June 22, 2018, defendant filed a motion (Doc. 89) seeking to preclude evidence or argument (i) concerning any alleged collusion with the Russian government and defendant's affiliation with the Trump campaign, (ii) concerning the charges filed against defendant in the District of Columbia ("D.C."), and (iii) concerning defendant's recent remand into custody as a result of additional charges in D.C. On July 20, 2018, defendant filed a supplemental motion (Doc. 143) seeking to preclude the government from presenting argument or evidence concerning the substance of defendant's consulting work for the Ukraine, for former Ukrainian president Victor Yanukovych ("Yanukovych"), and for organizations associated with Yanukovych.

For the reasons stated from the Bench, and for good cause,

1

It is hereby **ORDERED** that the government's motion *in limine* to preclude defendant from presenting argument or evidence at trial that the Special Counsel was not authorized to prosecute this case is **DENIED AS MOOT** because defendant indicated that he did not intend to introduce any such evidence at trial.

It is further **ORDERED** that the government's motion *in limine* to preclude defendant from presenting argument or evidence at trial that defendant was selectively or vindictively prosecuted is **DENIED AS MOOT** because defendant indicated that he did not intend to adduce any such evidence at trial. If, at trial, defendant seeks to introduce evidence or present argument regarding the motive of the prosecution, defendant is **DIRECTED** to seek permission prior to doing so.

It is further **ORDERED** that the government's motion *in limine* to preclude defendant from presenting argument or evidence at trial that any former government investigation of defendant ended with a decision not to prosecute defendant is **GRANTED**. Defendant, however, is free to renew his request to introduce evidence or argument regarding a previous investigation of defendant if the evidence presented at trial warrants.

It is further **ORDERED** that defendant's motion *in limine* to preclude the government from presenting argument or evidence at trial concerning any alleged collusion with the Russian government is **DENIED AS MOOT** as the government indicated that it did not intend to introduce any such evidence.

It is further **ORDERED** that defendant's motion *in limine* to preclude the government from presenting argument or evidence at trial concerning defendant's affiliation with the Trump campaign is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** insofar as the government may introduce evidence of defendant's affiliation with the Trump campaign

for the limited purpose of explaining why a senior executive at Lender D intervened to approve defendant's loan—namely, that the senior executive hoped to secure a job on the Trump campaign and ultimately in the Trump Administration. Defendant's motion is **GRANTED** in all other respects.

It is further **ORDERED** that defendant's motion *in limine* to preclude the government from presenting argument or evidence at trial concerning the charges that defendant is facing in D.C. is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** insofar as the government will be permitted to introduce defendant's alleged co-conspirator, Richard Gates's, guilty plea in the D.C. case. The motion is **GRANTED** in all other respects.

It is further **ORDERED** that defendant's motion *in limine* to preclude the government from presenting argument or evidence at trial concerning defendant's recent remand into custody is **DENIED AS MOOT** because the government indicated that it did not intend to introduce any such evidence at trial.

It is further **ORDERED** that defendant's motion *in limine* to preclude the government from presenting argument or evidence at trial concerning the nature of defendant's work for the Ukraine, for Yanukovych, and for organizations associated with Yanukovych (Doc. 143) is **TAKEN UNDER ADVISEMENT.** Defendant is **DIRECTED** to file a supplemental memorandum by **Thursday, July 26, 2018 at 5:00 p.m.**, attaching copies of the specific exhibits that defendant seeks to exclude. The government is **DIRECTED** to file a response to defendant's supplemental memorandum by **Friday, July 27, 2018 at 5:00 p.m.** If defendant identifies a significant number of exhibits in his supplemental memorandum and the government requires additional time to respond, the government should notify the Court promptly.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
July 24, 2018

/s/
_____
T. S. Ellis, III
United States District Judge

4