22-Aug-2012 01:41 PM Long and Foster 703-525-0387  2/21
Authentisign ID: 94C58121-C1FE-40FD-8A58-234350C9C79...

# REGIONAL SALES CONTRACT

This SALES CONTRACT ("Contract") is made on **August 21, 2012** ("Contract Date") between **Andrea Manafort** ("Purchaser") and **Donald Abrashoff, Bruce Carter** ("Seller") who, among other things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real estate transaction **Long and Foster Real Estate, Inc** ("Listing Company") represents Seller, and **McEnearney Associates, Inc** ("Selling Company") represents ☒ Purchaser OR ☐ Seller. The Listing Company and Selling Company are collectively referred to as "Broker." (If the brokerage firm is acting as a dual representative for both Seller and Purchaser, then the appropriate disclosure form is attached to and made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable consideration the receipt and sufficiency of which are acknowledged, the parties agree as follows:

1. **REAL PROPERTY** Purchaser will buy and Seller will sell for the sales price ("Sales Price"), Seller's entire interest in the real property (with all improvements, rights and appurtenances) described as follows ("Property"):
   TAX Map/ID # **053-04**     Legal Description: Lot(s) **102A**     Block/Square _____
   Section **1**     Subdivision or Condominium _____
   Parking Space(s) # _____     County/Municipality **Arlington**
   Deed Book/Liber # **4369**     Page/Folio # **1372**
   Street Address **1046 N Edgewood St.**
   Unit # _____     City **Arlington**     State **VA**     Zip Code **22201**

2. **JURISDICTIONAL ADDENDUM** The following Jurisdictional Add[endum is ma]de a part of this Contract. Jurisdictional Addendum for ☐ DC ☒ VA ☐ MD/Co[unty]
   ☐ Other: _____

   *TAC Ins*

3. **PRICE AND FINANCING**
   A. Down Payment
   B. Financing   1. First Trust (if applicable)   $ _____
                  2. Second Trust (if applicable)  $ _____ **$4500**
                  3. Seller Held Trust              $ _____
                     Addendum attached (if applicable)
                  **TOTAL FINANCING**
                  **SALES PRICE**

   C. First Deed of Trust Purchaser will ☐ Obtain OR ☐ Assume a ☐ F[irs]t Deed of Trust loan of the following type:

      ☐ Conventional   See Addendum Attached   ☐ VA
      ☐ FHA            See Addendum Attached   ☐ Oth[er]
      ☐ This contract is not contingent on Financing.

   D. Second Deed of Trust Purchaser will ☐ Obtain OR ☐ Assume a ☐ Fixed OR an ☐ Adjustable rate Second Deed of Trust loan.

   E. **Assumption Only** Assumption fee, if any, and all charges related to the assumption will be paid by the Purchaser. If Purchaser assumes Seller's loan(s): (i) Purchaser and Seller ☐ will, OR ☐ will not obtain a release of Seller's liability to the U.S. Government for the repayment of the loan by Settlement, (ii) Purchaser and Seller ☐ will, OR ☐ will not obtain substitution of Seller's VA entitlement by Settlement. Balances of any assumed loans, secondary financing and cash down payments are approximate.

Initials: Seller: [D.Ma] [BAC]  Purchaser: [AM]

NVAR – K1321 – Rev 01/12                          Page 1 of 8
McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314
Phone: 703-549-9292   Fax: 703-739-0523   Wayne Holland                                   Andrea Manafort
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com



22-Aug-2012 01:41 PM Long and ●●●●ter 703-525-0387                                      3/21
Authentisign ID: 94C561E1-C1FE-40FD-8A58-204300C0C79B

4. **DEPOSIT** Purchaser has delivered a deposit ("Deposit") to _____**McEnearney Associates, Inc**_____ ("Escrow Agent") of ☒ $ **50,000.00** _____ check and/or ☐ $ _____ by note due and payable on _____.

The Deposit will be placed in an escrow account of the Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from the Deposit. The Deposit will be held in escrow until: (i) Credited toward the Sales Price at Settlement; (ii) All parties have agreed in writing as to its disposition; (iii) A court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) Disposed of in any other manner authorized by the laws and regulations of the appropriate jurisdiction. Seller and Purchaser agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct.

5. **DOWN PAYMENT** The balance of the down payment will be paid on or before the Settlement Date by certified or cashier's check or by bank-wired funds. An assignment of funds shall not be used without prior written consent of Seller.

6. **SETTLEMENT** Seller and Purchaser will make full settlement in accordance with the terms of this Contract ("Settlement") on, or with mutual consent before, ____**September 10**____, __**2012**__ ("Settlement Date") except as otherwise provided in this Contract. Purchaser selects: **TBD** _____ ("Settlement Agent") to conduct the Settlement. (For transactions in Virginia, use the Virginia Jurisdictional Addendum to select the Settlement Agent.) Either party may retain their own legal counsel. Purchaser agrees to contact the Settlement Agent within 10 Days after the Date of Ratification to schedule Settlement and to arrange for ordering the title exam and, if required, a survey.

7. **PROPERTY MAINTENANCE AND CONDITION** Except as otherwise specified herein, Seller will deliver the Property free and clear of trash and debris, broom clean and in substantially the same physical condition to be determined as of ☒ Contract Date OR ☐ Date of home inspection OR ☐ Other: _____.
Seller will have all utilities in service through Settlement or as otherwise agreed. Purchaser and Seller will not hold the Broker liable for any breach of this paragraph.

Purchaser acknowledges, subject to Seller acceptance, that this Contract may be contingent upon home inspection(s) and/or other inspections to ascertain the physical condition of the Property. If Purchaser desires one or more inspection contingencies, such contingencies must be included in an addendum to this Contract.
☒ This Contract is contingent upon home inspection(s) and/or other inspections. (Addendum Attached)
OR
☐ Purchaser declines the opportunity to make this Contract contingent upon home inspection(s) and/or other inspections.

Purchaser acknowledges that except as otherwise specified in this Contract, the Property, including electrical, plumbing, existing appliances, heating, air conditioning, equipment and fixtures shall convey in its AS-IS condition as of the date specified above.

8. **ACCESS TO PROPERTY** Seller will provide the Broker, Purchaser, inspectors representing Purchaser and representatives of lending institutions for Appraisal purposes reasonable access to the Property to comply with this Contract. In addition, Purchaser and/or Purchaser's representative will have the right to make a final inspection within 5 days prior to Settlement and/or occupancy, unless otherwise agreed to by Purchaser and Seller.

