IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:18 CR 83 |
| PAUL J. MANAFORT, Jr., | The Honorable T.S. Ellis, III |
| Defendant. | |

## STIPULATION REGARDING PURCHASE OF AUDIO/VISUAL SYSTEM AND SERVICE

The parties stipulate to the following facts:

1. Greg Garland was the co-owner of Sensoryphile, Inc., which operates in the Hamptons, New York area.

2. Paul J. Manafort, Jr. had been a client of Sensoryphile, Inc. since approximately 1994. Sensoryphile, Inc. installed the original audio visual/video system and karaoke system at Manafort's residence at 174 Jobs Lane, Bridgehampton, New York.

3. On March 1, 2010, Sensoryphile, Inc. submitted invoice number 76381 in the amount of $20,339 for Crestron design and installation.

4. As payment of that invoice, on March 8, 2010, Global Highway Limited transferred $20,300 from its bank account at Marfin Laiki Bank in Nicosia, Cyprus to Sensoryphile, Inc.

5. On April 15, 2010, Sensoryphile, Inc. submitted invoice number 76526REV2 in the amount of $8,147 for deposit on a Karaoke machine and audio/video design and installation.

6. As payment of that invoice, on April 23, 2010, Yiakora Ventures Limited transferred $8,500 from its bank account at Bank of Cyprus in Nicosia, Cyprus to Sensoryphile, Inc.

7. On July 13, 2010, Sensoryphile, Inc. submitted invoice number 76836 in the amount of $10,395 for a Karaoke machine and audio/video design and installation.

8. On July 15, 2010, Sensoryphile, Inc. submitted invoice number 76838 in the amount of $7,574 for Crestron design and installation and televisions.

9. As payment of both invoices, on July 29, 2010, Leviathan Advisors Limited transferred $17,650 from its bank account at Marfin Laiki Bank in Nicosia, Cyprus to Sensoryphile, Inc.

10. The records attached to this stipulation as Exhibits A through D are records of Sensoryphile, Inc., and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

    a. Exhibit A is copy of invoice number 76381 in the amount of $20,339 for Crestron design and installation.

b. Exhibit B is a copy of invoice number 76526REV2 in the amount of $8,147 for deposit on a Karaoke machine and audio/video design and installation.

c. Exhibit C is a copy of invoice number 76836 in the amount of $10,395 for a Karaoke machine and audio/video design and installation.

d. Exhibit D is a copy of invoice number 76838 in the amount of $7,574 for Crestron design and installation and televisions.

We ask for this:

Paul J. Manafort, Jr.,
Defendant

By: _____
Kevin Downing, Esq.
Tom Zehnle, Esq.
Jay Nanavati, Esq.
Counsel for Defendant

ROBERT S. MUELLER, III
Special Counsel

By: _____
Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack
Special Assistant United States Attorneys
Uzo Asonye
Assistant United States Attorney