1

```
 1                 UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
 2                     ALEXANDRIA DIVISION

 3   ------------------------------x
                                   :
 4   UNITED STATES OF AMERICA,     : Criminal Action No.
                                   : 1:18-CR-83
 5           versus                :
                                   :
 6   PAUL J. MANAFORT, JR.,        :
                                   : July 24, 2018
 7                   Defendant.    :
     ------------------------------x
 8
                       TRANSCRIPT OF HEARING
 9           BEFORE THE HONORABLE T.S. ELLIS, III
                 UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     FOR THE GOVERNMENT:          UZO ASONYE, ESQ.
12                                GREG ANDRES, ESQ.
                                  BRANDON LANG VAN GRACK, ESQ.
13                                US Attorney's Office
                                  2100 Jamieson Avenue
14                                Alexandria, VA 22314

15   FOR THE DEFENDANT:          JAY ROHIT NANAVATI, ESQ.
                                  Kostelanetz & Fink LLP
16                                601 New Jersey Avenue NW
                                  Suite 620
17                                Washington, DC 20001
                                     and
18                                THOMAS ZEHNLE, ESQ.
                                  Miller & Chevalier, Chartered
19                                900 Sixteenth St NW
                                  Washington, DC 20006
20                                   and
                                  KEVIN DOWNING, ESQ.
21                                Law Office of Kevin Downing
                                  601 New Jersey Avenue NW
22                                Washington, DC 20001

23   ALSO PRESENT:               RICHARD WESTLING, ESQ.

24   OFFICIAL COURT REPORTER:    TONIA M. HARRIS, RPR
                                  U.S. District Court, Ninth Floor
25                                401 Courthouse Square
                                  Alexandria, VA 22314
```

U.S. v. Manafort

2

1          **P R O C E E D I N G S**

2    (Court proceedings commenced at 9:07 p.m.)

3          THE COURT:  All right.  You may call the first

4    matter.

5          THE DEPUTY CLERK:  United States versus Paul J.

6    Manafort, Jr., Criminal Case No. 1:18-CR-83.

7          Counsel, please note your appearance for the record.

8          MR. ANDRES:  Good morning, Judge.  Greg Andres, Uzo

9    Asonye, Brandon Van Grack for the Government.  And with us at

10   counsel table is special agent Sherine Ebadi from the FBI.

11   Good morning.

12         THE COURT:  Good morning to all of you.  And for the

13   defendant?

14         MR. DOWNING:  Good morning, Your Honor.  Kevin

15   Downing, Tom Zehnle, Jay Nanavati, and Mr. Westling for the

16   defendant, Mr. Manafort.

17         THE COURT:  All right.  Good morning to all of you

18   and good morning to Mr. Manafort as well.

19         And good morning, ladies and gentlemen.  My name is

20   Tim Ellis, I'm the judge who will be presiding over this case,

21   U.S. against Manafort.  And I want to take this opportunity to

22   thank each of you for your service as jurors.

23         I think I had all of your sit on one side of the

24   courtroom.  Which side is that?

25         THE CSO: Center and then to your right.

3

1       THE COURT:  Thank you.  Again, I want to take this

2  opportunity to thank each of you for your service as jurors.

3  Nothing you do as an American citizen is any more important

4  than jury service.  Together with voting, it is one of the two

5  cardinal duties that each of us has as an American citizen and

6  it's vitally important that we all fulfill those duties.

7       Now, today I'm going to tell you a bit about this

8  case and have you fill out a juror questionnaire.  The trial

9  will actually begin on Tuesday morning with the remainder of

10  jury selection.  But you will be asked today to fill out a

11  questionnaire that will ask you a number of questions that are

12  necessary in order for the Court to proceed with the jury

13  selection process.  And it is vitally important that you

14  answer those questions truthfully candidly.

