**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL J. MANAFORT, JR.,**<br><br>Defendant. | Crim. No. 1:18-cr-83 (TSE) |

**GOVERNMENT'S MOTION TO EXCLUDE
EVIDENCE OR ARGUMENT ON CIVIL TAX AUDITS**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby moves *in limine* for an order precluding defendant Paul J. Manafort, Jr. (Manafort) from presenting additional argument at trial, or soliciting evidence concerning, the absence of a civil Internal Revenue Service (IRS) audit of Manafort or his companies, suggesting that such an audit was necessary, or suggesting that the absence of such an audit was either improper or indicative of selective prosecution or some other improper motive. The availability of a civil remedy is irrelevant to the issue of criminal liability, will serve only to confuse and mislead the jury, and will invite jury nullification. Accordingly, pursuant to Federal Rules of Evidence 401 and 403, the Court should preclude Manafort from further raising these issues before the jury.

**A.    Background**

On February 22, 2018, a grand jury in this district returned a superseding indictment charging Manafort with tax and bank fraud crimes. *See* Doc. 9. Specifically, the superseding indictment charges Manafort with subscribing to false income tax returns, in violation of 26 U.S.C. § 7206(1) (Counts 1-5); failing to file reports of foreign bank accounts, in violation of 31 U.S.C.

1

§§ 5314, 5322(a) (Counts 11-14); and bank fraud conspiracy and bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (Counts 24-32).

During its opening statement on July 31, 2018, the defense stated as follows:

> But in the Government's rush to judgment in this case you're going to learn that Mr. Manafort was never audited by the IRS, nor were any of his companies. So as you consider this, as you hear all the evidence come in, the documents and the testimony, you might ask yourself whether the Government knew enough to initiate the audit. Did they have enough evidence? I mean, the government knows a lot about us, but did they have enough evidence to even think about initiating an audit of Paul Manafort?

7.31.18 Tr. at 44-45.

**B.     Argument**

Evidence regarding the role and availability of IRS civil audits is irrelevant in a criminal tax case, and argument that a civil audit should have been conducted and the fact that one was not creates a substantial risk of misleading the jury, prejudicing the government, and inviting jury nullification. *See United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012) (district court properly excluded evidence of civil tax remedy because "it opened the door to jury nullification, by inviting the jury to reason that the IRS should have continued to pursue the matter civilly rather than criminally"); *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980) (explaining that the availability of civil remedies in a tax case "is irrelevant to the issue of criminal liability" and finding that a jury instruction regarding civil remedies "would serve only to confuse the jury"); *United States v. Burkhart*, 501 F.2d 993, 996 (6th Cir. 1974) ("The matter of civil liability is not an issue when a jury is determining a defendant's criminal liability for tax evasion."); *United States v. Merrick*, 464 F.2d 1087, 1093 (10th Cir. 1972) (finding "no relevance" in a jury instruction that a civil case might be brought against a defendant who was convicted of evasion under 26 U.S.C.

§ 7201). *See also United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) (defense counsel is not entitled to urge the jury to exercise the power of nullification).

The availability of a civil tax audit is irrelevant to the jury's consideration of whether the evidence proves the elements of the tax, foreign bank account, and bank fraud offenses at issue here, *see* Fed. R. Evid. 401. Even assuming information about such civil remedies has some probative value, that value would be substantially outweighed by the risk of misleading or confusing the jury, prejudicing the government, and encouraging jury nullification, *see* Fed. R. Evid. 403.

## CONCLUSION

For these reasons, the government requests that the Court enter an order precluding Manafort from arguing or presenting evidence at trial concerning civil tax audits or the absence of any such audit of him or his companies.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: August 2, 2018          */s/*

Uzo Asonye                     Greg D. Andres
Assistant United States Attorney   Brandon L. Van Grack
Eastern District of Virginia   Special Counsel's Office
                               U.S. Department of Justice
                               950 Pennsylvania Avenue NW
                               Washington, D.C. 20530
                               Telephone: (202) 616-0800

*Attorneys for United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

               /s/
               Brandon L. Van Grack
               Special Assistant United States Attorney
               Special Counsel's Office
               U.S. Department of Justice
               950 Pennsylvania Avenue NW
               Washington, D.C. 20530
               Telephone: (202) 616-0800

               *Attorney for the United States of America*