IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|  ) | Criminal No. 1:18-cr-00083-TSE |
| v. ) | |
|  ) | |
| PAUL J. MANAFORT, JR., ) | |
|  ) | Judge T. S. Ellis, III |
| Defendant. ) | |

## PAUL J. MANAFORT, JR.'S OPPOSITION TO THE SPECIAL COUNSEL'S MOTION TO EXCLUDE EVIDENCE OR ARGUMENT ON CIVIL TAX AUDITS

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits his opposition to the Special Counsel's motion to exclude evidence or argument regarding civil tax audits (Doc. 194). In the motion, the Special Counsel asks that the Court preclude Mr. Manafort from eliciting evidence about the fact—which the Special Counsel does not dispute—that neither Mr. Manafort nor companies associated with him were audited by the IRS. The Special Counsel also argues more broadly that evidence "concerning civil tax audits" should be excluded. The Special Counsel's motion would hinder Mr. Manafort's ability to effectively cross-examine certain witnesses at trial and, therefore, it should be denied.

The Special Counsel cherry-picks a portion of defense counsel's opening statement to assert that the fact that the IRS could have conducted an audit of Mr. Manafort presents "substantial risk of misleading the jury, prejudicing the government, and inviting jury nullification." (Doc. 194 at 2). Defense counsel's statements to the jury, however, were clearly made in the context of explaining the element of willfulness that the jury will be required to find to convict Mr. Manafort

of the tax and FBAR-related offenses in this case. Indeed, this was plain from the statement immediately preceding the statement quoted by the Special Counsel, which stated:

> Now, I spoke a moment ago about willfulness. Did Mr. Manafort willfully or intentionally mislead the IRS? And as you consider the evidence, that is an important concept. Because the tax code and the FBAR regulations are complicated. And so the law requires that an individual must know what the law is and then intentionally and purposely violate that law. That is what willfulness is. If a person has a good faith belief that they are not violating the law, even if that belief is incorrect, then he or she is not guilty of a willful crime.

Tr., Aug. 31, 2018 at 44.

Nothing about this statement—which gave context to the statement quoted by the Special Counsel—misrepresents what the applicable legal standard is in criminal tax cases. The Supreme Court has explained that willfulness in criminal tax cases "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991).

The authority cited by the Special Counsel is inapposite. In *United States v. DeMuro*, 677 F.3d 550 (3d Cir. 2012), the Third Circuit held that the trial court did not abuse its discretion when it excluded evidence that the IRS had terminated civil negotiations with the defendant once an audit of the defendant was referred for criminal investigation. *Id.* at 565. The other cases relied on by the Special Counsel involve whether or not the defendants were entitled to a jury instruction that the government could have brought a civil tax case instead of criminal tax case. *See United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980) (trial court declined instruction that government could have assessed civil remedy); *United States v. Burkhart*, 501 F.2d 993, 996 (6th Cir. 1974) (trial court declined instruction on effect acquittal would have on defendant's civil tax liabilities in response to note from jury); *United States v. Merrick*, 464 F.2d 1087, 1093 (10th Cir.

1972) (trial court declined instruction that the government might bring civil tax case against defendant).

Evidence related to these and similar issues will not, as the Special Counsel suggests, "invit[e] jury nullification." (Doc. 194 at 2). Mr. Manafort should be permitted to offer evidence and argument concerning the fact that neither he nor his companies were audited by the IRS prior to the initiation of this criminal case and that he was not concerned in speaking with government agents regarding his income or the circumstances under which the foreign bank accounts were established. *See* Tr., Aug. 31, 2018 at 45-46 (noting that Mr. Manafort met with the FBI in 2014 and disclosed the relevant foreign accounts and foreign-source income, yet his matter was not referred for IRS examination).

For the reasons set out above, the Special Counsel's motion to exclude evidence "concerning civil tax audits" (Doc. 194 at 3), should be denied.

Dated: August 2, 2018                                          Respectfully submitted,

<div style="margin-left: 3em;">

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

</div>

   s/ Richard W. Westling
Richard W. Westling (*pro hac vice*)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
(202) 861-1868
rwestling@ebglaw.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of August 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew A. Weissman
Greg D. Andres
Uzo Asonye

U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800
Email:  AAW@usdoj.gov
         GDA@usdoj.gov
         Uzo.Asonye@usdoj.gov

   s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Kostelanetz & Fink LLP

4

601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*