**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL J. MANAFORT, JR.,**<br><br>**Defendant.** | Crim. No. 1:18-cr-83 (TSE) |

**GOVERNMENT'S TRIAL BRIEF REGARDING
SUMMARY CHARTS**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby files this trial brief regarding the admissibility of summary charts at trial pursuant to Federal Rules of Evidence 611(a) and 1006. The summary charts prepared by FBI Forensic Accountant Morgan Magionos will assist the government in proving the content of voluminous writings that cannot be conveniently examined in court. The underlying documents and evidence are admissible and have been produced. *See* Fed. R. Evid. 1006. In particular, the government intends to introduce the following summary charts prepared by Forensic Accountant Magionos: Government Exhibits 61, 65A-M, 68, 69A-C, 72, 73A-E, 74.

**BACKGROUND**

This is a document-intensive tax and bank fraud case. The indictment alleges that Manafort controlled 17 domestic entities, 12 Cypriot entities, and three other foreign entities. It also alleges that Manafort caused over 200 wires to be sent from those entities to domestic bank accounts, entities, or vendors, and caused seven wires disguised as "loans" to be sent from overseas entities to domestic entities. The documentary evidence underlying these wires establish, among other

1

things, Manafort's knowledge and control over the entities and accounts and his use of this income for personal expenses.

FBI Forensic Accountant Magionos reviewed tens of thousands of documents containing thousands of entries, from approximately 20 financial institutions and 35 companies, in order to prepare the above-listed charts that summarize transactional activity for goods, services, and real property purchased by Manafort, his family, and his related entities, as well as payments for the goods, services, and real property from foreign and domestic bank accounts; foreign bank account applications; the maximum value of the foreign bank accounts from 2010 through 2014; and foreign transfers received from 2010 through 2014.

## DISCUSSION

Federal Rule of Evidence 1006 provides that a proponent of evidence "may use a summary, chart, or calculation to prove the content of voluminous writings . . . that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Fed. R. Evid. 1006. The rule permits the admission of "charts into evidence as a surrogate for underlying voluminous records." *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004). Thus, under Rule 1006, the summary chart itself may come into evidence provided it is "an *accurate* compilation of the voluminous records sought to be summarized" and the underlying records are "otherwise . . . admissible in evidence." *Id*. (emphasis in original); *see id*. at 273 ("the chart itself is admitted as evidence in order to give the jury evidence of the underlying documents"). The underlying documents themselves, however, need not be admitted for a Rule 1006 chart to come into evidence. *See id*. at 272-73; *see also, e.g., United States v.*

*Hayes*, 322 F.3d 792, 799 (4th Cir. 2003); *United States v. Porter*, 821 F.2d 968, 975 (4th Cir. 1987); *United States v. Keltner*, 675 F.2d 602, 605-06 (4th Cir. 1982).

This is the prototypical case for the admission of summary charts under Rule 1006. It is a complex financial case. *See Hayes*, 322 F.3d at 799 (summary charts correctly admitted in tax case because "numerous witnesses testified about multiple errors in 24 different tax returns; consequently, the charts may have aided the jury in organizing the information it received"). The underlying records summarized in Forensic Accountant Magionos's charts are indisputably too voluminous to be conveniently examined in court. *See United States v. Blackwell*, 436 Fed. Appx. 192, 199 (4th Cir. 2011) (summary charts correctly admitted where underlying evidence consisted of large number of telephone records). Those underlying records are themselves admissible and were provided to the defense. *See id.* (underlying telephone records were admissible); *United States v. Loayza*, 107 F.3d 257, 264 (4th Cir. 1997) (defense counsel had pretrial access to the original documents from which the summary charts were prepared). And Forensic Accountant Magionos prepared the charts herself and will be subject to cross-examination. *See Loayza*, 107 F.3d at 264 (defense counsel had an opportunity to cross-examine the testifying agent).

The charts the government seeks to introduce through Forensic Accountant Magionos are also admissible under Federal Rule of Evidence 611, which provides that the Court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). The rule covers admission of charts summarizing evidence about material issues in a case that will aid the jury in ascertaining the truth when complex factual scenarios, numerous witnesses and exhibits, and other factors make likelihood of confusion a serious concern. *See United States v.*

*Loayza*, 107 F.3d 257, 264 (4th Cir. 1997) ("Summary charts are admissible if they aid the jury in ascertaining the truth."); *United States v. Johnson*, 54 F.3d 1150, 1156-61 (4th Cir. 1995).  In this case, the testimony includes significant discussion of bank and related business records, including the flow of money through shell and other foreign accounts.  The jury is more likely to understand the evidence through summary charts, and presenting the evidence through charts rather than through the voluminous underlying documents will save time.

                                                Respectfully submitted,

                                                ROBERT S. MUELLER, III
                                                Special Counsel

Dated: August 3, 2018                                  */s/*

Uzo Asonye                                                        Greg D. Andres
Assistant United States Attorney               Brandon L. Van Grack
Eastern District of Virginia                     Special Counsel's Office
                                                U.S. Department of Justice
                                                950 Pennsylvania Avenue NW
                                                Washington, D.C. 20530
                                                Telephone: (202) 616-0800

                                                *Attorneys for United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

        /s/
Brandon L. Van Grack
Special Assistant United States Attorney
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorney for the United States of America*