**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL J. MANAFORT, JR.,**<br><br>Defendant. | **Crim. No. 1:18-cr-83 (TSE)** |

**GOVERNMENT'S TRIAL BRIEF REGARDING THE ADMISSIBILITY OF
EVIDENCE THAT DEFENDANT FAILED TO FILE FBARS FOR
FOREIGN BANK ACCOUNTS OWNED OR CONTROLLED BY HIS U.S. BUSINESSES**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby files this trial brief regarding the admissibility of evidence that defendant Paul J. Manafort, Jr. ("Manafort") failed to file foreign bank account reports (FBARs) for foreign bank accounts owned or controlled by his U.S. businesses, specifically Davis Manafort Partners and DMP International. That evidence is directly and intrinsically relevant to Manafort's willful and knowing intent to fail to file with the Treasury FBARs for the foreign bank accounts he owned or controlled personally. Manafort opened the door to such evidence by presenting the defense that the applicable FBAR rules are complex, his failures were the result of oversight, and that U.S. corporations also have obligations to file FBARs.

**A.    Background**

On February 22, 2018, a grand jury in this district returned a superseding indictment charging Manafort with tax and bank fraud crimes. *See* Doc. 9. Specifically, the indictment charges Manafort with subscribing to false income tax returns (Counts 1-5); failing to file reports of foreign bank accounts (Counts 11-14); and bank fraud conspiracy and bank fraud (Counts 24-

1

32).  The tax and FBAR offenses with which Manafort is charged require proof of a willful scienter.  *See* 26 U.S.C. § 7206(1); 31 U.S.C. § 5322(a).

During his opening statement, defense counsel asserted that "the tax code and the FBAR regulations are complicated.  And so the law requires that an individual must know what the law is and then intentionally and purposely violate that law.  That is what willfulness is.  If a person has a good faith belief that they are not violating the law, even if that belief is incorrect, then he or she is not guilty of a willful crime."  Tr. 7/31/18 at 44.

Subsequently, during cross-examination of Paula Liss, defense counsel pursued a line of inquiry seeking to show that the rules governing FBARs are complicated and that if Manafort did not have signature authority over an account or own more than 50% of an account, he would not have had to file an FBAR.  Tr. 8/6/18 at 1081-1085.  Defense counsel also asked multiple questions about and elicited testimony regarding FBAR requirements for U.S. corporations.  *Id* at 1083-84 ("It can be a corporation, correct?"; "So in terms of a corporation's filing requirements, and an individual who owns a corporation, what is the rule in terms of ownership of the corporation in order to require the filing of an FBAR?").

**B.     Discussion**

Through his opening statement and cross-examination, Manafort has squarely put his intent in issue.  *See United States v. Parker*, 720 F. App'x 684, 691 (4th Cir. 2018) (unpublished) (defendant put his *mens rea* at issue by contending that he acted in good faith).  Accordingly, the government is entitled to present evidence tending to make it more probable that Manafort acted willfully rather than as the result of confusion or oversight.  *See* Fed. R. Evid. 401 (evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action).

Evidence that Manafort failed to file FBARs not just for foreign bank accounts that he personally owned or controlled but also for foreign bank accounts owned or controlled by his U.S. companies does just that. The indictment alleges a scheme to hide income from United States authorities while enabling the use and enjoyment of the money. In executing that scheme, Manafort funneled millions of dollars in payments from foreign entities into numerous foreign bank accounts, hid the existence and ownership of the foreign bank accounts by failing to file FBARs, and falsely and repeatedly reported to his tax preparers and to the United States that he had no foreign bank accounts. Manafort's FBAR violations and tax violations were inextricably linked: if he reported his foreign bank accounts, the falsity of his tax returns would have been apparent; and if he filed accurate tax returns, the absence of FBARs would have come to light. And, critically, Manafort had to refrain from filing FBARs not just for his foreign bank accounts but also for foreign bank accounts owned or controlled by his U.S. businesses. Otherwise, his scheme would have failed. The evidence is therefore admissible under Fed. R. Evid. 401 and is not subject to the requirements of Fed. R. Evid. 404(b). *See United States v. Palacios*, 677 F.3d 234, 244-45 (4th Cir. 2012) ("Acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence.") (internal quotation marks omitted); *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (same). "[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, which is to say that both acts are part of a single criminal episode." *United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013) (citation and internal quotation marks omitted). Similarly, the evidence is intrinsic "if it is necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (alteration and internal quotation marks omitted). "Evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part

of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (brackets and internal quotation marks omitted).

