IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Crim. No. 1:18-cr-83 (TSE) |

**GOVERNMENT'S MOTION FOR CURATIVE INSTRUCTION**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby moves for a curative instruction, at the beginning of proceedings on August 9, 2018, correcting the Court's erroneous admonishment of government counsel in front of the jury on August 8, 2018. The record demonstrates that the Court mistakenly faulted the government for permitting IRS revenue agent Michael Welch, the government's expert witness, to remain in the courtroom during the proceedings, when in fact on the first day of trial the Court had expressly granted the government's motion to do so. The Court's reprimand of government counsel suggested to the jury—incorrectly—that the government had acted improperly and in contravention of Court rules. This prejudice should be cured.

A.   **Background**

On the first day of trial, after jury selection and before opening statements, the government moved to exclude witnesses from the courtroom during the proceedings "with the exception of our expert and our case agent." Tr. 7/31/18 at 14-15, See Attachment B. The Court asked the defense if it had any objection to the government's case agent and expert remaining in the courtroom, and the defense answered no. *Id*. at 15. The Court then asked for the name of the expert; government

1

counsel stated "Special Agent Michael Welch," and, in response to the Court's further question, explained that Mr. Welch is an IRS revenue agent and an expert in tax computation. *Id*. The Court stated: "All right. I will grant the motion to exclude witnesses." *Id*.

On August 8, 2018, at the start of Mr. Welch's testimony, the government asked if he had been present in the courtroom during the trial. Tr. 8/8/18 at 1661, *see* Attachment A. When Mr. Welch responded that he had, the Court expressed surprise and stated that it was the Court's "clear recollection" that it had not permitted expert witnesses to remain in the courtroom and that it did not "typically" do so. *Id*. The court instructed government counsel that he must "ask specifically." *Id*. The Court admonished the government to not "do that again," and stated that the government needs to "be clear about that." *Id*. at 1662.

### B. Argument

The record establishes that the government acted appropriately with respect to Mr. Welch's presence in the courtroom. It moved the Court to allow Mr. Welch to remain, and the Court expressly granted the motion. Tr. 7/31/18 at 14-15.

The Court's sharp reprimand of government counsel in front of the jury on August 8 was therefore erroneous. And, while mistakes are a natural part of the trial process, the mistake here prejudiced the government by conveying to the jury that the government had acted improperly and had violated court rules or procedures. The exchange could very well lead the jury to reach two erroneous inferences: (a) that Mr. Welch's testimony is not credible because he was improperly privy to the testimony of other witnesses, and (b) that the government sought to secure an unfair advantage by secreting its expert in the courtroom without permission.

Even if the Court did not intend to suggest that the government had been insubordinate, actions that project a "negative impression" of one side, *United States v. Lefsih*, 867 F.3d 459, 467

(4th Cir. 2017) (internal quotation marks omitted), or that reveal "continual agitation and hostility toward counsel," *United States v. Cassiagnol*, 420 F.2d 868, 879 (4th Cir. 1970), can lead the jury to decide the case on improper grounds. The government is therefore entitled to a curative instruction. *See United States v. Martinovich*, 810 F.3d 232, 240-41 (4th Cir. 2016) (prejudice from district court's errors, including incorrectly "chastis[ing]" defense counsel and "accusing him of going outside the trial court procedure," was limited by curative instruction).

Accordingly, the government moves for a curative instruction, at the beginning of proceedings on August 9, 2018, stating that: on the prior day the Court had admonished the government for failing to "ask specifically" that its expert witness be permitted to remain in the courtroom; that in fact the government had obtained permission from the Court for Mr. Welch to remain in the courtroom; that the Court was mistaken in its suggestion that the government had not followed court procedures; and that the jury should not be under the impression that the government or the witness had acted improperly or violated a court order or rule.

## CONCLUSION

For these reasons, the government requests that the Court give the referenced curative jury instruction at the start of the proceedings on August 9, 2018.

|  | Respectfully submitted, |
|---|---|
|  | ROBERT S. MUELLER, III<br>Special Counsel |
| Dated: August 9, 2018 | /s/<br>Andrew Weissmann |
| Uzo Asonye<br>Assistant United States Attorney<br>Eastern District of Virginia | Greg D. Andres<br>Brandon L. Van Grack<br>Special Counsel's Office<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br>Telephone: (202) 616-0800 |
|  | *Attorneys for United States of America* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                                                                   /s/
                                           Uzo Asonye
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
uzo.asonye@usdoj.gov
Phone: (703) 299-3700
Fax: (703) 299-3981

*Attorney for the United States of America*