**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL J. MANAFORT, JR.,**<br><br>**Defendant.** | **Crim. No. 1:18-cr-83 (TSE)** |

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF GOVERNMENT'S
MOTION TO SEAL LIMITED PORTION OF SIDEBAR CONFERENCE**

The United States of America, by and through Special Counsel Robert S. Mueller, III, pursuant to Local Rule of Court 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, respectfully requests an Order sealing a limited portion of a sidebar conference held on August 7, 2018.

**I.      Items to Be Sealed and Necessity for Sealing**

1.    On August 7, 2018, the Court held a sidebar conference to address a line of questioning pursued by the defense during their cross-examination of witness Richard Gates. During the sidebar conference, substantive evidence pertaining to an ongoing investigation was revealed. The following portions of the sidebar conference transcript identifies that evidence or reveals details about that evidence: Aug. 7, 2018 Tr. at 1399: 14-19; 1402:1-2, 14-17; 1403: 12-15.

2.    Disclosing the identified transcript portions would reveal substantive evidence pertaining to an ongoing investigation.  The government's interest in protecting the confidentiality of its ongoing investigations is compelling and justifies sealing the limited portion of the sidebar

1

conference at issue here. In addition, sealing will minimize any risk of prejudice from the disclosure of new information relating to that ongoing investigation.

## II. References to Governing Case Law

3. The Court has the inherent power to seal materials. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

4. "[L]aw enforcement agencies must be able to investigate crime without the details of the investigation being released to the public in a manner that compromises the investigation." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 574 (4th Cir. 2004). "[A] compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation." *Id.* at 579. Although "not every release of information contained in an ongoing criminal investigation file will necessarily affect the integrity of the investigation," one consideration is "whether the granting of access to the contents of an ongoing police investigation file will disclose facts that are otherwise unknown to the public," *id.* The government has a "paramount interest in preventing the release of information which may reveal the direction and progress of ongoing criminal investigation" that is not otherwise known to the public. *United States v. Corbitt*, 879 F.2d 224, 235 n.14 (7th Cir. 1989).

5. Should the Court require additional explanation as to how the portions of the sidebar conference at issue relate to an ongoing criminal investigation, the government can provide that information *ex parte* and *in camera*.

### III. Period of Time Government Seeks to Have the Matter Remain Under Seal

6. The government's concerns would continue until the relevant aspect of the investigation is revealed publicly, if that were to occur.

WHEREFORE, the United States respectfully requests that an order be entered allowing the identified portions of the sidebar conference on August 7, 2018, to be placed under seal.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: August 9, 2018

*/s/*
Greg D. Andres
Brandon L. Van Grack
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

*Attorneys for United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

          /s/
Brandon L. Van Grack
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorney for the United States of America*