IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:18-cr-00083-TSE |
| v.                                             ) | |
| ) | |
| PAUL J. MANAFORT, JR.,             ) | |
| ) | Judge T. S. Ellis, III |
| Defendant.                   ) | |

**PAUL J. MANAFORT, JR.'S RESPONSE TO THE GOVERNMENT'S TRIAL BRIEF REGARDING THE ADMISSIBILITY OF EVIDENCE RELATING TO THE FOREIGN BANK ACCOUNT REPORTING REQUIREMENTS OF DAVIS MANAFORT PARTNERS, INC. AND DMP INTERNATIONAL**

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits his response to the Government's trial brief regarding the admissibility of evidence concerning FBAR filings of Davis Manafort Partners, Inc. and DMP International.  (Doc 210).

In its brief, the Government seeks reconsideration of the Court's previous ruling related to the testimony of FinCEN Senior Special Agent Paula Liss and the proffered composite exhibit, identified as Government Exhibit 117.  The Government's request should be denied.

Mr. Manafort submits that the issue raised by the Government was addressed by the Court during the bench conferences preceding Agent Liss' direct examination and following her cross-examination.  Specifically, prior to Agent Liss' direct testimony, the Court observed, consistent with the facts and law, that her testimony should be limited to FBAR filings related to Mr. Manafort for the period 2011 through 2014 "because that's what's alleged in the indictment[.]" Tr., Aug. 6, 2018 ("Tr.") at 1074.  The Court further observed that testimony beyond this scope was not relevant under Fed. R. Evid. 401 and Fed. R. Evid. 402 (Tr. at 1075-76 ("it's not

relevant")) and will lead to confusion under Fed. R. Evid. 403 (*id.* at 1076 (observing risk that "[the jury] can convict [Mr. Manafort] for years that he's not alleged to have violated in the indictment.")). The Court's ruling was well with its discretion and appropriately guided the Government to "focus[] sharply on what is in the indictment." (*Id.*)

Contrary to the Government's argument, (*see* Doc. 210 at 4), Agent Liss' cross-examination did not "open the door" to any additional relevant evidence beyond that already adduced through her testimony. Defense counsel did not ask Agent Liss any questions with respect to Mr. Manafort's FBAR filing obligations. And at no point did defense counsel's inquiry address Davis Manafort Partners' or DMP International's FBAR filing obligations. Rather, counsel inquired *generally* about the rules and regulations pertaining to FBAR filings. *See* Tr. at 1082-83 (inquiring as to FBAR filing deadline; electronic filing of FBARs; previous FBAR filing procedures; required elements for the FBAR filing obligation; and types of financial accounts for which FBARs may be necessary). Counsel only inquired – appropriately so – whether corporations owned in part by U.S. persons may have FBAR filing obligations, *see id.* at 1084 ("How much ownership does a person have to have in a corporation in order to be required to file an FBAR on behalf of that corporation?"); *id*. at 1085 ("So if it's 50 percent ownership or less, they have no filing requirement?"). The defense did not elicit testimony or inquire about the individual FBAR filing obligations of Mr. Manafort, or those obligations of Davis Manafort Partners, Inc. and DMP International. The Court observed at the bench conference held prior to redirect examination that the defendant was "entitled to argue that for *any* company that he only owned 50 percent of, there was no FBAR requirement."[1] *Id*. at 1086 (emphasis added).

---

[1] The discussion at sidebar (after cross-examination) was as follows:

The Court: But they're not accused of failing to file. We're only focused on his obligation to file. You could have indicted him for more, but you didn't.

2

It is worth noting that, following Agent Liss' cross-examination, the Court allowed the Government some additional leeway. During the redirect examination, Government counsel was permitted to ask Agent Liss whether, "if in 2010 and 2011 Davis Manafort Partners had a foreign bank account with more than $10,000 in it and Mr. Manafort owned 100 percent of the company, would he have an FBAR filing requirement in 2010[2] and 2011?" *Id.* at 1089. The witness ultimately responded in the affirmative. *See id.* at 1090.

Despite this, the Government now seeks to revisit the Court's ruling relating to the FBAR filings and history for Davis Manafort Partners, Inc. and DMP International, arguing that this evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence.[3] Again, the Government is incorrect.

