IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Crim. No. 1:18-cr-83 (TSE) |

## GOVERNMENT'S MOTION FOR CURATIVE INSTRUCTION REGARDING CONSIPRACY

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby moves for a curative instruction, at the start of the proceedings on August 10, 2018, correcting the Court's comment on the evidence regarding a bank loan defendant Paul J. Manafort, Jr. ("Manafort") fraudulently applied for but did not receive. The Court's statement that the government "might want to spend time on a loan that was granted" misrepresents the law regarding bank fraud conspiracy, improperly conveys the Court's opinion of the facts, and is likely to confuse and mislead the jury. The Court should provide a curative instruction in order to avoid any potential prejudice to the government.

### A. Background

On February 22, 2018, a grand jury in this district returned a superseding indictment charging Manafort with tax and bank fraud crimes. *See* Doc. 9. Specifically, the indictment charges Manafort with subscribing to false income tax returns, in violation of 26 U.S.C. § 7206(1) (Counts 1-5); failing to file reports of foreign bank accounts, in violation of 31 U.S.C. §§ 5314, 5322(a) (Counts 11-14); five counts of bank fraud conspiracy, in violation of 18 U.S.C. § 1349

1

(Counts 24, 26, 28, 29, and 31); and four substantive counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 25, 27, 30, and 32).

On August 8, 2018, the government was questioning Taryn Rodriguez, a loan officer assistant at Citizens Bank, regarding false and fraudulent representations Manafort made in a loan application. Tr. 8/9/18 at 1906 (see attached). Ms. Rodriguez's testimony related to a loan that Manafort applied for but did not get. Tr. 8/9/18 at 1911-12, 1937. Manafort's conduct in submitting false and fraudulent representations and materials in an effort to obtain this loan is specifically charged as bank fraud conspiracy in Count 28 of the indictment. *See* Doc. 9 at 33.

At the close of the government's direct examination, the Court stated in front of the jury: "You might want to spend time on a loan that was granted." Tr. 8/9/18 at 1937.

**B.     Argument**

A conspiracy is merely an agreement to commit an offense. *United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017). It is well settled that the government is not required to prove that the parties to or members of an alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy. *United States v. Bayer*, 331 U.S. 532, 542 (1947); *Hanford v. United States*, 231 F. 2d 661, 662 (4th Cir. 1956) ("The crime of conspiracy is a separate and distinct crime from the crime that is its object. 'Its essence is the agreement or confederation to commit a crime, and that is what is punishable as a conspiracy, if any overt act is taken in pursuit of it. The agreement is punishable whether or not the contemplated crime is consummated.'") (per curiam) (quoting *Bayer*, 331 U.S. at 542). *See United States v. Tucker*, 376 F.3d 236, 238 (4th Cir. 2004) ("Proof of a conspiracy does not require proof that the object of the conspiracy was achieved or could have been achieved, only that the parties agreed to achieve it.").

2

Thus, in questioning Ms. Rodriguez regarding the conduct underlying the bank fraud conspiracy charged in Count 28, the government was not required to establish that Manafort received the loan in question. The Court's suggestion, however, that the government was unnecessarily spending time on a loan that Manafort did not receive undermines the well-established law on conspiracy, undercuts the charge in Count 28, and is likely to confuse and mislead the jury. The comment also reflects the Court's opinion on the evidence, which the jury may "substitute" for its own opinion. *See United States v. Sorondo*, 845 F.2d 945, 949 (11th Cir. 1988) ("a trial judge is required scrupulously to avoid expressing or implying his or her own opinion on the merits of the case or the weight of particular evidence, lest the jury substitute the trial judge's opinion for its own").

Accordingly, the government moves for a curative instruction explaining that the jury is not to consider the Court's comment and that loans that Manafort fraudulently applied for but did not receive are relevant to the charges in the indictment.

**CONCLUSION**

For these reasons, the government requests that the Court give the referenced curative jury instruction at the start of the proceedings on August 10, 2018.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: August 10, 2018

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

/s/_____
Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                                    /s/
                                     Uzo Asonye
                                     Assistant United States Attorney
                                     U.S. Attorney's Office
                                     Eastern District of Virginia
                                     2100 Jamieson Avenue
                                     Alexandria, VA 22314
                                     uzo.asonye@usdoj.gov
                                     Phone: (703) 299-3700
                                     Fax: (703) 299-3981

                                     *Attorney for the United States of America*