IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Crim. No. 1:18-cr-83 (TSE) |

**GOVERNMENT'S REPLY BRIEF REGARDING THE ADMISSIBILITY OF EVIDENCE THAT DEFENDANT FAILED TO FILE FBARS FOR FOREIGN BANK ACCOUNTS OWNED OR CONTROLLED BY HIS U.S. BUSINESSES**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby files this reply brief regarding the admissibility of evidence that defendant Paul J. Manafort, Jr. ("Manafort") failed to file foreign bank account reports (FBARs) for foreign bank accounts owned or controlled by his U.S. businesses, specifically Davis Manafort Partners and DMP International.  As the government demonstrated in its initial trial brief on this issue (Document 210), that evidence is directly and intrinsically relevant to Manafort's willful and knowing intent to fail to file FBARs for the foreign bank accounts he owned or controlled personally.  Manafort opened the door to such evidence by presenting the defense that the FBAR rules are complex, his failures were the result of oversight, and U.S. corporations also have obligations to file FBARs.

In response, Manafort takes issue only with the argument that this evidence is admissible under Federal Rule of Evidence 404(b), ignoring the government's primary argument that his failure to file FBARs for foreign accounts owned or controlled by his businesses is intrinsic to and inextricably intertwined with the charged offenses relating to his failure to file FBARs for foreign accounts he owned or controlled personally.  *See United States v. Otuya*, 720 F.3d 183, 188 (4th

1

Cir. 2013) ("[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, which is to say that both acts are part of a single criminal episode") (citation and internal quotation marks omitted); *United States v. Palacios*, 677 F.3d 234, 244-45 (4th Cir. 2012) ("Acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence.") (internal quotation marks omitted). Manafort does not refute the government's argument that he had to refrain from filing FBARs not just for his foreign bank accounts but also for foreign bank accounts owned or controlled by his U.S. businesses in order for his scheme to succeed.

Manafort also asserts that he did not open the door to evidence about his failure to file FBARs for the foreign accounts owned or controlled by his businesses, but he relies simply on the fact that his questioning of Paula Liss did not "address Davis Manafort's Partners' or DMP International's FBAR filing obligations." Manafort Response (Document 222) at 2. Even if he did not ask those specific questions, Manafort's defense was that the rules were so complicated that he did not know that he had to file FBARs for accounts over which he did not have signature authority. Manafort further opened the door by eliciting testimony, repeatedly, regarding the need for U.S. corporations to file FBARs. Defense counsel's questions laid the foundation to argue that it was Manafort's U.S. companies, and not Manafort himself, that were obligated to file FBARs. Evidence that Manafort did not file FBARs for his companies' accounts is relevant to counter that argument.

## CONCLUSION

For the foregoing reasons and those in the government's initial trial brief (Document 210), the government requests that the Court permit the government to present evidence that Manafort failed to file FBARs with respect to foreign bank accounts owned or controlled by his U.S.

businesses – specifically, Davis Manafort Partners and DMP International.

                Respectfully submitted,

                ROBERT S. MUELLER, III
                Special Counsel

Dated: August 10, 2018                /s/

                Andrew Weissmann
Uzo Asonye                Greg D. Andres
Assistant United States Attorney                Brandon L. Van Grack
Eastern District of Virginia                Special Counsel's Office
                U.S. Department of Justice
                950 Pennsylvania Avenue NW
                Washington, D.C. 20530
                Telephone: (202) 616-0800

                *Attorneys for United States of America*


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                                                          /s/
                                               Uzo Asonye
                                               Assistant United States Attorney
                                               U.S. Attorney's Office
                                               Eastern District of Virginia
                                               2100 Jamieson Avenue
                                               Alexandria, VA 22314
                                               uzo.asonye@usdoj.gov
                                               Phone: (703) 299-3700
                                               Fax: (703) 299-3981

                                               *Attorney for the United States of America*