**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:18-cr-00083-TSE |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | Judge T. S. Ellis, III |
| Defendant. | ) | |

**PAUL J. MANAFORT, JR.'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR JUDGMENT OF ACQUITTAL ON COUNTS 29 THROUGH 32 OF THE SUPERSEDING INDICTMENT**

Paul J. Manafort, Jr., by and through counsel, hereby submits this supplemental motion[1] pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, for a judgment of acquittal in connection with Counts 29 through 32 of the Superseding Indictment because the evidence presented by the United States at trial during the Government's case-in-chief was insufficient to sustain convictions of Mr. Manafort for these charges. Specifically, for the reasons set forth below, Mr. Manafort contends that the Government failed to prove the required element of materiality for these charges.

**1. Background**

Mr. Manafort was charged by a Superseding Indictment with willfully subscribing and filing false income tax returns (Counts 1 through 5), willfully failing to file foreign bank account reports ("FBARs") (Counts 11 through 14), bank fraud (Counts 25 through 27, 30 and 32), and bank fraud conspiracy (Counts 24, 28, 29, and 31). On July 31, 2018, Mr. Manafort went to trial

[1] Mr. Manafort, by and through counsel, orally moved in open court for a judgment of acquittal of all of the charges against him pursuant to Rule 29(a) following the Government's direct case on August 13, 2018.

on these charges, and the Government presented its case-in-chief for approximately ten trial days. Counts 29 through 32 of the Superseding Indictment allege Mr. Manafort committed bank fraud and bank fraud conspiracy in connection with loan applications that Mr. Manafort submitted to The Federal Savings Bank ("TFSB").

**2. Legal standards for granting judgment of acquittal**

Under Rule 29(a) of the Federal Rules of Criminal Procedure, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). As one legal treatise states, a "judgment for acquittal . . . is an important safeguard to the defendant. It tests the sufficiency of the evidence against defendant, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." 2A Charles A. Wright, Fed. Prac. & Proc. Crim. § 461 (4th ed. 2013). In considering a Rule 29 motion, the "determination [ ] focuses on both the elements of the offense charged and on the factual sufficiency of the evidence." *United States v. Alerre*, 430 F.3d 681, 693 n. 13 (4th Cir. 2005). Although the evidence is to be "viewed in the light most favorable to the prosecution," *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005), a conviction can only be sustained where the evidence is "substantial." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015).

Thus, the question raised by a motion for a judgment of acquittal is whether "as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalis v.*

*Pennsylvania*, 476 U.S. 140, 144 (1986)). "[T]o avoid a Rule 29 judgment of acquittal, the government must have presented evidence to support a conviction based on reasonable inferences, as the fact finder is not entitled to make 'leaps of logic.'" *United States v. Crounsset*, 403 F. Supp. 2d 475, 479 (E.D. Va. 2005) (quoting *Evans-Smith v. Taylor*, 19 F.3d 899, 908 n.22 (4th Cir. 1994)).

If the Court reserves decision on this motion under Rule 29(b), the Court must later resolve the motion solely on the basis of the evidence at the time the ruling was reserved without consideration of any subsequent evidence that may be presented unless the motion is renewed. Fed. R. Crim. P. 29(a).

**3. Argument**

The Superseding Indictment alleges that Mr. Manafort committed bank fraud and bank fraud conspiracy in connection with TFSB loan applications. (*See* Counts 29 through 32). The Government, however, has not presented substantial evidence that Mr. Manafort is guilty of these charges because the evidence in the record has clearly established that any inconsistencies in the information supplied in connection with Mr. Manafort's loan applications were not material to TFSB's decision on whether or not to approve the loans. Indeed, the evidence adduced at trial demonstrates that TFSB was aware of the true status of Mr. Manafort's assets and future income prior to granting the loans, devised a loan structure based upon its understanding of Mr. Manafort's financial situation, and was inclined to make the loans, in part, due to the bank chairman, CEO, and majority shareholder, Stephen Calk's, interest in doing business with Mr. Manafort.

