### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **PAUL J. MANAFORT, JR.,** | **Crim. No. 1:18-cr-83 (TSE)** |
| **Defendant.** | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### REQUEST FOR JUDICIAL NOTICE

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby submits this opposition to defendant Paul J. Manafort, Jr.'s ("Manafort") request for judicial notice of the fact that the District of Columbia indictment returned against Manafort in October 2017 sought forfeiture of two particular pieces of real property. *See* Doc. 237. As explained below, that fact is not properly subject to judicial notice under Federal Rule of Evidence 201 and is irrelevant to the bank-fraud charges at issue, risks confusing the issues and the jury, and is therefore inadmissible under Rules 401, 402, and 403.

"Under Federal Rule of Evidence 201(b), the district court may judicially notice a fact that is not subject to reasonable dispute when it is either (1) generally known within the district court's jurisdiction, or (2) can be readily determined from an indisputably accurate source." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). The bare fact that the D.C. indictment seeks forfeiture of particular real properties is undisputed, although the reference to a single paragraph in a 30-page indictment is misleading. But the only aspect of that information with any relevance to Manafort's defense—namely, whether the D.C. indictment resulted in restraint of assets that Manafort needed to pay his TFSB loan—*is* disputed. Specifically, as witness James Brennan made

1

clear in response to the Court's questioning, the government restrained only one of Manafort's TFSB bank accounts. 8/13/2018 Tr. at 2261 (testimony that "[t]here was another account in the bank that . . . was seized," but "not the accounts that were collateral for the loan"). That account contained approximately $90,000, whereas the account used as collateral—and which was *not* restrained by the government—contains approximately $2.5 million.[*]

What is more, Manafort acknowledged during the D.C. bail proceedings that any restraint on some of his assets would not prevent him from making loan payments, because he agreed at various points to keep current on the mortgages for properties that he was pledging to secure bail— and D.C. court made keeping current on those mortgages an explicit condition of any bail package. See D.C. Doc. 260 at 2; D.C. Doc. 95 at 2 (attached hereto). In short, information about the D.C. forfeiture notice and any effect of that notice on Manafort's ability to pay is not the kind of "indisputable" subject to judicial notice under Rule 201. *See United States v. Zayyad*, 741 F.3d 452, 463 (4th Cir. 2014)

Even were the information at issue properly subject to judicial notice, it should still be excluded as irrelevant and unduly prejudicial. *See* Rules 401, 402, and 403; *Ebersole v. Kline-Perry*, No. 1:12-cv-26 2012 WL 2673150, at *6 (E.D. Va. July 5, 2012) ("Still, for the Court to take judicial notice of a matter, . . . that matter must be relevant."). The fact that an indictment seeks forfeiture of two pieces of real property is irrelevant to the bank-fraud charges at issue. Forfeiture of those properties would be a consequence of conviction; it is not effectuated simply

---

[*] The government did secure a *lis pendens* on one more of the properties listed in the D.C. forfeiture notice, but that step did not itself prevent Manafort from making his loan payments. *See United States v. Thomas*, 440 F. App'x 148, 152 (3d Cir. 2011) (unpublished) ("A notice of *lis pendens* simply serves to notify prospective purchasers or other interested persons who are not parties to the suit that particular property is the subject of pending litigation . . . such a notice does not prevent the sale of the property, nor is it a lien on the property." (internal quotation marks and citation omitted)).

by the naming of the properties in the indictment.  *Cf.* Fed. R. Crim. P. 32.2 (a) (requiring that "the indictment or information contain[] notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute").  In addition, forfeiture would be a consequence of conviction in the D.C. prosecution, a case that Manafort has argued is "irrelevant" to this proceeding and that this Court has ruled would not be addressed at this trial.  *See* Doc. 93 (Def. Mot. *in Limine*) at 4 ("Information about the D.C. case is irrelevant to this case."); Doc. 150 (*In Limine* Order) at 3.  The forfeiture allegation there stems from violations of the money laundering statute and the Foreign Agents Registration Act, not bank fraud.  *See* Original D.C. Indictment p. 30 (D.C. Doc. No. 13).  Instructing the jury about the bare fact of a forfeiture allegation would be confusing (and misleading) to the jury absent clarification of the differences between the cases.  And it would sanction—at the end of the trial, with no remedy for the government—the defense's violation of this Court's *in limine* ruling.

