IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 1:18-CR-83 |
| v. | ) |
| | ) Trial Date: July 31, 2018 |
| PAUL J. MANAFORT, JR., | ) |
| | ) The Honorable T. S. Ellis, III |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S PROPOSED FORFEITURE JURY INSTRUCTIONS

If the defendant is found guilty of Count 29 or Count 30 of the Superseding Indictment, the United States proposes the following instructions and special verdict form relating to the criminal forfeiture of the asset alleged in the Superseding Indictment.[1]

    1.    Jury's Duty Regarding Forfeiture

    2.    Government's Burden of Proof Regarding Forfeiture

    3.    Jury May Consider Trial Evidence as Well as Any Additional Evidence Presented on the Issue of Forfeiture

    4.    Property Subject to Forfeiture

    5.    Definition - Proceeds

    6.    Definition - Property "Traceable To"

    7.    Test for Nexus

    8.    Duty Not to Consider Certain Issues That Court Will Decide

---

[1] "If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(5)(B); *United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) (explaining if the United States seeks to forfeit specific property, "a special jury verdict is" required.) (citation omitted).

9. Special Verdict Form

10. Unanimous Verdict

                                        Respectfully submitted,

                                        ROBERT S. MUELLER, III
                                        Special Counsel

                            By:     /s/

Uzo Asonye                           Brandon L. Van Grack
Assistant United States Attorney      Greg D. Andres
Eastern District of Virginia           Special Assistant United States Attorneys
                                                  Special Counsel's Office

                                                  U.S. Department of Justice
                                                  950 Pennsylvania Ave., NW
                                                  Washington, DC 20530
                                                  Phone: (202) 616-0800

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                                                            /s/
                                        Brandon L. Van Grack
                                        U.S. Department of Justice
                                        950 Pennsylvania Ave., NW
                                        Washington, DC 20530
                                        Phone: (202) 616-0800

                                        *Attorney for the United States of America*

## FORFEITURE INSTRUCTION NO. 1

(Jury's duty regarding forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of the bank fraud counts charged in the indictment, you have one more task to perform before you are discharged. I now must ask you to render a special verdict concerning property that the Government has alleged is subject to forfeiture to the United States.

What you must now decide is whether there is a nexus, that is a connection, between property that the indictment alleges shall be forfeited to the United States and the conduct for which you have already found the defendants guilty.

I instruct you, however, that your previous finding that the defendant is guilty is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any violations. All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

---

Fed.R.Crim.P. 32.2(b)(1) ("As soon as practicable after entering a guilty verdict . . . on any count in an indictment . . . with regard to which criminal forfeiture is sought, the court [or jury] shall determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.").

## FORFEITURE INSTRUCTION NO. 2

(Government's burden of proof regarding forfeiture)

My previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do <u>not</u> apply to your deliberations and verdict regarding forfeiture. In deliberating and deciding your verdict regarding forfeiture, the United States need only prove the forfeiture by a preponderance of the evidence, not beyond a reasonable doubt. To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. The decision is made by considering all the evidence on the subject and deciding which evidence you believe. Each party is entitled to the benefit of all evidence received, regardless of who offered the evidence. Preponderance of the evidence is a lesser standard than proof beyond a reasonable doubt. Your job is to determine whether it is more likely than not that the property the government seeks to forfeit is the proceeds of bank fraud or property traceable thereto.

---

*United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) ("the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence"); *United States v. Tanner*, 61 F.3d 231, 234-35 (4th Cir. 1995) (preponderance is the burden of proof for criminal forfeiture).

# FORFEITURE INSTRUCTION NO. 3

(Jury may consider trial evidence as well as any additional
evidence presented on the issue of forfeiture)

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.[2] Hearsay that is relevant and reliable may also be considered.[3]

---

[2] "The … determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (the court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the Government to reintroduce that evidence in the forfeiture hearing).

[3] Since forfeiture is part of sentencing, relevant and reliable hearsay can be considered in determining the requisite nexus by a preponderance of the evidence. *Libretti v. United States*, 516 U.S. 29, 41 (1995) (holding "criminal forfeiture is an element of the sentence imposed for a violation of certain drug and racketeering laws."); U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."); *United States v. Shomorin*, 229 F.3d 1161 (9th Cir. 2000) (explaining "We have held that generally, hearsay evidence may be used in sentencing although the statements must nonetheless bear indicia of reliability[.]" (citations, quotation marks, and ellipsis omitted) (quoting *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir.1995) and U.S.S.G. § 6A1.3(a)); *United States v. Grandon*, 714 F.3d 1093, 1097 (8th Cir. 2013) (explaining "At sentencing, a district court may consider relevant information, including hearsay testimony, without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." (citations and quotation marks omitted) (quoting *United States v. Woods*, 596 F.3d 445, 447–48 (8th Cir. 2010) and U.S.S.G. § 6A1.3(a)). *See also United States v. Ivanchukov*, 405 F.Supp.2d 708, 709 n.1 (E.D. Va. 2005) (because forfeiture is part of sentencing, reliable hearsay is admissible to establish the forfeitability of the property).

# FORFEITURE INSTRUCTION NO. 4

(Property Subject to Forfeiture)

Section 982(a)(2) of Title 18, United States Code, provides for forfeiture of "any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of" bank fraud or conspiracy to commit bank fraud.

