FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2018 AUG 16 P 1: 59

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA,

vs.

PAUL J. MANAFORT, JR.,

Defendant.

Criminal Action No.: 1:18-cr-83

## MEMORANDUM IN SUPPORT OF MEDIA COALITION MOTION TO INTERVENE AND FOR ACCESS TO CERTAIN PORTIONS OF THE RECORD

Through this motion, Cable News Network, Inc. ("CNN"); The Associated Press ("AP"); BuzzFeed, Inc. ("BuzzFeed"); NBCUniversal Media, LLC ("NBC"); The New York Times Company ("The Times"); POLITICO LLC ("Politico"); and WP Co., LLC, d/b/a/ The Washington Post (the "Post") (collectively, the "Media Coalition") seek access to certain records and information in this case that are presumptively public pursuant to the common law and the First Amendment. The Court is well aware of the prominence of and public interest in this case, as well as the need to provide transparency to the maximum extent possible. *E.g.*, Order of July 23, 2018 (Dkt. 145) (denying Government requests to seal motions for use immunity for trial witnesses). There is thus no need to burden the Court with unnecessary background information here.

The Media Coalition seeks access to: (1) the names and addresses of the jurors and alternates; (2) the sealed records at Dkts. 228, 229, 235 and 239; (3) the sealed portions of the sidebar transcript subject to the Order of August 9, 2018 (Dkt. 221); and (4) any other records or transcripts that have been sealed that may not appear on the public docket. The Media Coalition respectfully requests that the Court grant its motion and unseal the records and information it

seeks pursuant to the settled rights of access to records in criminal cases pursuant to the First Amendment and common law.

## ARGUMENT

### I. The Media Coalition Has Standing To Intervene

The Fourth Circuit has firmly established the right of representatives of the news media to intervene in judicial proceedings, including in criminal matters, to vindicate the public's right of access to judicial proceedings and records. *See, e.g., Company Doe v. Pub. Citizen*, 749 F.3d 246, 262 (4th Cir. 2014) (noting that Fourth Circuit "has previously permitted news organizations to intervene in actions in which they were not otherwise parties to challenge a district court's sealing order"); *United States v. Moussaoui*, 65 F. App'x 881, 884 (4th Cir. 2003) (permitting news organizations to intervene in criminal appeal for limited purpose of seeking to unseal portions of the appellate record and transcript of oral argument). The Media Coalition has standing to intervene because, having been denied access to records required to be available to the public, the members of the Media Coalition have suffered injury to their rights that a favorable ruling on this motion would redress. *E.g., Rosenfeld v. Montgomery Cty. Pub. Sch.*, 25 F. App'x 123, 131-32 (4th Cir. 2001) ("We have held that the press has standing to intervene in actions in which it is not otherwise a party to seek review of a district court's order sealing documents and court records."); *In re Washington Post Co.*, 807 F.2d 383, 393 n.4 (4th Cir. 1986) (newspaper had standing to challenge sealing of records in criminal case "because it has suffered 'an injury . . . that is likely to be redressed by a favorable decision'") (citation omitted); *In re Voluntary Disclosures in Fifty-Five Closed Cases*, 2018 WL 3540281, at *2 (W.D. Va. July 23, 2018) ("[M]edia outlets 'unquestionably have standing to challenge access to court documents.'") (citation omitted). Therefore, because the news media's right to intervene to

request unsealing of judicial records is unquestioned, the Media Coalition should be granted leave to intervene in this case.

## II. The Public Has Rights of Access to the Materials the Media Coalition Seeks

The Constitution and the common law provide to the public qualified rights of access to criminal trials, *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 (1980), including voir dire proceedings, *Press-Enter. Co. v. Superior Court of Calif.*, 464 U.S. 501, 510-12 (1984) ("*Press-Enterprise I*"). Those access rights extend to "documents submitted in the course of a trial," such as transcripts, motions and other substantive filings. *In re The Wall St. Journal*, 601 F. App'x 215, 218 (4th Cir. 2015) (quoting *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir.1999)); *In re Charlotte Observer*, 882 F.2d 850, 852 (4th Cir. 1989); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy . . . judicial records and documents."). Those access rights "may be abrogated only in unusual circumstances." *Company Doe*, 749 F.3d at 266 (quoting *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). The party seeking to keep the records sealed "bears the burden of showing some significant interest that outweighs the presumption" of openness. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted).

The rights of access, which arise independently under both the common law and the First Amendment, attach to "judicial records," which are "documents filed with the court" that "play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). The common-law access right applies to all judicial records and may be overcome only if "the public's right of access is outweighed by competing interests." *Id.* (quoting *Charlotte Observer*, 743 F.2d at

3

235). The First Amendment right applies only to those judicial records that satisfy the "experience and logic" test, which asks "(1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* at 291 (internal marks and citations omitted). The First Amendment right of access may be overcome only where sealing is narrowly tailored to serve a compelling governmental interest. *Id.* at 290. Regardless of the source of the access right, the Court must justify sealing a proceeding or judicial record by making specific findings on the record regarding the overriding interests to be served by secrecy and the reasons for rejecting alternative methods to protect those interests. *Virginia State Police*, 386 F.3d at 576.

