IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:18-cr-83 |
| PAUL J. MANAFORT, JR., ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER

On August 17, 2018, Cable News Network, Inc.; The Associated Press; BuzzFeed, Inc.; NBCUniversal Media, LLC; The New York Times Company; POLITICO LLC; WP Co., LLC, d/b/a The Washington Post; and CBS Broadcasting Inc. moved for leave to intervene in the prosecution of Paul J. Manafort, Jr., seeking, among other things, the names and addresses of the jurors and alternate jurors (Doc. 251).[1]

A federal district court has discretion to empanel an anonymous jury by withholding biographical information about the jurors from the public, parties, or both in any non-capital case in which "the interests of justice so require." *United States v. Dinkins*, 691 F.3d 358, 371–72 (4th Cir. 2012) (quoting 28 U.S.C. § 1863(b)(7)). Specifically, the Fourth Circuit authorizes the use of anonymous juries when "(1) there is strong reason to conclude that the jury needs protection from interference or harm, or that the integrity of the jury's function will be compromised absent anonymity; and (2) reasonable safeguards have been adopted to minimize the risk that the rights of the accused will be infringed." *Id.* at 372. The Fourth Circuit, although emphasizing the context-

---

[1] The original motion was filed by Cable News Network, Inc.; The Associated Press; BuzzFeed, Inc.; NBCUniversal Media, LLC; The New York Times Company; POLITICO LLC; and WP Co., LLC, d/b/a The Washington Post. CBS Broadcasting Inc. then sought to join in the motion, and this Court has granted that request in a separate Order.

specific nature of the inquiry, has directed that courts utilize the *Ross* factors when considering the use of an anonymous jury. *Id.* at 373. The *Ross* factors are:

> (1) the defendant's involvement in organized crime
> (2) the defendant's participation in a group with the capacity to harm jurors
> (3) the defendant's past attempts to interfere with the judicial process
> (4) the potential that, if convicted, the defendant will suffer a lengthy incarceration and substantial monetary penalties, and
> (5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation or harassment

*Id.* Although the first four factors are inapplicable here, the final factor, (5), makes clear the necessity of maintaining the jurors' and alternate jurors' anonymity from the public, given the extraordinary nature and extent of media attention, as reflected in the fully-filled primary and partly-filled overflow courtrooms, day after day. The extensive newspaper, internet, and television coverage of the trial underscore this necessity. Moreover, if jurors in very high-profile cases are not assured anonymity, at least for some period of time, they may be reluctant to serve.

Furthermore, reasonable safeguards have been taken to minimize the risk that defendant's rights will be infringed. The parties are aware of the jurors' and alternate jurors' names and addresses. Indeed, they have not objected to keeping the jurors' and alternate jurors' identities under seal. And the Court, in the presence of the jury, has minimized the significance of the juror anonymity procedure. *Id.* at 378–79.

Accordingly, and for all these reasons,

It is hereby **ORDERED** that the jurors' names remain under seal until further Order of this Court.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
August 21, 2018

/s/
_____
T. S. Ellis, III
United States District Judge