┌─ U.S. v. Manafort ─

2280

1          UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF VIRGINIA
2              ALEXANDRIA DIVISION

3   ----------------------------x
                                :
4   UNITED STATES OF AMERICA,   : Criminal Action No.
                                : 1:18-CR-83
5            versus             :
                                :
6   PAUL J. MANAFORT, JR.,      :
                                : August 13, 2018
7             Defendant. : Volume X - P.M.-2
    ----------------------------x

8
                  TRANSCRIPT OF JURY TRIAL
9       BEFORE THE HONORABLE T.S. ELLIS, III
             UNITED STATES DISTRICT JUDGE
10

    APPEARANCES:
11

    FOR THE GOVERNMENT:        UZO ASONYE, AUSA
12                             United States Attorney's Office
                               2100 Jamieson Avenue
13                             Alexandria, VA 22314
                                    and
14                             GREG ANDRES, SAUSA
                               BRANDON LANG VAN GRACK, SAUSA
15                             Special Counsel's Office
                               U.S. Department of Justice
16                             950 Pennsylvania Avenue NW
                               Washington, D.C. 20530
17
    FOR THE DEFENDANT:         JAY ROHIT NANAVATI, ESQ.
18                             BRIAN KETCHAM, ESQ.
                               Kostelanetz & Fink LLP
19                             601 New Jersey Avenue NW
                               Suite 620
20                             Washington, DC 20001
                                    and
21                             THOMAS E. ZEHNLE, ESQ.
                               Law Office of Thomas E. Zehnle
22                             601 New Jersey Avenue NW
                               Suite 620
23                             Washington, DC 20001
                                    and
24

25

─ Tonia M. Harris OCR-USDC/EDVA 703-646-1438 ─

EASTERN DISTRICT OF VIRGINIA

```
                          ┌─U.S. v. Manafort─┐
                                                                  2281
 1   Appearances continued:

                                 KEVIN DOWNING, ESQ.
 2                               Law Office of Kevin Downing
                                 601 New Jersey Avenue NW
 3                               Suite 620
                                 Washington, DC 20001
 4                                  and
                                 RICHARD WILLIAM WESTLING, ESQ.
 5                               Epstein, Becker, & Green, PC
                                 1227 25th Street NW
 6                               Washington, DC 20037

 7   OFFICIAL COURT REPORTER:    TONIA M. HARRIS, RPR
                                 U.S. District Court, Ninth Floor
 8                               401 Courthouse Square
                                 Alexandria, VA 22314
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                      ─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─
                        EASTERN DISTRICT OF VIRGINIA
```

─────U.S. v. Manafort─────

2282

1                          TABLE OF CONTENTS
                                TRIAL
2                              WITNESSES

3       On behalf of the Government:

4       Paula Liss

5              Direct examination by Mr. Asonye................ 2293

6                              MISCELLANY

7       Preliminary matters..................................... 2283
        Certificate of Court Reporter.......................... 2301
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────
                   EASTERN DISTRICT OF VIRGINIA

———————————— U.S. v. Manafort ————————————

2283

1          **P R O C E E D I N G S**

2    (Continued P.M. session continued at 4:22 p.m.)

3          THE COURT:  When we recessed, I think the defendant

4    represented that he intended to argue only that in certain

5    years -- I've forgotten which ones -- the foreign bank

6    accounts belonged to an entity in which he owned 50 percent or

7    less ownership.  That's all you intended to argue; is that

8    correct?

9          MR. ZEHNLE:  That's correct, Your Honor.

10          THE COURT:  Now, given that, how does that implicate

11   what you want to do?

12          MR. ASONYE:  Your Honor, I think during the

13   discussions with defense counsel, what they have said is

14   they're going to argue that these were -- these offshore

15   Cypriot accounts were DMP Internationals accounts, not

16   Mr. Manafort's.  And that, in our view, blows the door wide

17   open because the implication is it's DMP International's

18   filing requirement.

19          Now, they've conceded they are not going to come out

20   and openly say, therefore, it was DMP International's filing

21   requirement.  But by saying they're DMP Internationals

22   accounts, which is what they did through Mr. Gates, what they

23   did through the stipulation, and what they are going to argue

24   to the jury, you're right there, Judge.

