┌─────────────────────────U.S. v. Manafort─────────────────────┐

2588

1                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
2                        ALEXANDRIA DIVISION

3    ------------------------------x
                                   :
4    UNITED STATES OF AMERICA,      : Criminal Action No.
                                   : 1:18-CR-83
5              versus              :
                                   :
6    PAUL J. MANAFORT, JR.,         :
                                   : August 16, 2018
7                     Defendant. : Volume XIII - A.M./P.M.
     ------------------------------x
8
                      TRANSCRIPT OF JURY TRIAL
9           BEFORE THE HONORABLE T.S. ELLIS, III
                  UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     FOR THE GOVERNMENT:        UZO ASONYE, AUSA
12                              United States Attorney's Office
                                2100 Jamieson Avenue
13                              Alexandria, VA 22314
                                     and
14                              GREG ANDRES, SAUSA
                                BRANDON LANG VAN GRACK, SAUSA
15                              Special Counsel's Office
                                U.S. Department of Justice
16                              950 Pennsylvania Avenue NW
                                Washington, DC 20530
17
     FOR THE DEFENDANT:         JAY ROHIT NANAVATI, ESQ.
18                              BRIAN KETCHAM, ESQ.
                                Kostelanetz & Fink LLP
19                              601 New Jersey Avenue NW
                                Suite 620
20                              Washington, DC 20001
                                     and
21                              THOMAS E. ZEHNLE, ESQ.
                                Law Office of Thomas E. Zehnle
22                              601 New Jersey Avenue NW
                                Suite 620
23                              Washington, DC 20001
                                     and
24

25

─────────────────────Tonia M. Harris OCR-USDC/EDVA 703-646-1438──

                  EASTERN DISTRICT OF VIRGINIA

```
                         ┌──────U.S. v. Manafort──────┐
                                                          2589
 1  Appearances continued:
                              KEVIN DOWNING, ESQ.
 2                            Law Office of Kevin Downing
                              601 New Jersey Avenue NW
 3                            Suite 620
                              Washington, DC 20001
 4                                and
                              RICHARD WILLIAM WESTLING, ESQ.
 5                            Epstein, Becker, & Green, PC
                              1227 25th Street NW
 6                            Washington, DC 20037

 7  OFFICIAL COURT REPORTER:  TONIA M. HARRIS, RPR
                              U.S. District Court, Ninth Floor
 8                            401 Courthouse Square
                              Alexandria, VA 22314
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                         ──Tonia M. Harris OCR-USDC/EDVA 703-646-1438──
```

EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

2590

TABLE OF CONTENTS

MISCELLANY

Preliminary matters....................................... 2591
Jury Questions............................................ 2597
Certificate of Court Reporter............................ 2606

EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

2591

1              **P R O C E E D I N G S**

2    (Court proceedings commenced at 9:47 a.m.)

3              THE COURT:  All right.  Good morning.  This is the

4    United States against Manafort.  And it's 18-83.  And I can

5    see that counsel and the defendant are present and prepared to

6    proceed.

7              I'm going to impanel the jury, confirm as always

8    that the 12 persons now, since I've excused the alternates,

9    modified excused.  That is they're not entirely free yet.  And

10   I will have the roll called, ascertain, as I typically do,

11   that they adhered to the Court's instructions, tell them they

12   can then proceed to deliberate.  But the moment of

13   deliberation is a precise one and I'll tell them when that

14   arrives it isn't when they get into the jury room.

15             I'm probably going to allow them to deliberate in

16   another room, next to the jury room.  And the reason for that

17   is that the jury room is quite small and when you roll in

18   everything that is to be rolled in, it puts them in closer

19   quarters than they might like, and I might like, to spend time

20   deliberating.  I think they need a little bit bigger room.

21             I and two others maybe -- yes, two others were the

22   ones who participated as judges in the design of this

23   courthouse during the late 80s and early 90s.  It was built

24   and finished in '95 and I don't recall paying any attention to

25   the size of jury rooms.  I paid a lot of attention to my

U.S. v. Manafort

2592

1    space.

2              (Laughter.)

3              THE COURT:  I regret that now.  But it's done.  And

4    I'd probably let them deliberate in a slightly larger room.

5              All right.  Let's -- yes, Mr. Andres.

6              MR. ANDRES:  Good morning, Your Honor.  The parties

7    have agreed on an indictment to go back to the jury.  So I can

8    hand that up.

