```
 1                UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
 2                     ALEXANDRIA DIVISION

 3   ------------------------------x
                                   :
 4   UNITED STATES OF AMERICA,     : Criminal Action No.
                                   : 1:18-CR-83
 5             versus              :
                                   :
 6   PAUL J. MANAFORT, JR.,        :
                                   : August 17, 2018
 7                    Defendant.   :
     ------------------------------x
 8
                   TRANSCRIPT OF MOTIONS HEARING
 9            BEFORE THE HONORABLE T.S. ELLIS, III
                   UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     FOR THE GOVERNMENT:           UZO ASONYE, AUSA
12                                 United States Attorney's Office
                                   2100 Jamieson Avenue
13                                 Alexandria, VA 22314
                                        and
14                                 GREG ANDRES, SAUSA
                                   BRANDON LANG VAN GRACK, SAUSA
15                                 Special Counsel's Office
                                   U.S. Department of Justice
16                                 950 Pennsylvania Avenue NW
                                   Washington, DC 20530
17
     FOR THE DEFENDANT:            JAY ROHIT NANAVATI, ESQ.
18                                 BRIAN KETCHAM, ESQ.
                                   Kostelanetz & Fink LLP
19                                 601 New Jersey Avenue NW
                                   Suite 620
20                                 Washington, DC 20001
                                      and
21                                 THOMAS E. ZEHNLE, ESQ.
                                   Law Office of Thomas E. Zehnle
22                                 601 New Jersey Avenue NW
                                   Suite 620
23                                 Washington, DC 20001
                                      and
24

25
```

```
 1  Appearances continued:
                                KEVIN DOWNING, ESQ.
 2                              Law Office of Kevin Downing
                                601 New Jersey Avenue NW
 3                              Suite 620
                                Washington, DC 20001
 4                                 and
                                RICHARD WILLIAM WESTLING, ESQ.
 5                              Epstein, Becker, & Green, PC
                                1227 25th Street NW
 6                              Washington, DC 20037

 7  FOR THE INTERVENOR:         MATTHEW E. KELLEY, ESQ.
                                Ballard, Spahr, LLP
 8                              1909 K. Street NW
                                12th Floor
 9                              Washington, DC 20006

10

11  OFFICIAL COURT REPORTER:    TONIA M. HARRIS, RPR
                                U.S. District Court, Ninth Floor
12                              401 Courthouse Square
                                Alexandria, VA 22314

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 **P R O C E E D I N G S**

2 (Court proceedings commenced at 2:00 p.m.)

3     THE COURT: All right. The record will reflect that
4 counsel and the defendant are present, and I believe the
5 attorney for the intervenor is present.

6     Are you, sir?

7     MR. KELLEY: Yes, Your Honor.

8     THE COURT: Oh, good. All right. Let me make some
9 remarks and then I'll hear from you, sir.

10     MR. KELLEY: Yes, Your Honor.

11     THE COURT: You won't know this because we had some
12 trouble uploading things.

13     I've granted your motion to intervene. And I
14 understand your motion to compel the Court to disclose matters
15 that occurred that are under seal, and I certainly agreed with
16 the expression or your views that you said it's important for
17 the public to have all of this, including your clients, who
18 are the public. And it's important that everything that's
19 done in cases be subject to public scrutiny and criticism, and
20 I agreed with all of that.

21     There are three categories of items that have
22 remained under seal.

23     First, the names of the jurors. Now, of course,
24 there is precedent -- and I'll hear from you on it if you want
25 to -- that suggests that that ought to be public, unless the

U.S. v. Manafort

4

1   Court articulates a reason for it.  And my reason, if you want
2   to address it, is the peace and safety of the jurors.
3           I've received criticism and threats.  I can imagine
4   they would, too.  If you told jurors at the advance of this
5   trial that their names would be public or at the outset of
6   this trial that their names would be public, I might see some
7   requests to be excused.  And I think -- I certainly had no
8   idea, myself, that this case would arouse this kind of public
9   interest.  I think I said, at the outset, I now understand
10  why; but even still, it's a surprise.
11          In any event, my reaction is completely irrelevant
12  and immaterial.  What's important is my judgment about the
13  safety of the jurors and the integrity of this process.
14  That's the first category.
15          The second category of material that appears under
16  seal is a substantial amount of conferences -- or bench
17  conferences and other things that we have conducted that will
18  be public ultimately.  They won't be public until the end of
19  the trial because they have to do with the Court's
20  administration of the jury in this case.
21          Now, I will also point out to you that both the
22  Government and the defendant have not objected to the seal.
23  But, again, let me emphasize the important thing for you and
24  your clients is that it isn't permanent.  When the trial is
25  over, it will be available for public scrutiny and criticism.

