─────────────────U.S. v. Manafort─────────────────

2631

1                   UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
2                       ALEXANDRIA DIVISION

3    ------------------------------x
                                   :
4    UNITED STATES OF AMERICA,      : Criminal Action No.
                                   : 1:18-CR-83
5              versus              :
                                   :
6    PAUL J. MANAFORT, JR.,         :
                                   : August 21, 2018
7                   Defendant. : Volume XVI
     ------------------------------x

8
                      TRANSCRIPT OF JURY TRIAL
9            BEFORE THE HONORABLE T.S. ELLIS, III
                  UNITED STATES DISTRICT JUDGE
10

     APPEARANCES:
11

     FOR THE GOVERNMENT:        UZO ASONYE, AUSA
12                              United States Attorney's Office
                                2100 Jamieson Avenue
13                              Alexandria, VA 22314
                                    and
14                              GREG ANDRES, SAUSA
                                BRANDON LANG VAN GRACK, SAUSA
15                              Special Counsel's Office
                                U.S. Department of Justice
16                              950 Pennsylvania Avenue NW
                                Washington, DC 20530
17
     FOR THE DEFENDANT:         JAY ROHIT NANAVATI, ESQ.
18                              BRIAN KETCHAM, ESQ.
                                Kostelanetz & Fink LLP
19                              601 New Jersey Avenue NW
                                Suite 620
20                              Washington, DC 20001
                                    and
21                              THOMAS E. ZEHNLE, ESQ.
                                Law Office of Thomas E. Zehnle
22                              601 New Jersey Avenue NW
                                Suite 620
23                              Washington, DC 20001
                                    and
24

25

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

2632

1   Appearances continued:

2                               KEVIN DOWNING, ESQ.
                                Law Office of Kevin Downing
                                601 New Jersey Avenue NW
3                               Suite 620
                                Washington, DC 20001
4                                  and
                                RICHARD WILLIAM WESTLING, ESQ.
5                               Epstein, Becker, & Green, PC
                                1227 25th Street NW
6                               Washington, DC 20037

7   OFFICIAL COURT REPORTER:    TONIA M. HARRIS, RPR
                                U.S. District Court, Ninth Floor
8                               401 Courthouse Square
                                Alexandria, VA 22314

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

U.S. v. Manafort

2633

1        TABLE OF CONTENTS

2        MISCELLANY

3   Preliminary matters...................................... 2634
    Jury Question........................................... 2636
4   Sawyers Instruction..................................... 2646
    Jury verdict............................................ 2659
5   Jury poll............................................... 2660
    Certificate of Court Reporter........................... 2669

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EASTERN DISTRICT OF VIRGINIA

———U.S. v. Manafort———

2634

1               **P R O C E E D I N G S**

2  (Court proceedings commenced at 9:35 a.m.)

3               THE COURT:  Good morning.  We'll proceed today.  I

4  can see that counsel for both parties and the defendant are

5  present in the United States against Paul Manafort.  CR-83 --

6  18-CR-83.

7               I'll impanel the jury, proceed with the normal

8  routine of taking the roll and permit the jury to continue to

9  do its work.

10              Mr. Flood, you may bring the jury in.

11              (Jury present.)

12              THE COURT:  You may be seated.

13              Good morning, ladies and gentlemen.  We'll proceed,

14  as we always do, with calling of the roll by number and then

15  I'll permit you to retire and continue your deliberations.

16              All right.  Ms. Pham.

17              THE DEPUTY CLERK:  Ladies and gentlemen, as I call

18  your number, please answer "present" or "here."

19              Juror 0008.

20              THE JUROR:  Present.

21              THE DEPUTY CLERK:  Juror 0037.

22              THE JUROR:  Here.

23              THE DEPUTY CLERK:  Juror 0276.

24              THE JUROR:  Present.

25              THE DEPUTY CLERK:  Juror 0017.

U.S. v. Manafort

2635

1          THE JUROR:  Present.

2          THE DEPUTY CLERK:  Juror 0145.

3          THE JUROR:  Present.

4          THE DEPUTY CLERK:  Juror 0115.

5          THE JUROR:  Present.

6          THE DEPUTY CLERK:  Juror 0082.

7          THE JUROR:  Present.

8          THE DEPUTY CLERK:  Juror 0009.

9          THE JUROR:  Present.

10          THE DEPUTY CLERK:  Juror 0299.

11          THE JUROR:  Present.

12          THE DEPUTY CLERK:  Juror 0091.

13          THE JUROR:  Present.

14          THE DEPUTY CLERK:  Juror 0302.

15          THE JUROR:  Present.

16          THE DEPUTY CLERK:  And juror 0060.

17          THE JUROR: Present.

18          THE DEPUTY CLERK: Thank you.

19          THE COURT:  All right.  Again.  Good morning, ladies

20   and gentlemen.  And let me ask you, as I always do, to confirm

21   to me if it is so that you were able to adhere to the Court's

22   instructions to refrain from discussing the matter or

23   undertaking any investigation on your own.

24          THE JURY: Yes, Your Honor.

25          THE COURT:  All right.  Thank you.  You may follow

─────────────── U.S. v. Manafort ───────────────

2636

1    Mr. Flood and continue your deliberations.

2                (Jury dismissed to continued deliberations.)

3                THE COURT:  Court stands in recess.

4                (Recessed at 9:38 a.m.)

5                (Court resumes at 11:13 a.m.)

6                THE COURT:  We have a question from the jury.

7    Following my usual procedure, I'm going to read the question.

8    I'd ask that people remain in the courtroom.  Rushing in and

9    out of the courtroom is disruptive and unnecessary.  I doubt

10   that a few seconds is going to make a difference.  Please

11   remain.

12               I have a question from the jury, which, in

13   accordance with my usual procedure, I will read aloud.  I will

14   have the court security officer show counsel the note at the

15   podium and then I will give you a brief explanation of what I

16   propose to do by way of an answer.

