```
                          ─U.S. v. Manafort─
                                                                    1
 1                  UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      ALEXANDRIA DIVISION

 3   ─────────────────────────────x
                                  :
 4   UNITED STATES OF AMERICA,    : Criminal Action No.
                                  : 1:18-CR-83
 5              versus            :
                                  : August 14, 2018
 6   PAUL J. MANAFORT, JR.,       : Volume XI -
                                  : BENCH CONFERENCE - REDACTED
 7                   Defendant. :
     ─────────────────────────────x
 8
          TRANSCRIPT OF JURY TRIAL - REDACTED BENCH CONFERENCE
 9            BEFORE THE HONORABLE T.S. ELLIS, III
                  UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     FOR THE GOVERNMENT:        UZO ASONYE, AUSA
12                              United States Attorney's Office
                                2100 Jamieson Avenue
13                              Alexandria, VA 22314
                                     and
14                              GREG ANDRES, SAUSA
                                BRANDON LANG VAN GRACK, SAUSA
15                              Special Counsel's Office
                                U.S. Department of Justice
16                              950 Pennsylvania Avenue NW
                                Washington, D.C. 20530
17
     FOR THE DEFENDANT:         JAY ROHIT NANAVATI, ESQ.
18                              BRIAN KETCHAM, ESQ.
                                Kostelanetz & Fink LLP
19                              601 New Jersey Avenue NW
                                Suite 620
20                              Washington, DC 20001
                                     and
21                              THOMAS E. ZEHNLE, ESQ.
                                Law Office of Thomas E. Zehnle
22                              601 New Jersey Avenue NW
                                Suite 620
23                              Washington, DC 20001
                                     and
24

25

                              ─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─
                        EASTERN DISTRICT OF VIRGINIA
```

```
                           ─U.S. v. Manafort─
                                                                    2
 1   Appearances continued:
                                   KEVIN DOWNING, ESQ.
 2                                 Law Office of Kevin Downing
                                   601 New Jersey Avenue NW
 3                                 Suite 620
                                   Washington, DC 20001
 4                                     and
                                   RICHARD WILLIAM WESTLING, ESQ.
 5                                 Epstein, Becker, & Green, PC
                                   1227 25th Street NW
 6                                 Washington, DC 20037

 7   OFFICIAL COURT REPORTER:     TONIA M. HARRIS, RPR
                                   U.S. District Court, Ninth Floor
 8                                 401 Courthouse Square
                                   Alexandria, VA 22314
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

─────────────U.S. v. Manafort─────────────

3

1  (Court proceedings commenced at 9:17 A.M.)

2  (Present:  Judge, Law Clerks, Deputy Clerks, CSO, Court

3  Reporter, Marshals, and attorneys - Andres, Asonye, Van Grack,

4  Special Agent Ebadi, Kevin Constantine, Rob Valdini, Scott

5  Meisler, Downing, Zehnle, Nanavanti, Richard Hivey, Ketcham,

6  and Westling.)

7  (Jury not present.)

8          THE COURT:  Mr. Manafort, good morning.  He's

9  present in the courtroom.  We're awaiting your attorneys.

10          (Defense counsel are all present.)

11          All right.  Let me be clear.  Good morning.  I'm not

12  sure I recognize everybody.  Who is immediately behind you,

13  Mr. Downing?

14          MR. DOWNING:  Your Honor, this is Mr. Dick Hivey,

15  who is Mr. Manafort's long-time attorney.  He's been a part of

16  this trial team and throughout the investigation and the

17  trial.

18          THE COURT:  All right.

19          MR. HIVEY:  Good morning, Your Honor.

20          MR. ANDRES:  Sorry, Your Honor, just to be clear,

21  and also Mr. Gates' lawyer.

22          MR. DOWNING:  At some point in time.

23          MR. ANDRES:  I just wasn't aware -- I mean, we've

24  learned during the course of the trial that another member of

25  Mr. Manafort's team also previously represented Mr. Gates and

─────────────────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

—————————————U.S. v. Manafort—————————————

4

1  we weren't aware.  We just want to make sure there's no

2  conflict issues --

3          MR. DOWNING:  In a civil proceeding.

4          MR. ANDRES:  Not Mr. Hivey who represented --

5          THE COURT:  Well, let me make it short.  Whether or

6  not there's a conflict, in the first instance, is their

7  problem, not the Court's.

8          Now, of course, you can move to have them excluded

9  on a basis of a conflict, but I don't have that before me.  I

10 didn't recognize this gentlemen because he hasn't been in

11 here, to my knowledge.  But then again, my eyesight and

12 ability to distinguish people at any distance is a matter of

13 some humor among my clerks, so maybe I missed it.

14         But I don't think he was here yesterday, was he?

15         MR. DOWNING:  He's been here on and off throughout

16 the trial, Your Honor.  He was not here yesterday.

17         THE COURT:  But, I mean, he wasn't in the sealed

18 part yesterday?

19         MR. DOWNING:  No, he was not.

20         THE COURT:  Mr. Andres, what's your view about that?

21         MR. ANDRES:  Your Honor, and, again, not to be flip,

22 but I don't think it's an issue of the Court or -- I think

23 it's everybody's issue because we don't want to go this again.

24         So if there's some conflict that we're unaware of or

25 not been a waiver previously we --

─────U.S. v. Manafort─────

5

1        THE COURT:  Well, he's not questioning witnesses or

2  doing -- I don't know that the conflict would -- well, would

3  infect this trial.

4        MR. ANDRES:  I don't know anything about it.  This

5  is the first time I've ever heard his name mentioned.  And,

6  again, during the course of the trial we heard for the first

7  time that another lawyer had previously represented Mr. Gates,

8  and we were unaware of any of that.

9        And, again, I'm -- as you're well aware, I'm not --

10  I don't -- I don't practice in this court very often.  But

11  typically in the Second Circuit when there are conflict

12  issues, they get raised earlier.

13        So, anyway, I'm not here to make trouble.  I just

14  was unaware of that and --

15        THE COURT:  I've sat with the Second Circuit.  I've

16  also been counsel in cases in the Southern and Eastern

17  Districts.  I have some familiarity with it.  And I bristled a

18  little bit if you say they do things more thoroughly than we

19  do here.  I know you didn't intend that.

20        MR. ANDRES:  I didn't -- and I didn't say that.

21        THE COURT:  I just want to remind you that I've been

22  there too.

23        MR. ANDRES:  I didn't say that.  I said there's a

24  *Curcio* -- *United States v. Curcio*, which is -- relates to the

25  conflicts and something that's dealt with on a regular basis.

U.S. v. Manafort

6

1       THE COURT:  All right.  Mr. Andres, what do you want

2  me to do about this?  Do you seek to have him excluded?

3       MR. ANDRES:  Not for the purposes of today's

4  proceeding this morning, but if we could at least understand

5  if there's been a waiver by Mr. Gates at some point.  We can

6  do that outside the presence -- you know, we can work that out

7  among ourselves, but I just wanted to raise it so we don't

8  have an issue down the line.

9       MR. DOWNING:  And, Your Honor, to be clear,

10  Mr. Andres makes it sound like he's shocked and surprised.

11  The issue with respect --

12       THE COURT:  Whether he's shocked and surprised is

13  not --

14       MR. DOWNING:  I know, but I want to make something

15  clear to the Court.  An issue came up before about was there a

16  potential conflict.  I directly addressed it with Mr. Andres.

17  So we take this stuff seriously and we've looked closely at

18  these issues.

19       So I just want the Court to understand we have

20  previously addressed this similar issue regarding someone else

21  on the trial team.  I don't want this Court to think it wasn't

22  addressed.

23       THE COURT:  All right.  At the moment the Government

24  does not seek his exclusion on the basis of a potential

25  conflict.  The parties are going to, I'm sure, satisfy

────────────────────U.S. v. Manafort────────────────────

7

1    themselves that there isn't.

2            And I'm sure, Mr. Andres, that if you determine that

3    there is, you can make a motion and I will give it careful

4    consideration.

5            Now, let's get to the matter at hand.  I did not

6    make a decision last night as to what I had suggested.  And I

7    want to make clear as to where I am at the moment.  I have

8    said several times that what I know thus far does not warrant

9    declaring a mistrial, but I suggested that I might voir dire

10   the individual jurors.

11           And let me tell you why I reached that.  And then I

12   told Mr. Andres, in effect, he could have overnight to look

13   and see if there was any authority that he wanted to call to

14   my attention, because Mr. Andres was not in favor of voir

15   diring the individual jurors.

16           Let me recap for a moment how I reached considering

17   that issue.  I haven't made up my mind even right now.

18           On pages 19, 20, and 21 of the transcript, I was

19   asking questions of the juror who reported to Mr. Flood that I

20   should ask questions because comments have been made.

21           And on page 20, I asked that juror, juror -- I think

22   it was ███ -- she overheard a remark and I asked her who made

23   that remark.  And she said, I believe it was ███.  And she

24   said, "We were alone in the room," just the two of them.

25           "After all was said and done, it was just she and I

U.S. v. Manafort

8

1  at that particular point."

2          "I see.  So no one else heard that particular?"

3          She said, "Not that particular remark."

4          Then I said, "Have other jurors made similar

5  remarks?"

6          She said, "Similar, but not as clear as that was

7  made to me."

8          And I said, "By 'clear,' what do you mean?"

9          This is now the juror talking about ███.  She,

10 ███, made it very clear that she didn't feel that the defense

11 really had anything to offer, upcoming in for the rest of the

12 trial.

13          Like I said, I reminded her that, well, we haven't

14 heard from -- I said, "Of course they have a lot to present.

15 This is what a trial is all about and it's our responsibility

16 to listen to everybody and then when we're in deliberations,

17 then we can decide to form our judgments and use all the

18 information given to us."

19          A nice encapsulation of her duty.

20          I said, "All right.  Do I" -- oh, I said, "Do I need

21 to come down there?"

22          That's because we were in the conference room and I

23 was at one end and you-all were at the other.  And

24 Mr. Westling said yes.  I went down there.  We had a

25 discussion, and the discussion is recorded.

———————U.S. v. Manafort———————

9

1          But then I said -- on page 22, I said to her, "I'm

2     interested in whether there were other remarks of similar

3     nature at any time during the course of the case."

