

**U.S. Department of Justice**
*The Special Counsel's Office*

*Washington, D.C. 20530*
September 13, 2018

Kevin M. Downing, Esq.
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001

Thomas E. Zehnle, Esq.
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001

Richard W. Westling, Esq
Epstein Becker Green
1227 25th Street NW
Suite 700
Washington, DC 20037

**FILED**

SEP 1 4 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re:   United States v. Paul J. Manafort, Jr., Crim. No. 17-201-_ (ABJ)

Dear Counsel:

This letter sets forth the full and complete plea offer to your client Paul J. Manafort, Jr. (hereinafter referred to as "your client" or "defendant") from the Special Counsel's Office (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as the "Agreement"). The terms of the offer are as follows.

1.   **Charges and Statutory Penalties**

Your client agrees to plead guilty in the above-captioned case to all elements of all objects of all the charges in a Superseding Criminal Information, which will encompass the charges in Counts One and Two of a Superseding Criminal Information, charging your client with:

A.   conspiracy against the United States, in violation of 18 U.S.C. § 371 (which includes a conspiracy to: (a) money launder (in violation of 18 U.S.C. § 1956); (b) commit tax fraud

(in violation of 26 U.S.C. § 7206(1)); (c) fail to file Foreign Bank Account Reports (in violation of 31 U.S.C. §§ 5314 and 5322(b)); (d) violate the Foreign Agents Registration Act (in violation of 22 U.S.C. §§ 612, 618(a)(1), and 618(a)(2)); and (e) to lie to the Department of Justice (in violation of 18 U.S.C. § 1001(a) and  22 U.S.C. §§ 612 and 618(a)(2)); and

B.   conspiracy against the United States, in violation of 18 U.S.C. § 371, to wit: conspiracy to obstruct justice by tampering with witnesses while on pre-trial release (in violation of 18 U.S.C. § 1512).

The defendant also agrees not to appeal any trial or pre-trial issue in the Eastern District of Virginia, or to challenge in the district court any such issue, and admits in the attached "Statement of the Offense" his guilt of the remaining counts against him in United States v. Paul J. Manafort, Jr., Crim. No. 1:18-cr-83 (TSE) (hereafter "Eastern District of Virginia.")  A copy of the Superseding Criminal Information and Statement of the Offense are attached.

Your client understands that each violation of 18 U.S.C. § 371 carries a maximum sentence of 5 years' imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made, and forfeiture.

In addition, your client agrees to pay a mandatory special assessment of $200 to the Clerk of the United States District Court for the District of Columbia.  Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Guidelines, *Guidelines Manual* (2016) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2.     **Factual Stipulations**

Your client agrees that the attached Statement of the Offense fairly and accurately describes and summarizes your client's actions and involvement in the offenses to which your client is pleading guilty, as well as crimes charged in the Eastern District of Virginia that remain outstanding, as well as additional acts taken by him.  Please have your client sign and return the Statement of the Offense, along with this Agreement.

3.     **Additional Charges**

In consideration of your client's guilty plea to the above offenses, and upon the completion of full cooperation as described herein and fulfillment of all the other obligations herein, no additional criminal charges will be brought against the defendant for his heretofore disclosed participation in criminal activity, including money laundering, false statements, personal and corporate tax and FBAR offenses, bank fraud, Foreign Agents Registration Act violations for his work in Ukraine, and obstruction of justice.  In addition, subject to the terms of this Agreement, at the time of sentence or at the completion of his successful cooperation, whichever is later, the Government will move to dismiss the remaining counts of the Indictment

in this matter and in the Eastern District of Virginia and your client waives venue as to such charges in the event he breaches this Agreement.  Your client also waives all rights under the Speedy Trial act as to any outstanding charges.

