IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:18-cr-83 |
| PAUL J. MANAFORT, JR., | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

On August 21, 2018, a jury reached a guilty verdict on Counts 1 through 5, 12, 25 and 27 of the Superseding Indictment, but deadlocked on Counts 11, 13, 14, 24, 26, 28, 29, 30, 31 and 32. Because of manifest necessity, a mistrial was declared on Counts 11, 13, 14, 24, 26, 28, 29, 30, 31 and 32. The Special Counsel was initially ordered to decide whether to retry defendant on these counts by August 29, 2018; however, this deadline was continued at the Special Counsel's request to one week after any ruling on post-trial motions issued. No post-trial motions have been filed in this case.

Instead, defendant entered into a plea agreement with the Special Counsel in the United States District Court for the District of Columbia. In this plea agreement defendant agrees to plead guilty to two counts of the Superseding Criminal Information in the District of Columbia and also agrees to cooperation with the Special Counsel's investigation. (Doc. 296.) The D.C. plea agreement and the parties subsequent filings appear to anticipate that defendant's sentencing in this case and the government's decision on whether to re-try the defendant on Counts 11, 13, 14, 24, 26, 28, 29, 30, 31 and 32 will be deferred until after the defendant's cooperation is complete. (Doc. 298.) This would be highly unusual. In this District, the government's decision

to re-try a defendant on deadlocked counts is always made in a timely manner and sentencing occurs within two to no more than four months from entry of a guilty plea or receipt of a jury verdict.  If a defendant is cooperating with the government before sentencing and plans to continue that cooperation after sentencing, the government must decide whether to file a 5K1.1 motion, a Rule 35 motion or both in circumstances where filing both is appropriate.  This case appears to be no different from any other case in which defendant is cooperating and that cooperation is expected to extend beyond a scheduled sentencing date.

Thus, it appears in this case that the proper course of action is to resolve the deadlocked counts by either retrial or dismissal, to sentence the defendant, and finally to resolve any motions related to defendant's cooperation.

Accordingly,

It is hereby **ORDERED** that the parties shall appear on **Friday, October 19, 2018 at 1:15 p.m.** (i) so that defendant may be advised regarding his right to the preparation of a presentence investigation report ("PSR"), (ii) so that a sentencing date may be set and a PSR ordered, and (iii) so that the parties may address dismissal of the outstanding counts on which the jury deadlocked.

The Clerk is directed to send a copy of this Order to the Marshals Service, the Probation Office, and all counsel of record.

Alexandria, Virginia
October 10, 2018

/s/
T. S. Ellis, III
United States District Judge

2