IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:18-cr-83 |
| PAUL J. MANAFORT, JR., ) | |
| Defendant. ) | |

## ORDER

Defendant has moved to appear in a suit rather than prison attire. Defendants who are in custody post-conviction are, as a matter of course, not entitled to appear for sentencing or any other hearing in street clothing. This defendant should be treated no differently from other defendants who are in custody post-conviction.[1]

Accordingly,

It is hereby **ORDERED** that defendant's motion to wear street clothing to all future proceedings (Doc. 300) is **DENIED**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
October 16, 2018

/s/
T. S. Ellis, III
United States District Judge

---

[1] Although defendant was permitted to wear street clothing at trial, *see United States v. Hurtado*, 47 F.3d 577, 581 (2d Cir. 1995) ("A defendant 'should not be compelled to go to trial in prison or jail clothing because of the possible impairment' of the presumption of innocence guaranteed as part of a defendant's due process right to a fair trial," quoting *Estelle v. Williams*, 425 U.S. 501, 504 (1976)), he was found guilty by a jury of multiple counts of subscribing to false federal income tax returns, failing to register foreign bank accounts, and bank fraud and also recently pled guilty to other criminal charges in the District of Columbia. Thus, defendant is no longer presumed innocent of the multiple criminal counts he stands convicted of, and therefore is not entitled to appear in street clothing at court proceedings.