IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Crim. No. 1:18-cr-83 (TSE) |

**GOVERNMENT'S FILING IN RESPONSE TO THE COURT'S
OCTOBER 10, 2018 ORDER SETTING A STATUS CONFERENCE**

The United States of America, by and through Special Counsel Robert S. Mueller, III, submits this filing in advance of the status conference scheduled for October 19, 2018. *See* Doc. 299 (Oct. 10, 2018 Order, hereinafter "Order"). On October 10, 2018, the Court ordered the parties to appear so that: (i) defendant Paul J. Manafort, Jr. can be advised regarding his right to the preparation of a Presentence Investigation Report (PSR); (ii) a sentencing date can be set and a PSR ordered; and (iii) the parties may address dismissal of the outstanding counts on which the jury deadlocked at trial. Doc. 299 at 2.

As noted herein, the government does not oppose either the commencement of preparing the PSR or the scheduling of a sentencing date.[1] With respect to the outstanding counts in the Eastern District of Virginia prosecution, the government prefers to have the disposition of those counts deferred to the time of sentencing or the successful completion of the defendant's cooperation, as agreed to in the parties' plea agreement, previously provided to the Court. In the

---

[1] With the consent of defense counsel, the government had contacted the Probation Department, prior to the Court's October 10, 2018 Order, to inquire whether the PSR process could be initiated.

1

alternative, should the Court seek resolution of those counts now, the government does not oppose the dismissal of those counts without prejudice. Counsel for Manafort has informed the government that Manafort does not oppose the government's positions.

## BACKGROUND

On August 21, 2018, a jury sitting in the Eastern District of Virginia found defendant Manafort guilty of five counts of subscribing a false tax return, one count of failing to file reports of foreign bank accounts, and two counts of bank fraud. Doc. 280. The Court declared a mistrial as to the remaining counts. Doc. 264. On August 30, 2018, the Court extended the deadline for the government to file notice of its intent to retry the ten outstanding counts to within one week of the Court's ruling on the post-trial motions of the defendant. Doc. 292.

On September 14, 2018, Manafort pled guilty, pursuant to a cooperation agreement, to a two-count superseding information in the United States District Court for the District of Columbia, Case No. 17-cr-201-ABJ (D.D.C.). In that agreement, the parties agreed that the government would move to dismiss the outstanding counts in the Eastern District of Virginia "at the time of sentence or at the completion of [Manafort's] successful cooperation, whichever is later." *Id.* at 2-3. Manafort also admitted his liability for the conduct forming the basis of the outstanding counts before this Court. The government notified this Court of the plea on the day it was entered and accepted. Doc. 296.

On September 20, Manafort submitted notice to the Court that, pursuant to the plea agreement in the District of Columbia prosecution, he would not be filing any post-trial motions in this Court. Doc. 297. On September 26, the government filed a notice explaining that, in accordance with the D.C. plea agreement, it would "move to dismiss the hung counts and any other

remaining counts at the time of sentence or at the completion of [Manafort's] successful cooperation, whichever is later." Doc. 298.

## DISCUSSION

The government has no objection to the Court scheduling a sentencing date prior to the conclusion of any cooperation. Although some district courts prefer to sentence at a later date—so that the full scope of cooperation is before the court and it can sentence once (as opposed to entertaining a Rule 35 application for reduction of sentence)—it is well within the Court's discretion to require sentencing at an earlier point. The government has no objection to proceeding in that manner, and defense counsel has indicated that Manafort does not either.

With respect to the mistried counts, as agreed by the parties, the government believes that they should be dealt with at either the time of sentencing or when the defendant's successful cooperation is complete. The government has not found any rule or case law, including any rulings by this Court, that would preclude the dismissal of outstanding counts at sentencing. *See, e.g.*, United States v. Lewellyn, Nos. 91-5530, 91-5531, 1992 WL 9318, at * 3 (4th Cir. 1992) ("Under each agreement, the government promised to dismiss other counts of the indictment at the time of sentencing."); United States v. Lindh, 227 F. Supp. 2d 565, 566 n.2 (E.D. Va. 2002) (where defendant pleaded guilty to some counts, "[t]he remaining nine counts of the ten-count Indictment were dismissed on the government's motion at the time of sentencing"); Stewart v. United States, No. 3:05-cr-104, 2008 WL 4811474, at *1 (W.D.N.C. Oct. 31, 2008) (the defendant "entered into a written plea agreement with the Government wherein he agreed to plead guilty to Count One and Counts Two and Three would be dismissed at the time of sentencing"). The government has not found precedent suggesting that outstanding counts must be dismissed before sentencing.

Notwithstanding the absence of controlling authority to the contrary, to the extent the Court requires the resolution of the outstanding counts prior to sentencing, the government does not oppose the dismissal of those counts without prejudice.[2]

## CONCLUSION

For these reasons, the government submits that the PSR can be prepared now and the government has no opposition to the Court's scheduling the matter for sentencing. The government also submits that the outstanding counts properly can be dismissed either at sentencing or at the completion of the defendant's successful cooperation. To the extent the Court seeks immediate action on the outstanding counts, the government does not oppose their dismissal without prejudice.

---

[2] As another district court has explained, "there is a strong presumption in favor of a dismissal without prejudice over one with prejudice." *United States v. Florian*, 765 F. Supp. 2d 32, 34-35 (D.D.C. 2011). Courts in this circuit and elsewhere have regularly followed that practice in cases involving mistrials declared due to the jury's failure to reach a verdict. *See, e.g.*, *United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015) ("The jury could not reach a verdict on a second charge of making a false statement to a federal agency. The district court declared a mistrial on that count and granted the government's motion to dismiss without prejudice."); *United States v. Moore*, 763 F.3d 900, 908 (7th Cir. 2014) (following guilty verdicts on Counts Two and Three and a failure to reach a verdict on Count One, "the court formally entered findings of guilt on the latter two counts, declared a mistrial on Count One, and, on the government's motion, dismissed Count One without prejudice"); *United States v. Smith*, 705 F.3d 1268, 1271 (10th Cir. 2013) ("The district court declared a mistrial as to four other counts on which the jury could not reach a verdict, later dismissing these counts without prejudice."); *see also United States v. Steele*, No. 99-4589, 2000 WL 690494, at *2 (4th Cir. 2000) (unpublished) ("After two days of deliberations the jury reported twice to the district court that it was hopelessly deadlocked. The court declared a mistrial, and the [Office of Independent Counsel] elected not to retry Steele. The indictment was dismissed without prejudice."). Dismissal with prejudice is available only in extreme circumstances, such as where the government acts in bad faith. *See United States v. Goodson*, 204 F.3d 508, 512-513 (4th Cir. 2000); *Florian*, 765 F. Supp. 2d at 35. No such circumstances are present here.

|  | Respectfully submitted, |
|---|---|
|  | ROBERT S. MUELLER, III<br>Special Counsel |
| Dated: October 17, 2018 | /s/_____<br>Andrew Weissmann |
| Uzo Asonye | Greg D. Andres |
| Assistant United States Attorney | Brandon L. Van Grack |
| Eastern District of Virginia | U.S. Department of Justice<br>Special Counsel's Office<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br>Telephone: (202) 616-0800 |
|  | *Attorneys for United States of America* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

                                                             /s/
                                          Uzo Asonye
                                          Assistant United States Attorney
                                          U.S. Attorney's Office
                                          Eastern District of Virginia
                                          2100 Jamieson Avenue
                                          Alexandria, VA 22314
                                          uzo.asonye@usdoj.gov
                                          Phone: (703) 299-3700
                                          Fax: (703) 299-3981

                                          *Attorney for the United States of America*