U.S. v. Manafort

1

```
 1              UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
 2                    ALEXANDRIA DIVISION

 3   ------------------------------x
                                    :
 4   UNITED STATES OF AMERICA,      : Criminal Action No.
                                    : 1:18-CR-83
 5            versus                :
                                    :
 6   PAUL J. MANAFORT, JR.,         :
                                    : October 19, 2018
 7                  Defendant.      :
     ------------------------------x
 8
                  TRANSCRIPT OF STATUS CONFERENCE
 9             BEFORE THE HONORABLE T.S. ELLIS, III
                   UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     FOR THE GOVERNMENT:         UZO ASONYE, AUSA
12                               United States Attorney's Office
                                 2100 Jamieson Avenue
13                               Alexandria, VA 22314
                                       and
14                               GREG ANDRES, SAUSA
                                 ANDREW WEISSMANN, SAUSA
15                               BRANDON LANG VAN GRACK, SAUSA
                                 Special Counsel's Office
16                               U.S. Department of Justice
                                 950 Pennsylvania Avenue NW
17                               Washington, DC 20530

18   FOR THE DEFENDANT:          KEVIN DOWNING, ESQ.
                                 Law Office of Kevin Downing
19                               601 New Jersey Avenue NW
                                 Suite 620
20                               Washington, DC  20001
                                    and
21                               THOMAS E. ZEHNLE, ESQ.
                                 Law Office of Thomas E. Zehnle
22                               601 New Jersey Avenue NW
                                 Suite 620
23                               Washington, DC 20001

24   OFFICIAL COURT REPORTER:    TONIA M. HARRIS, RPR
                                 U.S. District Court, Ninth Floor
25                               401 Courthouse Square
                                 Alexandria, VA 22314
```

Tonia M. Harris OCR-USDC/EDVA 703-646-1438

**P R O C E E D I N G S**

(Court proceedings commenced at 1:30 p.m.)

THE COURT: All right. You may call the next matter, please.

THE DEPUTY CLERK: United States of America versus Paul J. Manafort, Jr. Criminal Case No. 1:18-CR-83.

Counsel, please note your appearance for the record.

MR. ANDRES: Good afternoon, Your Honor. Greg Andres, Uzo Asonye, Andrew Weissmann, and Brandon Van Grack for the Special Counsel's Office. Good afternoon.

THE COURT: All right. Good afternoon to you all.

MR. DOWNING: Good afternoon, Your Honor. Kevin Downing and Tom Zehnle for Mr. Manafort.

THE COURT: Good afternoon to all of you and good afternoon to Mr. Manafort.

All right. This matter is before the Court. I issued an order requiring the parties to appear so that defendant could be advised of his right to the preparation of a presentence report so that a sentencing date could be set, and a presentence report ordered, and to allow the parties to address dismissal of the outstanding counts on which the jury deadlocked at the time of trial.

There were a number of counts on which the jury deadlocked. I set a date to require the government to tell the Court whether it wanted to retry the defendant on those

1  counts. The government asked for an extension of time. I
2  granted the extension of time, as I typically do. And then at
3  some point close to then, the defendant and the government
4  reached, what I would call is a global resolution. He pled
5  guilty to a count, or I'm not clear precisely. I may have a
6  question about that in a few minutes.
7       But he pled guilty in the District of Columbia
8  pursuant to a plea agreement. And pursuant to that plea
9  agreement, what was going to happen is that he was going to
10 continue his cooperation. And once it was completed,
11 presumably, he'd be sentenced in the District of Columbia.
12 And at that point, presumably, because that's what the
13 government intended here, is that at that point the government
14 would seek a dismissal of the deadlocked counts.
15      I, of course -- that was the agreement in the
16 District of Columbia and, of course, this Court is not bound
17 by that agreement to wait until then to deal with the
18 deadlocked counts. Typically I don't do that. And I don't
19 want to treat this case any differently from any other case.
20      So I issued this order. And the government has
21 responded and -- well , it responded helpfully, but it also
22 pointed out that it looked and didn't find any cases that
23 precluded waiting until sentencing to determine or to deal
24 with the deadlocked counts.
25      Well, that's true. I don't -- you cited the *John*

1  *Walker Lindh* case. What you didn't cite and what you didn't
2  pay attention to is that there was about 60 days between the
3  guilty plea and the sentencing. There was no period of
4  undetermined time for cooperation.
5         I have not heard from the government any estimate as
6  to when cooperation will be completed. Presumably, if they
7  had a date, they would have given it to me.
8         Am I correct, Mr. Andres, that you still can't tell
9  me when his -- when his cooperation will be complete? Mr.
10 Asonye?
11        MR. ASONYE: That's correct, Your Honor.
12        THE COURT: So I'm not willing to go on endlessly in
13 that regard. I haven't done it in any case. Your citation of
14 the *John Walker Lindh* case doesn't support that. There were
15 no hung counts in that case in any event.
16        But in any event -- let me go on. There were other
17 counts in the indictment that weren't prosecuted.
18        Yes, sir.
19        MR. DOWNING: Your Honor, I'd just try to be
20 helpful. It may be helpful. We had a discussion with the
21 government before the hearing today and --
22        THE COURT: I think there's reasonable agreement
23 about how to proceed.
24        MR. DOWNING: Well, and that's -- that's what I
25 wanted to address.