9. **UTILITIES** WATER, SEWAGE, HEATING AND CENTRAL AIR CONDITIONING (Check all that apply)
Water Supply:     ☒ Public  ☐ Private Well            ☐ Community Well
Sewage Disposal: ☒ Public  ☐ Septic for # BR _____  ☐ Community Septic  ☐ Alternative Septic for # BR: _____
Hot Water:        ☐ Oil    ☒ Gas       ☐ Elec.        ☐ Other _____

NVAR – K1321 – Rev 01/12                                        Page 2 of 8           Initials: Seller: _DMA_ _BAC_ Purchaser: _____
                        Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                 Andrea Manafor

22-Aug-2012 01:41 PM Long and ●●●ler 703-525-0387                                              4/21
Authentisign ID: 94C581E1-C1FE-40FD-6A58-234950C3C78E

Air Conditioning: ☐ Oil   ☐ Gas   ☒ Elec.   ☐ Heat Pump   ☐ Other ____   ☒ Zones 3
Heating:          ☐ Oil   ☒ Gas   ☐ Elec.   ☐ Heat Pump   ☒ Other **Radiat**   ☒ Zones 1

**10. PERSONAL PROPERTY AND FIXTURES** The Property includes the following personal property and fixtures, if existing: built-in heating and central air conditioning equipment, plumbing and lighting fixtures, sump pump, attic and exhaust fans, storm windows, storm doors, screens, installed wall-to-wall carpeting, window shades, blinds, window treatment hardware, smoke and heat detectors, TV antennas, exterior trees and shrubs. Unless otherwise agreed to in writing, all surface or wall mounted electronic components/devices **DO NOT** convey. If more than one of an item convey, the number of items is noted.

The items marked YES below are currently installed or offered.

| Yes | No | # | Items | Yes | No | # | Items | Yes | No | # | Items |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | 1 | Alarm System | ☐ | ☒ | | Freezer | ☐ | ☒ | | Satellite Dish |
| ☒ | ☐ | 1 | Built-in Microwave | ☐ | ☒ | | Furnace Humidifier | ☐ | ☒ | | Storage Shed |
| ☒ | ☐ | 2 | Ceiling Fan | ☒ | ☐ | 1 | Garage Opener | ☒ | ☐ | 1 | Stove or Range |
| ☐ | ☒ | | Central Vacuum | ☒ | ☐ | 2 | w/ remote | ☐ | ☒ | | Trash Compactor |
| ☒ | ☐ | 2 | Clothes Dryer | ☒ | ☐ | 1 | Gas Log | ☐ | ☒ | | Wall Oven |
| ☒ | ☐ | 2 | Clothes Washer | ☐ | ☒ | | Hot Tub, Equip, & Cover | ☐ | ☒ | | Water Treatment System |
| ☐ | ☒ | | Cooktop | ☐ | ☒ | | Intercom | ☐ | ☒ | | Window A/C Unit |
| ☒ | ☐ | 1 | Dishwasher | ☐ | ☒ | | Playground Equipment | ☐ | ☒ | | Window Fan |
| ☒ | ☐ | 1 | Disposer | ☐ | ☐ | | Pool, Equip & Cover | ☒ | ☐ | | Window Treatments |
| ☐ | ☒ | | Electronic Air Filter | ☒ | ☐ | 2 | Refrigerator | ☐ | ☒ | | Wood Stove |
| ☐ | ☒ | | Fireplace Screen/Door | ☒ | ☐ | 1 | w/ ice maker | | | | |

OTHER **Wall-mounted TV's, front porch furniture, three garage storage cabinets, hanging plants and concrete planters on porch, gas grill.**

**LEASED ITEMS** Any leased items, systems or service contracts (including, but not limited to, fuel tanks, water treatment systems, lawn contracts, security system monitoring, and satellite contracts) **DO NOT** convey absent an express written agreement by Purchaser and Seller. The following is a list of the leased items within the Property:

_____
_____

11. **FINANCING APPLICATION** If this Contract is contingent on financing, Purchaser will make written application for the Specified Financing and any lender required property insurance no later than 7 days after the Date of Ratification. Purchaser grants permission for the Selling Company and the lender to disclose to the Listing Company and the Seller general information available about the progress of the loan application and loan approval process. If Purchaser fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply. Seller agrees to comply with reasonable lender requirements, except as otherwise provided in the LENDER REQUIRED REPAIRS paragraph of the applicable financing contingency addendum.

12. **ALTERNATE FINANCING** Purchaser may substitute alternative financing and/or an alternative lender for Specified Financing provided: (a) Purchaser is qualified for alternative financing; (b) there is no additional expense to Seller; (c) the Settlement Date is not delayed; and (d) if Purchaser fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply.

13. **PURCHASER'S REPRESENTATIONS** Purchaser ☒ will, OR ☐ will not occupy the Property as Purchaser's principal residence. **Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.** The Selling Company ☐ is, OR ☐ is not authorized to disclose to the Listing Company, Seller and any lender the appropriate financial or credit information statement provided to the Selling Company by Purchaser. Purchaser acknowledges that Seller is relying upon all of Purchaser's representations, including without limitation, the accuracy of financial or credit information given to Seller, Broker or the lender by Purchaser.

NVAR – K1321 – Rev 01/12                                Page 3 of 8                 Initials: Seller: [DMA][BAC] Purchaser: YN

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                      Andrea Manafor

14. **TERMITE INSPECTION** The ☐ **Purchaser at Purchaser's expense** OR ☒ **Seller at Seller's expense**, will furnish a written report from a pest control firm dated not more than 30 days prior to Settlement showing that all dwelling(s) and/or garage(s) within the Property (excluding fences or shrubs not abutting garage(s) or dwelling(s)) are free of visible evidence of active termites and other wood-destroying insects, and free from visible insect damage. Any extermination and repairs for damage identified in the inspection report will be made at Seller's expense.

15. **DAMAGE OR LOSS** The risk of damage or loss to the Property by fire, act of God, or other casualty remains with Seller until the execution and delivery of the deed of conveyance to Purchaser at Settlement.

16. **TITLE** The title report and survey, if required, will be ordered promptly and, if not available on the Settlement Date, then Settlement may be delayed for up to 10 business days to obtain the title report and survey after which this Contract, at the option of Seller, may be terminated and the Deposit will be refunded in full to Purchaser according to the terms of the DEPOSIT paragraph. Fee simple title to the Property, and everything that conveys with it, will be sold free of liens except for any loans assumed by Purchaser. Title is to be good and marketable, and insurable by a licensed title insurance company with no additional risk premium. Title may be subject to commonly acceptable easements, covenants, conditions and restrictions of record, if any; otherwise, Purchaser may declare this Contract void, unless the defects are of such character that they may be remedied within 30 Days beyond the Settlement Date. In case action is required to perfect the title, such action must be taken promptly by Seller at Seller's expense. The Broker is hereby expressly released from all liability for damages by reason of any defect in the title. Seller will convey the Property by general warranty deed with English covenants of title (Virginia); general warranty deed (West Virginia); special warranty deed (D.C. and Maryland) ("Deed"). Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the lender, title insurance company, Settlement Agent, or government authority, and authorizes the Settlement Agent to obtain pay-off or assumption information from any existing lenders. The manner of taking title may have significant legal and tax consequences. Purchaser is advised to seek the appropriate professional advice concerning the manner of taking title. Unless otherwise agreed to in writing, Seller will pay any special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, homeowners' or property owners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date.