15       There will be additional questions asked of you

16  orally here in open court, although some questions may be

17  asked of you here at the bench and that's done to preserve

18  your privacy as to any information you may have to provide in

19  response to the Court's questions and also to avoid having any

20  information that may disable other jurors from serving as

21  jurors from that information coming out.

22       Now, so today what you have to do is to fill out

23  this jury questionnaire, juror questionnaire.  And you will be

24  under oath when you fill that out, and I will have an oath

25  administered to you on Tuesday when we reconvene for you to

U.S. v. Manafort

4

1    answer questions that the Court puts to you.

2            Now, let me tell you -- do you have the indictment?

3            (A pause in the proceedings.)

4            THE COURT:  I'm going to tell you now a bit about

5    this case, but let me mention one other thing.  I told you at

6    the outset I wanted to thank you for your service as jurors

7    and how important that is.

8            I've had occasion to observe the functioning of the

9    criminal justice system on the continent of Europe and in

10   Latin America.  In both places, I've lived and I've had the

11   occasion to observe the criminal justice systems both on the

12   continent of Europe and in Latin America.

13           That experience has confirmed in me the strong view

14   that juries play a vital role in the preservation of our

15   rights and liberties as Americans and that can continue to be

16   the case only as long as citizens are willing to work and to

17   serve as jurors conscientiously in the performance of a

18   juror's duty.  So I want you to have that in mind as you fill

19   out this questionnaire.

20           Now, let me tell you a bit about this case, and I

21   will do so by reading in some measure from the indictment.

22   Now, an indictment is not proof or evidence of guilt of any

23   kind.  It is merely a formal means that the government has of

24   accusing a defendant of a crime, but it is not itself proof or

25   evidence of guilt of any kind.  And the defendant has pled not

U.S. v. Manafort

5

1  guilty to these charges; and, therefore, must be presumed by

2  you to be innocent of those charges unless and until the jury

3  find otherwise.

4          Now, there are a number of counts.  I'm not going to

5  go through each of them.  But what I am going to do is tell

6  you about various groups of them.

7          And I'm standing for the comfort of my back and my

8  legs, for no other reason.  Otherwise, I will be sitting, I

9  assure you.

10          A number of the counts charge Mr. Manafort with

11  subscribing to false United States individual income tax

12  returns, and there are five counts because there are five

13  different occasions for years.

14          A second group of counts charges Mr. Manafort with

15  failure to file reports of foreign bank and financial

16  accounts.  And I'll review these with you in somewhat greater

17  detail on Tuesday.

18          Another group of counts charges Mr. Manafort with

19  engaging in a conspiracy to commit bank fraud in connection

20  with loan applications.  And I'll read you a summary of that

21  from the indictments on Tuesday morning as well.  But that's

22  essentially it.

23          There are three groups of allegations:  First, as I

24  said, there are allegations of subscribing, that means

25  signing, a false United States individual income tax return on

─────────────U.S. v. Manafort─────────────

6

1    five different years.  And those years, I believe, go back to

2    2005, is that correct?  Or what's the year it goes back to?

3             MR. ANDRES:  2010 to 2014, Judge.

4             THE COURT:  Thank you.  Then we have the second

5    group I told you about was failure to file reports of foreign

6    bank and financial accounts.  I take it for the same group of

7    years.

8             MR. ANDRES:  Yes, Judge.

9             THE COURT:  And then engaging in a bank fraud

10   conspiracy and committing bank fraud.  And that pertains to

11   what years?

12            MR. ANDRES:  It's roughly late 2015 through 2017.

13            THE COURT:  All right.  Again, ladies and gentlemen,

14   I remind you that the allegations in a -- in an indictment are

15   merely allegations.  They are not proof or evidence of guilt

16   of any kind whatsoever.  The defendant has pled not guilty to

17   those charges and therefore must be presumed by you to be

18   innocent of those charges unless and until the jury find

19   otherwise.