Even though the Court previously concluded that evidence of Manafort's failure to file FBARs for his U.S. businesses was not relevant, the evidence became admissible once Manafort opened the door by claiming that he failed to file FBARs due to the complicated regulatory structure and his lack of knowledge that he had to file FBARs for accounts over which he did not have signature authority. *See United States v. McLaurin*, 764 F.3d 372, 383 (4th Cir. 2014) (where defendant opens door through a line of defense, even otherwise inadmissible evidence is admissible to prove the defense claim less likely); *United States v. Oliver*, 653 F. App'x 735, 739 (11th Cir. 2016) ("inadmissible extrinsic evidence becomes admissible on redirect examination where defense counsel 'opens the door' to the evidence during cross-examination"; "The Government may elicit testimony on redirect that clarifies issues to which the defense has opened the door on cross-examination.").

Manafort further opened the door by eliciting testimony, repeatedly, regarding the need for U.S. corporations to file FBARs. *See, e.g.,* Tr. 8/6/18 at 1084-85 ("So in terms of a corporation's filing requirements, and an individual who owns a corporation, what is the rule in terms of ownership of the corporation in order to require the filing of an FBAR?"; "So if it's 50 percent ownership or less, they have no filing requirement?"). Defense counsel's questions laid the foundation to argue that it was Manafort's U.S. companies, and not Manafort himself, that were obligated to file under FBAR. That concern is particularly relevant because the government intends to present evidence that Manafort acknowledged, pursuant to a subpoena, that some of the foreign bank accounts at issue were the accounts of his U.S. company, DMP International.

In any event, even assuming evidence of Manafort's failure to file FBARs for foreign bank accounts owned or controlled by his U.S. businesses is extrinsic other-acts evidence to which he did not open the door, it is admissible under Fed. R. Evid. 404(b).  As discussed above, the evidence is probative of Manafort's intent, knowledge, absence of mistake, and lack of accident, all of which Manafort has put at issue.  *See* Fed. R. Evid. 404(b)(2).[1]  The danger of unfair prejudice does not, moreover, substantially outweigh the high probative value of the evidence. Manafort is already charged with failing—and the jury is seeing evidence of his failure—to file FBARs; that he failed to file additional FBARs is not likely to lead the jury to convict based on a character assessment.  *See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) (evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is (1) relevant to an issue other than the general character of the defendant, (2) necessary, and (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect).  In any event, any such risk can be minimized through a limiting instruction.  *See id*. (a limiting jury instruction explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce evidence of prior acts provide additional protection to defendants).

## CONCLUSION

For the foregoing reasons, the government requests that the Court permit the government to present evidence that Manafort failed to file FBARs with respect to foreign bank accounts owned or controlled by his U.S. businesses – specifically Davis Manafort Partners and DMP International.

---

[1] Rule 404(b)(2)(B) generally requires the government to provide notice of Rule 404(b) evidence before trial but permits notice during trial if the court, for good cause, excuses lack of pretrial notice.  The court should permit pretrial notice here because the significance of the evidence at issue became apparent when Manafort opened the door to it by claiming confusion and oversight.

                    Respectfully submitted,

                    ROBERT S. MUELLER, III
                    Special Counsel

Dated: August 7, 2018                    */s/*                             

Uzo Asonye                             Greg D. Andres
Assistant United States Attorney        Brandon L. Van Grack
Eastern District of Virginia              Special Counsel's Office
                                              U.S. Department of Justice
                                              950 Pennsylvania Avenue NW
                                              Washington, D.C. 20530
                                              Telephone: (202) 616-0800

                                              *Attorneys for United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                                      /s/
                                           Brandon L. Van Grack
                                           Special Counsel's Office
                                           U.S. Department of Justice
                                           950 Pennsylvania Avenue NW
                                           Washington, D.C. 20530
                                           Telephone: (202) 616-0800

                                           *Attorney for the United States of America*