The Government should not now be permitted—in the final stages of its case-in-chief—to introduce evidence that the alleged failure of these *entities* to file FBARs (assuming, *arguendo*,

---

Mr. Asonye: Then, your Honor, then he expanded in the area and went into this –
The Court: Yes, but he's entitled – he's entitled to – what he did in cross-examination is to make clear that if he doesn't own 50 percent of a company, he doesn't have to file. If he does own more than 50 percent, then he and the company have to file, but the company hasn't been indicted. Only he has been indicted. So he's entitled to argue that for any company he only owned 50 percent of, there was no FBAR requirement. Well, that's what he wants to argue. Am I correct?
Mr. Zehnle: Correct, Your Honor.

*Id.* at 1086.

[2] This question was improper in that the year 2010 has not been charged as an FBAR count against Mr. Manafort. (*See* Superseding Indictment, ¶ 50).

[3] The "other acts" notice is not timely, coming toward the end of the Government's case-in-chief, and the Government has not demonstrated "good cause" as to why the Court should permit such dilatory notice relating to uncharged conduct. *See* Fed. R. Evid. 404(b)(2)(B). It is not as though the Government was unaware of Davis Manafort Partners, Inc. and DMP International; references to them are laced throughout the Government's exhibits and charts. Indeed, the Court has already observed that neither entity is charged in the Superseding Indictment. *See* Tr., Aug. 6, 2018 at 1086 ("But [the entities are] not accused of failing to file. We're only focused on [Mr. Manafort's] obligation to file. You could have indicted him for more, but you didn't.").

3

that they in fact had a filing requirement) demonstrates that Mr. Manafort had some intent, knowledge, or that it showed a lack of mistake/accident, with respect to his *individual* FBAR filing obligations. Simply stated, the Government seeks to argue that these entities did not file FBARs (an alleged act of omission) and that fact is positive proof and probative of *Mr. Manafort's* knowledge and intent during the years charged in the Superseding Indictment regarding his individual FBAR obligations. This is the very sort of "propensity" evidence forbidden by Rule 404(b); *i.e.*, the FBARs were not filed for these business entities, so the jury can assume that Mr. Manafort acted the same way with respect to his individual filing obligations. *See United States v. Hall*, 858 F.3d 254, 260 (4th Cir. 2017), as amended (June 21, 2017) ("Rule 404(b)(1) provides that '[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.'") (quoting Fed R. Evid. 404(b); reversing conviction on basis of improperly admitted 404(b) evidence).

 Finally, even if evidence of Davis Manafort Partners, Inc. and DMP International's reporting obligations and history were relevant and otherwise admissible (and it is not), that evidence should be barred by Rule 403 of the Federal Rules of Evidence. It would be unduly prejudicial and present substantial risk of issue confusion and misleading the jury. *See* Fed. R. Evid. 403. The Court has already recognized that such evidence has the effect of a "smear." *See* Tr., Aug. 6, 2018 at 1069. And the scant probative value of such evidence—if any—is also substantially outweighed by the risk that jurors will be confused and/or speculate that, because Davis Manafort Partners, Inc. and DMP International did not file FBARs in the years in question, and because Mr. Manafort has a relationship to those entities, then Mr. Manafort must be guilty of willfully failing to file his individual FBARs for those same years. But, as the Court is aware,

neither Davis Manafort Partners, Inc. nor DMP International have been charged with willfully failing to file FBARs, *nor has Mr. Manafort been charged with willfully failing to file FBARs on behalf of these entities.*

For the foregoing reasons, the Government's motion to reconsider the Court's ruling with regard to the testimony of Agent Liss should be denied.

Dated: August 10, 2018          Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

s/ Richard W. Westling
Richard W. Westling (*pro hac vice*)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
(202) 861-1868
rwestling@ebglaw.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Brian P. Ketcham (*pro hac vice*)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of August 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew A. Weissman
Greg D. Andres
Uzo Asonye

U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800
Email: AAW@usdoj.gov
       GDA@usdoj.gov
       Uzo.Asonye@usdoj.gov

                                          s/ Jay R. Nanavati
                                          Jay R. Nanavati (VSB No. 44391)
                                          Kostelanetz & Fink LLP
                                          601 New Jersey Avenue NW
                                          Suite 620
                                          Washington, DC 20001
                                          (202) 875-8000
                                          jnanavati@kflaw.com

                                          *Counsel for Defendant Paul J. Manafort, Jr.*