Dennis Raico, TFSB's senior vice president, testified that Calk had "push[ed] to expediate the loan." Tr., Aug. 10, 2018 at 2014. Mr. Raico further testified that Calk was directly involved in loan negotiations with Mr. Manafort, something that Mr. Raico had never witnessed before. *Id.*

at 2015. Mr. Raico explained that loans at TFSB are subject to review and approval by the bank's credit committee, which is comprised of Calk and two other bank officials. *Id.* at 2019. Mr. Raico further explained that the bank approved Mr. Manafort's loan applications the day after they had been submitted for approval, something that, again, Mr. Raico had never before witnessed during his tenure at FSB. *Id.* at 2025. On cross-examination, Mr. Raico conceded that the Manafort loans ultimately went through a credit approval process with FSB's credit committee and that the loans were, in the end, unanimously approved. *Id.* at 2090. Mr. Raico also conceded that, in the end, the Manafort loans were sufficiently collateralized. *Id.* at 2091; 2095.

James Brennan, a vice president at TFSB, also testified about the Manafort loans. Specifically, Mr. Brennan explained that, although Mr. Manafort's income at the time of the loan applications caused some concern, Mr. Manafort was transparent about the fact that, at that time, he was volunteer on a political campaign. *Id.* at 2222–23. Mr. Brennan confirmed that this fact was apparent to TFSB and that the issue was "out in the open." *Id.* at 2235. Moreover, Mr. Brennan testified that the issue about accrued income that Mr. Manafort had represented to FSB he would receive in the future did not ultimately factor into the bank's decision regarding the Manafort loans. *Id.* at 2223. Mr. Brennan further testified that it was his understanding that the debt discussed above related to the New York Yankees tickets was ultimately repaid. *Id.* at 2225.

In light of the trial evidence on this issue, any purported misstatements regarding Mr. Manafort's income or credit card debt were immaterial to TFSB's ultimate loan decision because both Mr. Raico and Mr. Brennan testified that the Manafort loans were sufficiently collateralized and that the bank was fully aware that Mr. Manafort did not have income at the time the loans were approved. Moreover, as the Court as observed, the record is clear that Mr. Calk and Mr. Manafort had negotiated loan terms that TFSB would approve regardless of the information in

various loan application materials. Accordingly, Mr. Manafort's alleged misstatements, assuming there were any, in connection with the TFSB Manafort loans were immaterial and a judgment of acquittal should be entered pursuant to Rule 29(a) as to Counts 29 through 32.

The Government's main case is readily distinguishable. In *Reza*, according to testimony from former underwriters at Suntrust, the "renegade lender" aggressively sought to originate mortgage loans to sell them in the secondary mortgage market. *See United States v. Reza*, 876 F.3d 604, 612 (4th Cir. 2017). There was testimony that Suntrust focused on obtaining new mortgage loans and deemphasized collecting interest. *Id.* Further, Suntrust "attempted to sell loans immediately after origination, before the SunTrust borrowers could default and undermine the loans' marketability." *Id.* In *Reza*, there was testimony that Suntrust's business model "encouraged SunTrust employees to prioritize economic metrics . . . such as good credit scores . . . and to disregard other information." *Id.* Here, a small, closely held bank—whose majority shareholder exercised significant control over the bank's operations—made a fully informed decision to extend a loan to Mr. Manafort, and that decision was unanimously approved by TFSB's credit committee. Moreover, there has been strong evidence in this case that a) TFSB was aware of Mr. Manafort's income at the time it approved the loans; b) Mr. Manafort's purported credit card debt had been resolved at the time the loans were approved; and c) the loans were sufficiently collateralized. This is a far cry from the "demonstrated habit of disregarding materially false information," present in *Reza*.

**4. Conclusion**

For the foregoing reasons, Mr. Manafort respectfully requests that the Court enter a judgment of acquittal as to Counts 29 through 32 of the Superseding Indictment, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure.

Dated: August 13, 2018

Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

s/ Richard W. Westling
Richard W. Westling (*pro hac vice*)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
(202) 861-1868
rwestling@ebglaw.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Brian P. Ketcham (*pro hac vice*)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August 2018, I will electronically mail the foregoing to the following:

Andrew A. Weissman
Greg D. Andres
Uzo Asonye

U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800
Email: AAW@usdoj.gov
GDA@usdoj.gov
Uzo.Asonye@usdoj.gov

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*