Finally, the need to provide clarification about forfeiture and the D.C. case risks the kind of confusion and waste of time that Rule 403 is designed to avoid.  The information at issue should therefore be excluded even were it relevant and properly subject to judicial notice.

## CONCLUSION

For these reasons, the Court should deny Manafort's request for judicial notice.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: August 14, 2018

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

_/s/_ _____
Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

_____/s/_____
Brandon Van Grack
Special Counsel's Office

*Attorney for the United States of America*

# ATTACHMENTS

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )     Crim. Action No. 17-0201-1 (ABJ) |
| PAUL J. MANAFORT, JR. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>ORDER</u>

Defendant Manafort's Motion to Modify Conditions of Release, [Dkt. # 66]; *see also* [Dkt. # 32], is hereby granted in part and denied in part.[1]  Defendant has agreed to forfeit $10,000,000.00 if he fails to appear for Court proceedings, or to surrender to serve any sentence that the Court may impose if he is convicted, and he has agreed to secure that promise with real property of sufficient value to satisfy the forfeiture amount.  He has also proffered sureties who have agreed to pay the amount to be forfeited if he fails to appear.  Given that combination of assurances, the Court will release him from his current condition of home confinement.  However, the Court will not agree to all of the other terms and conditions proposed in defendant's motion.

On November 6, 2017, the Court found, for the reasons stated on the record at a hearing held on that date, that release on personal recognizance with an unsecured appearance bond will not reasonably assure the appearance of the defendant as required.  Under those circumstances, pursuant to the Bail Reform Act, 18 U.S.C. § 3142(c), the Court is required to order his pretrial release:

> (A) subject to the condition that [he] not commit a Federal, State, or local crime . . . and

---

[1] In light of the Court's ruling on defendant's motion [Dkt. # 66], the motion to modify his conditions of release [Dkt. # 32] is denied as MOOT.

(B) subject to the least restrictive further condition, or combination of conditions, that [it] determines will reasonably assure [his] appearance.

18 U.S.C. § 3142(c)(1)(A)–(B).

The Court finds that home confinement is not the least restrictive condition that will accomplish that goal. Therefore, pursuant to section 3142(c)(1)(B), defendant will be released under the following conditions that the Court has determined are necessary:

(A) Defendant must not commit any federal, state, or local crime.

(B) Pursuant to section 3142(c)(1)(B)(xi), defendant must execute an agreement to forfeit the following properties upon failing to appear as required:

174 Jobs Lane, Bridgehampton, N.Y.;

123 Baxter Street, New York N.Y.;

10 St. James Drive, Palm Beach Gardens, FL; and

601 N. Fairfax Street, Alexandria, VA.

(C) The co-owner of each property must also execute an agreement to forfeit the property upon defendant's failure to appear.

(D) Defendant and the co-owners must agree in writing not to transfer or further encumber any of the properties, and to remain current on mortgage and real estate tax payments.

(E) Pursuant to section 3142(c)(1)(B)(xii), the proposed sureties, Kathleen B. Manafort and Andrea Manafort Shand, must each execute an agreement to serve as a surety and forfeit up to $10,000,000.00 upon defendant's failure to appear.

If defendant fails to appear, all four properties will be forfeited. In the event the amount obtained as a result of forfeiture proceedings does not equal $10,000,000.00, the sureties will be required to forfeit the difference. In order to ensure that assets are available for that purpose, Kathleen B. Manafort must provide bank or investment account records to the Court verifying that she has deposited cash or securities valued at $5,000,000.00 (net of any margin) in a separate account over which she has sole signatory authority, and Andrea Manafort Shand must provide

bank or investment account records to the Court verifying that she has deposited cash or securities valued at $2,000,000.00 (net of any margin) in a separate account over which she has sole signatory authority. Those assets may not be dissipated or transferred pending further order of the Court.