---

18 U.S.C. § 982(a)(2)

**FORFEITURE INSTRUCTION NO. 5**

(Definition of "proceeds")

I instruct you that the term "proceeds" means property of any kind obtained, directly or indirectly, as the result of the commission of the offense, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense. In other words, "proceeds" means money or other property that would not have been obtained or retained but for the commission of the crime, and it includes other property that is traceable to the proceeds. As used in these instructions, proceeds means gross profits; in other words, all sums obtained from the illegal activity, without regard to any overhead expenses that the defendant may have paid in order to obtain these sums.

---

*United States v. Cekosky,* 171 Fed. Appx. 785 (11th Cir. 2006) (because defendant would not have been able to open his bank account but for having committed an identify theft offense, the interest he earned on the deposits in that bank account represented the proceeds of the offense, even though the deposits themselves were made with legitimate funds); *United States v. DeFries*, 129 F.3d 1293, 1313 (D.C. Cir. 1997) ("because the but-for test usefully articulates the requirement of a nexus between the targeted property and the racketeering activity, we adopt it"); *United States v. Benyo*, 384 F. Supp. 2d 909, 914 (E.D. Va. 2005) ("but for" test); *United States v. Ivanchukov*, 405 F. Supp.2d 708 (E.D. Va. 2005); *United States v. Nicolo*, 597 F. Supp. 2d 342, 350 (W.D.N.Y. 2009) (applying the "but for" test: all property defendant received as a consequence of a fraud scheme is forfeitable).


# FORFEITURE INSTRUCTION NO. 6

(Definition - property "traceable to")

Property "traceable to" the proceeds of an offense includes property that was acquired or maintained with the proceeds. For example, if someone uses the proceeds of a crime to buy a car, the car is regarded as property traceable to the proceeds. The point is that the proceeds of an offense remain the proceeds of the offense even as they change form from one thing to another.

_____

*United States v. Betancourt*, 422 F.3d 240 (5th Cir. 2005) (following *Hill*; if defendant buys a lottery ticket with drug proceeds, the lottery winnings are traceable to the offense even though the value of the ticket appreciated enormously when it turned out to contain the winning number); *United States v. Swanson*, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well); *United States v. Stewart*, 185 F.3d 112, 129-30 (3d Cir. 1999) (§ 982 - tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering), *cert. denied*, 528 U.S. 1063 (1999); *United States v. Hawkey*, 148 F.3d 920, 927-28 (8thCir. 1998) (§ 982 - property "traceable to" the laundering violation and any appreciation in value is forfeitable; entire motor home forfeitable even if untainted funds added to value of it); *United States v. Wittig*, 2006 WL 13158, at *2 (D. Kan. 2006) (court instructs jury that property Aderived from@ the proceeds of an offense means money or other property obtained using the money or other source of wealth gained as a result of the offense; property Atraceable to@ the offense means property whose acquisition was attributable to the offense rather than from untainted sources).

**FORFEITURE INSTRUCTION NO. 7**

(Test for Nexus)

The test for determining the requisite nexus or connection between illegal conduct and the specific property sought to be forfeited is the "but for" test. Property is forfeitable where the government shows, by a preponderance of evidence, that the defendant would not have obtained the property "but for" his criminal conduct.

---

*United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 712-713 (E.D. Va. 2005).

## FORFEITURE INSTRUCTION NO. 8

(Duty not to consider certain issues that court will decide)

I further instruct you that what happens to any property that you find to be connected to the offense is exclusively a matter for the court to decide. You should not consider what might happen to the property; your task is to find whether or not the government has established, by a preponderance of the evidence, that there is a connection between the property and the offense or offenses for which the defendant has been convicted. If you find that such a connection exists, the court will decide what happens to the property.

In this regard, you should not be concerned with whether the defendant was the owner of the property, and you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, you are not to consider whether the property is presently available, or whether the forfeiture of the property would constitute excessive punishment. Those matters will be taken into account by the Court at a later time.

---

*United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property"); *United States v. Brown*, 2007 WL 470445, at *5 (M.D. Fla. 2007) (setting out text of instruction telling the jury not to concern itself with the interest of any third party in the property; because the jury is unaware of the ancillary proceeding, it may be hesitant to forfeit property held in a third party's name without such an instruction); *United States v. Wittig*, 2006 WL 13158, at *3 (D. Kan. 2006) (court instructs jury that it is not to concern itself with anyone's ownership interest in the property, "as the jury's responsibility is solely to determine whether the Government has adequately proven the nexus between the offenses and the property").

## FORFEITURE INSTRUCTION NO. 9

(Special verdict form)

A special verdict form has been prepared for you. The special verdict form lists the property that the government asserts has a nexus to the crimes for which the defendants have been convicted. The same property may be subject to forfeiture in connection with more than one offense, so you must answer the questions separately for each item and for each offense. You may answer each question by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO". The foreperson must then sign and date the special verdict form.

## FORFEITURE INSTRUCTION NO.   10

(Unanimous verdict)

You must reach a unanimous verdict as to the questions on the special verdict form.

Everyone must agree to any "YES" or "NO" answer you enter on a special verdict form.