### A. Juror Names and Addresses Are Presumptively Public

Under controlling Fourth Circuit precedent, jurors' names and addresses "are just as much a part of the public record as any other part of the case," and therefore must be disclosed absent extraordinary circumstances such as "realistic threats of violence or jury corruption." *In re Baltimore Sun Co.*, 841 F.2d 74, 76 & n.5 (4th Cir. 1988); *accord United States v. Wecht*, 537 F.3d 222, 235 (3d Cir. 2008); *In re Globe Newspaper Co.*, 920 F.2d 88, 91 (1st Cir. 1990). Indeed, because of the centuries-old tradition of public trials – where community members attending the proceedings often knew the jurors personally – the open availability of jurors' names is "no more than an application of what has always been the law." *Baltimore Sun*, 841 F.2d at 75.[1] This transparency also serves the public interest by helping to ensure both the appearance and reality of fairness and justice in our courts; as the Fourth Circuit observed, "the

---

[1] The Court of Appeals in that case observed that "[w]e see no need to and do not base our decision on the First Amendment." *Baltimore Sun*, 841 F.2d at 76 n.4.

risk of loss of confidence of the public in the judicial process is too great to permit a criminal defendant to be tried by a jury whose members may maintain anonymity." *Id.* at 76.

Shielding jurors' names from public view is justified "only when there is strong reason to conclude that the jury needs protection from interference or harm, or that the integrity of the jury's function will be compromised if the jury does not remain anonymous." *United States v. Dinkins*, 691 F.3d 358, 372 (4th Cir. 2012). Here, there is no reason to believe that extraordinary circumstances exist that would justify keeping jurors' names sealed – particularly after they have rendered their verdict. This is not a case involving organized crime or other circumstances in which the potential for violence or corruption requires an anonymous jury. *C.f. United States v. Hager*, 721 F.3d 167, 187-89 (4th Cir. 2013) (affirming this Court's decision to empanel anonymous jury in capital case where defendant was alleged member of narcotics trafficking gang and had previous conviction for obstruction of justice). The Media Coalition is unaware of any credible threats of physical harm or other retaliation against jurors that would override the presumption that their names are matters of public record. Moreover, the ability of third parties to influence the jury's verdict ceases once that verdict is rendered. Therefore, the Media Coalition respectfully requests that the Court issue an order directing the clerk to make publicly available the names and addresses of the jurors and alternates who heard this case, at the latest immediately upon return by the jury of its verdict.

### B. The Other Documents and Transcripts At Issue Should Be Unsealed

The remaining materials the Media Coalition seeks are judicial records subject to the First Amendment right of access (or, at a minimum, the common-law access right). As such, they should be unsealed to aid the public's understanding of this important case.

Because no public motion to seal has been filed as contemplated by Local Criminal Rule 49, the Media Coalition does not and cannot know the topic of the sealed motion at Dkts. 228, 229, 235 and 239, what relief this defense motion[2] seeks, and what justification(s) the parties have claimed to support sealing these papers. However, suffice to say that any motion submitted during trial self-evidently is one that plays a role in the adjudicative process and thus is a judicial record subject, at a minimum, to the common-law access right. The Media Coalition opposes sealing and respectfully requests that the Court order the requisite public motion to seal be filed so the Coalition may meaningfully oppose sealing. In the alternative, if the Court is persuaded that sealing is necessary, the Coalition respectfully requests that the Court issue specific findings on the record that justify secrecy.

Regarding the sealed portions of transcripts of sidebar conferences, the Court has stated that the subject matter of the discussion related to some aspect or aspects of the Special Counsel's investigation that are not public knowledge. *See* Order Granting Motion to Seal, Aug. 9, 2018 (Dkt. 221). The Court apparently did not rule on the issue of whether these transcripts were subject to the First Amendment or common-law access right. These transcripts are subject at a minimum to the common-law right of access, which "is fully applicable to transcripts of sidebar or chambers conferences in criminal cases at which evidentiary or other substantive rulings have been made." *United States v. Smith*, 787 F.2d 115 (3d Cir. 1986).[3] The Media Coalition therefore respectfully requests that the Court reconsider its decision, apply the

---

[2] Because Dkt. 238 is listed as a supplemental opposition by the Government, the Media Coalition assumes that the underlying motion was filed by counsel for the defendant.

[3] In an unpublished opinion, the Fourth Circuit assumed without deciding that there is a common-law right of access to sidebar transcripts and held "this right is amply satisfied by prompt post-trial release of transcripts." *In re Associated Press*, 172 F. App'x 1, 6 (4th Cir. 2006).

"experience and logic" test, and either unseal these transcripts entirely or order more targeted redactions to withhold only that specific information that would interfere with the ongoing investigation.

As the Fourth Circuit has noted, although the potential for interference with an ongoing investigation can be a legitimate justification for sealing judicial records, "not every release of information contained in an ongoing criminal investigation file will necessarily affect the integrity of the investigation." *Virginia State Police*, 386 F.3d at 579. In that case, the Fourth Circuit noted the need for "specific underlying reasons" supporting "how the integrity of the investigation reasonably could be affected by the release of such information." *Id.* For example, "facts that are otherwise unknown to the public" might be properly withheld, but there is little justification to withhold information that is already public. *Id.* To the extent that these sidebar discussions involved information that the Media Coalition members or others already have reported to the public, sealing of the transcripts would not be justified.

Finally, although the Media Coalition does not have any information indicating that other, unknown records or transcripts in this case are under seal, it respectfully requests that if there are, the Court either order those materials to be unsealed or provide the Coalition with an opportunity to be heard regarding unsealing.

## CONCLUSION

For all of the foregoing reasons, the Media Coalition respectfully requests that the Court grant its motion and enter an order directing the Clerk of Court to make public jurors' names and the other records sought pursuant to this motion.

Respectfully submitted,

Dated: August 16, 2018                           BALLARD SPAHR LLP


By: _____

Jay Ward Brown (Va. Bar No. 34355)
brownjay@balladspahr.com
Matthew E. Kelley (Va. Bar No. 84045)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 508-1136
F: (202) 661-2299

*Counsel for Cable News Network, Inc.; The Associated Press; BuzzFeed, Inc.; NBCUniversal Media, LLC; The New York Times Company; POLITICO LLC; and WP Co., LLC, d/b/a/ The Washington Post*