25          THE COURT:  Well, I was thinking during the recess

1   that if I do this, I'm going to tell the jury they cannot

2   convict Mr. Manafort for any offense not alleged in the

3   indictment.  That's right, isn't it?

4             MR. ASONYE:  That is correct, Your Honor, limiting

5   instruction --

6             THE COURT:  So, necessary.  And that they may only

7   consider the evidence relating to the failure of DMP

8   International and Davis Manafort Partners not filing as it

9   might relate to what?  His intent?  His willfulness?

10            MR. ASONYE:  Yes, Your Honor.

11            THE COURT:  All right.  Now, that's a question I

12  asked you and you began to answer, but you never completed it,

13  there was too much discussion.  The burden of the Government

14  is to show willfulness beyond a reasonable doubt.

15            How does the failure of these companies to file FBAR

16  reports operate to show that it's more likely so than not the

17  standard for relevance, that he knew that he had an obligation

18  and he deliberately violated it?

19            MR. ASONYE:  It shows the second part, Your Honor,

20  that he didn't --

21            THE COURT:  What does it show?

22            MR. ASONYE:  It shows the second part of Your

23  Honor's question, which was that he didn't file for these

24  entities.  The --

25            THE COURT:  How does it show the willfulness,

───────U.S. v. Manafort───────

2285

1    though?

2              MR. ASONYE:  Well, the -- that's not what it's

3    going -- the willfulness piece is the e-mails, an engagement

4    letters that I --

5              THE COURT:  Do they relate to the entities?

6              MR. ASONYE:  Yes, they spell out the FBAR

7    requirement, period.

8              THE COURT:  Well, those are admitted.

9              MR. ASONYE:  Those are admitted already, Your Honor.

10             THE COURT:  And you can argue those.  So how does

11   showing that these organizations didn't file if they're not

12   going to argue that it was their obligation, they're merely

13   going to argue that he didn't have an obligation personally

14   because that's what's alleged in the indictment?

15             MR. ASONYE:  Your Honor, they are essentially

16   arguing that the corporation had the obligation by saying

17   these were the corporation's accounts.

18             THE COURT:  All right.  But you didn't indict the

19   corporation.

20             MR. ASONYE:  Correct.  But in the course of this

21   trial, they have now opened the door on the corporation issue.

22             THE COURT:  I don't buy the open-door argument, but

23   I see your other point.

24             Do you have any objections -- does the Government

25   have any objection to my telling the jury that, of course, the

U.S. v. Manafort

2286

1  jury may not convict -- is something happening back there?

2  　　　　MR. ASONYE:  No, Your Honor.

3  　　　　THE COURT:  -- tell the jury that they may not

4  convict defendant for any offense not alleged in the

5  indictment.  And it is not alleged in the indictment that

6  these companies failed to file.  Therefore, the evidence that

7  the companies didn't file may only be considered by the jury

8  in their consideration of whether the Government has proved

9  beyond a reasonable doubt that Mr. Manafort, on his personal

10 obligation to file, did so or failed to do so willfully

11 deliberately.

12 　　　　MR. ASONYE:  That would be appropriate and

13 necessary, Your Honor.

14 　　　　THE COURT:  And, therefore, if I give that

15 instruction, Mr. Zehnle, you-all can argue as you wish.

16 　　　　MR. ZEHNLE:  May I have a moment to confer, Your

17 Honor?

18 　　　　THE COURT:  Yes, you may.

19 　　　　(A pause in the proceedings.)

20 　　　　MR. ZEHNLE:  Thank you, Your Honor.  So after

21 conferring with my colleagues, I want to go back to at least

22 initially what I've said, that these are two separate filing

23 obligations, one for the corporation and one for the

24 individual.

25 　　　　And the defense position is it doesn't make much

─────U.S. v. Manafort─────

2287

1   sense to let evidence, with respect to this filing obligation

2   with respect to these corporate or partnership entities, come

3   in and then later have to basically correct it with the

4   instruction and say, well, you can't consider it for anything

5   else other than this, as opposed to saying that's not

6   relevant, there's been no evidence of what the corporate

7   filing obligation is.

8            THE COURT:  Well, no, I would be saying it is

9   relevant to the intent issue, to the willfulness issue.  That

10  would be the basis for the admissibility.