9              THE COURT:  Good.  May I see it?

10             MR. ANDRES:  Yes, Your Honor.  Just one, we added

11   the last page, which is -- now that I look at it the font is

12   kind of small --  but it's just an index to the banks that are

13   listed as lender B, C, and D.  Lender A --

14             THE COURT:  All right.  Just a moment.  Let me look

15   at it, if I may, a minute here.

16             All right.  It appears you have done precisely what

17   I have suggested or directed that you have put in just the

18   counts.

19             MR. ANDRES:  Correct, Your Honor.

20             THE COURT:  And then the final page, as you've just

21   advised me, identifies lender B, C, and D.

22             MR. ANDRES:  Correct.

23             THE COURT:  Any problem with this on behalf of the

24   defendant?

25             MR. DOWNING:  No, Your Honor.

U.S. v. Manafort

2593

1      THE COURT:  Thank you.  Anything else, Mr. Andres?

2      MR. ANDRES:  No, Your Honor.  Thank you.

3      THE COURT:  Mr. Flood, bring the jury in, please,

4  sir.

5      (Jury present.)

6      THE COURT:  All right.  You may be seated.  Good

7  morning, ladies and gentlemen.  We'll call the roll as always

8  by number.

9      THE DEPUTY CLERK:  Ladies and gentlemen, as I call

10  your name, please answer "present" or "here."

11      Juror 0008.

12      THE JUROR:  Present.

13      THE DEPUTY CLERK:  Juror 0037.

14      THE JUROR:  Here.

15      THE DEPUTY CLERK:  Juror 0276.

16      THE JUROR:  Present.

17      THE DEPUTY CLERK:  Juror 0017.

18      THE JUROR:  Present.

19      THE DEPUTY CLERK:  Juror 0145.

20      THE JUROR:  Present.

21      THE DEPUTY CLERK:  Juror 0115.

22      THE JUROR:  Present.

23      THE DEPUTY CLERK:  Juror 0082.

24      THE JUROR:  Present.

25      THE DEPUTY CLERK:  Juror 0009.

U.S. v. Manafort

2594

1          THE JUROR:  Present.

2          THE DEPUTY CLERK:  Juror 0299.

3          THE JUROR:  Present.

4          THE DEPUTY CLERK:  Juror 0091.

5          THE JUROR:  Present.

6          THE DEPUTY CLERK:  Juror 0302.

7          THE JUROR:  Present.

8          THE DEPUTY CLERK:  And juror 0060.

9          THE JUROR:  Present.

10          THE DEPUTY CLERK:  Thank you.  As usual, ladies and

11   gentlemen, I'm going to ask that you tell me whether you were

12   able to adhere to the Court's instructions to refrain from

13   discussing the matter with anyone or undertaking any

14   investigation on your own.  Were you all able to do that?

15          THE JURY:  Yes, Your Honor.

16          THE COURT:  Good.

17          All right.  We'll proceed today -- you've got your

18   books.  You've heard all of the evidence and the Court's

19   instructions and it's now time for you to deliberate.  But the

20   moment of deliberation is a precise one.  And it hasn't quite

21   yet arrived.  In a moment, I'm going to excuse you.  You won't

22   hear the familiar litany about refraining from discussing the

23   matter because the time has arrived when you must do just

24   that, but it hasn't quite arrived yet.

25          You'll go into the jury room and don't begin your

U.S. v. Manafort

2595

1   deliberations, don't begin talking about the case until Mr.

2   Flood has brought in all the exhibits, the jury verdict form.

3   You'll have a copy of portions of the indictment.  Remember

4   now, the indictment is not evidence or proof of guilt of any

5   kind whatsoever, but it's there to help you organize or

6   understand what each count charges.  And the tape recorder

7   with my instructions.  You're not required to listen to them

8   again.  But if you wish to, you have that facility.

9         Now, I understand you would prefer to deliberate in

10  the larger area.  I think that's perfectly understandable.

11  And I'm going to permit that.  There is a possibility that we

12  may need to use that space and if we do, you'll have to use

13  the jury room.

14        But, Mr. Flood, the room that they're going to use

15  is the judges' conference room?

16        THE CSO:  I believe they are requesting their break

17  room.

18        THE COURT:  Oh, the break room?

19        THE CSO:  Yes.

20        THE COURT:  Is that the one on this side?

21        THE CSO:  Where they usually have their lunches.

22        THE COURT:  All right.  I'll permit that.  But, of

23  course, you will have to ensure, Mr. Flood, the security of

24  that area.  And, as you know, he'll be right outside the door.