1    A third category is a small category.  It's simply a
2 category where I have put things under seal, put a thing under
3 seal because it -- I don't want to interfere with any ongoing
4 investigation.  I don't -- I won't tell you that that will be
5 unsealed at the end of the trial.  I don't know when it will.
6 Nothing is permanently sealed, I hope.
7    But in any event, those are the three categories
8 that are under seal.  And, as I've told you, the parties, by
9 counsel have not objected and, indeed, have sought one of them
10 at least, maybe more.  And I don't intend to keep anything
11 under seal, at this point in time, except the names of the
12 jurors for the time being and this third category.
13    The second category, which I told you, was a little
14 longer, that's not going to remain under seal when the case is
15 over.
16    Have I -- Mr. Andres, have I correctly summarized
17 it?
18    MR. ANDRES:  Yes, Your Honor.
19    THE COURT:  Mr. Downing.
20    MR. DOWNING:  Yes, Your Honor.
21    THE COURT:  Now, would you come forward, sir.  I've
22 entered an order but you haven't had -- in fact the -- the
23 fact that you're here is a surprise to me because we haven't
24 been able to upload the order, but you wanted a prompt
25 hearing.

1         MR. KELLEY: Yes, Your Honor.

2         THE COURT: And this is it.

3         MR. KELLEY: Thank you, Your Honor. Matthew E.

4 Kelley, I represent The Media Coalition that Your Honor has

5 granted leave to intervene in this matter.

6         First, I would like to address the issue of the

7 juror names.

8         THE COURT: Yes.

9         MR. KELLEY: As you mentioned, Your Honor, there is,

10 indeed, precedent in the Fourth Circuit that says that juror

11 names are presumptively a matter of public record.

12         THE COURT: Unless I articulate a reason.

13         MR. KELLEY: Precisely. That's correct, Your Honor.

14         THE COURT: All right.

15         MR. KELLEY: And the -- generally, the law in the

16 Fourth Circuit is that the presumption of openness prevails,

17 unless you can articulate a strong reason to believe that

18 secrecy is required to, essentially, protect the integrity of

19 the jurors' verdict process or their safety.

20         THE COURT: Now, have -- you've heard my

21 articulation. You don't like it or don't think it's adequate?

22         MR. KELLEY: Your Honor, I don't know that it is

23 specific enough. I don't know that there has been any

24 specific threat of --

25         THE COURT: Well, I'm not going to reveal any

U.S. v. Manafort

7

1  threats.  The marshals won't agree with that.  But I can tell
2  you there has been.  And I have no reason to believe that if
3  they were exposed, they wouldn't be threatened.
4          MR. KELLEY:  Uh-huh.
5          THE COURT:  So that's my reason.  I think it's
6  sufficiently specific.  I've deliberately filed or entered an
7  order, allowing you to intervene.
8          MR. KELLEY:  Uh-huh.
9          THE COURT:  I think you have a right to intervene
10 for your clients because you can also appeal.
11         MR. KELLEY:  Uh-huh.
12         THE COURT:  But I don't feel right if I release
13 their names.  I think it's also important to recognize -- I've
14 done this in maybe one or two other cases that I can remember.
15 It's been 31 years.  I'm not sure I remember all of them.  But
16 I think if it's generally known in a case of this notoriety
17 that you're going to have to reveal your name, I think there
18 would be a substantial number of people who would be scared,
19 afraid.
20         I had no idea that this case would excite these
21 emotions, I will tell you frankly.  I mean, it's obvious to
22 the people who were here at the beginning that I did not
23 understand how this case would be perceived by members of the
24 public and the press.  But I am absolutely clear that to do so
25 would create a risk of harm to them.  I won't tell you what

1  threats I have received, but I will tell you I have the
2  marshal's protection.  They go where I go.  I don't even go to
3  the hotel alone.  I don't reveal the name of the hotel.  So
4  I'm satisfied that it is important to keep their names
5  confidential.
6           Go ahead, sir.  That's the extent of my
7  articulation.  If that's not enough, then so be it.
8           MR. KELLEY:  And, Your Honor, all we ask is that you
9  make those findings on the record.
10          THE COURT:  They are.  We are on the record, right
11 here.
12          MR. KELLEY:  As a written order at the conclusion of
13 this hearing.
14          THE COURT:  Well, I may get to that next week, but
15 you know, I --
16          MR. KELLEY:  I understand you're busy, Your Honor.
17          THE COURT:  Yes, but I -- yes, I'll do that for you.
18 I'll set that out in an order.  But you, in effect, have the
19 order now.