17               Now, let me emphasize "propose" because I want you

18   to have an opportunity to see it, and then to consider what I

19   have proposed and then to criticize or object to it if you

20   wish to or to suggest a better response.  And it may be quite

21   a bit longer.  The note has a date at the top:

22               "8/21/18"

23               It begins:  "Your Honor, if we could not come to a

24   consensus on a single count, how should we fill in the jury

25   verdict form for that count?"  Question mark.

─────── Tonia M. Harris OCR-USDC/EDVA 703-646-1438 ───────

EASTERN DISTRICT OF VIRGINIA

─────────────U.S. v. Manafort─────────────

2637

1      And, "What does that mean for the final verdict."

2  No question mark.

3      "We will need another form, please."

4      Signed by the foreperson.

5      Who, of course, for the time being, remains

6  anonymous.

7      Now, this is not an exceptional or unusual event in

8  a jury trial.  And it is, I think, quite well settled that a

9  district court has the authority to take a partial verdict in

10 any criminal case involving multiple counts against a single

11 defendant.  Many cases so hold.  You might look at the United

12 States against Taylor, which appears in 19 Federal Appendix

13 62.

14     In this regard, the actions of the trial judge, in

15 context and under all circumstances, have to be reviewed to

16 determine if a judge's instructions and actions had any

17 coercive effect.

18     In other words, appellate court makes -- the Fourth

19 Circuit makes clear that nothing I do or say should have a

20 coercive effect on the jury.

21     Ultimately, if they were not to reach a unanimous

22 conclusion as to a particular count, then, of course, I would

23 have to take the usual action.

24     At the moment, I do not plan to ask the jury whether

25 they have reached a unanimous conclusion on other counts.  In

———————— U.S. v. Manafort ————————

2638

1   other words, I'm not going to ask them where they stand at

2   this point.  All I intend to do at this point is to reconvene

3   the jury and provide them with a further instruction pursuant

4   to United States against Sawyers which appears at 423 F.2d,

5   1335.  Again, some of you may be familiar with it.  Some of

6   you may not.  But it's a very typical instruction.

7          I can see Mr. Asonye smiling.  You've seen it

8   before, Mr. Asonye?

9          MR. ASONYE: Yes, Your Honor.

10         THE COURT:  So I'm going to have this passed out.

11  One to each counsel, counsel for the Government and counsel

12  for the defendant.  And I want you to review this.

13         Let me be clear, what I intend to do is to impanel

14  the jury.  I will read the question once again.  And then, I

15  will give them the *Sawyers* instruction after you've had an

16  opportunity to look at it.  And then, they will, of course be

17  invited to retire and continue to deliberate to see if they

18  can reach a unanimous conclusion.

19         If they do not -- if they are not able to reach a

20  unanimous conclusion, I may then inquire, we don't need to

21  reach that yet, but I want you to be aware of what I intend to

22  do so that if you object or have a better suggestion, you can

23  let me know.  But if they can't reach a conclusion, I will ask

24  them whether they have reached a unanimous conclusion as to

25  other counts.  I think there are 17 counts, is that correct?

U.S. v. Manafort

2639

1          MR. ANDRES: Eighteen, Your Honor.

2          THE COURT:  Eighteen.  That's right.  And I will ask

3  them to tell me where they stand.  This note would suggest

4  that I know the answer, but I'm not sure.  So I will ask them.

5  I think there's a warrant for asking them at that time and

6  there's a warrant for whether we ask them to continue to

7  deliberate before I consider whether there's a manifest

8  necessity to conclude as to that particular count or counts.

9          So what I'm going to do now is give counsel an

10  opportunity to read this instruction that I propose to give.

11  And it's going to be brief.  Five minutes.  Because we need to

12  get moving.

13          You need longer time, Mr. Andres?

14          MR. ANDRES:  No, it's fine, Your Honor.  Are we able

15  to see the note?

16          THE COURT:  Oh, absolutely.  As I said, I will have

17  Mr. Flood show it to you at the podium.  And it will be made a

18  part of the record but, of course, the name will be redacted.

19  Because I have ruled and I'll enter an order momentarily.  Not

20  momentarily.  I'll enter an order in the next hour or so that

21  will do, as I indicated in open court when I allowed the

22  intervention of various news services, that I propose to keep

23  them -- keep the names anonymous, and that I would enter an

24  order to that effect noting the factor under the law that --

25  that reflects that.

─────────────────── U.S. v. Manafort ───────────────────

2640

1          These notes will all be part of the public record at

2   some time.  Although this note, and the other note, will be a

3   part of the public record with the name excised.

4          Now, I wanted to give you a brief opportunity to

5   review this instruction.  As you can see, there's an

6   interlineation or two because, as you might surmise, this has

7   happened before.  I've done it before and I've refined it

8   some.  Now, what I could do, but I think I'd prefer to do it

9   in open court, is to do this in writing and prepare a new

10  instruction and give it to them.  I could do that.

11         Do counsel have a significant view in that regard?

12         MR. DOWNING:  We don't, Your Honor.

13         THE COURT:  All right.  Then I think I'd prefer to

14  do it in open court.

15         Does that concern you, Mr. Andres?

16         MR. ANDRES:  No, Your Honor.  That's our preference

17  as well.

18         THE COURT:  All right.  So how much more time do you

19  need, Mr. Andres?

20         MR. ANDRES: If we could just have a couple more

21  minutes to finish reading it, Your Honor.

22         THE COURT:  All right.  I'll wait.

23         (A pause in the proceedings.)

24         THE COURT:  Do you need more copies?  I have one

25  other copy up here.  Would that be helpful to you?

U.S. v. Manafort

2641

1          MR. ANDRES:  No.  We'll be done in a second, Your

2    Honor.

3               (A pause in the proceedings.)

4          THE COURT:  Let me do this.  I'll take a brief

5    recess and give you an additional period of time if you need

6    to discuss the matter.  No more than five minutes though.