4          And the juror -- again, we're talking about ███ --

5     she said, "They're talking.  I mean, they're just making

6     general remarks.  I mean, I don't feel that anybody is taking

7     sides, per se.  Someone mentioned, you know -- well, and this

8     was a couple of days ago -- of how they thought the defense

9     was "weak."  And, of course, I said 'Well, you really can't

10    say things like that.'"  That's the juror saying that.

11         "And, of course, I said, 'Well, you really can't say

12    things like that.  I don't think that's appropriate.'  So --

13    but it's small things like that."

14         And I asked her, "So there have been other

15    comments?"

16         "ANSWER:  Yes."

17         "About the evidence in the case?"

18         "Yes."

19         "And over what period of time have you heard these

20    comments?"

21         And then we went through how long the case -- and

22    then finally the answer is:  "I don't know.  Probably" -- no,

23    let's see.  "I would say probably the last four or five days."

24         And then I asked, "Have these remarks come from one

25    or more jurors?"

U.S. v. Manafort

10

1          She said, "More."

2          I said, "How many more?"

3          She said, "I don't know.  Probably like three total.

4    I just can't tell you who they are."

5          That's what suggested to me that I should consider

6    voir diring individual jurors, because there have been other

7    remarks made and we don't know by whom and we don't know

8    whether it has -- what the nature of the remarks are and we

9    don't know whether it has been straight remarks or something

10   that might be more severe than that.

11         So now, Mr. Andres, I gave you the night to think

12   about and to give me any cases you think I should look that

13   that suggest that on the basis of what I have here in front of

14   me I shouldn't do a further voir dire.

15         MR. ANDRES:  Thank you, Your Honor.  Mr. Asonye did

16   the research.  He's going to address that.

17         THE COURT:  All right.

18         MR. ANDRES:  And thank you very much for giving us

19   the night.  We very much appreciate that time.

20         THE COURT:  Yes.  Not a problem.  Mr. Asonye.

21         MR. ASONYE:  Thank you, Your Honor.

22         First, we would like to point the Court to two

23   cases, the *United States v. Wilbourn,* which is a Seventh

24   Circuit case, where jurors, three jurors, were discussing the

25   defendant 's guilt during lunch, during a brief lunch break, I

––––––––––––––––––––U.S. v. Manafort––––––––––––––––––––

11

1  believe on the fifth day of the trial of an 18-day trial.

2         And there, the Court instructed the jurors -- there

3  was no individual voir dire.  The Court instructed the jurors

4  not to make up their minds and discuss the case with each

5  other until they have heard all of the evidence.

6         THE COURT:  Let me -- so that I understand those

7  facts.  How did the matter come to the attention of the Court

8  and what information did the Court have?

9         MR. ASONYE:  My understanding from the case is

10 someone affiliated with the defendant overheard three jurors

11 opining on the defendant's potential guilt during a lunch

12 break.

13        THE COURT:  All right.

14        MR. ASONYE:  And raised it obviously to defense

15 counsel who raised it to the Court.  And those were

16 essentially the facts and the Court said these are --

17 obviously the case has not going jury yet, you cannot discuss

18 the evidence, you cannot discuss the defendant's guilt.  There

19 was no individual voir dire.  It was simply an instruction to

20 the entire venire --

21        THE COURT:  Was it considered or requested?

22        MR. ASONYE:  I'd have to go back and look, Your

23 Honor.  I do have the case.

24        THE COURT:  While you're at it, give me the cite.

25        MR. ASONYE:  Yes, Your Honor.  The cite is

─────────U.S. v. Manafort─────────

1   799 F.3d 900.  And we did hand up, Your Honor, a brief we

2   filed this morning, a very brief brief on this and we just

3   handed up --

4          THE COURT:  Well, I appreciate that.  Let me ask,

5   make sure that the -- have you seen it?

6          MR. DOWNING:  I have not, Your Honor.

7          THE COURT:  All right.  And let me ask the deputy

8   clerk to print it out and to make copies -- oh, you're giving

9   them copies.

10          MR. ASONYE:  I am, Your Honor.  I have one extra

11   copy.

12          THE COURT:  All right.  But I need a copy.

13          MR. ASONYE:  I've handed one up.

14          THE COURT:  Oh, all right.

15          MR. ASONYE:  Yes.  Your Honor, if I could -- I could

16   just read directly from the case.

17          THE COURT:  All right.

18          MR. ASONYE:  This is a pin cite 907, Section C,

19   premature jury deliberations.

20          On the fifth day of 18, a witness testimony, Patrice

21   Shadd, a girlfriend of one of the defendants sat next to a

22   table of jurors at lunch.  She testified that she overheard

23   those witnesses discussing the trial.  According to Shadd, one

24   juror opined that two of the defendants were guilty.  A second

25   juror agreed and stated that the two were guilty, but did not

U.S. v. Manafort

13

1  know about the others, and a third juror expressed general

2  agreement with these statements.

3          Shadd identified for the Court the three jurors who

4  were active in this conversation.  The Government opposed,

5  conducting a voir dire on the jury because it would be

6  disruptive and might cause jurors to wonder whether they were

7  being watched outside of the Court.  Ultimately, the district

8  court instructed the jurors not to make up their minds or

9  discuss the case with each other until they heard all of the

10  evidence and were instructed by the Court to discuss the

11  merits of the case.

12          THE COURT:  All right.  So the facts are that this

13  was a person who overheard a luncheon conversation by three

14  jurors.

15          MR. ASONYE:  Yes, yes, Your Honor.

16          THE COURT:  And the -- what they overheard was these

17  jurors saying what again?

18          MR. ASONYE:  One juror opined that two of the

19  defendants were guilty, a second juror agreed and stated that

20  two were guilty, but did not know about the others, and a

21  third juror expressed general agreement with those statements.

22          THE COURT:  All right.  Now, what was it that the --

23  was there a request for voir dire?

24          MR. ASONYE:  It appears so because the case says the

25  Government opposed conducting a voir dire on the jury because

─────U.S. v. Manafort─────

14

1    it would be disruptive and might cause jurors to wonder

2    whether they were being watched outside of the court.

3           THE COURT:  All right.  And -- well, what's the

4    second case?

5           MR. ASONYE:  The second case is *United States v.*

6    *Diaz*, which is a First Circuit case where -- and I'm less

7    familiar with this one.  But Your Honor, this case, the jurors

8    passed --

9           THE COURT:  What's the citation?

10          MR. ASONYE:  It is 597 F.3d 56, and that's a 2010

11   case.

12          And in this case, the jurors -- a juror passed a

13   note during the trial to the Court asking for a definition of

14   the meaning of conspiracy, which demonstrated potential

15   premature deliberations.  The Court admonished the jury to

16   disregard prior deliberations and specifically stated, quote,

17   conversations between jurors concerning the case they are

18   hearing do not always amount to premature deliberations.

19   That's a quote from the case, Your Honor.

20          THE COURT:  Yes, I think that case is easy on the

21   facts.  But the first one you mentioned is closer in point.

22          MR. ASONYE:  And we would note, Your Honor, that

23   here --

24          THE COURT:  In the end, though, it's a judgment.

25          MR. ASONYE:  Absolutely.  And it's --

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─
EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

15

1          THE COURT:  It's a judgment I have to make.

2          MR. ASONYE:  And it's -- and Your Honor's discretion

3   is at its greatest, the cases we've cited in this area,

4   absolutely, Your Honor.  This --

5          THE COURT:  What's the danger in doing this?

6          MR. ASONYE:  Well, the --

7          THE COURT:  You see, that's the danger.  You can't

8   say the danger is that you'll discover facts that will lead to

9   a mistrial because that's a good thing if I do discover facts

10  that warrant a mistrial.  But I think -- I think you're

11  correct to point out that it -- it's intimidating to jurors

12  individually.  I tried my best when I asked questions of the

13  two individual jurors not to be intimidating and to put them

14  at ease.  It's not easy to do.  The second juror, the one who

15  made the remark, I don't think was ever at ease.

16         MR. ASONYE:  I think, Your Honor, it turns into a

17  potential fishing expedition.  It sets potentially the jury

18  against each --

19         THE COURT:  But who controls whether it turns into

20  a -- let me ask you this, Mr. Asonye:  Suppose I voir dire a

21  juror and a juror says to me, yeah, I've heard other remarks.

22  Surely I ought to ask that juror, what have you heard?  And

23  surely I should ask that juror, has that -- have you made up

24  your mind?  Has that affected you in this case?

25              Shouldn't I ask those questions if the juror says,

──────────────U.S. v. Manafort──────────────

16

1  yes, I've heard remarks concerning the evidence in this case

2  from my fellow jurors?  You mean I'm to ignore that?

3          MR. ASONYE:  Your Honor, I think the -- we're not

4  saying that you should ignore it.  I think the -- even

5  Juror No. █, the one who has raised his concern already

6  indicated there wasn't any taking of sides from the comments

7  that she didn't raise to the Court.

8          I think -- I'll give you an example, Your Honor:

9  For example, what if there was some discussion, I think there

10  was already an issue in the record, of politics coming up.

11  Somebody comes in in the jury room --

12          THE COURT:  There is that remark, yes.

13          MR. ASONYE:  -- and discussed Donald Trump or

14  discussed Hillary Clinton or anything else.

15          THE COURT:  I'm not going to inquire as to that.

16          MR. ASONYE:  It's a question of interpretation of

17  what did one juror think someone meant?  What did another

18  juror -- I mean, you're going to run into this situation that

19  you ran in between Juror ████.  I think these are

20  essentially irresolvable issues because people see and

21  interpret events differently.

22          What -- I think, Your Honor, the -- a compromise

23  position that is available to the Court is to do an

24  individualized voir dire, but to simply ask each juror on

25  their own, are you able -- the defense has no burden.  He has

U.S. v. Manafort

17

1   no responsibility to put on any evidence.  Are you -- at this

2   stage, are you still able to decide this case fairly

3   regardless of any comments you may have heard internally or

4   externally.

5           That way, you get away from -- and jurors can

6   respond whether they're able to decide the case fairly in the

7   same manner that Your Honor asked during -- well, during the

8   initial voir dire.

9           The Government thinks that's much less disruptive

10  and is an appropriate balance of the concerns that were

11  raised.

12          THE COURT:  All right.  Mr. Downing?

13          MR. DOWNING:  Well, Your Honor, the first case that

14  the Government cited had to do with some jurors outside of the