**4.**     **Sentencing Guidelines Analysis**

        Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies set forth in the Sentencing Guidelines.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the Office estimates the Guidelines as follows:

**A.**     **Estimated Offense Level Under the Guidelines**

| Base offense level | +8 | 2S1.1(a) Base Offense Level: (1)  The offense level for the underlying offense from which the laundered funds were derived, if (A) the defendant committed the underlying offense (or would be accountable for the underlying offense under subsection (a)(1)(A) of §1B1.3 (Relevant Conduct)); and (B) the offense level for that offense can be determined; or (2) 8 plus the number of offense levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the value of the laundered funds, otherwise. |
|---|---|---|
|  | +22 | Using more than $25 million threshold under 2B1.1 |
| Enhancement | +2 | 2S1.1(b)(2)(B) permits enhancement for 2 points if the conviction is pursuant to §1956. |
| Enhancement | +2 | 2S1.1(b)(3) adds two points for sophisticated laundering (which the guidelines lists as involving shell corporations and offshore financial accounts. |
| Enhancement: | +4 | 3B1.1(a) aggravating role – 5 or more participants or otherwise extensive |
| Enhancement: | +2 | 3C1.1 obstruction |
| Combined Offense level | +0 | 3D1.4 |
| Acceptance: | -3 | 3E1.1(b) acceptance of responsibility |
| Total for Counts One and Two: | 37 | **Advisory guidelines range of 210-262** |

The defendant agrees that all of the Sentencing Guidelines for money laundering applicable to charges brought under 18 U.S.C. § 1956 apply to Count One of the Superseding Criminal Information brought under 18 U.S.C. § 371.

For the purposes of the Sentencing Guidelines analysis, the government calculates the highest guideline range among the offenses, namely the object of the conspiracy to violate Title 18 U.S.C. § 1956.  The defendant's estimated guideline range for Count Two, the conspiracy to obstruct justice, is 30 (before any reduction for acceptance of responsibility), and would be grouped with Count One pursuant to §3D1.2(c).

### B.    Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.  If the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before September 14, 2018, subject to the availability of the Court, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth herein, should your client move to withdraw his guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least 37.

### C.    Estimated Criminal History Category

Based upon the information now available to this Office, your client has no criminal convictions, other than in the Eastern District of Virginia.  Your client acknowledges that depending on when he is sentenced here and how the Guidelines are interpreted, he may have a criminal history.  If additional convictions are discovered during the pre-sentence investigation by the United States Probation Office, your client's criminal history points may increase.

### D.    Estimated Applicable Guidelines Range

Based upon the total offense level and the estimated criminal history category set forth above, the Office calculates your client's estimated Sentencing Guidelines range is 210 months to 262 months' imprisonment (the "Estimated Guidelines Range").  In addition, the Office calculates that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level



37, the estimated applicable fine range is $40,000 to $400,000.  Your client reserves the right to ask the Court not to impose any applicable fine.

Your client agrees that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, a downward departure from the Estimated Guidelines Range set forth above is not warranted, subject to the paragraphs regarding cooperation below.  Accordingly, you will not seek any departure or adjustment to the Estimated Guidelines Range set forth above, nor suggest that the Court consider such a departure or adjustment for any other reason other than those specified above.  Your client also reserves the right to disagree with the Estimated Guideline Range calculated by the Office with respect to role in the offense.  However, your client understands and acknowledges that the Estimated Guidelines Range agreed to by the Office is not binding on the Probation Office or the Court.  Should the Court or Probation Office determine that a different guidelines range is applicable, your client will not be permitted to withdraw his guilty plea on that basis, and the Government and your client will still be bound by this Agreement.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement.  Should your client engage in any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 5.   Agreement as to Sentencing Allocution

Based upon the information known to the Government at the time of the signing of this Agreement, the parties further agree that a sentence within the Estimated Guidelines Range (or below) would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

### 6.   Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty.

The parties also reserve the right to inform the presentence report writer and the Courts of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.  In the event that the Courts considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Courts.  In addition, your client acknowledges that the

Government is not obligated to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 7.   <u>Court Not Bound by this Agreement or the Sentencing Guidelines</u>

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Courts. Your client acknowledges that the Courts are not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to Section 5K1.1 of the Sentencing Guidelines. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Courts.

Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range determined by the Court. Although the parties agree that the sentences here and in the Eastern District of Virginia should run concurrently to the extent there is factual overlap (i.e. the tax and foreign bank account charges), that recommendation is not binding on either Court. The Government cannot, and does not, make any promise or representation as to what sentences your client will receive. Moreover, your client acknowledges that your client will have no right to withdraw your client's plea of guilty should the Courts impose sentences that are outside the Guidelines range or if the Courts do not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Courts. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

### 8.   <u>Cooperation</u>

Your client shall cooperate fully, truthfully, completely, and forthrightly with the Government and other law enforcement authorities identified by the Government in any and all matters as to which the Government deems the cooperation relevant. This cooperation will include, but is not limited to, the following:

(a) The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

(b) The defendant agrees to furnish to the Government all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant to the specific instructions of law enforcement agents or the Government.