1  THE COURT: I'm just summarizing and getting to it.
2 I am going to proceed. We're going to do the presentence
3 report.
4  MR. DOWNING: Great. And the only point I wanted to
5 make is that we do think there are significant issues with Mr.
6 Manafort's health right now. And a lot of it has to do with
7 the terms of the confinement, which are all for his safety.
8  THE COURT: Well, I'm not the judge who ordered that
9 confinement. If you want those relieved in some way, you have
10 to go to the District of Columbia.
11  MR. DOWNING: I understand that. But here in this
12 courtroom, what we are asking to the extent that this Court
13 can find a way for pretrial services to expedite their usual
14 process, which I understand is 85 days, that it would be
15 greatly appreciated on the part of the defense. And the
16 government indicated that it would not have an objection to
17 that.
18  THE COURT: Well, I'm not sure that I understand.
19 You're saying you want to proceed to sentencing as
20 expeditiously as possible.
21  MR. DOWNING: Correct, Your Honor.
22  THE COURT: All right. What's that got to do with
23 his health?
24  MR. DOWNING: Well, I think expediting the
25 sentencing will get him out of the conditions that he's in

1  now.  Once he's sentenced, then BOP takes over and he can be
2  transferred.
3         THE COURT:  All right.  I understand that.
4         All right.  I was going on.  So since there is no
5  date for the completion of his cooperation, I don't think it's
6  appropriate to wait until then to deal with the deadlocked
7  counts or sentencing.
8         In addition to which, as to the deadlocked counts,
9  I'm sure you-all have thought about it.  Although you didn't
10 say anything in your pleadings about it.  But there's a speedy
11 trial problem that's not been squarely addressed by a lot of
12 courts.
13        But I think the solution is easy and appropriate and
14 that is that I'll advise Mr. Manafort today about his right to
15 a presentence report.  I will set a sentencing date.
16        Now, it's true that Mr. Manafort is cooperating and
17 he will receive the benefit, if any, of that cooperation in a
18 Section 5K, if it's accomplished before sentencing or a Rule
19 35, if it occurs after sentencing.  And that's the way it
20 typically happens.
21        There are cases where I have delayed a reporting
22 date to complete sentencing, both -- in two circumstances.
23 One where the cooperation was active.  And the other, as I did
24 yesterday in a case, where the sentence I was imposing was
25 going to be so short that if I didn't report or delay the

1 reporting date, the defendant would have served her sentence
2 before she got the benefit of her cooperation, which I don't
3 think was just.
4 　　　　But I don't typically, and don't -- "typically" is
5 the wrong word, I do not extend sentencing in circumstances
6 like this. And that's why I called for the hearing.
7 　　　　Now, the parties have sensibly suggested in the end,
8 I see that I should go ahead, as I will, to address his right
9 to a presentence report. I will schedule a sentencing date.
10 I will require the probation officer -- do we have one present
11 in the courtroom?
12 　　　　THE PROBATION: Yes, Your Honor.
13 　　　　THE COURT: Ah, there you are.
14 　　　　To proceed expeditiously in this regard and then
15 we'll go -- and we'll dismiss the deadlocked counts today
16 without prejudice. Whether or not they can ever been
17 reinstituted, I don't have to address. I don't know. There
18 may be some doubt about that. But that's your problem, not
19 the Court's.
20 　　　　Now, and what I'm doing is treating this case
21 essentially as I would any other case. As it deserves to be.
22 Of course, I understand that there is a great deal of interest
23 for this, in this case for reasons having nothing whatever to
24 do with this case per se. But having to do with other matters
25 that are obvious to everyone here. That's why you're here.

U.S. v. Manafort

8

So let's begin. Mr. Manafort, you may remain seated.

You stand convicted of several serious counts and I'm going to order the preparation of a presentence investigation report. This is a vitally important document. It's a document on which the Court will chiefly rely in imposing an appropriate sentence. So you need to pay careful attention to this document. And indeed, you have a role to play in its preparation.

You will be asked by a probation officer to provide information so that the report can be prepared. Information about your family, your background, your education, your work experience, your version of the offense conduct, your criminal history, if any. And I'm not aware of any. And anything that may be material in any way to the Court's sentencing decision.

And when you provide that information to the probation officer, you may have your counsel with you when you do so.

When the report is completed, Mr. Manafort, you will receive a copy. So will your counsel. You'll have an opportunity to review it with them and then to call to the Court's attention any corrections you think should be made to the report or any objections you have to the facts, conclusions, or calculations contained in the report.