17. **POSSESSION DATE** Unless otherwise agreed to in writing between Seller and Purchaser, Seller will give possession of the Property at Settlement, including delivery of keys, if any. If Seller fails to do so and occupies the Property beyond Settlement, Seller will be a tenant at sufferance of Purchaser and hereby expressly waives all notice to quit as provided by law. Purchaser will have the right to proceed by any legal means available to obtain possession of the Property. Seller will pay any damages and costs incurred by Purchaser including reasonable attorney fees.

18. **FEES** Fees for the preparation of the Deed, that portion of the Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper charges assessed to Seller will be paid by Seller. Fees for the title exam (except as otherwise provided), survey, recording (including those for any purchase money trusts) and that portion of the Settlement Agent's fee billed to Purchaser, Purchaser's legal fees and any other proper charges assessed to Purchaser will be paid by Purchaser. Fees to be charged will be reasonable and customary for the jurisdiction in which the Property is located. (Recording, Transfer and Grantor's Taxes are covered in the appropriate jurisdictional addenda).

19. **BROKER'S FEE** Seller irrevocably instructs the Settlement Agent to pay the Broker compensation ("Broker's Fee") at Settlement as set forth in the listing agreement and to disburse the compensation offered by the Listing Company to the Selling Company in writing as of the Contract Date, and the remaining amount of Broker's compensation to the Listing Company.

20. **ADJUSTMENTS** Rents, taxes, water and sewer charges, front foot benefit and house connection charges, condominium unit owners' association, homeowners' and/or property owners' association regular periodic assessments (if any) and any other operating charges, are to be adjusted to the day of Settlement. Any heating or cooking fuels remaining in supply tank(s) at Settlement will become the property of Purchaser, unless leased. Taxes, general and special, are to be adjusted according to the certificate of taxes issued by the collector of taxes, if any, except that

recorded assessments for improvements completed prior to Settlement, whether assessments have been levied or not, will be paid by Seller or allowance made at Settlement. If a loan is assumed, interest will be adjusted to the Settlement Date and Purchaser will reimburse Seller for existing escrow accounts, if any.

21. **ATTORNEY'S FEES**
    A. If any Party breaches this Agreement and a non-breaching Party retains legal counsel to enforce its rights hereunder, the non-breaching Party shall be entitled to recover against the breaching Party, in addition to any other damages recoverable against any breaching Party, all of its reasonable Legal Expenses incurred in enforcing its rights under this Agreement, whether or not suit is filed, and in obtaining, enforcing and/or defending any judgment related thereto. Should any tribunal of competent jurisdiction determine that more than one party to the dispute has breached this Agreement, then all such breaching Parties shall bear their own costs, unless the tribunal determines that one or more parties is a "Substantially Prevailing Party", in which case any such Substantially Prevailing Party shall be entitled to recover from any of the breaching parties, in addition to any other damages recoverable against any breaching Party, all of its reasonable Legal Expenses incurred in enforcing its rights under this Agreement, whether or not suit is filed, and in obtaining, enforcing and/or defending any judgment related thereto.
    B. In the event a dispute arises resulting in the Broker (as used in this paragraph to include any agent, licensee, or employee of the Broker) being made a party to any litigation by the Purchaser or by the Seller, the Parties agree that the Party who brought the Broker into litigation shall indemnify the Broker for all of its reasonable Legal Expenses incurred, unless the litigation results in a judgment against the Broker.

22. **PERFORMANCE** Delivery of the required funds and executed documents to the Settlement Agent will constitute sufficient tender of performance. Funds from this transaction at Settlement may be used to pay off any existing liens and encumbrances, including interest, as required by lender(s) or lienholders.

23. **DEFAULT** If Purchaser fails to complete Settlement for any reason other than Default by Seller, at the option of Seller, the Deposit may be forfeited as liquidated damages (not as a penalty) in which event Purchaser will be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Purchaser's liability in the event of a Default. If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Purchaser, the Broker may accept and Seller agrees to pay the Broker one-half of the Deposit in lieu of the Broker's Fee, (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement). If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Purchaser, Purchaser will have the right to pursue all legal or equitable remedies, including specific performance and/or damages. If either Seller or Purchaser refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including, without limitation, reasonable attorney's fees, incurred by the other party in the litigation. Seller and Purchaser agree that no Escrow Agent will have any liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except only in the event of the Escrow Agent's gross negligence or willful misconduct. The parties further agree that the Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Purchaser each will indemnify, defend and save harmless the Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct. If either Purchaser or Seller is in default, then in addition to all other damages, the defaulting party will immediately pay the costs incurred for the title examination, Appraisal, survey and the Broker's Fee in full.

24. **OTHER DISCLOSURES** **Purchaser and Seller should carefully read this Contract to be sure that the terms accurately express their respective understanding as to their intentions and agreements. The Broker can counsel on real estate matters, but if legal advice is desired by either party, such party is advised to seek legal counsel. Purchaser and Seller are further advised to seek appropriate professional advice concerning the condition of the Property or tax and insurance matters.** The following provisions of this paragraph disclose some

matters which the parties may investigate further. These disclosures are not intended to create a contingency. Any contingency must be specified by adding appropriate terms to this Contract. The parties acknowledge the following disclosures:

A. **PROPERTY CONDITION** Various inspection services and home warranty insurance programs are available. The Broker is not advising the parties as to certain other issues, including without limitation: water quality and quantity (including but not limited to, lead and other contaminants); sewer or septic; soil condition; flood hazard areas; possible restrictions of the use of the Property due to restrictive covenants, zoning, subdivision, or environmental laws, easements or other documents; airport or aircraft noise; planned land use, roads or highways; and construction materials and/or hazardous materials, including but without limitation flame retardant treated plywood (FRT), radon, urea formaldehyde foam insulation (UFFI), mold, polybutylene pipes, synthetic stucco (EIFS), underground storage tanks, Defective Chinese drywall, asbestos and lead-based paint. Information relating to these issues may be available from appropriate government authorities.

B. **LEGAL REQUIREMENTS** All contracts for the sale of real property must be in writing to be enforceable. Upon ratification and Delivery, this Contract becomes a legally binding agreement. Any changes to this Contract must be made in writing for such changes to be enforceable.