20            Now, having told you that much about it, let me go

21   on to say that I expect this trial will last no more than

22   three weeks.  However, I assure you I will make every effort

23   to avoid lengthening this trial and that I will make every

24   effort to shorten the span of the trial.  And I can assure you

25   that the lawyers themselves are dedicated to that -- to those

U.S. v. Manafort

7

1    two goals.  Neither lengthening and attempting to shorten.  We

2    will do the best we can.  I can assure you.

3           Now, having told you that much, I will tell you this

4    about the questionnaire that you are about to fill in.

5           You will fill it in this morning, you will turn it

6    in.  And then I will ask you further questions in the jury

7    selection process on Tuesday.  And you'll turn it in today and

8    those forms will be retained here in the clerk's office and

9    they'll be under seal.

10          And you'll be asked questions.  You'll be asked

11   questions about whether you've seen or read or heard or know

12   anything about this case from any source, whatever.  And then

13   you'll be asked, "Have you formed any opinion?"  And then

14   you'll be asked, "If you have, or whatever you've read, can

15   you put it aside?  Can you put any opinion you have or can you

16   put what you have read and learned aside and judge this case

17   fairly and impartially based only on the evidence that's

18   presented here in the courtroom and the Court's instructions

19   on the law at the conclusion of the trial?"

20          You need to pay careful attention to those questions

21   and you need to answer them honestly and conscientiously.

22   There will also be questions about the fact that the case will

23   last as long as I've told you.  Then you will be asked whether

24   there is any reason why you cannot sit and pay careful, close

25   attention to the evidence as it is presented.  And this is

U.S. v. Manafort

8

1    intended to capture answers from you-all.

2           You-all may have prepaid vacations in August.  Some

3    people do go on vacation in August.  I haven't done so in

4    years, but I assume most of you have better sense than I do.

5           So that's a possibility.  And I need to know about

6    that in the jury selection process.

7           Some of you may have childcare responsibilities that

8    would preclude your serving as a juror.  I need to know that.

9    And there may be other factors, as you'll see from the

10   questionnaire.

11          I think that's sufficient for this time.  So I'm

12   going to excuse you now, permit you to go and fill out your

13   questionnaires, and then you may go home to return on Tuesday.

14   And we'll proceed at that time.

15          You'll be asked -- as I think about it, there are

16   also further questions that I will ask about whether you or

17   any member of your family is employed by any law enforcement

18   agency.

19          Is that in the questionnaire?  That's in the

20   questionnaire as well.  So there will be some of you who are

21   employed by law enforcement individuals.  Let me ask,

22   Mr. Andres, do you have witnesses who will testify from which

23   agencies?

24          MR. ANDRES:  From the IRS, from the FBI, and from

25   FinCEN.

U.S. v. Manafort

9

1          THE COURT:  Certainly, ladies and gentlemen if you

2    have -- if you or any member of your family, so far as you

3    know, is employed by any law enforcement agency, specifically

4    including those, you'll be asked to reveal that in your

5    questionnaire and we'll proceed on the basis of the

6    information you provide.

7          Thank you for your appearance this morning.

8          I have one other piece of -- tiny piece of good

9    news.  If you're selected as a juror, we'll supply your lunch

10   every day.  Don't look for the baked Alaska on the menu, but

11   it will be palatable, I assure you.

12         Thank you for your appearance today.  Thank you for

13   doing your duty today and for the rest of the time in this

14   case.  You may follow the Court security officer, Mr. Flood,

15   out now and proceed to complete the questionnaire.

16         (Jury excused.)

17         (Jury present.)

18         THE COURT:  Oh, ladies and gentlemen, just a moment.

19   I'll come down to the jury room where you're doing it.  But

20   what I'm going to do, ladies and gentlemen, is I'm going to

21   tell them that they may not discuss the case with anyone at

22   all.  I omitted doing that.  Go ahead and go on down.  I'll

23   come down into the jury room and see you there and I will tell

24   you that.