Defendant shall notify the Court once all of the necessary documents have been executed and docketed in this case. At that time, the Court will issue a separate order releasing defendant from the condition of permanent home confinement in Alexandria, Virginia to return directly to his residence in Palm Beach Gardens, Florida. He must provide the D.C. Pretrial Services Agency with his precise itinerary and travel arrangements at least one business day before he departs, and he will be further ordered to comply with the following conditions, to be monitored by the Pretrial Services Agency of the Southern District of Florida, thereafter:

1. Defendant must reside at 10 St. James Drive in Palm Beach Gardens, Florida.

2. Defendant must abide by a curfew of 11:00 p.m. until 7:00 a.m.

3. Defendant must remain within the geographic area of Palm Beach County and Broward County in the Southern District of Florida.

4. Defendant may travel to and from the District of Columbia for court appearances and for meetings with counsel without seeking permission in advance from the Court, provided that he informs Pretrial Services of the dates of such travel and supplies the agency with his detailed itinerary three business days in advance of any trip.

5. Defendant must obtain permission of the Court for any other domestic travel, including travel to the District of Columbia for any other purpose. Any motion seeking permission must be filed one week before the proposed trip and must explain why any proposed meeting cannot take place in Florida or through use of the phone or internet.

6. Defendant may not leave the United States, and he may not apply for any additional passports or visas.

7. Defendant's wife shall surrender any and all current passports to the Pretrial Services Agency.

8. Defendant must stay away from transportation facilities, including airports, train stations, bus stations, and private airports, other than for trips described in paragraphs 4 and 5.

9. Defendant's compliance with these conditions will be subject to electronic GPS monitoring.

10. Defendant must report in person once a week to Supervisor Randall Frimet of the Pretrial Services Agency of the Southern District of Florida, or his designee, at 501 S. Flagler Drive, # 400, West Palm Beach, Florida 33401.

**SO ORDERED**.

_____
AMY BERMAN JACKSON
United States District Judge

DATE: December 15, 2017

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )
    )
    )
    v.    )
    )    Crim. Action No. 17-0201-01 (ABJ)
PAUL J. MANAFORT, JR.    )
    )
    Defendant.    )

## ORDER

Upon consideration of the defendant's renewed motion for reconsideration of his conditions of release [Dkt. # 230], the government's opposition [Dkt. # 238], and the materials previously submitted to the Court on this issue, the motion is hereby DENIED without prejudice. Upon review of all of the materials, the Court has concluded that the defendant may submit a revised bond package with a total unencumbered value of approximately $10 million that is drawn from the following assets:

- ███████ Street, Arlington, VA (approximate unencumbered value ██ million);

- ██████ Street, New York, NY (approximate unencumbered value █ million);

- ███████ Drive, Palm Beach Gardens, FL (approximate unencumbered value ██ million);

- ██████ Lane, Bridgehampton, NY (approximate unencumbered value █ million);

- █ Avenue (██████████), New York, NY (approximate unencumbered value ██ million), PROVIDED that defendant produces documents from the lender verifying that he is current on his mortgage obligation; and

- of the assets previously identified in Dkt. 70, some or all of the unencumbered cash (approximately ███ million) and/or marketable securities (███ million) jointly held with Kathleen Manafort, PROVIDED that those assets are set aside in a separate account for which she alone has signatory authority.

As the Court has noted in prior orders, if real property is provided as security, it will be a condition of the defendant's release that he remain current on the mortgage obligations associated with that property and the property may not be further encumbered or transferred.

Assets that will not be acceptable for purposes of securing the defendant's release include:

- ██████████ Street, Alexandria, VA, for the reasons stated in the Court's minute order dated February 22, 2018;

- ██████████ Street, New York, NY, because, while the Court has indicated that it will accept assets that are subject to forfeiture in the event the defendant is convicted, this asset is the subject of the pending bank fraud charges in the Eastern District of Virginia, and therefore, it is more directly tied to allegations of criminal activity, and those allegations are not under the jurisdiction of this Court and could give rise to remedies outside of this Court's control; and

- The ██████████ account # xxxx██ owned by Andrea Manafort Shand and Christopher Ian Shand. Defendant himself has identified issues with this account in that not only has it already been seized, but one of the co-owners with rights to the account is an individual who is neither the defendant nor a blood relative of the defendant. *See* Def.'s Motion for Reconsideration of Conditions of Release [Dkt. # 153] at 8.

SO ORDERED.

Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: April 9, 2018

2