11           MR. ZEHNLE:  The non-filing on behalf -- if I may,

12  Your Honor, the non-filing of an FBAR on behalf of the company

13  cannot be relevant, it seems, or probative of whether or not

14  Mr. Manafort as an individual had an obligation, because the

15  corporation might have other people that are responsible for

16  it or whatever.

17           Putting aside, you know, we're just focused on what

18  they've charged.

19           THE COURT:  I understand.  And I'm in agreement with

20  you in that regard, but Mr. Asonye, although he hasn't done it

21  with specifics, tells me that there are exhibits in the record

22  sent by accountants -- is that right, Mr. Asonye -- in which

23  the defendant in the case of DMP International and Davis

24  Manafort was advised of the duty, not his duty, but of the

25  duty of these corporations to file FBAR reports, and that is

U.S. v. Manafort

2288

1  relevant to his knowledge.

2          Is that right, Mr. Asonye?

3          MR. ASONYE:  Your Honor, and I want to be --

4          THE COURT:  Is that right?

5          MR. ASONYE:  It is.  But I want to be entirely clear

6  that in -- when the tax preparers are communicating with

7  Mr. Manafort about whether he has any foreign bank accounts,

8  determining whether he has an FBAR obligation, they quote the

9  entire regulation, and that's -- our argument is that that

10  makes clear --

11          THE COURT:  Oh, so this isn't documents about --

12  this isn't where they're talking to him about what the

13  obligation is of these companies?

14          MR. ASONYE:  Well, I --

15          THE COURT:  See, I thought what you were saying is

16  that in connection with the companies, that he was given this

17  information and the companies failed to file, and I was going

18  to say that it was admissible because it goes to his intent.

19  And, of course, the jury can't convict him for failing -- or

20  the companies for failing to file because the company is not

21  indicted.

22          MR. ASONYE:  Your Honor, if I could just read the

23  language for you and I'll be entirely --

24          THE COURT:  I don't have any doubt that the language

25  says that, but you're telling me that it was sent to him in

─U.S. v. Manafort─

2289

1    connection with his individual obligation.

2          MR. ASONYE:  No, it's sent to him on the engagement

3    letter.  I'm looking at 153 with respect to his corporate

4    entities that are preparing his corporate returns, and they

5    cite foreign related reporting requirements.  There are

6    several different reporting requirements:  FBAR, an entity

7    subject to U.S. jurisdiction having a financial interest or

8    signature authority over bank accounts has to file.

9          So our argument is he was advised.

10         THE COURT:  Was that sent to him in connection with

11   the return, his personal return, right?

12         MR. ASONYE:  Actually, it's sent with an --

13   connection with his business --

14         THE COURT:  So that's in evidence and you can argue

15   that to his knowledge.

16         MR. ASONYE:  It's with his business returns as well,

17   Your Honor.  His business returns are listed on -- Davis

18   Manafort Partners Inc. is listed on the list of the tax

19   returns that are being prepared in connection with this

20   engagement letter.

21         THE COURT:  All right.  Anything else, Mr. Zehnle?

22         MR. ZEHNLE:  No, Your Honor.

23         THE COURT:  And this witness is here?

24         MR. ASONYE:  Yes, Your Honor.

25         THE COURT:  If I decide to allow her to testify?

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

─────────────────── U.S. v. Manafort ───────────────────

2290

1        MR. ASONYE:  She is, Your Honor.

2        THE COURT:  More than three questions?

3        MR. ASONYE:  I believe it's three questions.

4        THE COURT:  All right.  I'll take a brief recess to

5    reflect on it, but it won't be long.  Ten minutes.

6        (Recess.)

7        THE COURT:  All right.  As I made clear --

8    Mr. Manafort is now present in the courtroom.

9        As I made clear, this is not -- to the extent that

10   it is a request for reconsideration of the earlier ruling,

11   that's denied.

12       But I'm going to permit this witness to be asked

13   these three questions, but I'm going to instruct the jury that

14   the jury, of course, may not convict Mr. Manafort for any

15   offense not charged in the indictment, and that the indictment

16   does not charge any of the entities, Davis Manafort Partners

17   and DMP International, with violating the FBAR requirement,

18   which it could, but it doesn't, and Mr. Manafort cannot be

19   convicted for the failure of those entities to file.