25  All right.  I think I've reviewed the --

U.S. v. Manafort

2596

1          (A pause in the proceedings.)

2          THE COURT:  She's so good.

3          (Laughter.)

4          THE COURT:  You may deliberate, that is, discuss the

5    case, only if all 12 of you are present in the jury room and

6    the door is closed.  No one else is in there.  If one or more

7    of you must use the facilities, you must cease your

8    deliberations.  You can't talk about the case unless all 12 of

9    you are present in the courtroom [sic].

10          Now, when lunchtime comes, you may continue while

11   you eat your lunch if you're all 12 together and the door is

12   closed.  Otherwise, if you wish, you may take a break for

13   lunch.  You may take a hour.  Mr. Flood will inform me as to

14   which you decide you want to do.  Of course the first thing I

15   suggest you do is to select a foreperson as I said earlier.

16          And you may deliberate as long or as little as you

17   like.  How long you deliberate is entirely up to you.

18          All right.  You may follow the court security

19   officer out.

20          (Jury dismissed.)

21          THE COURT:  You may be seated.  I'm going to take a

22   recess now before we continue in other matters.  And I would

23   ask -- you-all are perfectly welcome, all of you who are here

24   for the Manafort case, are perfectly welcome to remain

25   throughout all the rest.  I would ask that you make room for

U.S. v. Manafort

2597

1    the people whose cases are really being heard.  I don't think

2    that will be a problem.

3              Mr. Trump, you're here for what?

4              MR. TRUMP:  Mr. Nguyen's case, the supervised

5    release.

6              (Laughter.)

7              THE COURT:  Whose case?

8              MR. TRUMP:  John Nguyen, Your Honor.

9              THE COURT:  Oh, Mr. Nguyen.

10             MR. TRUMP:  Yes.

11             (Discussion off the record.)

12             THE COURT:  We'll stand in recess for five minutes.

13             MR. ANDRES:  Thank you, Your Honor.

14             (Recess.)

15             **A F T E R N O O N   P R O C E E D I N G S**

16   (Court proceedings commenced at 5:00 p.m.)

17             THE COURT:  All right.  We are now back on United

18   States against Manafort.  18-CR-83.  And counsel and the

19   defendant are present.  We have some questions from the jury.

20   I will read to you what the questions are.  Then, I will have

21   the court security officer show you the note at the podium.

22   And following that I will tell you what I intend to give by

23   way of answers and then I'll hear from you if you have

24   objections or suggestions.

25             All right.  The note says:  "Your Honor, we have a

U.S. v. Manafort

2598

1   few questions for tomorrow.  We are planning to stop today at

2   5:30 p.m."

3          "Is one required to file an FBAR if they own less

4   than 50 percent of the account, do not have signature

5   authority, but do have authority to direct disbursement of the

6   funds?"

7          There are three other questions, but let me give you

8   the answers one at a time.

9          I intend to answer that by saying:

10         "You must rely on your collective recollection of

11  the evidence in the case in order to answer that question."

12         I gave no instructions about exactly what was

13  required.  There was testimony on it, but I didn't give any

14  instructions.

15         The next question is:

16         "Can you define "shelf company" and filing

17  requirements related to income?"

18         The term "shelf company" did come up and that too

19  I'm going to answer that you must rely on your collective

20  recollection of the testimony to answer that.

21         The third question is:  "Can you redefine reasonable

22  doubt?"

23         There I intend to give them essentially the same

24  instruction with one change.  I will tell them:  The

25  Government is not required to prove the elements of each

U.S. v. Manafort

2599

1    offense beyond all possible doubt.  The test is one of

2    reasonable doubt and a reasonable doubt means a doubt based on

3    reason.

4            Then, the last question is:

5            "Can the exhibit list be amended to include the

6    indictment account to which they are related?"

7            The answer to that is:  No. You'll have to rely on

8    your collective recollection of the evidence as it was

9    presented and that's it.

10           Mr. Flood, show this to counsel.  Maybe one of you

11   from each side can look at it there at the podium.

12           At the podium.

13           MR. DOWNING:  Yes, I just wanted to confer.

14           THE COURT:  The usual scurrying of people are out.

15           (A pause in the proceedings.)