20          MR. KELLEY:  Uh-huh.
21          THE COURT:  Go ahead, sir.  You may address the
22 others.
23          MR. KELLEY:  Certainly.  Your Honor, the second
24 issue of the transcripts of bench conferences, the majority of
25 the bench conferences, as long as they are released with

1  dispatch after the jury reaches its verdict, we do not have a
2  problem with that schedule.
3     THE COURT:  Well, they will be when everything is --
4  when it's over, because I think most of them -- most of them
5  are already transcribed.  So there isn't going to be any great
6  delay.  And I have no wish, believe me, to keep them under
7  seal.  If you have looked, you've seen that I've written
8  articles about not sealing things and exposing things to the
9  public.  I don't even have conferences with lawyers in
10 chambers.  I do everything, to the extent that I'm able, in
11 open court.
12    Now, I will tell you I did have one bench conference
13 in chambers here, but it was on the record, and you'll get it.
14 So I'm in complete sympathy with your view about bench
15 conferences.
16    MR. KELLEY:  We appreciate that very much, Your
17 Honor.  If I may briefly address the third issue?
18    THE COURT:  Yes, sir.
19    MR. KELLEY:  Again, we respectfully request that you
20 issue written findings on that particular matter --
21    THE COURT:  I will do so.
22    MR. KELLEY:  -- regarding the --
23    THE COURT:  But I probably won't get to it today.
24    MR. KELLEY:  I understand.
25    THE COURT:  I can get to it next week.

U.S. v. Manafort

10

1      MR. KELLEY: That's perfectly fine with us, Your
2 Honor.
3      THE COURT: All right. I think I've given you the
4 result. Again, let me repeat that I'm in sympathy with your
5 view that everything ought to be open to the public and
6 subject to scrutiny and criticism, and we will do so as
7 quickly as we can. And I can tell you that nothing that's
8 currently under seal is objected to as being under seal by
9 either the Government or the defendant in this case.
10      Am I correct, Mr. Andres?
11      MR. ANDRES: Yes, Your Honor.
12      THE COURT: Mr. Downing?
13      MR. DOWNING: Yes, Your Honor.
14      MR. KELLEY: Thank you very much, Your Honor.
15      THE COURT: So I agree with your client's view of
16 things, but we're going to have to do it in a way consistent
17 with the integrity of the trial and so forth.
18      MR. KELLEY: Certainly. Thank you very much, Your
19 Honor. We really appreciate it.
20      THE COURT: Thank you. All right.
21      (A pause in the proceedings.)
22      THE COURT: All right. One more bench conference
23 for the intervenor to be interested in, if you would come
24 forward, please, counsel. It's actually about --
25      Mr. Kelley, it's actually about one of the three

Tonia M. Harris OCR-USDC/EDVA 703-646-1438

EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

11

1 categories that I listed.

2     (Sealed Bench Conference.)

3     THE COURT: All right. Back on the record.

4     Mr. Kelley, if you will look in the record of this

5 case, Document 221, you will see an order that I've entered

6 that has some relevance to the issues that I addressed, and

7 you may want to review that. It responds to your request for

8 something in writing, but I'll do it next week.

9     MR. KELLEY: Thank you, Your Honor.

10     THE COURT: Anything else to be accomplished at this

11 time on behalf of the Government?

12     MR. ANDRES: No, Your Honor. Thank you.

13     THE COURT: On behalf of the defendants?

14     MR. DOWNING: No, Your Honor.

15     THE COURT: All right. We'll continue.

16     Do I have another matter today?

17     (Discussion off the record.)

18     THE COURT: All right. So we'll await word from the

19 jury.

20     MR. ANDRES:thank you.

21     THE COURT: Court stands in recess.

22     (Court proceeding adjourns at 2:16 p.m.)

23

24

25

Tonia M. Harris OCR-USDC/EDVA 703-646-1438

EASTERN DISTRICT OF VIRGINIA

CERTIFICATE OF REPORTER

I, Tonia Harris, an Official Court Reporter for the Eastern District of Virginia, do hereby certify that I reported by machine shorthand, in my official capacity, the proceedings had and testimony adduced upon the Motions Hearing in the case of the **UNITED STATES OF AMERICA versus PAUL J. MANAFORT, JR.**, Criminal Action No. 1:18-CR-83, in said court on the 17th day of August, 2018.

I further certify that the foregoing 12 pages constitute the official transcript of said proceedings, as taken from my machine shorthand notes, my computer realtime display, together with the backup tape recording of said proceedings to the best of my ability.

In witness whereof, I have hereto subscribed my name, this August 17, 2018.

_____
Tonia M. Harris, RPR
Official Court Reporter

12