7    Unless you truly need it.

8          MR. DOWNING:  Five minutes will be fine.  Thank you,

9    Your Honor.

10         THE COURT:  All right.  And court stands in recess

11   for five minutes.  Now, during this five minutes, of course,

12   you may leave or you may remain in here and you may talk.

13              But please keep it down to a dull roar.

14              (Recess.)

15         THE COURT:  All right.  Let me inquire again, Mr.

16   Andres, are you clear about how the Court intends to proceed?

17         MR. ANDRES:  Yes, and we agree, Your Honor.

18         THE COURT:  All right.  Mr. Downing, are you clear

19   about how the Court intends to proceed.

20         MR. DOWNING:  Just a question.  I guess this -- the

21   question that came out had a few points.  One had to do with

22   how does this affect the verdict form?

23         THE COURT:  That's correct.

24         MR. DOWNING:  And then how does it affect the

25   verdict overall.  So I was wondering --

U.S. v. Manafort

2642

1          THE COURT:  I see.  That isn't answered by what I

2     gave you.

3          What do you propose, Mr. Downing?  Other than do you

4     have an objection to the Sawyers instruction?

5          MR. DOWNING:  We do not.

6          THE COURT:  All right.  And I assume you didn't, Mr.

7     Andres.

8          MR. ANDRES:  The Government does not.

9          THE COURT:  All right.  Now, Mr. Downing raises a

10    good question of, "We will need another verdict form."

11    Another form, please.

12          No, they don't, because I'm going to tell them under

13    the *Sawyers* instruction that they must continue their work and

14    for that they don't need a new form and I'm not going to ask

15    for a partial verdict at this time.  It's not appropriate.

16          So the answer to your question, Mr. Downing, is

17    there won't be a response to that.  I could tell them after I

18    finish *Sawyers* where I tell them to go back and deliberate, I

19    could simply say:  And, of course, you should continue to use

20    the verdict form you're using.

21          Because I tell them to retire and continue your

22    deliberations and use the same verdict form or simply not say

23    anything.

24          MR. ANDRES:  Your Honor, the Government agrees that

25    it doesn't make sense to answer the question at the point of

─────────────── U.S. v. Manafort ───────────────

2643

1    the *Sawyer* charge.  We don't object if Your Honor wants to

2    send back a new verdict form.  I don't know if they --

3              THE COURT:  No, I'm not going to do that.  They say,

4    "We will need another form, please."

5              I think they have in mind -- well, let me ask you,

6    Mr. Downing, what do you think they have in mind?

7              MR. DOWNING: I think they have in mind that there

8    should be a third option on that form and considering that

9    they are being given this charge I do think it is still

10   appropriate to give them the third option, Your Honor.

11             THE COURT:  What do you propose?  What should I say?

12             MR. DOWNING:  The third option should be "hung" as

13   to each count.  As the questions are to each count, Your

14   Honor.  They just have two options and they are saying we may

15   have a third.  We may be deadlocked, we may be hung on this.

16   And I think, even though they are given the charge, they

17   shouldn't be misled to think that hung at the end of this

18   trial as to each and every count is not appropriate.

19             THE COURT:  Mr. Andres.

20             MR. ANDRES:  We would object to that, Your Honor.

21   My understanding the point of the *Sawyers* charge is to tell

22   them -- tell the jury to please keep deliberating.

23             THE COURT:  All right.  I understand your point, Mr.

24   Downing.  I think Mr. Andres is correct.  The purpose of the

25   *Sawyers* charge is to see if they can reach a unanimous verdict

─────────── U.S. v. Manafort ───────────

2644

1    on all counts.  If they continue to express an inability to

2    reach unanimous verdict on one or more counts at that point,

3    as I told you, I will consider asking the jury where they

4    stand.  In other words, how many counts have you reached an

5    unanimous verdict on.  And I may consider, after hearing from

6    the parties, accepting what they have reached and considering

7    whether there's a manifest necessity to deal with the others

8    in the way that you might understand.

9            So that's how I'm going to proceed and I understand

10   your objection.  It's overruled.

11           Now, let me say for persons in the courtroom.  I

12   appreciate your desire to run out and bring the news as

13   quickly as you can to the attention of others.  Let me ask you

14   to do this:  if you wish to remain in the courtroom, I'll ask

15   that you remain in the courtroom and not run out.  But I will

16   provide the overflow courtroom.  You can go down there and you

17   can run in and out of that one as much as you please, because

18   it won't have any disruptive effect.  Otherwise, I ask that

19   you please remain in the courtroom until there is a recess.

20           Now, of course, one or two of you leaving wouldn't

21   make a difference, but my experience is that it isn't one or

22   two of you.  It will be 10 or 15 of you and it's disruptive.

23   But that doesn't mean I don't understand and appreciate your

24   desire to get out and report whatever has to be reported as

25   quickly as you have -- you can.  But maybe the overflow

─────────U.S. v. Manafort─────────

2645

1    courtroom will satisfy that.

2            Let me inquire of the marshals.  Is that open now?

3            THE MARSHAL:  Yes, sir.

4            THE COURT:  All right.  So I'm now going to bring

5    the jury in.  I'm going to tell them that I've received a

6    question from them and I -- a note from them.  Question.  And

7    I'm going to read it in open court.  And then, I will give

8    them the *Sawyers* charge and permit them to continue their

9    deliberations.

10           If they report back, Mr. Downing, that they remain

11   unable to reach a conclusion on one or more counts, then we

12   will cross that bridge at that time.  And I've told you what I

13   would anticipate doing.  You can consider that and let me know

14   whether you agree with it or not and any authority you have.

15           MR. DOWNING:  Understood, Your Honor.

16           THE COURT:  The main reason or the main principal

17   that I need to adhere to here is not to do or say anything

18   that is coercive to the jury.  And I'm doing my best to avoid

19   crossing that line and I expect counsel will let me know if

20   they feel otherwise.