15  jury room, having lunch outside and the Court was concerned

16  about the jury thinking they were being watched out in the

17  world.  We're talking about events that happened in the jury

18  room.  They actually happened in there with a group of jurors,

19  and it wasn't just three people sitting at a table.  We heard

20  it was a group.

21          And I think the Court's inquiry about what anybody

22  understood was said in that jury room, within the context and

23  the restrictions of what you talked about, which had to do

24  with people making comments on the evidence.  Were people

25  giving their thoughts on the defense?  I mean, we have a clear

─────────U.S. v. Manafort─────────

18

1   statement by one of the jurors that the defense is "weak" and

2   we have clear statements by a juror that comments were being

3   made on the evidence.

4           So I do think that narrow inquiry --

5           THE COURT:  Well, what she actually said was:

6           "They're talking.  I mean, they're just making

7   general remarks.  I mean, I don't feel that anybody is taking

8   sides, per se.  Someone mentioned, you know -- well, this was

9   a couple of days ago, that they thought the defense was weak.

10  And, of course, I said, 'Well, you really can't say things

11  like that.  I don't think that's appropriate.'  So it's small

12  things like that."

13          MR. DOWNING:  We would obviously not agree that

14  that's a small thing when a juror, in the middle of trial or

15  over a four- or five-day period, we have jurors making

16  comments on the weakness of the defense.  I mean, I think --

17  that in particular, I think, is more disconcerting to us and

18  to Mr. Manafort's Sixth Amendment right.

19          THE COURT:  Why would it be sufficient, as Mr.

20  Asonye has suggested, to ask and to confirm with the

21  individual jurors that no matter what they've heard or what's

22  been said, are they able to put that aside and decide the case

23  fairly and impartially, and also to give the defendant the

24  benefit of the presumption of innocence?

25          MR. DOWNING:  I think without an inquiry as to what

─────────────U.S. v. Manafort─────────────

19

1    occurred in the jury room, it's just a general prophylactic

2    statement to the jurors.  I think --

3              THE COURT:  Well, that's what curative instructions

4    are.

5              MR. DOWNING:  Well, the question is:  If the Court

6    now knows of certain events that occurred in this jury room

7    with the jurors, and I think without getting a better idea

8    from more of the jurors, not just one or two, because we had

9    two in here, one said something was said by a juror that was

10   very damning and the other jurors said I never said it.

11             So the question is in terms of what's going on in

12   that jury room, and that's what we're asking about.  We're not

13   asking about something outside.

14             THE COURT:  Well, that didn't go on in the jury

15   room, remember; or if it did, it -- there were no other jurors

16   present.

17             MR. DOWNING:  I think that -- that's correct, no

18   other jurors were present.  But these other conversations have

19   been clearly distinguished in that there was a group of jurors

20   that were in there for these questions, and it's happening in

21   the jury room where the jurors are supposed to not be

22   deliberating or giving their opinions on the evidence before

23   the evidence all comes in, the Government rests, and more

24   importantly, that the Court instructs these jurors.

25             So I think in a particular case like this, in a

U.S. v. Manafort

20

1    complicated white collar case, those instructions are

2    incredibly important for the everyday jury to understand what

3    it is they're being asked to consider.  The thought that over

4    a four- to five-day period, people would be giving their

5    opinions before those instructions were given in this type of

6    case seems to be of a paramount concern to Mr. Manafort's

7    Sixth Amendment rights.

8              It's not a gun and drug case.  It's not that type of

9    case.  It's a pretty complicated case.  And that's what we're

10   really concerned about and that's why we're asking this Court

11   to make that inquiry.  Thank you, Your Honor.

12             THE COURT:  Mr. Asonye, I'll give you the last word.

13             MR. ASONYE:  Your Honor, I would simply note that if

14   you -- if Your Honor asks every juror about any potential

15   comment that related to potentially anything related to this

16   case, we're going to be here all day.  You will be calling

17   jurors back and forth.  It will -- it will be an unending --

18             THE COURT:  I don't really care about that.  I care

19   more about your -- whether your suggestion adequately takes

20   care of this problem.

21             MR. ASONYE:  It does, Your Honor, if you -- if you

22   look at the cases we've cited, if we look at *Diaz* and

23   *Wilbourn*, you have clearly jurors who have taken sides on a

24   particular issue and --

25             THE COURT:  All right.

U.S. v. Manafort

21

1          MR. ASONYE:  And a -- not even an individualized

2    voir dire was sufficient.  And here, the Government is

3    suggesting if you're -- we don't think an individual --

4    individualized voir dire is necessary, but if Your Honor

5    believes it is, the question about can you be fair is

6    sufficient, because that's the ultimate issue Your Honor wants

7    to get at.  Can you put aside anything you've heard and decide

8    this evidence fairly when it's put to you.  That's the

9    ultimate issue.

10          THE COURT:  All right.  Thank you.

11          Yes, sir, Mr. Downing.

12          MR. DOWNING:  Just briefly, the question of

13   premature deliberation is really the question in front of this

14   Court.  It is the question.  The case law in our brief makes

15   quite clear, was there premature deliberation with that jury?

16   That's a question that this Court -- it definitely should be

17   asking questions or around that.  That's the legal issue

18   that's here.

19          Has there been premature deliberation prior to all

20   the evidence coming in and prior to the jury being instructed.

21   That's the legal question and that's in our brief.  I just

22   wanted to make clear, that's why we're asking for the inquiry.

23          The second question, which the Government says is

24   enough, the second question has to do with fairly and

25   impartial going forward, not whether or not there was

─U.S. v. Manafort─

22

 1   premature deliberation.  And that's what we brought up to the

 2   Court, that the reason for these inquiries of this jury has to

 3   do with, did they engage in premature deliberation, were

 4   opinions formed prior to all the evidence coming in and the

 5   jury being charged.  Thank you.

 6            THE COURT:  Mr. Asonye, I said I'd give you the last

 7   word and I will.

 8            MR. ASONYE:  Your Honor, I think I would just be

 9   repeating myself.  We're fine at this point.  Thank you.

10            THE COURT:  All right.  I'm going to recess.  I'll

11   consider this.  I'll look at the case you've cited, the

12   principal one, the Seventh Circuit case.  The First Circuit

13   case on its facts seems pretty easy.

14            But the Seventh Circuit case I think you've raised

15   comes closer to the mark.

16            Court stands in recess.

17            (Recess.)

18            THE COURT:  All right.  Thank you, Mr. Asonye, for

19   the case.  I've reviewed it and I've considered it.  The

20   solution that you suggest is very attractive.  I like it.  And

21   I think it is in many ways sensible.  In the end, however, I

22   think I have to go a step further.

23            What I've heard thus far does not warrant declaring

24   a mistrial.  But that doesn't end the matter, because the

25   request is that I find out more.  I will find out more,

U.S. v. Manafort

23

1    perhaps more gently than the defendant might wish, but the

2    defendant hasn't moved to strike any jury even though it's

3    gotten fairly significant information already.

4              Am I correct, Mr. Downing?

5              MR. DOWNING:  That's correct, Your Honor.

6              THE COURT:  All right.  So what I'm going to do is

7    have all of the jurors assembled and I'm going to tell them,

8    "I'm going to call you back one at a time to ask you a

9    question, ask you some concerns.  Don't be concerned.  I just

10   want to ask you a few questions.  It will be easy for you to

11   answer."

12             And that will ease some of the tension, I would

13   think, and forecast for them that I would have them return one

14   at a time.  If you're sitting in a jury room as a juror and

15   you have no idea what's happening and they call you out one at

16   a time, it heightens tension.  I don't want to do that.  So

17   I'm going to lessen it by impaneling them and then having them

18   come back one at a time.  When they come back one at a time, I

19   will tell them that I instructed them at the outset that they

20   should not make up their minds until they've heard all the

21   evidence and the Court's instructions and begin their

22   deliberations, they should keep an open mind and decide the

23   case fairly and impartially based only on the evidence and the

24   Court's instructions.  And I'll ask them, "Are you still able

25   to do that?"

─────U.S. v. Manafort─────

24

1              Presumably they will say yes.

2              And then I'll ask them, "Have you heard comments by

3    any other jurors concerning the weight or effect of the

4    evidence of either party."

5              If they say yes, I think the defendant is entitled

6    to know what that is.  Either to move to -- what I've heard

7    thus far doesn't merit a mistrial or either to seek a mistrial

8    or to ask that an individual juror be stricken.

9              Keep in mind, that they may not know who the person

10   is except -- even by number they may not know.

11             So that's what I intend to do.  And I understand the

12   Government's objection, and I think it's a substantial one.

13   Far from frivolous.

14             The case you cited, Mr. Asonye, is very close.  I

15   have the sense, of course, that if the judge in that case had

16   called for individual voir dire, the Third Circuit would have

17   said, "That's fine, too."

18             So essentially the Court -- the third -- I beg your

19   pardon -- the Seventh Circuit was doing what courts of appeal

20   often do, is to save a district judge and to save having it

21   tried again, which I'm sure we would all like to do, but we

22   all have a paramount duty of ensuring that the Government and

23   the defendant have a fair trial.  That's what I will do.

24             All right.  Mr. Flood, bring the jurors in, please.

25             (Jury present.)

U.S. v. Manafort

25

1        THE COURT:  All right.  You may be seated.

2        Good morning, ladies and gentlemen.  We'll begin as

3  always with the calling of the roll by number.  You may call

4  the roll by number.

5        THE DEPUTY CLERK:  Ladies and gentlemen, as I call

6  your number, please answer "present" or "here."

7        Juror 0008.

8        THE JUROR:  Present.

9        THE DEPUTY CLERK:  Juror 0037.

10       THE JUROR:  Here.

11       THE DEPUTY CLERK:  Juror 0276.

12       THE JUROR:  Present.

13       THE DEPUTY CLERK:  Juror 0017.

14       THE JUROR:  Present.

15       THE DEPUTY CLERK:  Juror 0145.

16       THE JUROR:  Present.

17       THE DEPUTY CLERK:  Juror 0115.

18       THE JUROR:  Present.