(c) The defendant agrees to testify at any proceeding in the District of Colombia or elsewhere as requested by the Government.



(d) The defendant consents to adjournments of his sentences as requested by the Government.

(e) The defendant agrees that all of the defendant's obligations under this agreement continue after the defendant is sentenced here and in the Eastern District of Virginia; and

(f) The defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes.

Your client acknowledges and understands that, during the course of the cooperation outlined in this Agreement, your client will be interviewed by law enforcement agents and/or Government attorneys.  Your client waives any right to have counsel present during these interviews and agrees to meet with law enforcement agents and Government attorneys outside of the presence of counsel.  If, at some future point, you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, this Office will honor this request, and this change will have no effect on any other terms and conditions of this Agreement.

Your client shall testify fully, completely and truthfully before any and all Grand Juries in the District of Columbia and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

Your client understands and acknowledges that nothing in this Agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case.  The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this Agreement and will relieve the Government of all of its obligations under this Agreement, including, but not limited to, its obligation to inform this Court of any assistance your client has provided.  However, your client acknowledges and agrees that such a breach of this Agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of the obligations under this Agreement.

Your client agrees that the sentencing in this case and in the Eastern District of Virginia may be delayed until your client's efforts to cooperate have been completed, as determined by the Government, so that the Courts will have the benefit of all relevant information before a sentence is imposed.

9.    **Government's Obligations**

The Government will bring to the Courts' attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation. The Government will evaluate the full nature and extent of your client's cooperation to determine whether your client has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. If this Office determines that the defendant has provided substantial assistance in the form of truthful information and, where applicable, testimony, the Office will file motions pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant will then be free to argue for any sentence below the advisory Sentencing Guidelines range calculated by the Probation Office, including probation.

10. <u>Waivers</u>

A. **Venue**

Your client waives any challenge to venue in the District of Columbia.

B. **Statute of Limitations**

Your client agrees that, should any plea or conviction following your client's pleas of guilty pursuant to this Agreement, or the guilty verdicts in the Eastern District of Virginia, be vacated, set aside, or dismissed for any reason (other than by government motion as set forth herein), any prosecution based on the conduct set forth in the attached Statement of the Offense, as well as any crimes that the Government has agreed not to prosecute or to dismiss pursuant to this Agreement, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement, may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of the Offense, or any other crimes that the Government has agreed not to prosecute, that are not time-barred on the date that this Agreement is signed. The Office and any other party will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client, including the Statement of the Offense, and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously a part of proffer-protected debriefings, and your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

C. **Trial and Other Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forgo the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive,

among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial.  If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify.  If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client.  Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt.   If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of compelled self-incriminating statements in a criminal prosecution.  By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against compelled self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily hereby waives the rights that arise under these rules to object to the use of all such statements by him on and after September 10, 2018, in the event your client breaches this agreement, withdraws his guilty plea, or seeks to withdraw from this Agreement after signing it.  This Agreement supersedes the proffer agreement between the Government and the client.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the pleas of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court.  Your client understands that the date for sentencing will be set by the Courts.

Your client agrees not to accept remuneration or compensation of any sort, directly or indirectly, for the dissemination through any means, including but not limited to books, articles, speeches, blogs, podcasts, and interviews, however disseminated, regarding the conduct encompassed by the Statement of the Offense, or the investigation by the Office or prosecution of any criminal or civil cases against him.

D.    Appeal Rights

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances.  Your client agrees to waive the right to appeal the sentences in this case and the Eastern District of Virginia, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Courts to set conditions of release, and the manner in which the sentences were determined, except to the extent the Courts sentence your client above the statutory maximum or guidelines range determined by the Courts or your client claims that your client received ineffective assistance of counsel, in which case your client would

have the right to appeal the illegal sentence or above-guidelines sentence or raise on appeal a claim of ineffective assistance of counsel, but not to raise on appeal other issues regarding the sentencings. In agreeing to this waiver, your client is aware that your client's sentences have yet to be determined by the Courts. Realizing the uncertainty in estimating what sentences the Courts ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### E.     Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or in the Eastern District of Virginia or otherwise attempt to modify or change the sentences or the manner in which they were determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on a claim that your client received ineffective assistance of counsel.