The government will also have its opportunity to

1  register its objections or corrections.  Now, if you dispute
2  those asserted by the government or the government disputes
3  those that you assert, then the Court will hold a hearing,
4  permit you to offer evidence, to cross-examine any evidence
5  offered by the government, and then the Court will resolve the
6  dispute by issuing findings before imposing sentence.
7           At the time of sentencing, Mr. Manafort, you'll have
8  the right to address the Court and to say anything at all you
9  wish to the Court by way of extenuation, mitigation, or indeed
10 anything you think the Court should know before sentence is
11 imposed.  You won't be required to address the Court but you
12 will have the opportunity to do so.
13          So I will order the preparation of a presentence
14 investigation report, which will proceed ordinarily, I think
15 you had -- you said 85 days?  I think it's 60 to 85 days.
16          Now, for the probation officer and counsel, I want
17 you to be sensitive to the fact that the Court is not privy to
18 any details that may show that the conduct that he's pled
19 guilty to, and the related conduct, in the District of
20 Columbia are related in any way to the conduct here.
21          In other words, the presentence report, I'll be
22 looking to see to ensure that he isn't sentenced here for
23 conduct that he will be sentenced there.  But I believe the
24 parties have already agreed that the sentences should run
25 concurrently; am I correct?

1     MR. ASONYE:  No, Your Honor.  But there was
2  discussion in the District of Columbia that to avoid
3  sentencing in the District of Columbia for conduct in
4  Virginia, mainly the FBAR, the tax conduct.
5     THE COURT:  All right.  Well, that's important to
6  the Court, so I will want you-all to address that to make sure
7  that that principle, namely that he should be not -- he should
8  not be sentenced for the same conduct in both places.
9     MR. ASONYE:  And, Your Honor, to be clear, I think
10 the agreement is that with respect to the tax counts and the
11 FBAR counts, that those -- any sentence in the District of
12 Columbia on that conduct would run concurrent but not with
13 respect to --
14    THE COURT:  And that's because it's essentially the
15 same conduct.
16    MR. ASONYE:  Yes, Your Honor.
17    THE COURT:  That's what I remember.  All right.  But
18 you'll have to remember to say something about that in the
19 briefs to make sure that I'm aware.
20    And of course, if after sentencing, Mr. Manafort
21 completes his cooperation and receives a Rule 35, then by all
22 means he is entitled to return and get the benefit of that.
23 And whether he gets any benefit beforehand, under Section 5K,
24 I leave to the parties.  You can receive both.
25    You can get Section 5K for cooperation that is

1 completed as of that date or you can wait and do it under Rule
2 35. Typically lawyers wait. But also I take into account
3 cooperation is completed as of that date in deciding what
4 sentence to impose at the time of sentencing.
5     All right. I will dismiss the deadlocked counts
6 without prejudice. And I thank the parties for reaching --
7 well, this is what I was going to do, but I'm glad you agreed
8 to it. And I think that's the way it ought to be done just as
9 we do in any case here.
10     Anything further to be accomplished on behalf of the
11 government today in this case?
12     MR. ASONYE: I think we need a date, Your Honor,
13 for --
14     THE COURT: Oh. Quite right. Usually Margaret
15 gives me --
16     (A pause in the proceedings.)
17     THE COURT: Usually, some of you might have noticed
18 that the deputy clerk, who is normally here, Margaret Pham, is
19 not here. Instead, her former boss is here. She's not here,
20 because she's gone on to greater and better things, which she
21 deserved. She was wonderfully competent and dedicated. But
22 we miss her, as you can tell.
23     Friday --
24     (A pause in the proceedings.)
25     THE COURT: February 8th at 9 a.m. I take it that

1  date is available to the defendant's counsel.  You're not
2  going to be in the South of France or anything.
3          MR. DOWNING:  No, I won't.  That's available for us,
4  Your Honor.  Thank you.
5          THE COURT:  All right.  I should ask the same
6  question, but I know Mr. Asonye will be here.
7          MR. ASONYE:  I hope so, Your Honor.
8          THE COURT:  All right.  Anything further to be
9  accomplished in this matter today?
10         MR. ASONYE:  Not from the government, Your Honor.
11         MR. DOWNING:  Nothing, Your Honor.
12         THE COURT:  All right.  I thank counsel.  All right.
13 We'll recess until two o'clock.
14
15         **(Proceedings adjourned at 1:48 p.m.)**
16
17
18
19
20
21
22
23
24
25

```
 1                    CERTIFICATE OF REPORTER
 2
 3          I, Tonia Harris, an Official Court Reporter for
 4   the Eastern District of Virginia, do hereby certify that I
 5   reported by machine shorthand, in my official capacity, the
 6   proceedings had and testimony adduced upon the Status
 7   Conference in the case of the UNITED STATES OF AMERICA
 8   versus PAUL J. MANAFORT, JR., Criminal Action No.
 9   1:18-CR-83, in said court on the 19th day of October, 2018.
10          I further certify that the foregoing 13 pages
11   constitute the official transcript of said proceedings, as
12   taken from my machine shorthand notes, my computer realtime
13   display, together with the backup tape recording of said
14   proceedings to the best of my ability.
15          In witness whereof, I have hereto subscribed my
16   name, this October 19, 2018.
17
18
19
20
21                         _____
                           Tonia M. Harris, RPR
22                         Official Court Reporter
23
24
25
                                                              13
```