C. **FINANCING** Mortgage rates and associated charges vary with financial institutions and the marketplace. Purchaser has the opportunity to select the lender and the right to negotiate terms and conditions of the financing subject to the terms of this Contract. The financing may require substantial lump sum (balloon) payments on the due dates. Purchaser has not relied upon any representations regarding the future availability of mortgage money or interest rates for the refinancing of any such lump sum payments.

D. **BROKER** Purchaser and Seller acknowledge that the Broker is being retained solely as a real estate agent and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, mold or air quality expert, home inspector or other professional service provider. The Broker may from time to time engage in the general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services. Therefore, in addition to the Broker's Fee specified herein, the Broker may receive compensation related to other services provided in the course of this transaction pursuant to the terms of a separate agreement/disclosure.

E. **PROPERTY TAXES** Your property tax bill could substantially increase following settlement. For more information on property taxes contact the appropriate taxing authority in the jurisdiction where the Property is located.

F. **PROPERTY INSURANCE** Obtaining property insurance is typically a requirement of the lender in order to secure financing. Insurance rates and availability are determined in part by the number and nature of claims and inquiries made on a property's policy as well as the number and nature of claims made by a prospective Purchaser. Property insurance has become difficult to secure in some cases. Seller should consult an insurance professional regarding maintaining and/or terminating insurance coverage.

25. **ASSIGNABILITY** This Contract may not be assigned without the written consent of Purchaser and Seller. If Purchaser and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until Settlement.

26. **DEFINITION**
   A. "Appraisal" means a written appraised valuation of the Property.
   B. "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.
   C. All reference to time of day shall refer to the time of day in the Eastern Time Zone of the United States.
   D. For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 9 p.m. on the Day specified. If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior business day.

NVAR – K1321 – Rev 01/12        Page 6 of 8        Initials: Seller [D.Ma BaC] Purchaser
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com        Andrea Manafor

0.7.4249.397977.pdf        DOJSCO-400011708

22-Aug-2012 01:41 PM Long and ●●●●●ter 703-525-0387

8/21

E. "Date of Ratification" means the date of final acceptance in writing by Purchaser and Seller, of all the terms of this Contract (not the date of expiration or removal of any contingencies).
F. For "Delivery" and "Notices" definitions, see appropriate Jurisdictional Addendum.
G. "Specified Financing" means the loan type(s) and amount(s), if any, specified in the PRICE AND FINANCING paragraph.
H. The masculine includes the feminine and the singular includes the plural.
I. "Possession Date" - See POSSESSION DATE paragraph.
J. "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including, but not limited to, expert witness fees and court reporter fees.

27. **MISCELLANEOUS** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via facsimile machines will also be considered as originals. Typewritten or handwritten provisions included in this Contract will control all pre-printed provisions that are in conflict.

28. **VOID CONTRACT** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a release directing that the Deposit be refunded in full to Purchaser according to the terms of the DEPOSIT paragraph.

29. **HOME WARRANTY** ☐ Yes OR ☒ No
Home Warranty Policy paid for and provided at Settlement by: ☐ Purchaser or ☐ Seller.
Cost not to exceed $ _____ . Warranty provider to be _____

30. **TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS CONTRACT.**

31. **ENTIRE AGREEMENT** This Contract will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The Interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located.

32. **ELECTRONIC SIGNATURES** In accordance with the Uniform Electronic Transactions Act (UETA) and the Electronic Signatures in Global and National Commerce Act, or E-Sign (the Act), and other applicable local or state legislation regarding Electronic Signatures and Transactions, the parties do hereby expressly authorize and agree to the use of electronic signatures as an additional method of signing and/or initialing this Contract. The parties hereby agree that either party may sign electronically by utilizing a digital signature service.

Seller: DMA / BAC   Purchaser: XM /

SELLER:  
Donald M Abrashoff  
8/22/2012 2:34:14 PM  
Date  Signature  
Donald Abrashoff  

Bruce A Carter  
8/22/2012 2:35:49 PM  
Date  Signature  
Bruce Carter

PURCHASER:  
8/21/12  
Date  Signature  
Andrea Manafort

Date  Signature

Date of Ratification (see DEFINITIONS)
August 22, 2012

NVAR - K1321 - Rev 01/12    Page 7 of 8
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    Andrea Manafor

0.7.4249.397977.pdf

DOJSCO-400011709

22-Aug-2012 01:41 PM Long and ter 703-525-0387                               9/21
Authentisign ID: 94C5B1E1-C1FE-40FD-6A58-2343S0C3C79E

***********************************************************************************

For information purposes only:

| Listing Company's Name and Address: | Selling Company's Name and Address: |
|---|---|
| Long and Foster Real Estate, Inc | McEnearney Associates, Inc |
| ▮ Lee Highway | ▮ S Pitt Street |
| Arlington, VA 22207 | Alexandria, VA 22314 |

Office # _____ FAX # _____     Office # ▮▮▮▮▮▮▮ FAX # ▮▮▮▮▮

MRIS Broker Code and Office ID LNG84     MRIS Broker Code and Office ID MCE1

Agent Name Susan Joy     Agent Name Wayne Holland

Real Estate License Number & Jurisdiction     Real Estate License Number & Jurisdiction

Agent MRIS ID# 82808     Agent MRIS ID# 44616

Team Leader/Agent _____     Team Leader/Agent _____

Agent Email Address ▮▮▮▮▮▮▮▮▮▮▮▮     Agent Email Address ▮▮▮▮▮▮▮▮▮▮▮▮




©2012. This is a suggested form owned by certain REALTOR® Associations ("Associations"). This form has been created and printed exclusively for the use of REALTORS® and members of the Associations, who may copy or otherwise reproduce this form in identical form with the addition of their company logo and with any other changes being set forth in a clearly marked separate addendum. Any other use of this form is prohibited without prior written authorized consent of the Associations.

NVAR – K1321 – Rev 01/12            Page 8 of 8
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com           Andrea Manafor

0.7.4249.397977.pdf                                                                                    DOJSCO-400011710

22-Aug-2012 01:41 PM Long and ~~~ter 703-525-0387                               10/21
Authentisign ID: 94C561E1-C1FE-40FD-8A58-234350C3C76E

# VIRGINIA JURISDICTIONAL ADDENDUM

This Addendum is made on _____**August 21, 2012**_____, to a Sales Contract ("Contract")
dated _____**August 21, 2012**_____ between

**Andrea Manafort** ("Purchaser")

whose address is: ███ **N Danville Street, Arlington, VA 22201**

and **Donald Abrashoff, Bruce Carter** ("Seller")

whose address is: ~~1046~~ **Edgewood Street, Arlington, VA 22201**

for the purchase and sale of the Property: **1045 N Edgewood St, Arlington, VA 22201**

1. **DELIVERY** The requirements for delivery of property or condominium owner's association documents are specified in the Virginia Property Owners' Association Act and/or Virginia Condominium Act paragraphs of this addendum. Delivery of the Notice pursuant to the Residential Property Disclosure Act is addressed in Paragraph 4.