25         (Jury excused.)

U.S. v. Manafort

10

1    THE COURT:  All right.  The remainder of you may be

2  seated now.  I'm going to go down in just a few minutes and

3  instruct them that they may not discuss the case with anyone

4  nor allow anyone to discuss the case with them.

5    And if anyone tries to speak to them about it, I

6  want them to stop that and call that to my attention promptly.

7  And I would ask members of the press who are here not to

8  approach these jurors and not to attempt to engage them in

9  conversations about what occurred.  I don't know if there are

10  any members of the press in here.  There are one or two.

11    All right.  Please adhere to that.  I think there

12  will be more than ample information about what is happening in

13  this trial for you to report.  It will be plenty of grist for

14  the media mill to grind.  All right.

15    Now, yes, sir?

16    MR. ANDRES:  Judge, just wanted to understand the

17  process to -- for the parties to get access to the

18  questionnaire.

19    THE COURT:  Yes.  The clerk's office is going to

20  collect them and maintain their security and make copies.  And

21  then this afternoon at a reasonable hour, probably mid to late

22  afternoon, because it takes time to copy them, you will have

23  an opportunity to collect them from the clerk's office.

24    But remember you too have to remain the -- have to

25  maintain the security.  You all are directed and ordered not

─────────────────────────U.S. v. Manafort─────────────────────

11

1   to release these, your copies of these questionnaires.  I want

2   that unmistakably clear.

3            So let's set three o'clock from the clerk's office

4   for you all to pick up your copies.  If it's going to be

5   delayed, the clerk's office will tell you because they have to

6   copy them.

7            Any other questions?

8            MR. ASONYE:  One other question, Your Honor.

9            THE COURT:  Yes, Mr. Asonye.

10           MR. ASONYE:  Your Honor, to be clear, the Government

11   has filed its initial exhibit list.  We have provided that to

12   the defense and we have --

13           THE COURT:  And you were also under directions from

14   yesterday to discuss specific exhibits so that I could resolve

15   the defendant's remaining motion in limine.

16           MR. ASONYE:  Correct, Your Honor, and we have

17   provided electronic copies of all of the exhibits as well to

18   defense counsel.  And pursuant to Your Honors order yesterday,

19   we also provided our list of -- our witness list to the

20   defense.

21           I just wanted to clarify, Your Honor, I believe we

22   saw a minute order that might indicate that Your Honor wanted

23   us to actually file the witness list.  And Government's

24   inquiring whether providing it to the defense is sufficient at

25   this time.

─────────U.S. v. Manafort─────────

12

1          THE COURT:  Why shouldn't it be public?

2          MR. ASONYE:  Your Honor, we typically actually don't

3    file --

4          THE COURT:  Yes, I know.  But this isn't a typical

5    case.  I quite agree with you.  I -- you know, I can see

6    reasons why you all might, and indeed both sides, might want

7    it kept this way, but --

8          MR. ASONYE:  Your Honor, if I might add, the other

9    thing I might add, as Your Honor has noted, we are attempting

10   to shorten this trial by eliminating as many witnesses as

11   possible.  And so it may be that, again, some of these

12   witnesses are not called to trial if we're able to work out

13   agreements with the defense.

14         THE COURT:  All right.  All right.  That's a good

15   point too.  But I'm going to make the list public before the

16   end of this week so that the public will have knowledge of the

17   witness list beforehand.

18         MR. ASONYE:  Thank you, Your Honor.

19         THE COURT:  Anything else before I go downstairs?

20         MR. DOWNING:  No, Your Honor.

21         MR. ANDRES:  Not from the Government, Judge.  Thank

22   you.

23         THE COURT:  All right.  Thank you for your

24   cooperation.  Now, some of you are here for the Court's docket

25   today.  I think I see -- my aging eyes can make out Mr.