20       But they may consider the evidence that would be

21   presented for the limited purpose of helping them decide

22   whether Mr. Manafort had the requisite intent of willfulness,

23   which means that the jury must decide whether the Government

24   has proved beyond a reasonable doubt that Mr. Manafort knew

25   what the law required and deliberately did not comply with it.

U.S. v. Manafort

2291

1          That's what the jury will be told.  And then you can

2    put your witness on, elicit your three questions and then you

3    may cross-examine.

4          That's the last witness for the Government?

5          MR. ANDRES:  Thankfully, yes, Your Honor.

6          THE COURT:  All right.  I agree with thankfully.

7    And then we will hear Rule 29 motions.  And following the

8    Rule 29 motions, Mr. Zehnle and Mr. -- I see Mr. Downing is

9    back with us.

10         MR. DOWNING:  Good afternoon, Your Honor.

11         THE COURT:  I will ask you whether the defendant

12   wishes to offer evidence.

13         If he does not, I will voir dire him if he does not

14   wish to testify.

15         All right.  What that means for those of you in the

16   courtroom, it means that I will then ask Mr. Manafort

17   questions to ensure that he does not wish to testify, that he

18   wishes to exercise his right to remain silent.

19         All right.  Is your witness here, Mr. Asonye?

20         MR. ASONYE:  Yes, Your Honor.

21         THE COURT:  All right.  Let's be -- let's have the

22   jury return, please.

23         (Jury present.)

24         THE COURT:  Again, I'm standing myself for the

25   comfort of my back.  But just so you know, my back is

U.S. v. Manafort

2292

1    wonderful in the last two days.  I have no problems with it.

2              All right.  You may be seated.

3              Thank you for your patience.  Ladies and gentlemen,

4    the bad news is we have one more witness.  It's not really bad

5    news.  It's what it is.  The good news is that it will be a

6    short witness.  That's not really good news either.  We have

7    to hear all of the evidence and consider it carefully.

8              Now, the evidence you will hear must be considered

9    by you only for a limited purpose.  The evidence you will hear

10   relates to Davis Manafort Partners and DMP International, two

11   entities that you've heard some other evidence about.

12             And you will hear from a witness about the entities

13   and whether they filed FBARs, FBAR reports.  That evidence is

14   to be considered by you for a very limited purpose and I'll

15   describe that.

16             Mr. Manafort is not on trial for any crime or

17   offense not alleged in the indictment and you may convict only

18   for crimes alleged in the indictment.  This evidence doesn't

19   relate directly to that, but you may consider this evidence in

20   determining whether the Government has proved beyond a

21   reasonable doubt that the Government has shown that

22   Mr. Manafort willfully failed to file FBAR reports that he had

23   an obligation to file.  That's the purpose and the sole

24   purpose for which you may consider this evidence.

25             The evidence is not to be -- you can't convict

┌─────────────────U.S. v. Manafort─────────────────┐
P. Liss - Direct

2293

1  Mr. Manafort for offenses not alleged, and the indictment does

2  not allege that DMP International and Davis Manafort Partners

3  did not file FBARs.  Companies can be accused of crimes.  It's

4  not alleged in this indictment.  So I'm going to permit the

5  one further witness and Mr. Asonye has said it'll be very

6  brief.

7           MR. ASONYE:  Very brief, Your Honor.

8           THE COURT:  All right.  You may call the witness.

9           MR. ASONYE:  The Government calls Paula Liss.

10          THE COURT:  All right.

11          MR. ASONYE:  Recalls.

12          THE COURT:  Ms. Liss, come forward.  You'll recall

13 you remain under oath and you may resume the stand.

14          All right.  Mr. Asonye, you may proceed.

15 (Witness was previously sworn.)

16                     **DIRECT EXAMINATION**

17 BY MR. ASONYE:

18 Q.   Ms. Liss, could you remind the jury where you work and

19 your title?

20 A.   I work for the Financial Crimes Enforcement Network,

21 commonly known as FinCEN.  I'm a senior Special Agent.

22 Q.   And did you testify earlier in this case that you

23 conducted searches in the FinCEN database to determine whether

24 certain entities filed FBARs in certain years?

25 A.   Yes, I did.

—U.S. v. Manafort—

1   Q.   Did you search the FBAR database to determine whether in

2   tax years 2011, 2012, 2013, and 2014, whether any FBARs were

3   filed for Davis Manafort Partners Inc. and DMP International

4   LLC?

5   A.   Yes.

6   Q.   And were there any FBARs filed for those entities in 2011

7   through 2014?