16           THE COURT:  And, of course, I'll make the note a

17   part of the record.  Certain portions of it has the name and

18   will remain under seal.

19           MR. DOWNING:  Thank you.

20           MR. ANDRES:  May I have an opportunity to discuss

21   with counsel?

22           THE COURT:  Yes, you may.

23                 (Discussion off the record.)

24           THE COURT:  And I intend, by the way to give the

25   answers orally here in open court.  I could do it in writing

─────────────────────────U.S. v. Manafort─────────────────

2600

1    if you'd prefer.

2              MR. ANDRES:  No, that's fine, Your Honor.

3              THE COURT:  I prefer to do it in open court.

4              MR. ANDRES:  Just one issue, if I might.  Just one

5    issue if I might, Your Honor.

6              THE COURT:  Yes.

7              MR. ANDRES:  With respect to the, I believe it's the

8    first question, with respect to FBAR, signature authority, and

9    the like.  There is a jury instruction for that.  So if Your

10   Honor could --

11             THE COURT:  Oh, all right.  Give me the number of

12   that if you would.

13                  (Discussion off the record.)

14             MR. ASONYE:  Your Honor, it's instruction No. 53

15   defined financial interest and signature authority, Your

16   Honor.

17             (A pause in the proceedings.)

18             THE COURT:  All right.  I'll give that once again.

19   Although, they have it, but I'll give it once again.

20             Any objection to that?

21             MR. DOWNING:  No, Your Honor.

22             THE COURT:  All right.  Anything else?

23             MR. ANDRES:  That's all, Your Honor.  Thank you.

24             MR. DOWNING:  Nothing else, Your Honor.

25             THE COURT:  All right.  Bring the jury in, please.

U.S. v. Manafort

2601

1          (Jury present.)

2          THE COURT:  All right.  You may be seated.  Ladies

3   and gentlemen, is that other area satisfactory?  It gives you

4   more room.

5          THE JURY:  Yes.

6          THE COURT:  I have received a number of questions

7   from you and I'm going to answer or give you answers orally

8   here.

9          I'll read the question and then I'll tell you what

10  the answer is.

11         The first question is:  "Is one required to file an

12  FBAR if they own less than 50 percent of the account, do not

13  have signature authority, but do have authority to direct

14  disbursements of the funds?"

15         The instruction I gave you at the outset, I think,

16  is responsive.

17         A person has a financial interest in each account in

18  which such person is the owner of record or has legal title,

19  whether the account is maintained for his or her own benefit

20  or for the benefit of others.

21         If an account is maintained in the name of more than

22  one person, each United States person in whose name the

23  account is maintained has a financial interest in that

24  account.

25         A person also has a financial interest in each

─────U.S. v. Manafort─────

2602

1   account for which the owner of record or holder of legal title

2   is a -- or a person acting as an agent, nominee, attorney, or

3   in some other capacity on behalf of the United States person

4   with respect to the account; or, a corporation in which the

5   United States person owns directly or indirectly more than 50

6   percent of the voting power of the total value of the shares;

7   a partnership in which the United States person owns directly

8   or indirectly more than 50 percent of the interest in profits

9   or capital or any other entity other than an entity in

10  paragraphs --

11          I don't believe I gave you that.  It's not relevant.

12  Is that relevant?

13          MR. ASONYE:  No, but the rest of the paragraph is,

14  Your Honor.

15          THE COURT:  Yes, it is.  Yes.  Let me read it again.

16  A corporation in which the United States person owns directly

17  or indirectly more than 50 percent of the voting power or the

18  total value of the shares.  A partnership in which the United

19  States persons owns directly or indirectly more than 50

20  percent of the interest in profits or capital or any other

21  entity in which the United States person owns directly or

22  indirectly more than 50 percent of the voting power total

23  value of equity interest or assets or interests in profits.

24          A United States person that causes an entity,

25  including but not limited to a corporation, partnership or

───────── U.S. v. Manafort ─────────

2603

1    trust, to be created for a purpose of evading Title 31 code or

2    federal regulations 1010.350 shall have a financial interest

3    in any bank, securities, or other financial account in a

4    foreign country for which the entity is an owner of record or

5    holder of legal title.

6           A person has signature or other authority over an

7    account if such person, a loan or in conjunction with another

8    can control the disposition of money, funds, or other assets

9    held in a financial account by direct communications, whether

10   in writing or otherwise, to the person with whom the financial

11   account is maintained.