21           All right.  Mr. Flood, you may bring the jury in,

22   please, sir.

23           (Jury present.)

24           THE COURT:  All right.  You may be seated.

25           Ladies and gentlemen, I've received your note.  I'm

─────────── U.S. v. Manafort ───────────

2646

1   going to read the note here in open court and then I'm going

2   to give you my response in the form of an additional

3   instruction, which I hope will be useful to you.

4           Your note reads:  You have 8/21/18 at the top.

5           "Your Honor, if we cannot come to a consensus on a

6   single count, how should we fill in the jury verdict form for

7   that count?"

8           "And what does that mean for the final verdict?"

9           "We will need another form, please."

10          Signed the foreman.

11          So let me express a few thoughts to you, which you

12  may desire to consider in your deliberations along with the

13  evidence in the case and all the instructions previously

14  given.  This case, like all cases, is important.  If you

15  should fail to agree on a verdict, the case is left open and

16  undecided.  Like all cases, it must be disposed of some time.

17  Nor does there appear any reason to believe that the case can

18  be tried again, by either side, better or more exhaustively

19  than it has been tried before you.

20          Any future jury must be selected in the same manner

21  and from the same source as you have been chosen.  So there

22  appears to be no reason to believe that the case would ever be

23  submitted to 12 men and women more conscientious, more

24  impartial, and more competent to decide it, or that more or

25  clearer evidence could be produced on behalf of either side.

U.S. v. Manafort

2647

1          Of course these things suggest themselves, upon

2     brief reflection, to all of us who have sat through this

3     trial.  The only reason they are mentioned now is because some

4     of them may have escaped your attention, which must have been

5     fully occupied up to this time in reviewing the evidence in

6     the case.  They are matters which, along with others and

7     perhaps most obvious ones, remind us how desirable it is that

8     you unanimously agree on a verdict.

9          As stated in these instructions, given at the time

10    the case was submitted to you for decision, you should not

11    surrenderer your honest conviction as to the weight or effect

12    of evidence solely because of the opinion of other jurors or

13    for the mere purpose of returning a verdict.

14          However, it is your duty as jurors to consult with

15    one another and to deliberate with a view to reaching an

16    agreement if you can do so without violence to your individual

17    judgment.

18          Each of you must decide the case for yourself, but

19    you should do so only after a consideration of the evidence in

20    the case with your fellow jurors.  And in the course of your

21    deliberations, you should not hesitate to reexamine your own

22    views and change your opinion if convinced it is erroneous.

23          In order to bring 12 minds to a unanimous result,

24    you must examine the questions submitted to you with candor

25    and frankness and with proper deference to and regard for the

──────U.S. v. Manafort──────

2648

1    opinions of each other.

2          That is to say, in conferring together, each of you

3    should pay attention -- due attention and respect to the views

4    of the others, and listen to each other's arguments with a

5    disposition to reexamine your own views.

6          If much the greater number of you are for a

7    conviction, and each dissenting juror then ought to consider

8    whether a doubt in his or her own mind is a reasonable one,

9    since it makes no effective impression upon the minds of so

10   many equally honest, equally conscientious fellow jurors who

11   bear the same responsibility, serve under the same oath, and

12   have heard the same evidence with, we may assume, the same

13   attention and an equal desire to arrive at the truth.

14         On the other hand, if a majority or a lesser number

15   of you are for acquittal, other jurors ought seriously to ask

16   themselves again and most thoughtfully whether they do not

17   have reason to doubt the correctness of it -- the judgment

18   which is not concurred in by many of their fellow jurors and

19   whether they should not distrust the weight and sufficiency of

20   the evidence which fail to convince the minds of several of

21   their fellow jurors beyond a reasonable doubt.  Provided, of

22   course, that each juror who finds him or herself in the

23   majority shall listen and give consideration to the views of

24   the minority.

25         You are not partisans.  You are judges, judges of

2649

1   the facts.  And your sole interest here is to seek the truth

2   from the evidence in the case.  You're the exclusive judges of

3   the credibility of all the witnesses and of the weight and

4   effect of all the evidence.

5           Now, in the performance of this high duty you're at

6   liberty to disregard all comments of both the Court and

7   counsel including, of course, the remarks I am now making.

8   Remember, at all times that no juror is expected to yield a

9   conscientious conviction he or she may have as to the weight

10   or effect of evidence.  But remember also that, after full

11   deliberation and consideration of all the evidence in the

12   case, it is your duty to agree upon a verdict if you can do so

13   without violating your individual judgment and your

14   conscience.

15           You may conduct your deliberations as you choose,

16   but I suggest that you now carefully reexamine and reconsider

17   all the evidence in the case bearing upon the questions before

18   you.  You may be as leisurely in your deliberations as the

19   occasion may require.  And you shall take all the time which

20   you feel is necessary.

21           You may now retire and continue your deliberations,

22   in such manner as shall be determined by your good and

23   conscientious judgment as reasonable men and women.

24           I think I want you to have those remarks in mind,

25   but as I've said in the remarks, you may disregard that.  But

2650

1  I want you to retire now.  What time will the -- the lunches

2  be here?

3          THE CSO:  Approximately 12:15.

4          THE COURT:  All right.  And you may either continue

5  your deliberation during the lunch or take a break.

6          Thank you.  You may follow Mr. Flood out.

7          (Jury dismissed.)

8          THE COURT:  All right.  You may be seated.  Anything

9  further at this time?  Is there any doubt or question about

10 what I intend to do if there appears to be an inability to

11 reach unanimity on anything?

12         MR. ANDRES:  No objection from the Government.

13         MR. DOWNING:  Not at this time, Your Honor.

14         THE COURT:  Court stands in recess.

15         (Recess.)

16                 **P R O C E E D I N G S**

17             **A F T E R N O O N   S E S S I O N**

18 (Court commenced at 4:06 p.m.)