19       THE DEPUTY CLERK:  Juror 0082.

20       THE JUROR:  Present.

21       THE DEPUTY CLERK:  Juror 0009.

22       THE JUROR:  Present.

23       THE DEPUTY CLERK:  Juror 0299.

24       THE JUROR:  Present.

25       THE DEPUTY CLERK:  Juror 0091.

U.S. v. Manafort

26

1          THE JUROR:  Present.

2          THE DEPUTY CLERK:  Juror 0302.

3          THE JUROR:  Present.

4          THE DEPUTY CLERK:  Juror 0060.

5          THE JUROR:  Present.

6          THE DEPUTY CLERK:  Juror 0296.

7          THE JUROR:  Present.

8          THE DEPUTY CLERK:  Juror 0054.

9          THE JUROR:  Present.

10          THE DEPUTY CLERK:  Juror 0127.

11          THE JUROR:  Present.

12          THE DEPUTY CLERK:  And Juror 0133.

13          THE JUROR:  Present.

14          THE DEPUTY CLERK:  Thank you.

15          THE COURT:  All right.  Good morning, ladies and

16   gentlemen.  As usual, I'll ask you whether you were able to

17   adhere to the Court's instructions to refrain from discussing

18   the matter with anyone or undertaking any investigation.

19          THE JURORS:  Yes, Your Honor.

20          THE COURT:  Thank you.  The record will reflect that

21   that was unanimous.

22          Now, this morning we're going to proceed a little

23   differently at the beginning.  I want you to retire once more

24   to the jury room and I may ask one or more of you to come back

25   individually to ask you questions about whether you -- as

─U.S. v. Manafort─

27

1  you'll recall, I indicated to you at the outset that you

2  should keep an open mind and not decide the case until you've

3  heard all the evidence and until you have heard the Court's

4  instructions. And when you begin your deliberations, that's

5  when you can begin to form an opinion about what you think

6  should happen in the case.

7          And I want to ask you questions to make sure that

8  you've been able to follow that instruction. And I've

9  assembled you here to begin with to tell you what I intend to

10  pursue so that you won't just be sitting in there and one of

11  you will be called out and then another of you and there will

12  be some tension. And don't worry about it.

13          It's -- it -- that should not happen. Relax, and

14  I'll get through this as quickly as we possibly can. And then

15  as you know, I believe the Government rested in front of the

16  jury, Mr. Andres?

17          MR. ANDRES: Yes, Your Honor.

18          THE COURT: So -- and the only thing remaining is

19  Rule 29. Have you filed yours?

20          MR. DOWNING: We have, Your Honor.

21          THE COURT: All right. That's right. I think I've

22  seen that. And I will rule on that and we will then proceed

23  accordingly. Thank you for your patience. You may follow

24  Mr. Flood out and remember to refrain from discussing the

25  matter with anyone or undertaking any investigation.

—U.S. v. Manafort—

28

1          (Jury dismissed.)

2          THE COURT:  All right.  You may be seated.

3          As we commenced, I was handed a note by the deputy

4    clerk who got it from the court security officer who received

5    it from Juror ████.  You'll recall she was the juror who made

6    the initial statement to Mr. Flood.  And she dates it

7    August 14, today, 2018.

8    ████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████

15   ██████████████████████

16         She's also written her name below that.  That's

17   under seal.  That's not to be revealed.  Mr. Flood, show this

18   note to counsel at the podium.  Both sides can look at it.

19   And then I'm going to tell you what I think I would propose to

20   do about it.  And I'll hear from you on that issue as well.

21         I should also tell you having received that note I

22   looked over at her when I opened and made my opening remarks

23   this morning to the jury.  She clearly is under some stress.

24   Maybe even severe.  So look at the note and then I'll tell you

25   what I have in mind.

U.S. v. Manafort

29

1          (A pause in the proceedings.)

2          THE COURT:  Then I want to get on with it before I

3   get more.

4          All right.  And if you'd return that when you're

5   finished, Mr. Downing, to the court security officer, I will

6   direct the deputy clerk to make it a part of the record.

7          (A pause in the proceedings.)

8          THE COURT:  All right.  Let me say, Mr. Andres and

9   Mr. Downing, I assume the two of you will address it, or

10  Mr. Asonye, it doesn't matter, whichever you choose.  It's not

11  entirely clear what she means in this note, is it?

12         MR. ANDRES:  No, Your Honor.

13         THE COURT:  What do you think would be appropriate

14  to do, Mr. Andres and Mr. Downing?

15         MR. DOWNING:  Your Honor, can I have a moment?

16         THE COURT:  Yes, you may.

17         (A pause in the proceedings.)

18         THE COURT:  If you need the note back -- or you may

19  still have the note.  Do you have it?  If you need it, ask for

20  it and I'll have it returned to you.

21         MR. DOWNING:  Thank you, Your Honor.

22         (A pause in the proceedings.)

23         MR. DOWNING:  Your Honor, can I confer with the

24  Government for one second?

25         THE COURT:  Yes, you may.

─────U.S. v. Manafort─────

30

1          (A pause in the proceedings.)

2          MR. DOWNING:  Your Honor, if I might, I think -- I

3    agree that maybe the Court should inquire a little further.

4    It does seem at some level she may have been kind of conceding

5    that the other day maybe her, you know, blanket "I never said

6    anything," maybe that's not the case.

7          The second issue, since I'm not a doctor and I don't

8    play one on TV, I don't know when she's saying that ███████

9    ███████████████████████████████████████████████████████

10   ███████████, that one, in particular, I think would be worthy

11   of inquiry.  So I don't know the answer.

12         I mean, I -- at some level maybe this is just, okay,

13   I did say something, but I'm a little concerned or we're

14   concerned about the ███████████ and I don't know the answer

15   to that.

16         MR. ANDRES:  Your Honor, the Government would

17   propose that, as with the other jurors, you bring in this

18   juror and ask her if she could be fair.

19         Obviously, Your Honor will ask the appropriate

20   follow-up questions, but incumbent in the questions can you be

21   fair, can you deliberate, can you continue, will be an

22   █████████████████████████████.  And if for some reason

23   she's not thinking appropriately or she's too stressed, one

24   would think that she would disclose that within the context of

25   the question, can you continue as a juror, can you be fair,

─U.S. v. Manafort─

31

1   et cetera.

2           The one thing I think is -- is sort of essential,

3   and, obviously, Your Honor did this the other day, is to make

4   clear to this juror 1,000 percent that she hasn't done

5   anything wrong, that this is routine, that circumstances have

6   come to the Court's attention that required her to be

7   interviewed, but there's no allegation whatsoever that she's

8   impeding justice or that she's impeding the work of the Court

9   or the jury.  We certainly don't want her to continue under

10  that -- under that impression.

11          THE COURT:  Yes, well, I intended -- I said that to

12  her before and I'll say it again.  You don't have a problem

13  with that, do you, Mr. Downing?

14          MR. DOWNING:  I don't, Your Honor, but I would like

15  the inquiry to be about this issue.  I mean, if she's --

16          THE COURT:  Yes, I'll get into that.

17          MR. DOWNING:  Okay.

18          THE COURT:  There are very few of us who have not

19  had family experience with ████████████.  My mother had it.

20  Cancer treatments caused her pancreas to quit.  ████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████

24          All right.  They -- we're going to bring them in one

25  at the time.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

32

1          Now, I don't -- let me see the order -- let me see

2     the board, because I don't want the order to telegraph

3     anything.  Let's bring them in the order in which they are

4     here on the board.  Show that to counsel.  If you have an

5     objection to that, tell me, but I think that's adequate.

6              MR. DOWNING:  No objection, Your Honor.

7              (Board shown to counsel.)

8              THE COURT:  Yes.  All right.  The first one is --

9              THE DEPUTY CLERK:  Juror ███.

10             THE COURT:  █.

11             (Juror ███ present.)

12             THE COURT:  Sit right down here, if you would,

13     please, sir.  You're No. █?

14             THE JUROR:  Yes.

15             THE COURT:  I know your name, but we're sticking

16     with numbers here.  Just a couple of very brief simple

17     questions, easy-to-answer questions, that are routine, nothing

18     to be concerned about.

19             As you'll recall, at the beginning of the case, I

20     instructed all jurors not to decide the case, to keep an open

21     mind until they heard all of the evidence in the case and the

22     Court's instructions; and once they begin deliberations,

23     that's when they can begin to form opinions.

24             Do you recall that instruction?

25             THE JUROR:  Yes.

U.S. v. Manafort

33

1            THE COURT:  And have you been able to adhere to that

2    instruction, that is, to refrain from making up your mind?

3            THE JUROR:  I think so.

4            THE COURT:  All right.  And do you have an open mind

5    about this case?

6            THE JUROR:  I think so.

7            THE COURT:  Have you made up your mind about this

8    case at all?

9            THE JUROR:  No.

10           THE COURT:  Are you able to keep an open mind and

11   decide the case only after you've heard all of the evidence in

12   the case and the Court's instructions?

13           THE JUROR:  I will.

14           THE COURT:  And -- all right.  Are you able to -- do

15   you remember I instructed you on the presumption of innocence

16   that the Constitution gives to the defendant in this and every

17   case?

18           THE JUROR:  Yes.

19           THE COURT:  Are you able to give the defendant the

20   effect of that presumption of innocence, until you've heard

21   all of the evidence in the case and the Court's instructions

22   and then decide the case?

23           THE JUROR:  I will.

24           THE COURT:  All right.  Now, have you heard any

25   other jurors discuss the weight or effect of the evidence?

────────────────────U.S. v. Manafort────────────────────

34

1           THE JUROR:  Not really.

2           THE COURT:  What do you mean by "not really"?

3           THE JUROR:  I mean, I -- I didn't talk to them a

4    lot, so...

5           THE COURT:  You didn't talk to them a lot.

6           THE JUROR:  Right.  Actually --

7           THE COURT:  Okay.  I just asked simply whether

8    you've heard other jurors make remarks about the weight or

9    effect of any of the evidence offered in this case by either

10   the Government or the defendant?

11          THE JUROR:  No.

12          THE COURT:  Thank you.  You may return to the jury

13   room.

14          THE JUROR:  Thanks.

15          (Juror ███ not present.)

16          THE DEPUTY CLERK:  Next juror, Juror ███.

17          (Juror ███ present.)

18          THE COURT:  Good morning, ██.

19          THE JUROR:  How are you doing?

20          THE COURT:  We're using numbers, as you know.  You

21   may be seated, sir.

22          I have a few questions for you.  They are routine

23   and you should not be concerned.

24          Do you recall at the beginning of the case I