Your client agrees that with respect to all charges referred to herein he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.

### F.     Privacy Act and FOIA Rights

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, for the duration of the Special Counsel's investigation.

### 11.    Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A. The Government and your client agree that mandatory restitution does not apply in this case.

### 12.    Forfeiture

a)     Your client agrees to the forfeiture set forth in the Forfeiture Allegations in the Superseding Criminal Information to which your client is pleading guilty. Your client further agrees to forfeit criminally and civilly the following properties (collectively, the "Forfeited Assets") to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 982(a)(2); Title 21, United States Code, Section 853(p), and Title 28 U.S.C. § 2461(c), and further agrees to waive all interest in such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal:

1)     The real property and premises commonly known as 377 Union Street, Brooklyn, New

York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

2) The real property and premises commonly known as 29 Howard Street, #4D, New York, New York 10013 (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

3) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

4) All funds held in account number          0969 at The Federal Savings Bank, and any property traceable thereto;

5) All funds seized from account number          1388 at Capital One N.A., and any property traceable thereto;

6) All funds seized from account number          9952 at The Federal Savings Bank, and any property traceable thereto;

7) Northwestern Mutual Universal Life Insurance Policy          and any property traceable thereto;

8) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016 in lieu of 1046 N. Edgewood Street; and

9) The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, New York 10022 in lieu of all funds from account number          ˆ at Charles Schwab & Co. Inc., and any property traceable thereto.

Your client agrees that his consent to forfeiture is final and irrevocable as to his interests in the Forfeited Assets.

       b)     Your client agrees that the facts set forth in the Statement of Facts and admitted to by your client establish that the Forfeited Assets are forfeitable to the United States pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461. Your client admits that the Forfeited Assets numbered 1 through 7, above, represent property that constitutes or is derived from proceeds of, and property involved in, the criminal offenses in the Superseding Criminal Information to which your client is pleading guilty. Your client further agrees that all the Forfeited Assets (numbered 1 through 9) can additionally be considered substitute assets for the purpose of forfeiture to the United States pursuant to Title 18, United States Code, Section 982(b); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).

c)      Your client agrees that the Court may enter a preliminary order of forfeiture for the Forfeited Assets at the time of your client's guilty plea or at any time before sentencing, and consents thereto.  Your client agrees that the Court can enter a Final Order of Forfeiture for the Forfeited Assets, and could do so as part of his sentence.

d)      Your client further agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture your client has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes.  If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J) and 32.2 regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

e)      Your client understands that the United States may institute civil or administrative forfeiture proceedings against all forfeitable property in which your client has an interest, including the Forfeited Assets, without regard to the status of his criminal conviction.  Your client further consents to the civil forfeiture of the Forfeited Assets to the United States, without regard to the status of his criminal conviction.  In connection therewith, your client specifically agrees to waive all right, title, and interest in the Forfeited Assets, both individually and on behalf of DMP International, Summerbreeze LLC, or any other entity of which he is an officer, member, or has any ownership interest.  Your client waives all defenses based on statute of limitations and venue with respect to any administrative or civil forfeiture proceeding related to the Forfeited Assets.

f)      Your client represents that with respect to each of the Forfeited Assets, he is either the sole and rightful owner and that no other person or entity has any claim or interest, or that he has secured the consent from any other individuals or entities having an interest in the Forfeited Assets to convey their interests in the Forfeited Assets to him prior to entry of the Order of Forfeiture (with the exception of previously disclosed mortgage holders).  Your client warrants that he has accurately represented to the Government all those individuals and entities having an interest in the Forfeited Assets and the nature and extent of those interests, including any mortgages or liens on the Forfeited Assets.  Your client agrees to take all steps to pass clear title to the Forfeited Assets to the United States (with the exception of previously disclosed mortgage liens).  Your client further agrees to testify truthfully in any judicial forfeiture proceeding, and to take all steps to effectuate the same as requested by the Government.  Your client agrees to take all steps requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client, including but not limited to the Forfeited Assets, and to otherwise facilitate the effectuation of forfeiture and the maximization of the value of Forfeited Assets for the United States.