Delivery ("Delivery", "delivery", or "delivered") methods may include hand-carried, sent by professional courier service, by United States mail, or by facsimile or email transmission. The parties agree that Delivery will be deemed to have occurred: on the day delivered by hand, on the day delivered by a professional courier service (including overnight delivery service), or by United States mail, return receipt requested, or on the day sent by facsimile or email transmission, either of which produces a tangible record of the transmission.

Deliveries will be sent to the following:

A. Addressed to Seller at the Property address unless otherwise specified below:

By United States mail, hand delivery or courier service at _____
                                                                                          OR
_____
                                                                                          OR
By facsimile to Seller at _____

By email to Seller at ███████████████████████

B. Addressed to Purchaser:

By United States mail, hand delivery or courier service at **Purchaser's Address**
                                                                                          OR
_____
                                                                                          OR
By facsimile to Purchaser at _____

By email to Purchaser at ███████████████████████

**COURTESY COPIES:** Copies of any addenda, amendments, or Notices required by the Contract will also be provided as a courtesy to the Brokers at the following fax/mailing address/email address. The parties agree that such courtesy copies sent to the Broker will NOT constitute Delivery and that if a Broker is specified in A or B above then there is no need to Deliver the courtesy copy. This paragraph does not require items to be sent to the Broker twice.

Initials: Seller [DMA] [BAC]  Purchaser [AM]

NVAR - K1345 - rev. 01/12                             Page 1 of 6                              Andrea Manafor
McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314
Phone: 703-549-9292      Fax: 703-739-0523      Wayne Holland
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

0.7.4249.397977.pdf                                                                    DOJSCO-400011711

22-Aug-2012 01:41 PM Long and ster 703-525-0387                                                                    11/21
Authentisign ID: 94C58181-C1FE-40FD-8A58-254350C5C78E

Listing Company: **Fax:** ▓▓▓▓▓▓▓ ; **Mail c/o Susan Joy,** ▓▓▓ **Lee Highway,**
**Arlington, VA 22207;** Email: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Selling Company: **Fax:** ▓▓▓▓▓▓▓ ; **Mail: c/o Wayne Holland,** ▓▓▓ **S Pitt St,**
**Alexandria, VA 22314;** Email: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

No party to this Contract will refuse Delivery in order to delay or extend any deadline established in the Contract.

**2. NOTICES** Notice ("Notice", "notice", or "notify") means a unilateral communication from one party to another. All Notices required under this Contract will be in writing and will be effective as of Delivery. For the purposes of computing time periods, the first Day will be the Day following Delivery and the time period will end at 9 p.m. on the Day specified. Written acknowledgment of receipt of Notice is a courtesy but is not a requirement.

**3. FINANCING** If this Contract is contingent upon financing, then the applicable Financing Addendum must be attached.

**4. VIRGINIA RESIDENTIAL PROPERTY DISCLOSURE ACT** The Virginia Residential Property Disclosure Act requires Seller to deliver a disclosure statement prior to the acceptance of this Contract unless the transfer of the Property is exempt. The law requires Seller, on a disclosure statement provided by the Real Estate Board, to state that Seller makes no representations or warranties concerning the physical condition of the Property and to sell the Property "as is", except as otherwise provided in this Contract.

If the disclosure statement is delivered to the Purchaser after the Date of Ratification, the Purchaser's sole remedy shall be to terminate the Contract at or prior to the earliest of (i) 3 days after delivery of the disclosure statement in person; (ii) 5 days after the postmark if the disclosure statement is sent by United States mail, postage prepaid, and properly addressed to the Purchaser; (iii) settlement upon purchase of the Property; (iv) occupancy of the Property by the Purchaser; (v) the Purchaser making written application to a lender for a mortgage loan where such application contains a disclosure that the right of termination shall end upon the application for the mortgage loan; or (vi) the execution by the Purchaser after receiving the disclosure statement of a written waiver of the Purchaser's right of termination separate from the Contract.

Written Notice of termination may be (i) hand delivered; (ii) sent by United States mail, postage prepaid, provided that Purchaser retains sufficient proof of mailing, which may be either a United States postal certificate of mailing or a certificate of service confirming that such mailing was prepared by Purchaser; (iii) sent by electronic means to the facsimile number or electronic mailing address provided by Seller in the "Delivery" paragraph of this Addendum, provided that Purchaser retains sufficient proof of the electronic delivery, which may be an electronic receipt of delivery, a confirmation that the notice was sent by facsimile, or a certificate of service; (iv) overnight delivery using a commercial service or the United States Postal Service.

Any such termination shall be without penalty to the Purchaser, and any deposit shall be promptly returned to the Purchaser.

NVAR - K1345 - rev. 01/12                           Page 2 of 6     Initials: Seller [DMA] [BAC] / Purchaser: [CKM]
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com                    Andrea Manafor

5. **SMOKE DETECTORS** Seller shall deliver the Property with smoke detectors installed and functioning in accordance with the laws and regulations of the applicable jurisdiction.

6. **TARGET LEAD-BASED PAINT HOUSING** Seller represents that any residential dwellings at the Property ☒ were OR ☐ were not constructed before 1978. If the dwellings were constructed before 1978, unless exempt under 42 U.S.C. 4852d, the property is considered "target housing" under the statute and a copy of the "Sale: Disclosure and Acknowledgment of Information on Lead-Based Paint and/or Lead-Based Paint Hazards" has been attached and made a part of the Contract as required by law. Purchaser ☒ Yes OR ☐ No waives the right to a risk assessment or inspection of the Property for the presence of lead-based paint and/or lead-based paint hazards. If No, a copy of the "Sales Contract Addendum for Lead-Based Paint Testing" is attached to establish the conditions for a lead-based paint risk assessment or inspections.

7. **VIRGINIA PROPERTY OWNERS' ASSOCIATION ACT** Seller represents that the Property ☐ is OR ☒ is not located within a development that is subject to the Virginia Property Owner's Association Act ("POA Act"). The POA Act requires the Seller of a property within such a development to obtain an Association Disclosure Packet from the property owners' association and provide it to Purchaser. The information in the Association Disclosure Packet shall be current as of a date specified on the Association Disclosure Packet. For delivery of the Packet or the Notice of non-availability of the Packet, Purchaser chooses the following method: ☐ hardcopy OR ☐ electronic at the following address: _____

Purchaser may cancel the contract (a) within 3 days of the Date of Ratification if Purchaser receives the Association Disclosure Packet on or before the Date of Ratification, (b) within 3 days after receiving the Association Disclosure Packet by hand delivery, (c) within 3 days after receiving the Association Disclosure Packet electronically with a receipt to sender, or (d) within 6 days after the postmark date if the Association Disclosure Packet is mailed to Purchaser.