─────────────────── U.S. v. Manafort ───────────────────

13

1    Richman, I know he's here for that, is that right?

2            MR. RICHMAN:  Yes, Your Honor.

3            THE COURT:  All right.  I'm going to delay that

4    while I go downstairs and address the jurors.

5            Now, for those of you who want to observe that, you

6    can't.  There's not enough room down there.  But I will tell

7    you that what I'm going to do is instruct them that they may

8    not discuss the matter with anyone, they may not discuss the

9    questionnaire with anyone, and if anyone attempts to discuss

10   that with them, they are to stop them and call that to my

11   attention promptly.  So that's what I'm going to do.

12           And, so that we're clear about that, I'm going to

13   have Tonia come down there with me and record what I tell them

14   so that you will have a record of that at some future time.

15           Court stands in recess for the 15 minutes, it will

16   take me to do that.

17           **(Proceedings recessed at 9:29 a.m.)**

18   (The Court reconvened with the potential jurors at 9:35 a.m.)

19           THE COURT: I omitted something very important.  And

20   so, I'm going to do it here.

21           You are not to discuss this case with anyone or to

22   permit anyone to discuss it with you.  If someone tries to

23   speak to you about this case, about what was on the

24   questionnaire, about your answers, stop them, and call that to

25   the Court's attention promptly, and I will deal with it.  I

14

1   assure you I can.

2           But that was very important for me to give you that

3   instruction.

4           Now, let me be even more clearer about it.

5           This -- some of you, of course, many of you, won't

6   be selected.  If you are not selected, then you are no longer

7   under any constraints about speaking to anyone about this

8   case.  You may speak to anyone.

9           But, if you are selected, you will be required not

10  to speak to anyone about this case for your entire

11  participation in the case.  At the end of the case, I will

12  then tell you that you may speak to whomever you please about

13  the case.  There will be a caution or two about this.

14          I'm always concerned in the media when I see jurors

15  discussing what went on in the course of deliberations in a

16  case.  I think that does an injury to the deliberative

17  process.  And so I caution jurors that they have a duty of

18  confidentiality to their fellow jurors.  But that's a matter

19  for you and your conscience to deal with.

20          But, during the trial, if you're selected as a

21  juror, you answer to my direction that you not discuss the

22  case with anyone, including your family members.  And there

23  will be lots of curiosity about what you've been doing.  In

24  fact, as the case will last into the second week, they'll no

25  longer believe you've been doing what you say you've been

1   doing.  But that's a problem I'm sure you can deal with.

2           And for those of you who are not selected, you may

3   not discuss this matter with anyone during the jury selection

4   process.  I'll address what you can do at the end later.  But

5   during the selection process, you are not to discuss the case

6   with anyone, you're not to tell anyone what's on the

7   questionnaire, what isn't on the questionnaire.  Believe me,

8   there will be curiosity.  But you may not do it.

9           Thank you for your service again.  And thank you for

10  your careful and close attention to the directions that I've

11  given you.  All set.

12          Thank you.

13          (Proceedings adjourned at 9:38 a.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1               CERTIFICATE OF REPORTER

2

3          I, Tonia Harris, an Official Court Reporter for

4    the Eastern District of Virginia, do hereby certify that I

5    reported by machine shorthand, in my official capacity, the

6    proceedings had and testimony adduced upon the Hearing in

7    the case of the **UNITED STATES OF AMERICA versus PAUL J.**

8    **MANAFORT, JR.,** Criminal Action No. 1:18-CR-83, in said

9    court on the 24th day of July, 2018.

10         I further certify that the foregoing 16 pages

11   constitute the official transcript of said proceedings, as

12   taken from my machine shorthand notes, my computer realtime

13   display, together with the backup tape recording of said

14   proceedings to the best of my ability.

15         In witness whereof, I have hereto subscribed my

16   name, this the July 24, 2018.

17

18

19

20

21   _____
     Tonia M. Harris, RPR
22   Official Court Reporter

23

24

25

16