8   A.   No, there were no records in FinCEN's database.

9           MR. ASONYE:  No further questions, Your Honor.

10          THE COURT:  That was five, but --

11          (Laughter.)

12          THE COURT:  Yes, Mr. Zehnle.

13          MR. ZEHNLE:  No questions, Your Honor.

14          THE COURT:  You may step down.

15          (Witness excused.)

16          THE COURT:  All right.  Call your next witness.

17          MR. ANDRES:  Your Honor, the Government rests.

18          THE COURT:  All right.  At this point, ladies and

19  gentlemen, I have some matters to deal with.  So what I'm

20  going to do, it's five o'clock, I'm going to release you for

21  today.  We will commence tomorrow morning at 9:30 as usual.

22  You may pass your books to the right.  Mr. Flood will collect

23  them, maintain their security.

24          Remember, now when you get home, I suppose much of

25  the curiosity will have subsided, indeed, perhaps disappeared.

—Tonia M. Harris OCR-USDC/EDVA 703-646-1438—

EASTERN DISTRICT OF VIRGINIA

─────────────── U.S. v. Manafort ───────────────

2295

1    But if it raises itself, resist the temptation.  Do not

2    discuss the case with anyone.  Don't look at any television or

3    papers or anything.

4            I had a very pleasant weekend.  I didn't read a

5    single newspaper.  I didn't look at a single TV show.

6            (Laughter.)

7            THE COURT:  And I enjoyed it.  Do that.  Put it out

8    of your mind.  I'll see you tomorrow morning at 9:30.  Thank

9    you for your efforts today.

10           (Jury dismissed.)

11           THE COURT:  All right.  You may be seated.

12           Now, Mr. Downing, I think there are two motions.

13   One is the motion that I want you to make now, Rule 29.  Do

14   you have such a motion?

15           MR. WESTLING:  Your Honor, at this time, the defense

16   would move for a Rule 29 motion as to all the counts in the

17   indictment, in particular, Your Honor, for keeping it brief

18   here, I know we have limited time, I would particularly ask

19   the Court to focus on the allegations related to The Federal

20   Savings Bank.  We believe there's not been a showing of

21   materiality as to those counts, that the bank -- the evidence

22   suggests that the bank did not rely on any representations

23   made by Mr. Manafort in granting those loans, and at this

24   time, it would be appropriate to dismiss those counts.

25           As to other loans, we believe there are similar

U.S. v. Manafort

2296

1    issues and I think the Court has heard the evidence.  We also

2    believe there's been a failure to show the necessary

3    willfulness throughout the indictment with particular emphasis

4    on the tax and the FBAR accounts.

5         THE COURT:  All right.  Mr. -- who will answer it,

6    Mr. Andres?

7         MR. ANDRES:  I will, Your Honor.

8         With respect to the tax charges, the Government has

9    charged Mr. Manafort in the first five counts at failing to --

10   for failing [sic] false tax returns as to his --

11        THE COURT:  I don't think he moved for a Rule 29 on

12   that, or do you?

13        MR. WESTLING:  I did mean to, Your Honor, as to all

14   counts.

15        THE COURT:  Then you need to address it.  I think

16   what he's addressing specifically that you do need to address

17   are the bank fraud counts; is that right?

18        MR. ANDRES: Okay.

19        MR. WESTLING:  That's correct, Your Honor.

20        MR. ANDRES: Your Honor, just for the record, we have

21   filed the brief as to the -- as to the --

22        THE COURT:  Did you file it today?

23        MR. ANDRES:  Yeah, we filed it this afternoon.  So

24   I'm just asking that Your Honor consider --

25        THE COURT:  All right.  Well, if you'd like, I'll

─────────────U.S. v. Manafort─────────────
2297

1    take a moment and go get it.  But it won't surprise you to

2    learn that I don't have a phalanx of lawyers working.

3              MR. ANDRES: No, I -- Your Honor, I wasn't --

4              THE COURT:  And, in fact, this came at a time when I

5    lost all my law clerks and I get brand-new ones, and they know

6    nothing and have not been involved in this case.