12          That's the answer to the first question.

13          The second question is:

14          "Can you define "shelf company" and filing

15   requirements related to income?"

16          For the answer to that:  You must rely on your

17   collective recollection of the evidence that was presented in

18   the case.

19          The third question is:

20          "Can you please redefine reasonable doubt?"

21          As I told you in the instructions, the Government is

22   not required to prove the defendant's guilt with respect to

23   each element of the offense beyond all possible doubt.

24          The test is one of reasonable doubt.  What is a

25   reasonable doubt?  It is a doubt based on reason.

U.S. v. Manafort

2604

1          Your last question is:

2          "Can the exhibit list be amended to include the

3    indictment -- the indictment count to which they are related?"

4          The answer is:  No.  You'll have to rely on your

5    collective recollection of the evidence as to what a

6    particular document related to in the testimony.

7          All right.  Do counsel need to come to the bench for

8    any reason?

9          MR. ANDRES:  No, Your Honor.  Thank you.

10          MR. DOWNING:  No, Your Honor.

11          THE COURT:  All right.  Ladies and gentlemen, I'm

12    also advised that you would like to cease today at 5:30 and

13    return tomorrow morning at 9:30.  Am I correct?

14          THE JURY:  Yes, Your Honor.

15          THE COURT:  I will do so.  It's now 5:20.  So we

16    will recess.  You'll leave your books and everything here in

17    that room.  Mr. Flood will lock everything up and maintain its

18    security.  And then we will recess for the evening.

19          Now, its always been important and it continues to

20    be extremely important that you not discuss the matter with

21    anyone or undertake any investigation on your own by any

22    means.

23          Put -- if you can, I will try, and you should try to

24    put the matter out of your mind.  I think it will be easier

25    for me to do because I have a boring dinner tonight.  I will

──────U.S. v. Manafort──────

2605

1  tell you where it is but some of you might appear there.  It's

2  not even a restaurant.  But put it out of your mind and I'll

3  see you tomorrow morning at 9:30.

4          Thank you for your work in this matter.

5          You may follow Mr. Flood out.

6          (Jury dismissed.)

7          THE COURT:  You may be seed.  I meant to be

8  explicit, but I'm sure you understood that when I said "Do you

9  need to come to the bench?"  It was for you to object to

10 anything I said and I assumed you understood that Mr. Andres?

11         MR. ANDRES:  Yes, Your Honor.

12         THE COURT:  And you Mr. Downing?

13         MR. DOWNING:  Yes, Your Honor.

14         THE COURT:  All right.  I'm not sure I'm always

15 clear.  I said -- Mr. -- no, I'm not going to do it.

16         I'm not going to do it.

17         Anything else this evening?

18         MR. ANDRES:  No, thank you, Your Honor.

19         MR. DOWNING:  No, Your Honor.

20         THE COURT:  Thank you.  Court stands in recess until

21 9:00 tomorrow morning.  -- I have a sentencing at 9:00.  All

22 right.  But I -- if I don't finish it by 9:30, I'm going to

23 stop it and take up this case because I want the jury to keep

24 going.  Thank you.

25         Court stands in recess.

──Tonia M. Harris OCR-USDC/EDVA 703-646-1438──
EASTERN DISTRICT OF VIRGINIA

─────────────────────────U.S. v. Manafort─────────────────────────

2606

1        **(Proceedings adjourned at 5:21 p.m.)**

2

3                    CERTIFICATE OF REPORTER

4

5            I, Tonia Harris, an Official Court Reporter for the

6    Eastern District of Virginia, do hereby certify that I

7    reported by machine shorthand, in my official capacity, the

8    proceedings had and testimony adduced upon the Jury trial in

9    the case of the **UNITED STATES OF AMERICA versus PAUL J.**

10   **MANAFORT, JR.,** Criminal Action No. 1:18-CR-83, in said court

11   on the 16th day of August, 2018.

12           I further certify that the foregoing 19 pages

13   constitute the official transcript of said proceedings, as

14   taken from my machine shorthand notes, my computer realtime

15   display, together with the backup tape recording of said

16   proceedings to the best of my ability.

17           In witness whereof, I have hereto subscribed my

18   name, this August 17, 2018.

19

20

21

22

23                  _____/s/_____
                    Tonia M. Harris, RPR
24                  Official Court Reporter

25

─────────────────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────
                 EASTERN DISTRICT OF VIRGINIA