19         THE COURT:  All right.  Ladies and gentlemen, I have

20 a note from the jury, which I will read, and after I've read

21 it, I will have the court security officer show it to counsel

22 at the podium.

23         And then I will tell you how I propose to proceed

24 and then hear from both sides as to whether you object or

25 agree or have a suggestion to the contrary.

──────────────── U.S. v. Manafort ────────────────

2651

1          "8/21/18."

2          "Your Honor, we, the jury, after exhausting all

3    options, have reached a verdict.  Despite lengthy detailed

4    discussions, based on the guidance provided by the Court, we

5    are not able to reach a consensus on ten of the counts.  We

6    appreciate your guidance throughout this process."

7          Signed by the foreperson.

8          Mr. Flood, show this to counsel at the bench.

9          Now, let me tell you -- well, let me have you look

10   at it first, digest it, and then I'll tell you what I propose

11   to do and hear your objections or suggestions.

12         Now, let me -- while you're looking at it, let me --

13   if I do take the verdict, when I do, as I told you, I'm --

14   I'm, of course, sensitive to the fact that you-all want to

15   report that right away, the rest of you in the courtroom.

16         I've even come to learn, which I had no idea, that

17   some people are measured by the speed by which they report

18   that information.  So I understand you have a job to do, and I

19   don't want to impede that.

20         But let me ask that if we do take the verdict in the

21   courtroom, maybe you should use Courtroom 6, because I don't

22   want people running up and out of here during the reading and

23   the taking of the verdict.  I hope you understand that.  I'm

24   trying to accommodate what you-all have to do as well as the

25   dignity of this proceeding.

U.S. v. Manafort

2652

1          Let me ask the marshal:  Is Courtroom 6 open?

2          THE MARSHAL:  Yes, sir.

3          THE COURT:  So I hope that will accommodate your

4    needs.

5          All right.  Now, here is what I propose to do for

6    counsel.  I propose to impanel the jury and to tell them I

7    have received their note, which reports, as it does, that

8    they've reached a verdict on all but ten counts and they

9    cannot reach a verdict on the ten counts.

10          But I want to ask each juror individually, I'll ask

11    them to respond individually, but I will ask the jurors

12    whether they believe that any further deliberation, in

13    accordance with the principles and the instructions I've given

14    them, would have a reasonable expectation of their arriving at

15    a verdict.

16          If they tell me no, because they'll each be -- each

17    have to answer that question individually, if they tell me no,

18    then it seems that I have no choice but to acknowledge a

19    manifest necessity to declare a mistrial as to those counts,

20    to accept the verdict, publish the verdict and proceed.

21          Mr. Andres, do you need a bit more time?

22          MR. ANDRES:  No, Your Honor.  That's fine.

23          THE COURT:  Do you have an objection to that

24    procedure?

25          MR. ANDRES:  No, Your Honor.

U.S. v. Manafort

2653

1          THE COURT:  Mr. -- who is going to respond?

2          MR. DOWNING:  Downing.

3          THE COURT:  Mr. Downing, yes, sir.

4          MR. DOWNING:  No objection, Your Honor.

5          THE COURT:  All right.  Now, if they all say no and

6    I declare a mistrial as to those counts, I will proceed then

7    to have the verdict received.

8          Now, let me tell you how I intend to do that, see if

9    any of you have a problem with that.

10         Ms. Pham will ask the foreperson if the jury has

11   reached a verdict on the other counts.  Presumably, that

12   person will respond yes.  She will then ask the foreperson for

13   the verdict form and she will give it to me.  I will examine

14   it for formal purposes only.

15         In other words, apart from these ten, I will look

16   and see whether they've made a mistake in leaving something

17   blank or whether they put "yes" and "no" at the same count,

18   something of that sort.  If that occurs, I will have counsel

19   at the bench and we will discuss that anomaly and ways to deal

20   with it.  I don't expect in a verdict form as simple, as

21   straightforward as this, to have any such formal problem.

22         If there isn't a formal problem, I will return the

23   verdict to Ms. Pham and she will then publish it.  And in this

24   court, the way we do that is that she will read each count and

25   the jury's verdict with the defendant standing and facing the

─────U.S. v. Manafort─────
2654

1   jury.

2          And following that, each juror will be polled

3   individually to ensure that it is his or her verdict.  And

4   after that, I will have some remarks of thanks for the jury,

5   and I will make that same statement to them that I made to the

6   alternate jurors about the future.  Lawyers -- the lawyers in

7   the case are precluded by local rule from contacting the

8   jurors.

9          The jurors are under no order, court order or

10  constraint, not to talk to anyone about the case.  But I will

11  suggest to them a caution, which you've heard me suggest

12  before to the alternate jurors.  But it's up to them.

13         Now, I have also kept -- of course, I'll remove the

14  seal from the bench conferences, except for the exceptions I

15  noted and the names of the individuals.  And I don't know

16  whether there's an attorney here for all the news

17  organizations, but I haven't defined precisely how long the

18  names will remain under seal.

19         I am considering, after taking the verdict, asking

20  the jury whether they wish for the names to be continued under

21  seal.  I have little doubt about the answer, but I will tell

22  them -- even if they all say yes, I will tell them, well, you

23  can always violate that.

24         I will keep it under seal from anyone, but you have

25  the power, the authority to talk to anybody you wish to.

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────
EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

2655

1   Naturally, I hope you won't.  That's the way it ought to be in

2   our system.  If they want to talk, they can talk.  I don't

3   think they should, but that's a personal decision they have to

4   make, not me.

5           All right.  Any questions?

6           MR. ANDRES:  No, Your Honor.

7           THE COURT:  Or objections, I should say.

8           MR. ANDRES:  No objections.

9           MR. DOWNING:  None.

10          THE COURT:  All right.  Have -- Mr. Flood, you may

11  bring the jury in.  Do I have the note?  It'll be made a part

12  of the record promptly.