25   instructed all jurors that they should keep an open mind and

─────U.S. v. Manafort─────

35

1    not decide the case until all of the evidence has been -- had

2    been presented and they've heard the Court's instructions?

3              Do you recall that?

4              THE JUROR:  Yes, sir.

5              THE COURT:  And have you been able to adhere to that

6    instruction?

7              THE JUROR:  Yes, sir.

8              THE COURT:  Have you made up your mind about this

9    case?

10             THE JUROR:  No, sir.

11             THE COURT:  And have you heard other jurors make

12   remarks about the weight or effect of any of the evidence

13   offered?

14             THE JUROR:  No, sir.

15             THE COURT:  All right.  And are you able to give the

16   defendant the presumption of innocence that I have instructed

17   you about?  Of course, once you begin your deliberations,

18   you're to decide the case on the basis of the evidence.

19             THE JUROR:  Yes, sir.

20             THE COURT:  Thank you.  You may return to the jury

21   room.

22             (Juror ███ not present.)

23             THE COURT:  Who's next?

24             THE DEPUTY CLERK:  Juror ███.

25             (Juror ███ present.)

─U.S. v. Manafort─

36

1           THE COURT:  Come forward and have a seat right here,

2    if you would, please, sir.  ███?

3           THE JUROR:  Yes, sir.

4           THE COURT:  The only number I remember is my service

5    number from my Navy service.  60 years later I remember

6    647251.

7           We'll see if you remember this for very long.

8           THE JUROR:  I sure will.

9           THE COURT:  I just have a couple of questions for

10   you.  They are routine questions and you should not be

11   concerned.

12          You'll recall at the beginning of the case I

13   instructed all jurors that they should keep an open mind about

14   this case and not decide this case until they've heard all of

15   the evidence and heard the Court's instructions and began

16   deliberations.  Once you began deliberations, then you have to

17   form opinions and decide the case.  But until then, I

18   instructed you to keep an open mind.

19          Have you been able to do that?

20          THE JUROR:  Yes, sir.

21          THE COURT:  Have you made any decisions?

22          THE JUROR:  Not at all.

23          THE COURT:  Have you heard any other jurors make

24   comments about the weight or effect of the evidence?

25          THE JUROR:  No, sir.

U.S. v. Manafort

37

1          THE COURT:  All right.  And are you able to give the

2    defendant the presumption of innocence as I've instructed you

3    at the beginning of the case?

4          THE JUROR:  Yes, sir.

5          THE COURT:  All right.  Sir, you may follow -- you

6    may return to the jury room.

7          THE JUROR:  Thank you.

8          (Juror ███ not present.)

9          THE DEPUTY CLERK:  Juror ███.

10         (Juror ███ present.)

11         THE COURT:  Come forward, ██.  And sit here.  We're

12   using numbers, as you know.

13         THE JUROR:  Do I have to use the microphone?

14         THE COURT:  You don't.

15         THE JUROR:  Thank you.

16         THE COURT:  You do as you wish.  I just have a

17   couple of questions to ask.  They are routine, easy-to-answer

18   questions.

19         You'll recall, sir, at the beginning of the case I

20   instructed all jurors that they should keep an open mind until

21   the end of the case.  They should not make up their minds

22   until they've heard all of the evidence in the case and

23   they've heard the juries -- the Court's instructions to the

24   jury and then when the jury retires to deliberate, that's when

25   you can form opinions and discuss them and deliberate.

─U.S. v. Manafort─

38

1          Have you been able to keep an open mind as

2   instructed?

3          THE JUROR:  Yes, sir.

4          THE COURT:  Have you made any decision about the

5   case?

6          THE JUROR:  No.

7          THE COURT:  And have you heard other jurors discuss

8   the weight or effect of any evidence?

9          THE JUROR:  No.

10          THE COURT:  And are you able to give the defendant

11   the presumption of innocence as I instructed you?

12          THE JUROR:  Yes.

13          THE COURT:  All right, sir.  Thank you.  You may

14   return to the jury room.  You didn't need the microphone.

15          THE JUROR:  I hope not.

16          (Juror █████ not present.)

17          THE DEPUTY CLERK:  Juror █████.

18          (Juror █████ present.)

19          THE COURT:  █████, would you come and have a seat here

20   at the end, please?

21          I just have a couple of questions, routine

22   questions, nothing to be concerned about.

23          You'll recall that I instructed you at the beginning

24   of the case that you should keep an open mind and not decide

25   the case until all the evidence was submitted and the Court's

U.S. v. Manafort

39

1   instructions were provided, and then you could deliberate and

2   reach an opinion.  But until then, you were to keep an open

3   mind and not decide the case.

4           Do you recall that?

5           THE JUROR:  I do recall.

6           THE COURT:  And have you been able to adhere to that

7   instruction?

8           THE JUROR:  I have.

9           THE COURT:  Have you made up your mind about this

10  case?

11          THE JUROR:  I have not.

12          THE COURT:  And have you heard other jurors make

13  comments about the weight or effect of the evidence?

14          THE JUROR:  I have not.

15          THE COURT:  You'll recall I gave you instructions

16  that the defendant was entitled to the presumption of

17  innocence?

18          THE JUROR:  I do.

19          THE COURT:  Are you able to follow that instruction?

20          THE JUROR:  I am.

21          THE COURT:  You may follow the court security

22  officer out.  Thank you.

23          THE JUROR:  Yup.

24          (Juror ███ not present.)

25          THE DEPUTY CLERK:  Juror ███.

U.S. v. Manafort

40

1          (Juror ███ present.)

2          THE COURT:  Come forward and take this last seat

3    here, sir.  Thank you.  You may use the microphone or not, as

4    you wish.

5          THE JUROR:  Yes, sir.

6          THE COURT:  I just have a few questions.  They are

7    routine and you should not be concerned about it.

8          You'll recall at the beginning of the trial, I

9    instructed all jurors that they should keep an open mind and

10   not decide the case until all of the evidence was presented

11   and the Court had instructed the jury on the law applicable to

12   this case.

13         Do you recall that instruction?

14         THE JUROR:  Yes, sir.

15         THE COURT:  Have you been able to follow that

16   instruction?

17         THE JUROR:  I have.

18         THE COURT:  Adhere to it?

19         THE JUROR:  Yes, sir.

20         THE COURT:  Have you made up your mind about this

21   case?

22         THE JUROR:  No, sir.

23         THE COURT:  Have you heard other jurors make remarks

24   about the weight or effect of the evidence?

25         THE JUROR:  No, sir.

─────────U.S. v. Manafort─────────

41

1          THE COURT:  I also instructed you at the outset

2    about the presumption of innocence.  Do you recall that?

3          THE JUROR:  Yes, sir.

4          THE COURT:  Are you able to adhere to that

5    instruction and give the defendant the benefit of the

6    presumption of innocence?

7          THE JUROR:  Yes.

8          THE COURT:  Of course, once you begin to deliberate,

9    you're free to decide the case in any way you think the

10   evidence and the Court's instruction indicates.

11         Do you understand?

12         THE JUROR:  Yes, sir.

13         THE COURT:  Thank you, sir.  You may return.

14         (Juror ████ not present.)

15         THE DEPUTY CLERK:  Juror ████.

16         (Juror ████ present.)

17         THE COURT:  Yes, ma'am.  Would you come and sit in

18   this last seat here, please?  How are you today?

19         THE JUROR:  I'm good.

20         THE COURT:  I just have a couple of routine

21   questions to ask you and easy-to-answer questions.  You'll

22   recall at the beginning of the trial that I instructed all of

23   the jurors that they should not decide the case, not make up

24   their minds, and keep an open mind until all the evidence was

25   in and the Court instructed the jury on the law applicable to

─U.S. v. Manafort─

42

1    the case.

2          Do you remember that instruction?

3          THE JUROR:  Correct, yes.

4          THE COURT:  And have you been able to comply with

5    that, that is, to keep an open mind?

6          THE JUROR:  Yes.

7          THE COURT:  Have you made any decisions about the

8    case?

9          THE JUROR:  No.

10          THE COURT:  Have you heard other jurors make remarks

11    about the weight or effect of the evidence, any evidence?

12          THE JUROR:  No.

13          THE COURT:  And are you able to give the defendant

14    the presumption of innocence as I instructed you at the

15    beginning of the trial?

16          THE JUROR:  Yes.

17          THE COURT:  Thank you.  You may return to the jury

18    room.

19          (Juror ███ not present.)

20          THE DEPUTY CLERK:  Juror ███.

21          (Juror ███ present.)

22          THE COURT:  Come forward and take this seat, here,

23    please.  We're using numbers.  I wish we could use names, but

24    numbers are better.

25          I just have a few routine questions for you, nothing

─────U.S. v. Manafort─────

43

1   that you should be concerned about.  I think I've already

2   spoken to you once.

3            THE JUROR:  Yes.

4            THE COURT:  And I've told you that you haven't done

5   anything wrong and don't worry about that.  But I do have some

6   additional questions for you.

7            You will recall at the beginning of the trial I

8   instructed all jurors that they should keep an open mind about

9   the case, not decide the case until all the evidence has been

10  presented and the Court has instructed the jury on the

11  applicable law.

12           Have you been able to adhere to that instruction?

13           THE JUROR:  Yes, sir.

14           THE COURT:  And I think some of the answers you gave

15  me at the beginning make it clear that you understood that.

16           THE JUROR:  Yes.

17           THE COURT:  Now, you've already told me about what

18  you heard other jurors say about the evidence, the weight or

19  the effect of the evidence.

20           Do you wish to add anything to that or have you said

21  everything you need to say about that?

22           THE JUROR:  I think I've said everything I need to

23  say.

24           THE COURT:  All right.  And do you feel that you can

25  decide this case fairly and impartially based only on the

44

1    evidence and the Court's instructions?

2            THE JUROR:  Yes, sir, I do.

3            THE COURT:  And are you able to give the defendant

4    the presumption of innocence, as I instructed you at the

5    beginning?

6            THE JUROR:  Absolutely.

7            THE COURT:  All right.  That means, of course, that

8    once you begin to deliberate you do have to decide the case.

9            THE JUROR:  That is correct, I understand.

10           THE COURT:  All right.  Thank you.  You may return

11   to the jury room.

12           THE JUROR:  Thank you very much.

13           (Juror ▮▮▮ not present.)

14           THE DEPUTY CLERK:  Juror ▮▮▮.

15           (Juror ▮▮▮ present.)

16           THE COURT:  Come forward, if you would, please, and

17   take this last seat in the jury box.  Is it ▮▮▮?

18           THE DEPUTY CLERK:  Yes.

19           THE COURT:  ▮▮▮, good morning.  I just have a couple