g)      Your client agrees that, to the extent that he does not convey to the United States



clear title to each of the Forfeited Assets, the United States is entitled, in its sole discretion, either to vacatur of the plea agreement or to forfeiture to the United States of a sum of money equal to the value of that asset at the time this agreement was executed. Your client consents to modification of any Order of Forfeiture at any point to add such sum of money as a forfeiture judgment in substitution for Forfeited Assets.

       h)      Your client hereby abandons any interest he has in all forfeitable property and consents to any disposition of the property by the government without further notice or obligation whatsoever owning to your client.

       i)      Your client agrees not to interpose any claim, or to assist others to file or interpose any claim, to the Forfeited Assets in any proceeding, including but not limited to any civil or administrative forfeiture proceedings and any ancillary proceedings related to criminal forfeiture. Your client agrees that he shall not file any petitions for remission, restoration, or any other assertion of ownership or request for return relating to the Forfeited Assets, or any other action or motion seeking to collaterally attack the seizure, restraint, forfeiture, or conveyance of the Forfeited Assets, nor shall your client assist any other in filing any such claims, petitions, actions, or motion. Contesting or assisting others in contesting forfeiture shall constitute a material breach of the Agreement, relieving the United States of all its obligations under the Agreement. Your client agrees not to seek or accept, directly or indirectly, reimbursement or indemnification from any source with regard to the assets forfeited pursuant to this Agreement.

       j)      In the event your client fails to deliver the assets forfeited pursuant to this agreement, or in any way fails to adhere to the forfeiture provisions of this agreement, the United States reserves all remedies available to it, including but not limited to vacating the Agreement based on a breach of the Agreement by your client.

       k)      Your client agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement.

       l)      Your client agrees that he will not claim, assert, or apply for, directly or indirectly, any tax deduction, tax credit, or any other taxable offset with regard to any federal, state, or local tax or taxable income for payments of any assets forfeited pursuant to this Agreement.

       m)     Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 13.     **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing or during his cooperation (whichever is later), your client will have breached this Agreement.  Should it be judged by the Government in its sole discretion that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his pleas of guilty but the Government will be released from its obligations under this agreement, including (a) not to oppose a downward adjustment of two levels for acceptance of responsibility described above, and to make the motion for an additional one-level reduction described above and (b) to file the motion for a downward departure for cooperation described above.  Moreover, the Government may withdraw the motion described above, if such motion has been filed prior to sentencing.  In the event that it is judged by the Government that there has been a breach:  (a) your client will be fully subject to criminal prosecution, in addition to the charges contained in the Superseding Criminal Information, for any crimes to which he has not pled guilty, including perjury and obstruction of justice; and (b) the Government and any other party will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client, including the Statement of the Offense, and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously a part of proffer-protected debriefings, and your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by good faith.

Nothing in this Agreement shall be construed to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.  Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses.  Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.  In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 14.     **Complete Agreement**

Apart from the written proffer agreement initially dated September 11, 2018, which this Agreement supersedes, no agreements, promises, understandings, or representations have been

made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and the Office.

Your client further understands that this Agreement is binding only upon the Office. This Agreement does not bind any United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by

signing this Agreement and the Statement of the Offense, and returning both to the Office no later than September 14, 2018.

Sincerely yours,

ROBERT S. MUELLER, III
Special Counsel

By:

Andrew Weissmann
Jeannie S. Rhee
Greg D. Andres
Kyle R. Freeny
Senior/Assistant Special Counsels

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorneys Kevin Downing, Thomas Zehnle, and Richard Westling.  I am fully satisfied with the legal representation by them, who I have chosen to represent me herein.  Nothing about the quality of the representation of other counsel is affecting my decision herein to plead guilty.  I fully understand this Agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully.  I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement.  I am satisfied with the legal services provided by my attorneys in connection with this Agreement and matters related to it.

Date:  9 - 13 - 18

Paul J. Manafort, Jr.
Defendant

## ATTORNEYS' ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Paul J. Manafort, and fully discussed the provisions of this Agreement with my client.  These pages accurately and completely set forth the entire Agreement.  I concur in my client's desire to plead guilty as set forth in this Agreement.

Date:  9 - 13 - 2018

Kevin M. Downing
Richard W. Westling
Thomas E. Zehnle
Attorneys for Defendant