If the Association Disclosure Packet is not available, Purchaser may cancel the contract (a) within 3 days of the Date of Ratification if Purchaser receives notification that the Association Disclosure Packet will not be available on or before the Date of Ratification, (b) within 3 days after receiving notification that the Association Disclosure Packet will not be available by hand-delivery or electronic means, or (c) within 6 days after the postmark date of the mailed notification.

Purchaser may also cancel this Contract at any time prior to Settlement if Purchaser has not been notified that the Association Disclosure Packet will not be available and the Association Disclosure Packet is not delivered to Purchaser.

Written Notice of cancellation may be (i) hand delivered; (ii) sent by United States mail, postage prepaid, provided that Purchaser retains sufficient proof of mailing, which may be either a United States postal certificate of mailing or a certificate of service confirming that such mailing was prepared by Purchaser; (iii) sent by electronic means to the facsimile number or electronic mailing address provided by Seller in the "Delivery" paragraph of this Addendum, provided that Purchaser retains sufficient proof of the electronic delivery, which may be an electronic receipt of delivery, a confirmation that the notice was sent by facsimile, or a certificate of service confirming that such electronic delivery was prepared by Purchaser, or (iv) by overnight delivery using a commercial service or the United States Postal Service.

22-Aug-2012 01:41 PM Long and Foster 703-525-0387 13/21

Purchaser's failure to send Notice of cancellation within the allotted time frames shall extinguish Purchaser's rights to cancel the contract under the Virginia Property Owners' Association Act. Such cancellation shall be without penalty; this Contract shall become void, both parties shall promptly execute a release and the Deposit shall be refunded in full to Purchaser.

Purchaser, at Purchaser's expense, shall have the right to request that the association provide an update of the Association Disclosure Packet previously furnished, along with the assurance that there has been no material change, or if there have been material changes, a statement specifying such changes.

The right to receive the Association Disclosure Packet and to cancel this Contract terminates at Settlement.

**8. VIRGINIA CONDOMINIUM ACT** Seller represents that the Property ☐ is OR ☒ is not a condominium unit. If the Property is a condominium unit, this Contract is subject to the Virginia Condominium Act which requires Seller to obtain from the condominium unit owners' association ("Unit Owners' Association") certain financial and other disclosures ("Resale Certificate") and provide it to Purchaser. If the required disclosures are not available on the Date of Ratification, Seller shall promptly request them from the Unit Owners' Association and provide them to Purchaser who shall acknowledge receipt in writing upon Delivery. The information contained in the Resale Certificate shall be current as of a date specified on the Resale Certificate. For delivery of the Certificate, Purchaser chooses the following method: ☐ hardcopy OR ☐ electronic at the following address: _____

Purchaser may cancel this Contract: (a) within 3 Days after the Contract Date, if Purchaser receives the Resale Certificate on or before the Date of Ratification; (b) within 3 Days after receiving the Resale Certificate if the Resale Certificate is delivered by hand or electronically with a receipt to sender; or (c) within 6 Days after the postmark date if the Resale Certificate is sent to Purchaser by United States mail, return receipt requested.

After receiving the Resale Certificate from Seller, Purchaser, at Purchaser's expense, may submit a copy of the Contract to the Unit Owners' Association along with a request for assurance from the Association that the information submitted in the Resale Certificate remains materially unchanged, or if there have been material changes, a statement specifying such changes.

Written Notice of cancellation may be (i) hand delivered; (ii) sent by United States mail, postage prepaid, provided that Purchaser retains sufficient proof of mailing, which may be either a United States postal certificate of mailing or a certificate of service confirming that such mailing was prepared by Purchaser; (iii) sent by electronic means to the facsimile number or electronic mailing address provided by Seller in the "Delivery" paragraph of this Addendum, provided that Purchaser retains sufficient proof of the electronic delivery, which may be an electronic receipt of delivery, a confirmation that the notice was sent by facsimile, or a certificate of service confirming that such electronic delivery was prepared by Purchaser, or (iv) by overnight delivery using a commercial service or the United States Postal Service.

Purchaser's failure to send Notice of cancellation within the allotted time frames shall extinguish Purchaser's rights to cancel the Contract under the Virginia Condominium Act. Such cancellation shall be without penalty; this Contract shall become void, both parties shall promptly execute a release and the Deposit shall be refunded in full to Purchaser.

NVAR - K1345 - rev. 01/12     Page 4 of 6     Initials: Seller: DMA DAC   Purchaser: NKM

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com     Andrea Manafor

0.7.4249.397977.pdf

DOJSCO-400011714

22-Aug-2012 01:41 PM Long and ter 703-525-0387   14/21
Authentisign ID: 84C581E1-C1FE-40FD-8A58-234350C3C79E

The right to receive the Resale Certificate and to cancel this Contract terminates at Settlement.

9. **NOTICE TO PURCHASER REGARDING THE REAL ESTATE SETTLEMENT AGENTS ACT ("RESAA")**
Choice of Settlement Agent: You have the right to select a Settlement agent to handle the closing of this transaction. The Settlement agent's role in closing your transaction involves the coordination of numerous administrative and clerical functions relating to the collection of documents and the collection and disbursement of funds required to carry out the terms of the contract between the parties. If part of the purchase price is financed, your lender will instruct the Settlement agent as to the signing and recording of loan documents and the disbursement of loan proceeds. No Settlement agent can provide legal advice to any party to the transaction except a Settlement agent who is engaged in the private practice of law in Virginia and who has been retained or engaged by a party to the transaction for the purpose of providing legal services to that party.
Variation by agreement: The provisions of the Real Estate Settlement Agents Act may not be varied by agreement, and rights conferred by this chapter may not be waived. The Seller may not require the use of a particular settlement agent as a condition of the sale of the property.
Escrow, closing and Settlement service guidelines: The Virginia State Bar issues guidelines to help Settlement agents avoid and prevent the unauthorized practice of law in connection with furnishing escrow, Settlement or closing services. As a party to a real estate transaction, you are entitled to receive a copy of these guidelines from your Settlement agent, upon request, in accordance with the provisions of the Real Estate Settlement Agents Act.

Purchaser wishes to employ TBD
("Settlement Agent"). Purchaser agrees to contact the Settlement Agent within 10 Days of the Date of Ratification to schedule Settlement. Settlement Agent shall order the title exam and survey if required.