7              So you say you have filed something today.

8              MR. ANDRES:  Yes, it addresses this specific issue.

9              THE COURT:  All right.  Let me go look at it.

10             MR. ANDRES: Okay.

11             THE COURT:  And does it address the issue that

12   Mr. Zehnle raised?

13             MR. ANDRES:  Mr. Westling raised.

14             THE COURT:  Westling.

15             MR. ANDRES:  The materiality issue with respect to

16   the TSFB, yes, it specifically focuses --

17             THE COURT:  Yes.  All right.  Let me go read that.

18             MR. ANDRES:  Okay.

19             THE COURT:  Now, I take it, Mr. Downing, you're here

20   and seated in the No. 1 victim position because you want to

21   address the other pending motion.

22             MR. DOWNING:  That's correct, Your Honor.

23             THE COURT:  The sealed motion.

24             MR. DOWNING:  Yes, Your Honor.

25             THE COURT:  Let me have counsel at the bench

U.S. v. Manafort

2298

1  quickly, please, and then I'm going to take a minute -- just

2  for the benefit of everyone, I'm going to take a minute and

3  look at the brief that was submitted this afternoon by the

4  Government on the Rule 29 issue.

5  (A sealed bench conference was held, but not included herein.

6  Pages 20 - 23.)

7           (Open court.)

8           THE COURT:  All right.

9           We will proceed as follows:  I'm going to recess

10  briefly to read those briefs that were filed today, then we

11  will reconvene and I will hear argument on the sealed motion.

12  So the courtroom will be closed, but you will -- everyone in

13  the courtroom, indeed everyone in the world, will have access

14  to what is said because nothing will remain under seal, but it

15  will remain under seal for the time being.  Not permanently.

16           And then after I hear that, we will reconvene at

17  9:30 tomorrow morning.  And I expect -- I will know then or

18  before whether the Government -- whether the defendant intends

19  to offer any evidence.

20           MR. DOWNING:  Yes, Your Honor.

21           THE COURT:  And I will also be prepared to do the

22  instructions conference fairly promptly if we need to.  So as

23  far as proceedings today in open court, ladies and gentlemen,

24  it's over.

25           But what we do will not be permanently under seal.

U.S. v. Manafort

2299

1   When the case is over, the seal will be lifted.  And you will

2   all have an opportunity to see.  Anything further right now?

3          MR. ANDRES:  No, Your Honor.  Thank you.

4          THE COURT:  Both of the briefs were filed; is that

5   correct?

6          MR. DOWNING:  Yes, we filed yesterday.

7          MR. ANDRES:  Yes, Your Honor.

8          THE COURT:  All right.  I will go look at those now.

9   And then we'll reconvene and close the courtroom and I'll hear

10  from you in that regard.  I'll also look at the Rule 29

11  motions and I may proceed on those.

12          There's a possibility, ladies and gentlemen, that if

13  I deal with another motion that it may be in open court.  It's

14  only the sealed motion that I'm going to deal with without you

15  all present.

16          MR. DOWNING:  Your Honor, on the Rule 29 we had

17  asked if we can have until the morning to file a brief --

18          THE COURT:  That's right, you did ask, so it won't

19  be done today.

20          MR. DOWNING:  Thank you.

21          THE COURT:  When you submit something, I will read

22  it and then I will act on that motion and I'll do all of that

23  in open court.

24          Court stands in recess.

25  (Court recessed to the public at 5:09 p.m. Further sealed

U.S. v. Manafort

2300

1   proceedings were held, but not included herein.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                       CERTIFICATE OF REPORTER

2

3              I, Tonia Harris, an Official Court Reporter for

4      the Eastern District of Virginia, do hereby certify that I

5      reported by machine shorthand, in my official capacity, the

6      proceedings had and testimony adduced upon the Jury Trial

7      in the case of the **UNITED STATES OF AMERICA versus PAUL J.**

8      **MANAFORT, JR.,** Criminal Action No. 1:18-CR-83, in said

9      court on the 13th day of August, 2018.

10             I further certify that the foregoing 22 pages

11     constitute the official transcript of said proceedings, as

12     taken from my machine shorthand notes, my computer realtime

13     display, together with the backup tape recording of said

14     proceedings to the best of my ability.

15             In witness whereof, I have hereto subscribed my

16     name, this August 13, 2018.

17

18

19

20

21     _____
                Tonia M. Harris, RPR
22              Official Court Reporter

23

24

25

                                                                    2301