13          Remember, you can go to -- you can go to Number 6

14  now if you wish to.

15          (Jury present.)

16          THE COURT:  All right.  You may be seated.

17          Ladies and gentlemen, I have your note, which I have

18  read, in which you say, "Your Honor, we, the jury, after

19  exhausting all options, have reached a verdict despite lengthy

20  detailed discussions.  Based on the guidance provided by the

21  Court, we are not able to reach a consensus on ten of the

22  counts."  That's the essence of your note.

23          I need to ask each of you to respond to this

24  question.  What I will do is ask the question, then Ms. Pham

25  will call out your numbers, one at a time, and you can answer

U.S. v. Manafort

2656

1    the question either yes or no.

2            I want to know whether each of you, whether any of

3    you, because you'll answer individually here in open court,

4    whether you believe that there is any reasonable possibility

5    or probability or possibility that you could reach agreement

6    on the ten counts that are still not in agreement, whether you

7    could reach a unanimous decision with respect to those counts

8    if you continue your deliberations in accordance with the

9    Court's instructions?

10           All right, Ms. Pham.

11           If you would answer that yes or no, I would

12   appreciate it.  If you want the question repeated, I'll try to

13   do so.

14           THE DEPUTY CLERK:  Juror 0008.

15           THE JUROR:  No.

16           THE DEPUTY CLERK:  Juror 0037.

17           THE JUROR:  No.

18           THE DEPUTY CLERK:  Juror 0276.

19           THE JUROR:  No.

20           THE DEPUTY CLERK:  Juror 0017.

21           THE JUROR:  No.

22           THE DEPUTY CLERK:  Juror 0145.

23           THE JUROR:  No.

24           THE DEPUTY CLERK:  Juror 0115.

25           THE JUROR:  No.

U.S. v. Manafort

2657

```
 1            THE DEPUTY CLERK:  Juror 0082.
 2            THE JUROR:  No.
 3            THE DEPUTY CLERK:  Juror 0009.
 4            THE JUROR:  No.
 5            THE DEPUTY CLERK:  Juror 0299.
 6            THE JUROR:  No.
 7            THE DEPUTY CLERK:  Juror 0091.
 8            THE JUROR:  No.
 9            THE DEPUTY CLERK:  Juror 0302.
10            THE JUROR:  No.
11            THE DEPUTY CLERK:  And Juror 0060.
12            THE JUROR:  No.
13            THE COURT:  All right.  I intend to find -- or I do
14   find that there's a manifest necessity to proceed.
15            Any objection to that?
16            MR. ANDRES:  No, Your Honor.
17            MR. DOWNING:  No, Your Honor.
18            THE COURT:  All right.  The Court finds there's a
19   manifest necessity to declare a mistrial as to the ten counts
20   on which no agreement can be reached.  But I will now -- I
21   don't know that you've brought it with you.
22            THE FOREPERSON:  Yes, sir.
23            THE COURT:  Oh, you did.  All right.  Good.  Far
24   sighted of you.  We will now take the verdict on the counts
25   that you did reach unanimous agreement on.
```

─────────────────────U.S. v. Manafort─────────────────────

2658

1       I assume you left blank the ones you couldn't reach

2  agreement on.

3       THE FOREPERSON:  Yes.

4       THE COURT:  All right.  Ms. Pham.

5       In this court, the way we receive a verdict is that

6  Ms. Pham asks the foreperson for the verdict form, and then I

7  look at it to ensure that it is not formally deficient in any

8  way; in other words, that you didn't put "yes" and "no" at the

9  same time and that sort of thing.  And if there isn't, then

10  Ms. Pham will read the verdict form as to the counts on which

11  you've been unanimous with the defendant standing and facing

12  the court.

13       And then after that, the deputy clerk, Ms. Pham,

14  will poll you individually to ensure that it is your verdict.

15  And following that, I will have some words of thanks and

16  guidance for you for the future and I'll have one further

17  question for you perhaps.  We'll see.

18       All right.  You may proceed.

19       THE DEPUTY CLERK:  Mr. Foreman, has the jury reached

20  its unanimous verdict?

21       THE FOREPERSON:  We have.

22       THE DEPUTY CLERK:  Please hand the verdict form to

23  the court security officer.

24       THE COURT:  All right.  You may publish the verdict.

25                        **VERDICT**

U.S. v. Manafort

2659

1        THE DEPUTY CLERK:  Would the defendant please stand

2 and face the jury?

3        In the United States District Court for the Eastern

4 District of Virginia, Alexandria Division, United States

5 versus Paul J. Manafort, Jr., Criminal Case Number 1:18-CR-83.

6 Jury verdict form.

7        We, the jury, find as follows:

8        As to Count 1, subscribing to false United States

9 individual income tax return for 2010.

10        Answer:  Guilty.

11        As to Count 2, subscribing to false United States

12 individual income tax return for 2011.

13        Answer:  Guilty.

14        As to Count 3, subscribing to false United States

15 individual income tax return for 2012.

16        Answer:  Guilty.

17        As to Count 4, subscribing to false United States

18 individual income tax return for 2013.

19        Answer:  Guilty.

20        As to Count 5, subscribing to false United States

21 individual income tax return for 2014.

22        Answer:  Guilty.

23        As to Count 12, failure to file reports of foreign

24 bank and financial accounts, 2012.

25        Answer:  Guilty.

┌─────────────────────────────────────────────────────────────

U.S. v. Manafort

2660

1          As to Count 25, bank fraud on or about December 2015

2    to March 2016.

3              Answer:  Guilty.

4          As to Count 27, bank fraud on or about December of

5    2015 to March 2016.

6              Answer:  Guilty.

7          So say we all, dated August 21, 2018 by the

8    foreperson.