20   of questions for you.  Routine questions, nothing you should

21   be concerned about.  As you'll recall at the beginning of the

22   trial, I instructed all jurors that they should keep an open

23   mind, not make up their minds about the case until they've

24   heard all of the evidence in the case and the Court has

25   provided the jury with instructions on the applicable law and

─U.S. v. Manafort─

45

1    you begin your deliberations.  That's when you can make up

2    your mind about things.

3           Have you been able to adhere and comply with that

4    instruction?

5           THE JUROR:  Yes, Your Honor.

6           THE COURT:  Have you made up your mind about this

7    case?

8           THE JUROR:  Not yet.

9           THE COURT:  Good answer.  You'll recall that I also

10   gave you instructions on the presumption of innocence.

11          THE JUROR:  Yes, sir.

12          THE COURT:  Now, I omitted to ask you:  Have you

13   heard any other jurors make remarks about the weight or effect

14   of the evidence that has been presented.

15          THE JUROR:  No, sir.

16          THE COURT:  Thank you.  You may return to the jury

17   room.

18          (Juror ███ not present.)

19          THE DEPUTY CLERK:  Juror ███.

20          (Juror ███ present.)

21          THE COURT:  Come forward and take this last seat,

22   here, ██.  I'm using numbers instead of names.  You may be

23   seated right there.

24          Just a few easy-to-answer routine questions, nothing

25   for you to be concerned about.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

─────────────U.S. v. Manafort─────────────

46

1        Well, let me ask you to begin with:  You've given me

2   a note about your physical condition and few of us escaped

3   this vale of tears without experience on ███████.  My mother

4   had ███████, so I know that it can be sometimes difficult.

5                       ████████████████████████████████████

6   ████████████████████

7        THE JUROR:  Yes, sir.

8        THE COURT:  Do you feel all right now?

9        THE JUROR:  Yeah, I'm just stressed, so it's fine.

10       THE COURT:  Yes, I understand that, but please don't

11  be stressed.  This is purely routine and I have to go through

12  this and you've done nothing wrong.  So relax, if you can.

13       All right.  If at any time you need a recess in

14  order to -- because my mother did it, ████████████████████

15  ████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████

17  ██████████████████████████████

18       THE JUROR:  Yes, that's true.

19       THE COURT:  So I am familiar with it and I will --

20  if at any time during this trial, you need a recess, just

21  raise your hand.  I'll give -- or give me the sports time

22  signal, I'll recall a recess and I won't inquire of you of the

23  reason for it.

24       THE JUROR:  Thank you, sir.

25       THE COURT:  Now, let me ask you a few questions.

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

47

1    I've already asked you some.  I'll ask you some -- a couple of

2    additional ones.

3            At the beginning of the trial, I asked or

4    I instructed all jurors that they should keep an open mind

5    until the end of the case, that they should not decide the

6    case until all the evidence had been presented and the Court

7    had instructed the jury on the law applicable to this case and

8    they began their deliberations.  But until they begin the

9    deliberations, they should not decide the case.  They should

10   keep an open mind.  Have you been able to do that.

11           THE JUROR:  I try to, yes.

12           THE COURT:  And do you think you've succeeded?

13           THE JUROR:  I believe so.

14           THE COURT:  Good.

15           Now, I've already asked you some questions about

16   whether -- let me ask you again:  Have you heard other jurors

17   make any remarks about the weight or effect of any of the

18   evidence offered in this case?

19           THE JUROR:  No, sir.

20           THE COURT:  And you'll recall -- have you decided

21   the case?

22           THE JUROR:  No, sir.

23           THE COURT:  Do you still have an open mind about it?

24           THE JUROR:  Yes.

25           THE COURT:  And you recall that I gave you an

─U.S. v. Manafort─

48

1    instruction at the beginning that the defendant is entitled,

2    under our Constitution, to the presumption of innocence.

3              Do you recall that?

4              THE JUROR:  Yes, sir.

5              THE COURT:  Are you able to give the defendant the

6    benefit of the presumption of innocence and not decide this

7    case until all the evidence is in and you've heard the Court's

8    instructions and you retire to deliberate?

9              THE JUROR:  Yes, sir.

10             THE COURT:  Thank you.  You may return to the jury

11   room.

12             Remember, now, if you need any recess, don't you

13   hesitate to let me know.

14             THE JUROR:  I have brought food in.

15             THE COURT:  I beg your pardon?

16             THE JUROR:  ███████████████████████████████████

17   ████████

18             THE COURT:  All right.  Well, but remember what I

19   said.  If you need to recess, you'll get it.

20             THE JUROR:  All right.  Thank you very much, sir.

21             (Juror ███ not present.)

22             THE DEPUTY CLERK:  ████.

23             (Juror ███ present.)

24             THE COURT:  Come forward and have this last seat

25   here, please.  What number was it?

───────U.S. v. Manafort───────

49

1          THE JUROR:   ███.

2          THE COURT:   ███.   I guess you'll remember that

3    number for awhile.

4          THE JUROR:   I will.

5          THE COURT:   All right.   I hope you're relaxed

6    because these are -- this is routine, just a few simple

7    questions.

8               You'll recall that at the beginning of the case, I

9    instructed all jurors that they should keep an open mind about

10   the case and not decide the case until all the evidence had

11   been presented and you had received the Court's instructions

12   on the law applicable to the case, and not until then can you

13   form an opinion or decide the case and deliberations with your

14   fellow jurors.

15              Do you recall that?

16         THE JUROR:   Yes, Your Honor.

17         THE COURT:   Have you been able to give that

18   instruction effect, that is, to comply with it?

19         THE JUROR:   Yes, Your Honor.

20         THE COURT:   Have you made up your mind about the

21   case?

22         THE JUROR:   No.

23         THE COURT:   And are you able then to decide this

24   case fairly and partially based only on the evidence after

25   it's all been presented and the Court's instructions?

50

1          THE JUROR:  Absolutely, Your Honor.

2          THE COURT:  Have you heard any other jurors make

3    remarks about the weight or effect of any of the evidence

4    offered?

5          THE JUROR:  No, Your Honor.

6          THE COURT:  And you'll recall I also instructed you

7    at the outset that the Constitution provides the defendant

8    with a presumption of innocence, and are you able to give the

9    defendant the benefit of the presumption of innocence and not

10   decide the case until all the evidence is in and you've heard

11   the Court's instructions?

12         THE JUROR:  Yes, Your Honor.

13         THE COURT:  Thank you.  You may return to the jury

14   room.

15         (Juror ███ not present.)

16         THE DEPUTY CLERK:  Juror ███.

17         (Juror ███ present.)

18         THE COURT:  Good morning, sir.  Come up here and sit

19   in this last seat up here for me.  Thank you.

20         I just have a few simple questions.  It's routine,

21   nothing to worry about.  You'll recall at the beginning of the

22   case, I instructed all jurors that they should keep an open

23   mind about the case until all the evidence was in and the

24   Court's instructions were provided.  In other words, don't

25   decide the case until you've heard all of the evidence and

U.S. v. Manafort

51

1    you've been instructed on the law applicable to the case by

2    the Court.

3                Do you remember that?

4                THE JUROR:  Yes, sir.

5                THE COURT:  Have you been able to follow that

6    instruction?

7                THE JUROR:  Yes, sir.

8                THE COURT:  Have you made up your mind about this

9    case?

10               THE JUROR:  Absolutely not.

11               THE COURT:  And have you heard other jurors make

12   remarks about the weight or effect of any evidence?

13               THE JUROR:  No.

14               THE COURT:  And you'll recall I instructed you that

15   the defendant under the Constitution is entitled to the

16   presumption of innocence.  Are you able to give effect to that

17   instruction?

18               THE JUROR:  Yes.

19               THE COURT:  Thank you, sir.  You may return to the

20   jury room.

21               (Juror ███ not present.)

22               THE DEPUTY CLERK:  Juror ███.

23               (Juror ███ present.)

24               THE COURT:  Please come forward and take this last

25   seat here for me, sir.

52

1          THE JUROR:  Yes, Your Honor.

2          THE COURT:  And I'll use ███, you'll remember that

3    awhile, I guess.

4          THE JUROR:  Yes, I will.

5          THE COURT:  All right.  These are simple, routine

6    questions.  Nothing to be concerned about.

7          You'll recall at the beginning of the trial, I

8    instructed all jurors that they should not decide the case,

9    but keep an open mind until all the evidence has been

10   presented and the Court instructs the jury on the law

11   applicable to the case.

12         Do you remember that instruction?

13         THE JUROR:  Yes, Your Honor.

14         THE COURT:  Have you been able to adhere and comply

15   with that instruction?

16         THE JUROR:  Yes, Your Honor.

17         THE COURT:  Have you decided the case?

18         THE JUROR:  No, Your Honor.

19         THE COURT:  And are you able to give the defendant

20   the presumption of innocence, as I instructed you?

21         THE JUROR:  Yes, Your Honor.

22         THE COURT:  Have you heard other jurors make any

23   remarks about the weight or effect of any of the evidence?

24         THE JUROR:  No, Your Honor.

25         THE COURT:  Thank you, sir.  You may return to the

─U.S. v. Manafort─

53

1   jury room.

2               (Juror ▮▮▮ not present.)

3               THE DEPUTY CLERK:  Juror ▮▮▮.

4               (Juror ▮▮▮ present.)

5               THE COURT:  All right, ▮▮.  I remember there was a

6   TV program many, many years ago, ▮▮▮▮▮▮▮▮▮▮▮▮

7   You're too young to remember that.

8               THE JUROR:  I remember the reruns.

9               THE COURT:  There are reruns.  Well, I remember the

10  original.  In fact, I was old when the original came about.

11              But in any event, these are a few routine questions,

12  nothing to be concerned about.  Easy-to-answer questions.

13              You will recall that at the beginning of the trial,

14  I instructed all jurors that they should keep an open mind

15  about the case, not decide the case until all the evidence was

16  in, and you received the Court's instructions on the law

17  applicable to the case.

18              Do you remember that instruction?

19              THE JUROR:  Yes.

20              THE COURT:  And have you been able to follow that

21  instruction?

22              THE JUROR:  Yes.

23              THE COURT:  Have you made up your mind about this

24  case?

25              THE JUROR:  No.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

─────U.S. v. Manafort─────

54