10. **NOTICE OF POSSIBLE FILING OF MECHANICS' LIEN** Code of Virginia Section 43-1 et seq. permits persons who have performed labor or furnished materials for the construction, removal, repair or improvement of any building or structure to file a lien against the property. This lien may be filed at any time after the work is commenced or the material is furnished, but not later than the earlier of (i) 90 Days from the last day of the month in which the lienor last performed work or furnished materials or (ii) 90 Days from the time the construction, removal, repair or improvement is terminated. AN EFFECTIVE LIEN FOR WORK PERFORMED PRIOR TO THE DATE OF SETTLEMENT MAY BE FILED AFTER SETTLEMENT. LEGAL COUNSEL SHOULD BE CONSULTED.

11. **ADDITIONAL FEES** Grantors tax shall be paid by Seller. Purchaser shall pay recording charges for the Deed and any purchase money trusts.

12. **ARBITRATION** Nothing in this Contract shall preclude arbitration under the Code of Ethics and Standards of Practice of the National Association of REALTORS®.

13. **REAL ESTATE LICENSED PARTIES** The parties acknowledge that n/a
is an ☐ active or ☐ inactive licensed real estate agent in ☐ DC ☐ MD ☐ VA ☐ WV ☐ Other and is either the ☐ Purchaser or ☐ Seller OR ☐ is related to one of the parties in this transaction.

NVAR - K1345 - rev. 01/12    Page 5 of 6    Initial: Seller [DMA] [BAE] Purchaser: [initials]

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    Andrea Manafor

22-Aug-2012 01:41 PM Long andter 703-525-0387  15/21
Authentisign ID: 94C581E1-C1FE-40FD-8A58-234D50C3C70E

**14. ADDITIONS** The following forms, if ratified and attached, are made a part of this Contract. (This list is not all inclusive of addenda that may need to be attached).

| | | | | | |
|---|---|---|---|---|---|
| ☐ Yes | ☒ No | Lead Based Paint Inspection Contingency | | | |
| ☒ Yes | ☐ No | Home Inspection/Radon Testing Contingency | | | |
| ☐ Yes | ☒ No | Contingency and Clauses | ☐ Yes ☒ No | Well and Septic Contingency |
| ☐ Yes | ☒ No | Pre-Settlement Occupancy | ☐ Yes ☒ No | Post-Settlement Occupancy |
| ☒ Yes | ☐ No | Residential Property Disclosure | ☒ Yes ☐ No | Lead Based Paint Disclosure |
| ☐ Yes | ☒ No | FHA Home Inspection Notice | ☐ Yes ☒ No | FHA Financing |
| ☐ Yes | ☒ No | Conventional Financing | ☐ Yes ☒ No | VA Financing |
| ☒ Yes | ☐ No | Other (specify): **Business Affiliation Discl, Megan' Law Discl** | | |

**15. OTHER TERMS**
~~Sellers will replace 2 non-conveying ceiling fixtures in kitchen.~~ Install
~~ventless gas fireplace log at living room fireplace.~~

SELLER:                                              PURCHASER:
          48394D8B-4D8D-4DD4-8C0C
          *Donald M Abrashoff*                       8/21/12  
          8/22/2012 2:34:33 PM
Date      Signature                                  Date     Signature
          Donald Abrashoff                                    Andrea Manafort

          *Bruce A Carter*
Date      Signature                                  Date     Signature
          Bruce Carter

© 2012 Northern Virginia Association of REALTORS®, Inc.
This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.

NVAR - K1345 - rev. 01/12                Page 6 of 6

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          Andrea Manafort

0.7.4249.397977.pdf                                                                              DOJSCO-400011716

22-Aug-2012 01:41 PM Long and ▊ter 703-525-0387                                    16/21
Authentisign ID: 94C5B1E1-C1FE-40FD-8A88-334350C3C79E

# RESIDENTIAL PROPERTY DISCLOSURE STATEMENT

## NOTICE TO SELLER AND PURCHASER

The Virginia Residential Property Disclosure Act (§ 55-517 et seq. of the Code of Virginia) requires the owner of certain residential real property, whenever the property is to be sold or leased with an option to buy, to furnish this form to the purchaser and to refer the purchaser to a Virginia Real Estate Board website for additional information.

Certain transfers of residential property are excluded from this requirement (see § 55-518).

Property Address/ 1046 N Edgewood St, Arlington, VA 22201
Legal Description: LOT 192A SEC 1 MOORES ADDN CLARENDON 9273 SQ FT

The owner makes no representations with respect to the matters set forth and described at the RESIDENTIAL PROPERTY DISCLOSURES web page. The purchaser is advised to consult the website (http://www.dpor.virginia.gov/dporweb/reb_consumer.cfm) for important information about the real property.

The undersigned owner(s) represents that there are no pending enforcement actions pursuant to the Uniform Statewide Building Code (§ 36-97 et seq.) that affect the safe, decent, and sanitary living conditions of the real property described above of which the owner has been notified in writing by the locality, nor any pending violation of the local zoning ordinance which the violator has not abated or remedied under the zoning ordinance, within a time period set out in the written notice of violation from the locality or established by a court of competent jurisdiction, except as disclosed on this statement.

The owner(s) acknowledge having carefully examined this statement and further acknowledge that they have been informed of rights and obligations under the Virginia Residential Property Disclosure Act.

*Donald M Abrashoff*                                    *Bruce A Carter*
8/22/2012 2:34:35 PM                                    8/22/2012 2:37:24 PM
_____  _____                  _____  _____
Owner                        Date                       Owner                        Date
Donald Abrashoff                                        Bruce Carter

The purchaser(s) acknowledge receipt of a copy of this disclosure statement and further acknowledge that they have been informed of their rights and obligations under the Virginia Residential Property Disclosure Act.

[signature]                  4/21/12
_____  _____                  _____  _____
Purchaser                    Date                       Purchaser                    Date
Andrea Manafort

DPOR 7/11

McEnearney Associates REALTORS® - Alexandria ▊ S. Pitt Street  Alexandria, VA 22314                Andrea Manafor
Phone: ▊▊▊         Fax: ▊▊▊              Wayne Holland
                   Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

0.7.4249.397977.pdf                                                                DOJSCO-400011717

## MEGAN'S LAW DISCLOSURE

Tenant(s)/Purchaser(s) should exercise whatever due diligence Tenant(s)/Purchaser(s) deems necessary with respect to information on sexual offenders registered under Chapter 23 (§19.2-387 et seq.) of Title 19.2. Such information may be obtained by contacting your local police department or the Department of State Police, Central Records Exchange at (804) 674-2000 or www.sex-offender.vsp.virginia.gov/sor.

The Tenant(s)/Purchaser(s) acknowledge receipt of a copy of this disclosure statement.

TENANT/PURCHASER:

8/21/12
_____  _____     _____  _____
Date                   Signature                 Date                   Signature
                       Andrea Manafort

_____  _____     _____  _____
Date                   Signature                 Date                   Signature



© 2009 Northern Virginia Association of REALTORS®, Inc.
This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.