9              THE COURT:  All right.  You may be seated.

10             You may poll the jurors individually.

11             THE DEPUTY CLERK:  Juror 0008, is this your verdict?

12             THE JUROR:  Yes.

13             THE DEPUTY CLERK:  Juror 0037, is this your verdict?

14             THE JUROR:  Yes.

15             THE DEPUTY CLERK:  Juror 0276, is this your verdict?

16             THE JUROR:  Yes.

17             THE DEPUTY CLERK:  Juror 0017, is this your verdict?

18             THE JUROR:  Yes.

19             THE DEPUTY CLERK:  Juror 0145, is this your verdict?

20             THE JUROR:  Yes.

21             THE DEPUTY CLERK:  Juror 0115, is this your verdict?

22             THE JUROR:  Yes.

23             THE DEPUTY CLERK:  Juror 0082, is this your verdict?

24             THE JUROR:  Yes.

25             THE DEPUTY CLERK:  Juror 0009, is this your verdict?

EASTERN DISTRICT OF VIRGINIA

———U.S. v. Manafort———

2661

1          THE JUROR:  Yes.

2          THE DEPUTY CLERK:  Juror 0299, is this your verdict?

3          THE JUROR:  Yes.

4          THE DEPUTY CLERK:  Juror 0091, is this your verdict?

5          THE JUROR:  Yes.

6          THE DEPUTY CLERK:  Juror 0302, is this your verdict?

7          THE JUROR:  It is.

8          THE DEPUTY CLERK:  And Juror 0060, is this your

9    verdict?

10         THE JUROR:  Yes.

11         THE DEPUTY CLERK:  Thank you.

12         THE COURT:  All right.  Ladies and gentlemen, I now

13   have some words of thanks.

14         But let me confirm, counsel, that nothing -- there's

15   no further proceeding that's necessary in the circumstances?

16         MR. ANDRES:  That's correct, Your Honor.  Thank you.

17         MR. DOWNING:  That is correct, Your Honor.  Thank

18   you.

19         THE COURT:  All right.  And let me be clear.  May I

20   see the verdict form, please?

21         The verdict form, of course, will be public, but

22   it's for purposes of the public, Count 11, Count 13, Count 14,

23   Count 24, Count 26, Count 28, 29, 30, 31, and 32, I have

24   declared a mistrial as to those counts.

25         All right.  Ladies and gentlemen, of course, we are

———Tonia M. Harris OCR-USDC/EDVA 703-646-1438———

EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

2662

1   all grateful to you for the hard work that you have done in

2   this case.

3           It is obvious to the Court that you conscientiously

4   paid careful and close attention to the evidence as it was

5   submitted, and there was a lot of it, and that you deliberated

6   conscientiously and diligently in order to reach a unanimous

7   verdict.  And so the Court and, indeed, society thank you for

8   your service.  I think everyone knows that it's been a long

9   time.  You've deliberated for four -- nearly four full days.

10          Now, you will not hear the familiar litany from me

11  about refraining from discussing the matter with anyone

12  because now you may discuss it with whomever you please.  But

13  let me add a word of caution in that regard that I hope you

14  will consider quite carefully.

15          The lawyers may not contact you.  They are

16  forbidden, by local rule, from contacting you.  But, of

17  course, you may be contacted by many, many other people with

18  the exception of the fact that your names are still under

19  seal, but I'll come to that.

20          But if you are contacted, of course, you may discuss

21  it.  It's up to you, entirely up to you, whether you discuss

22  with anyone anything about the case.  The caution I want to

23  give you is a limited one.

24          Whenever I read in the media that -- accounts of

25  jurors about what went on in the course of the jury

—U.S. v. Manafort—

2663

1  deliberations, that seems to be -- to do an injury to the

2  deliberative process.  If jurors knew, in advance of their

3  deliberations, that everything they said and did would be

4  grist for the media mill, I doubt seriously that jurors would

5  feel free to give a full and complete expression of their

6  views.

7          So I suggest to you, and it's just a suggestion, it

8  is not an order, I suggest to you that you have a duty of

9  confidentiality to your fellow jurors to maintain the

10  confidentiality of what went on in the course of your

11  deliberations.  But that, I repeat, is a decision you must

12  make.

13          Now, I have ordered that your names be held under

14  seal, and that order continues.  That is, I'm not making

15  public your names or anything else.  That doesn't bind you.

16  If you want to reveal that you were a juror, you may do so.  I

17  would ask, however, that you not reveal the names of any other

18  jurors until I have lifted that order if you decide.

19  Otherwise, I'm going to maintain the confidentiality of your

20  names for some period.

21          Now, do you want -- let me ask you:  Is there anyone

22  here who does not want the confidentiality maintained?

23          Do you-all want me to keep confidential your names?

24          THE JURY:  Yes, Your Honor.

25          THE COURT:  I will do so.  Thank you, again, for

┌─ U.S. v. Manafort ─┐

2664

1   your service.  You may take your books home as I promised you.

2   No one looked at them, no one will.

3            Thank you for your service.  I think you have

4   continued a strong tradition of juries playing a role in the

5   fair and just administration of the criminal law in this

6   country.  Thank you.  You may follow the court security

7   officer out.

8            (Jury dismissed.)

9            THE COURT:  You may be seated.

10           Mr. Manafort, come to the podium, please, sir.

11           Mr. Manafort, you have been found guilty by the jury

12  on a variety of counts, I think on 11 of the 18; is that

13  right, Mr. Andres?

14           MR. ANDRES:  I think 8 of the 18, Your Honor.

15           THE COURT:  8 of the 18, of course.  Thank you.

16           And the Court, at the appropriate time, will enter

17  judgment on that -- on those verdicts.  I'm going to order the

18  preparation of a presentence investigation report.

19           Now, this is a vitally important document because

20  it's a document on which the Court will chiefly rely in

21  imposing an appropriate sentence.

22           You need to pay careful attention to the preparation

23  of this document and, indeed, you have a role to play in its

24  preparation.  You'll be asked by a probation officer to

25  provide information so that the report can be prepared.