```
 1            THE COURT:  And are you able to give the defendant

 2    the presumption of innocence as I instructed you at the

 3    outset?

 4            THE JUROR:  Yes.

 5            THE COURT:  Have you heard any other jurors make

 6    remarks about the weight or effect of the evidence?

 7            THE JUROR:  No.

 8            THE COURT:  All right.  Thank you.  You may

 9    return -- are you able then to decide this case fairly and

10    impartially based only on the evidence and the Court's

11    instructions?

12            THE JUROR:  Yes.

13            THE COURT:  You may return to the jury room.

14            (Juror ███ not present.)

15            THE COURT:  Next.

16            THE DEPUTY CLERK:  Juror ███.

17            (Juror ███ present.)

18            THE COURT:  Come forward and take this last seat

19    here, if you would.  Good morning, ███.

20            THE JUROR:  Good morning.

21            THE COURT:  Is it ███?

22            THE JUROR:  Yes.

23            THE COURT:  You'll remember that number for awhile,

24    won't you?

25            THE JUROR:  Yes.
```

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

─U.S. v. Manafort─

55

1        THE COURT:  This is just a couple of very simple

2  routine questions, easy-to-answer questions.  Nothing to be

3  concerned about.

4        You'll recall at the outset, I instructed all jurors

5  to refrain from making up their minds and told them to keep an

6  open mind until all the evidence was in and the Court

7  instructs the jury on the law applicable to this case.

8        Do you remember that instruction?

9        THE JUROR:  Yes.

10        THE COURT:  Have you been able to follow that

11  instruction?

12        THE JUROR:  Yes.

13        THE COURT:  And have you made up your mind about the

14  case?

15        THE JUROR:  No.

16        THE COURT:  Have you heard other jurors make remarks

17  about the weight or effect of the evidence?

18        THE JUROR:  No.

19        THE COURT:  And are you able to -- then to decide

20  this case fairly and impartially based only on the evidence

21  and the Court's instructions?

22        THE JUROR:  Yes.

23        THE COURT:  And you remember I also instructed you

24  at the outset about the constitutional presumption of

25  innocence that the defendant is entitled to?

———U.S. v. Manafort———

56

1          THE JUROR:  Yes.

2          THE COURT:  Have you been able to follow that

3    instruction?

4          THE JUROR:  Yes.

5          THE COURT:  In other words, it's part of not making

6    up your mind.  He's presumed innocent until and unless the

7    jury finds otherwise.  They may or may not, you may or may not

8    find otherwise.  But until that happens, he is presumed

9    innocent.

10         Do you understand?

11         THE JUROR:  Yes, I understand.

12         THE COURT:  Are you able to adhere to that?

13         THE JUROR:  I understand.

14         THE COURT:  All right.  Thank you.  You may return

15   to the jury room.

16         (Juror ▮▮▮ not present.)

17         THE DEPUTY CLERK:  Juror ▮▮▮.

18         (Juror ▮▮▮ present.)

19         THE COURT:  All right.  ▮▮▮, if you'd take a seat

20   here at the end.  I'm using numbers, as you know.

21         THE JUROR:  Yes.

22         THE COURT:  You might remember the number for

23   awhile; is that right?

24         THE JUROR:  Yes, sir.

25         THE COURT:  Good morning.

U.S. v. Manafort

57

1          THE JUROR:  Good morning.

2          THE COURT:  I'm going to ask you just a few routine,

3   simple questions, easy-to-answer questions.

4          At the beginning of the trial, you'll recall that I

5   instructed all jurors to keep an open mind about the case, not

6   to decide the case until all the evidence had been presented

7   and the jury had been instructed by the Court on the rules of

8   law applicable to the case.

9          Do you recall that instruction?

10         THE JUROR:  Yes, sir.

11         THE COURT:  Have you been able to follow that

12   instruction?

13         THE JUROR:  Yes, sir.

14         THE COURT:  Have you made up your mind about the

15   case?

16         THE JUROR:  Not yet.

17         THE COURT:  And I also instructed you that the

18   defendant, under our Constitution, is entitled to the

19   presumption of innocence and that remains with him unless and

20   until the jury find otherwise.

21         THE JUROR:  Yes.

22         THE COURT:  Have you been able to adhere to that

23   instruction?

24         THE JUROR:  Yes, sir.

25         THE COURT:  Have you heard any other jurors make

─U.S. v. Manafort─

58

1  remarks about the weight or effect of evidence presented in

2  this case?

3          THE JUROR:  No, sir.

4          THE COURT:  And are you able to decide this case

5  fairly and impartially based only on the evidence and the

6  Court's instructions?

7          THE JUROR:  Yes, sir.

8          THE COURT:  Thank you.  Now, let me remember this.

9  Are you the one with a son going to school?

10         THE JUROR:  Yes, sir.

11         THE COURT:  And I know that his father is taking him

12  on Thursday.

13         THE JUROR:  Yes, sir.

14         THE COURT:  And you want to know whether you can go.

15  When is it that you need to go?

16         THE JUROR:  Check-in is on Friday and Saturday, so I

17  was thinking if I can go Friday and come back Sunday, if it's

18  possible.

19         THE COURT:  When is your husband going?

20         THE JUROR:  He's going Thursday and coming back

21  Monday.

22         THE COURT:  He's flying as well?

23         THE JUROR:  Yes.

24         THE COURT:  So either way, you're going to fly?

25         THE JUROR:  Yes.

U.S. v. Manafort

59

1          THE COURT:  All right.  I think we'll have an answer

2     for you --

3          THE JUROR:  I mean, if it's not possible, then it's

4     still fine.  Then I can visit him later on when the trial will

5     be over.

6          THE COURT:  All right.  I'll make a decision about

7     whether you need to be here Thursday or Friday long before

8     then.

9          THE JUROR:  Okay.

10          THE COURT:  Thank you.  You may follow the court

11     security officer out.

12          (Juror ▮▮▮▮ not present.)

13          THE COURT:  All right.  Mr. Downing, do you wish to

14     say anything on your motion for a mistrial?

15          MR. DOWNING:  Your Honor, could I have five minutes

16     to confer with my co-counsel and the defendant?

17          THE COURT:  All right.

18          Do you have anything you want to say?

19          MR. ANDRES:  No, Your Honor.  Thank you.

20          THE COURT:  All right.  Yes, you may have five

21     minutes.  Do it here in the courtroom.  I'll recess, come back

22     in.  But let me forecast that when I do, I have a number -- I

23     have a motion for a mistrial and then I want to know whether

24     you wish to offer any evidence and if you don't, we're going

25     to have a -- within an hour or two, a instructions conference

U.S. v. Manafort

60

1    and we're going to proceed.

2            MR. DOWNING:  Understood.

3            THE COURT:  But you may have evidence.

4            MR. DOWNING:  Thank you.

5            THE COURT:  You want to give me a forecast?

6            MR. DOWNING:  I don't think we'll be putting on any

7    evidence.

8            THE COURT:  All right.  I don't have the package of

9    instructions ready to go.  Thank you.  Don't worry about it.

10   But I still harbor the hope that some day you-all will be

11   where I am and you'll see all these things and you'll say, you

12   know, I remember that.

13           See that gentlemen up there on the wall behind you?

14   I criticized him pretty vigorously for years for being

15   autocratic, for being dictatorial, mean-spirited, everything

16   else.  And I can't tell you how delicious the irony is that

17   today I stand here, hearing the bar criticize me in exactly

18   the same way I used to criticize him and I look up at him.

19           It's a delicious irony.

20           But anyway, you may have your five minutes.  I'll

21   try to get this package done as quickly as I can, but it's

22   going to take me about -- they're very lengthy.  It's going to

23   take me at least 30, 40 minutes.  Anything else?

24           MR. ANDRES:  Your Honor, just obviously, it'd be

25   helpful if we have some chance to review it after we get

1    the --

2            THE COURT:  Oh, absolutely, you will.

3            MR. ANDRES:  Yeah, okay.

4            THE COURT:  Absolutely.  You're not only going to

5    have a chance to review it, but you're going to have a chance

6    to tell me if you object or you want changes.  But you're

7    going to have to confer with each other about this package to

8    see if you can reach an accommodation about any objection you

9    may have.  I'll be pretty receptive to that.  If not, I'll

10   have to resolve it as an objection to an instruction.  But I

11   don't think there's any dispute about the law governing this.

12   It's unnecessarily complicated.  You know, there are a group

13   of tax allegations, a group of bank fraud allegations, and a

14   group of --

15           MR. ANDRES:  FBAR.

16           THE COURT:  FBAR -- I beg your pardon?

17           MR. ANDRES:  FBAR.

18           THE COURT:  Yes, allegations, and it needs to be

19   made as clear as possible for the jury.

20           All right.  Court stands in recess --

21           MR. ANDRES:  Just -- Judge, sorry, there's just one

22   other issue, which doesn't have to be resolved now.

23           But the defense also moved to take judicial notice

24   of an issue relating to the -- to some of the question --

25   remember, there was questioning from Mr. Brennan about whether

—————U.S. v. Manafort—————

62

1    the bank had actually lost money, and then Mr. Westling asked

2    a question and asked Your Honor to take judicial notice.  That

3    issue is a little more thorny than it may appear on its face

4    because the forfeiture allegations are part of the Washington,

5    D.C. indictment.  I just wanted to preview it for Your Honor,

6    we'll be in a position to lay out the facts, but I wanted to

7    just let Your --

8               THE COURT:  Well, what is it?  Discuss with

9    Mr. Westling or Mr. Zehnle who has --

10              MR. DOWNING:  Mr. Westling.

11              THE COURT:  Mr. Zehnle?

12              MR. DOWNING:  Mr. Westling.

13              MR. WESTLING:  No, it's me, Your Honor.

14              THE COURT:  All right.  Discuss with Mr. Andres,

15   because there are probably some things I can take judicial

16   notice of and some things I can't involving that.  And you

17   need to be very clear about precisely what you want me to take

18   judicial notice of and why.  Discuss it with Mr. Andres, and

19   if he has an objection, then I'll focus sharply on that.

20              Of course, there are things I can't if they're going

21   to be adjudicated, but I thought what he was saying is asking

22   me to take judicial notice that certain monies had been

23   restrained or seized.  That seems to me to be a matter of

24   judicial record.  Now, whether they'll be permanently

25   restrained or seized, I don't know.  But that can be included

—————Tonia M. Harris OCR-USDC/EDVA 703-646-1438—————
EASTERN DISTRICT OF VIRGINIA

U.S. v. Manafort

63

1  in what I say I am taking judicial notice of.

2          See if you can work that out.

3          MR. ANDRES:  Thank you, Your Honor.

4          MR. WESTLING:  Your Honor, if I may on that point,

5  have you received our filing on that?  It was filed last

6  night.  I apologize, but we were trying to get it to you so

7  that you could look at it.

8          THE COURT:  All right.  I will -- that's on the

9  judicial notice?

10          MR. WESTLING:  Yes, sir.

11          THE COURT:  I will go look at it now.