NVAR – K1272 – Rev. 04/09

Page 1 of 1

McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314
Phone: 703-549-9292      Fax: 703-739-0523      Wayne Holland                                              Andrea Manafort
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com



22-Aug-2012 01:41 PM Long and ter 703-525-0387
Authentisign ID: 94C581E1-C1FE-40FD-8A58-234350C3C79E

19/21



# HOME INSPECTION AND RADON TESTING ADDENDUM

This Addendum is made on __August 21, 2012__ to a Sales Contract ("Contract") dated __August 21, 2012__ between __Andrea Manafort__ ("Purchaser") and __Donald Abrashoff, Bruce Carter__ ("Seller") for the purchase and sale of the Property: 1046 N Edgewood St, Arlington, VA 22201.

1. HOME INSPECTION This Contract is contingent ("Home Inspection Contingency") until 9 p.m. __10__ Days after the Date of Ratification ("Home Inspection Deadline") upon inspection ("Inspection") of the Property by a professional, insured inspector(s) at the Purchaser's discretion and expense. Pursuant to the terms of the Contract, the Seller will have all utilities in service. The Home Inspection Contingency will terminate at the Home Inspection Deadline unless by the Home Inspection Deadline the Purchaser has Delivered to the Seller a copy of the entire inspection report(s) and:

    A. A written Addendum of requested repair or replacement items. The Seller may, at the Seller's option, within __2__ Days after Delivery of the addendum, elect in writing to remedy the deficiencies prior to Settlement. If the Seller does not elect to make the repairs or replacements, or makes a counter offer, or does not respond, the Purchaser will have __2__ Days to respond or remove this Contingency and take the Property in its present physical condition or this contract will become void. Any counter-offer of Purchaser, and any subsequent counter-offer by either party, shall be responded to by the other party within __2__ Days of Delivery of such counter offer. The failure of one party to respond to such counter-offer or to remove this Contingency within the required response period shall result in the Contract becoming void at the expiration of that response period OR

    B. A Notice voiding this Contract.

If no Addendum or Notice is provided by the Deadline this contingency will expire and the Contract will remain in full force and effect with no contingency for Home Inspection.

2. RADON TESTING This Contract is contingent until 9 p.m. _____ Days after the Date of Ratification ("Deadline") upon the Purchaser, at the Purchaser's discretion and expense, having the Property inspected for the presence of radon by a testing firm ("Testing Firm") listed with the National Radon Safety Board ("NRSB"), or The National Environmental Health Association ("NEHA") using an U.S. Environmental Protection Agency ("EPA") approved testing method. Testing device to be placed and retrieved by an NRSB or NEHA listed technician. This contingency will terminate at the Deadline unless by the Deadline the Purchaser has Delivered to the Seller a copy of the radon testing report which confirms the presence of radon that equals or exceeds the action level established by the EPA together with either:

    A. A written addendum requiring the Seller at Seller's expense prior to Settlement to address the radon condition by contracting with an NRSB or NEHA listed remediation firm to reduce the presence of radon below the action level established by the EPA and by providing the Purchaser with written re-test results performed by a Testing Firm confirming such reduction of radon. The Seller may, at the Seller's option, within _____ Days after Delivery of the addendum, elect in writing to remedy the condition prior to Settlement.

    If the Seller does not elect to perform in accordance with the addendum, or makes a counter-offer, or does not respond, the Purchaser will have _____ Days after Delivery of Seller's counter-offer or the expiration of the period in which Seller had to respond, to respond or remove this Contingency and take the Property in its present physical condition or this Contract will become void. Any counter-offer of Purchaser, and any subsequent counter-offer by either party, shall be responded to by the other party within _____ Days of Delivery of such counter-offer. The failure of one party to respond to such counter-offer within the required response period shall result in the Contract becoming void at the expiration of that response period OR

    B. Notice voiding this Contract.

SELLER:
/_Donald M. Abrashoff_/
    8/22/2012 2:34:45 PM
Date    Signature
        Donald Abrashoff

/_Bruce A Carter_/
    8/22/2012 1:07:30 PM
Date    Signature
        Bruce Carter

PURCHASER:
/ 8/21/12 / _Andrea Manafort_ (signature)
Date    Signature
        Andrea Manafort

/
Date    Signature

NVAR – K1342—01/12    ©2012 NVAR. All Rights Reserved
McEnearney Associates REALTORS® - Alexandria  S. Pitt Street Alexandria, VA 22314
Phone:          Fax:              Wayne Holland                                    Andrea Manafort
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

DOJSCO-400011720

## SALE: DISCLOSURE AND ACKNOWLEDGMENT OF INFORMATION ON LEAD-BASED PAINT AND/OR LEAD-BASED PAINT HAZARDS

For the sale of the Property at 1046 N Edgewood St, Arlington, VA 22201

**Lead Warning Statement**

Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.

**Seller's Disclosure (initial)**

[D.MA] / [BAC]  (a) Presence of lead-based paint and/or lead-based paint hazard (check one below):
☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain):
_____

[D.MA] / [BAC]  ☒ Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.
(b) Records and Reports available to the seller (check one below):
☐ Seller has provided the purchaser with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below):
_____
☒ Seller has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Purchaser's Acknowledgment (initial)**

[M] / (c) Purchaser has received and had an opportunity to review copies of all information listed above.
[M] / (d) Purchaser has received the pamphlet *Protect Your Family From Lead in Your Home*.
[M] / (e) Purchaser has (check one below):
☐ Received a 10-day opportunity (or mutually agreed upon period) to conduct a risk assessment or inspection for the presence of lead-based paint or lead-based paint hazards; or
☒ Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards.

**Sales Associates' Acknowledgments (initial)**

[SJ] / [WRH]  (f) Listing and Selling Sales Associates are aware of their duty to ensure compliance with 42 U.S.C. 4852d. These Associates have informed the Seller of the Seller's obligations under this law as evidenced by Seller and Purchaser having completed this form.

**Certification of Accuracy**

The undersigned have reviewed the information above and certify that to the best of their knowledge the information they have provided is true and accurate.

SELLER:  Donald M. Abrashoff  PURCHASER: 8/21/12 Andrea Manafort
Date / Signature                 Date / Signature
                Donald Abrashoff                    Andrea Manafort

Date / Signature Bruce A. Carter  Date / Signature
                Bruce Carter

8/22/12 / Signature of Listing Associate  8/21/12 / Signature of Selling Associate
Date    Susan Joy                  Date    Wayne Holland

© 2008 Northern Virginia Association of REALTORS®, Inc.

NVAR – K1034
This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.
McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314         Phone: 703-549-9292     Fax: 703-739-0523
Wayne Holland            Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    Andrea Manafort