─U.S. v. Manafort─

2665

1   You'll be asked to provide information about your family, your

2   background, your education, your work experience, your version

3   of the offense conduct, any health or financial problems, and

4   your criminal history, if any.  And then the probation officer

5   will prepare a presentence report.  You will receive a copy,

6   so will Mr. Downing, and other counsel will all have access to

7   it, and you'll be able to confer with them.  And then to

8   present to the Court any objections you have to the facts,

9   conclusions, or calculations contained in the report or any

10  suggestions you have or any corrections you have.

11          The Government will also have the opportunity to

12  register its objections or corrections.  If you dispute those

13  offered by the Government or the Government disputes those

14  that you offer, then the Court will hold a hearing, permit you

15  to offer evidence, to cross-examine any evidence offered by

16  the Government and then the Court will resolve the dispute by

17  entering findings before imposing sentence.

18          At the time of sentencing, Mr. Manafort, you'll have

19  the right of allocution.  That means you'll have the right to

20  address the Court and to say anything at all you wish of the

21  Court by way of extenuation, mitigation, or indeed anything

22  you think the Court should know before sentence is imposed.

23  You won't be required to address the Court, but you will have

24  the opportunity to do so.

25          And, of course, Mr. Downing and Mr. Zehnle and

2666

1   Mr. Nanavati and Mr. Westling -- well, not all of them, but

2   one of them will have an opportunity to address the Court on

3   your behalf.

4           Now, I'm not going to set a sentencing date, because

5   I don't know what the Government's intention is with respect

6   to the counts as to which I have declared a mistrial.  And I

7   will give you time to consider that if you wish, Mr. -- I see

8   the answer already from Mr. Asonye.  So, Mr. Andres, I take it

9   you want some time to think about that.

10          MR. ANDRES:  Yes, Your Honor.

11          THE COURT:  All right.  Well, I think that's

12  appropriate.

13          You think you can decide in ten days?

14          MR. ANDRES:  I think we can probably do it sooner

15  than that, Your Honor.

16          THE COURT:  All right.  What about a week from

17  today, Mr. Andres?

18          MR. ANDRES:  That works, Your Honor.  Thank you.

19          THE COURT:  That would be August the 28th.  Let's

20  make it August the 29th.  If you would file a pleading

21  indicating what the Government intends to do, I will be

22  grateful.

23          MR. ANDRES:  Thank you, Your Honor.

24          THE COURT:  Anything further, Mr. Downing?

25          MR. DOWNING:  No, Your Honor.

U.S. v. Manafort

2667

1    THE COURT:  Mr. Manafort, you may be seated, sir.
2    I'm sorry, did --
3    MR. DOWNING:  Nothing further.
4    THE COURT:  All right.
5    MR. WESTLING:  One item, if I may.  I believe the
6    Rules allow us 14 days to file a motions for judgment of
7    acquittal or a new trial following the verdict.  We'd ask that
8    the Court extend that to a period of 30 days, if possible.
9    THE COURT:  Mr. Andres, any objection?
10    (A pause in the proceedings.)
11    MR. ANDRES:  Your Honor, my initial -- my initial
12    reaction isn't to object and if we have any objection, we'll
13    file it with the Court.
14    THE COURT:  All right.  What I'll do is I'll refrain
15    from ruling on that particular matter, but I'm only going to
16    refrain from doing it until Friday.  By noon on Friday, if I
17    haven't heard, Mr. Andres, I'll go ahead and rule on it.  I
18    would probably grant that, but you may have good reasons I
19    should know as to why I shouldn't do so.
20    But I would expect to hear that by Friday at noon.
21    Anything further to accomplish in this matter today?
22    MR. ANDRES:  Your Honor, just wanted to thank the
23    court and counsel for their courtesies during trial.  That's
24    all from the Government.  Thank you.
25    THE COURT:  Well, let me add I typically do this on

┌─ U.S. v. Manafort ─┐

2668

1   those rare occasions where it's warranted, and that is to note

2   publicly that I think the Government and Mr. Manafort received

3   very effective and zealous representation from their counsel.

4   Both sides were zealously and effectively represented.  And

5   that isn't a statement I can make as often as I'd like.  Who

6   knows how that will be reported?

7          My grandson called and said, "Are you really" --

8   well, we all take brick paths in life and some we deserve.

9   And I didn't read all of them.  I do know that I'll be careful

10  about Caesar in my own Rome in the future, but be assured that

11  I always knew that my Rome was very small.  And even within

12  that Rome, I was far less supreme than Caesar.  But like some

13  people, I like -- I like metaphors and similes from

14  literature.  They're not as familiar to many people as they

15  are to me.

16         But it -- in any event, I think you-all did a very

17  fine job for your clients, both United States Government and

18  Mr. Manafort.  Court stands in recess.

19

20              **(Proceedings adjourned at 4:49 p.m.)**

21

22

23

24

25

1                    CERTIFICATE OF REPORTER

2

3          I, Tonia Harris, an Official Court Reporter for

4    the Eastern District of Virginia, do hereby certify that I

5    reported by machine shorthand, in my official capacity, the

6    proceedings had and testimony adduced upon the Jury Trial

7    in the case of the **UNITED STATES OF AMERICA versus PAUL J.**

8    **MANAFORT, JR.,** Criminal Action No. 1:18-CR-83, in said

9    court on the 21st day of August, 2018.

10         I further certify that the foregoing 39 pages

11   constitute the official transcript of said proceedings, as

12   taken from my machine shorthand notes, my computer realtime

13   display, together with the backup tape recording of said

14   proceedings to the best of my ability.

15         In witness whereof, I have hereto subscribed my

16   name, this August 21, 2018.

17

18

19

20

21   _____
     Tonia M. Harris, RPR
22   Official Court Reporter

23

24

25

                                                            2669