12          MR. WESTLING:  Thank you.

13          THE COURT:  Court stands in recess.  And we'll make

14  it 10 minutes.  Tell the jury it will be another 20 minutes.

15          (Recess.)

16                  (Defendant present, Jury out.)

17          THE COURT:  All right.  Mr. Downing.

18          MR. DOWNING:  Your Honor, we would like to renew our

19  motion for a mistrial.

20          THE COURT:  All right.  I've read the briefs, and

21  I've heard the basis for it.  Do you want to say anything

22  more, Mr. Andres?

23          MR. ANDRES:  No, Your Honor.

24          THE COURT:  All right.  The issue of a mistrial is

25  committed to the broad discretion of the district judge,

─U.S. v. Manafort─

1  sensibly so.  I have paid very careful attention to what has

2  occurred, I have considered carefully what each of the jurors

3  said, particularly ███████, and I've looked at and read the

4  briefs, but it is my judgment that a mistrial is not warranted

5  in this case, so I will deny the motion for a mistrial.

6         Now -- yes?

7         MR. DOWNING:  Your Honor, I have another motion in

8  light of your motion to deny the -- during the testimony of

9  ████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████.

11        THE COURT:  Yes.

12        MR. DOWNING:  And I think if this issue was raised

13 at the beginning in jury selection, I think she would have

14 been removed for cause, and I do think at this point in time,

15 given the fact that she has ████████████████████████████████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████

19 ████████████  instead of the rest of the jurors that just came out

20 and said, "Yes, Your Honor, I understand."

21        So I think given this ██████████████, we would be

22 concerned about her ability to deliberate given the fact that

23 ████████████████████████████████████████████████████.  Thank

24 you, Your Honor.

25        THE COURT:  Any objection to striking her?

─────U.S. v. Manafort─────

65

1           MR. ANDRES:  Yes, Your Honor.  This issue was raised

2    at the beginning of trial.  That's why we had a questionnaire.

3    That's why we asked each juror if there was any reason why

4    they had an inability to serve on the jury, and she didn't

5    indicate that she did.

6           Beyond that, you've interviewed her twice now, and

7    she hasn't said that she can't serve.  You asked her the exact

8    same questions you asked every other juror, and she answered

9    them exactly the same as every other juror.

10          So there's no -- nothing different about this juror,

11   any of her responses, that would require you to strike her.

12   You offered her breaks and any accommodation.  She didn't

13   indicate that she needed that or anything else.

14          THE COURT:  All right.

15          MR. ANDRES:  So --

16          THE COURT:  I would not strike her for any physical

17   condition.  I'm convinced that's not a problem that would

18   prevent her.  Now, you might have exercised your peremptory

19   challenge against her, but you didn't.

20          The only thing that ever concerned me about ███ --

21          MR. DOWNING:  ███.

22          THE COURT:  -- or ███?

23          Which one is she, ██████?

24          MR. DOWNING:  ███.

25          THE COURT:  ███ is the fact that she denied saying or

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

─U.S. v. Manafort─

66

1    hearing something when there was evidence that she did, but I

2    am not going to strike her, Mr. Downing, ████████████████

3    ██████████.

4           MR. DOWNING:  Well, Your Honor, just on that note,

5    that -- the alternative is exactly, I think, what you just

6    said.  If it's ████████████████, then she has not been

7    candid with the Court throughout the questioning last week,

8    and I think that would be a basis to exclude her.

9           MR. ANDRES:  Your Honor, the evidence this morning

10   would suggest that her -- that she was consistent because

11   the -- I don't know how many -- 14 other people all said

12   virtually the same thing.  So in claiming that one juror was,

13   was credible and one wasn't is pitting the answers of ████████

14   ██████ and I don't know that that's a sufficient basis --

15          THE COURT:  All right.  I don't need to make that

16   decision right this minute.  I'll think about that.  You're on

17   the short end of that one for the time being, Mr. Downing.

18          MR. DOWNING:  I understand.

19          THE COURT:  Certainly ████████████████.  But I'll

20   look at the record on the rest, which, by the way, I raised,

21   not the defendant.

22          And I suppose I could have expected the Government

23   to say, "Yes, we join in striking her," but it didn't.  But

24   let's go on.  The Government does not want to agree, and you

25   want her stricken.  Now, I've already said I'm not going to

—————U.S. v. Manafort—————

67

1    strike her because of what she said in her note about her

2    ███████, but I will look at the other part carefully.

3           Now, you'll get a package of instructions in the --

4    probably in less than an hour or an hour, and you'll have an

5    opportunity to review them.  Most of them are the instructions

6    that you-all submitted.  There's a little confusion in them.

7    I'm not going to go into it now because this should be in open

8    court, where everyone can hear it, but I have denied the

9    motion for mistrial.  I've taken under advisement the

10   now-submitted request that █████ be stricken.  I'll consider

11   that.  We don't need to have any more proceedings under seal

12   for that.

13          So now we need to go ahead and I need to resolve the

14   Rule 29 motion, then have an instructions conference, then we

15   will have the closing arguments, and it seems to me that that

16   may not happen until tomorrow, but we'll see.

17          So the first thing is we'll recess -- oh, the

18   judicial notice thing.  Did you-all resolve that?

19          MR. WESTLING:  We have not been able to resolve

20   that, Your Honor.  We did discuss it.

21          THE COURT:  Well, what you've submitted, does it

22   tell me precisely what it is that --

23          MR. WESTLING:  Yeah, I think the paragraph at the

24   very end that is indented, Your Honor, is what we would ask to

25   have notice of.

68

1          THE COURT:  Well, I'll do this in open court.

2          MR. ANDRES:  Your Honor, I think we're going to try

3     to file something very brief.  It's complicated.  It has to do

4     with a different case, and I don't think that the -- I don't

5     think that the judicial notice is warranted.  I don't think

6     it's accurate factually.  So we can try to put together a

7     two-page brief just so we can set out the facts, because

8     again --

9          THE COURT:  Well, tell Mr. Westling so that he --

10    you-all should have been able to resolve this.

11         MR. WESTLING:  I think we have, unfortunately, Your

12    Honor, a difference of opinion about what's appropriate under

13    the circumstances, and so that's where we are.

14         THE COURT:  All right.  You'd better file it

15    quickly.  I need to move this along.

16         MR. ANDRES:  We will, Your Honor.  Thank you.

17         THE COURT:  All right.  So I'll recess now.  There's

18    nothing else we need to do under seal.  Everything else we

19    need to do should be in open court.

20         MR. ANDRES:  Agreed, Your Honor.  Thank you.

21         MR. DOWNING:  Yes.

22         THE COURT:  All right.  I'm going to recess.  We'll

23    recess until -- let's see.  What are we going to do after the

24    recess?  We'll do the Rule 29, maybe judicial notice.  What

25    else?

U.S. v. Manafort

69

1          MR. ANDRES:  I think that's it.

2          THE COURT:  Oh, the jury will be advised that it

3     does not wish -- oh, I know what I need to do under seal.  I

4     need to voir dire Mr. Manafort.

5          MR. DOWNING:  Yes, Your Honor.

6          THE COURT:  All right.  Come to the podium,

7     Mr. Manafort.

8          MR. ANDRES:  I'm sorry, Your Honor, that's not going

9     to be in open court?

10          MR. DOWNING:  No.

11          THE COURT:  No.  I don't typically do it, but I --

12     why do you think it should be?

13          MR. ANDRES:  I just -- I just wasn't aware of the

14     basis for sealing that.  That's all I'm asking.  I'm not --

15          THE COURT:  I typically seal it.

16          MR. ANDRES:  Okay.

17          THE COURT:  Or do it out of the presence of the

18     jury.

19          MR. ANDRES:  Well, obviously, there's a distinction

20     there.  I understand the point about --

21          THE COURT:  It isn't going to be sealed, but -- all

22     right.  I'll do it when everyone's in the courtroom, but it's

23     going to be out of the presence of the jury.

24          MR. ANDRES:  Of course, Your Honor.  Of course.

25          THE COURT:  All right.  We'll do it that way.

─────────────────────U.S. v. Manafort─────────────────────

70

1          All right.  I'll recess.  You may open the

2   courtroom.  We'll proceed with the Rule 29.  You can then tell

3   the jury that you don't intend to offer evidence.  I'll then

4   voir dire -- out of the presence of the jury, I'll voir dire

5   Mr. Manafort, and then by that time, you'll have your package

6   of instructions.  We'll have lunch and proceed to an

7   instructions conference after lunch.

8          And I'll probably have the jury after lunch go home.

9          MR. DOWNING:  12:30?

10          THE COURT:  Right now?

11          MR. DOWNING:  No.  Adjourn until what time?

12          THE COURT:  No, we're only going to adjourn to open

13   the courtroom, and then I'm going to decide -- I may have

14   15 minutes because I want to look at the --

15          MR. DOWNING:  Okay.  I'm sorry, Your Honor, I

16   thought you were going to take a longer period to look at --

17          THE COURT:  Do you need a longer time?

18          MR. DOWNING:  No, no.  I thought the Court did for

19   the Rule 29 and the judicial notice.

20          THE COURT:  No, I've been thinking about this for a

21   while.

22          MR. DOWNING:  Okay.  Got it.  Thank you.

23          THE COURT:  All right.  So we won't go to voir dire

24   Mr. Manafort until after -- out of the presence of the jury.

25          MR. DOWNING:  Okay.

U.S. v. Manafort

71

1          THE COURT:  And I'll do it in public.

2          MR. ANDRES:  And if we could just ask until the end

3   of the day to resolve the judicial notice?  We haven't had a

4   chance to respond, and I do think that's necessary.  So we

5   could do the Rule 29.  If we could just put off the Title 31

6   judicial notice?

7          THE COURT:  All right.  When do you anticipate you

8   can give me that?

9          MR. ANDRES:  Certainly before the end of the day.

10         THE COURT:  No, before that.

11         MR. ANDRES:  Okay.  How about -- I don't want to

12   argue.

13         THE COURT:  Well, you've obviously been thinking

14   about it.  Give it to me as soon as you can.

15         MR. ANDRES:  Okay.

16         THE COURT:  But I want it by mid-afternoon at the

17   latest.

18         MR. ANDRES:  Understood.  Thank you, Your Honor.

19         THE COURT:  Court stands in recess.

20                    (Recess at 11:26 a.m.)

21

22

23

24

25

U.S. v. Manafort

72

CERTIFICATE OF THE REPORTERS

1

2        We certify that the foregoing is a true and correct

3   transcript of the record of proceedings on August 14, 2018,

4   and incorporating redactions of personal identifiers.

5   Redacted characters appear as a ███████ "blackout block" in

6   the transcript.

7

8

9

                    _____/s/_____
10                     Tonia M. Harris & Anneliese J. Thomson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25