# **EXHIBIT E**

FILED
IN OPEN COURT

OCT 26 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:17-CR-248 |
| ) | |
| ) | Hon. T. S. Ellis, III |
| HYUNG KWON KIM, ) | |
| ) | |
| Defendant. ) | |

PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Mark D. Lytle, Assistant United States Attorney; Stuart M. Goldberg, Acting Deputy Assistant Attorney General for the Tax Division, U.S. Department of Justice; Mark F. Daly, Senior Litigation Counsel and Robert J. Boudreau, Trial Attorney; the defendant, Hyung Kwon Kim; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with willful failure to file a Report of Foreign Bank and Financial Accounts, FinCEN Report 114 (formerly TD F 90.22-1) (as applicable, "FBAR") with the Department of the Treasury, in violation of Title 31, United States Code, Sections 5314 and 5322(a), and Title 31, Code of Federal Regulations, Section 1010.350.

The maximum penalties for this offense are: a maximum term of imprisonment of five years of imprisonment; a maximum fine of the greater of $250,000 or twice the gross gain or loss; a special assessment, pursuant to 18 U.S.C. §§ 3013 and 3014; and three years of

supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.  **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the U.S. Sentencing Commission's Sentencing Guidelines Manual ("Sentencing Guidelines").

3.  **Assistance and Advice of Counsel**

The defendant is satisfied that his attorneys have rendered effective assistance. The defendant understands that by entering into this plea agreement, he surrenders certain rights as provided in this plea agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and, if necessary, have the Court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and to cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine his actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the Sentencing Guidelines he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the Sentencing Guidelines' advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and he cannot withdraw a guilty plea based upon the actual sentence.

5. **Sentencing Guidelines**

The Government contends that the applicable Guideline in this matter should be U.S.S.G. § 2S1.3(a)(2), § 2B1.1, and § 2S1.3(b)(2) because the defendant filed two false FBARs and a false U.S. Individual Income Tax Return, Form 1040, within a 12-month period. However, at the time that the defendant agreed to plead guilty, the Government consistently took the position with similarly situated defendants that the applicable Guideline was U.S.S.G. § 2T1.1 and § 2T1.4 due to the cross reference in 2S1.3(c)(1).

Therefore, in order to ensure that the defendant receives equitable treatment, and in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the

defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

    a.    The base offense level for this offense is 16 pursuant to U.S.S.G. § 2T1.1(a)(1) and § 2T4.1(F), because the tax loss exceeded $100,000;

    b.    The base offense level is increased by 2 levels pursuant to U.S.S.G. § 2T1.1(b)(2) because the offense involved sophisticated means; and

    c.    the parties agree that they are free to argue other provisions of the Sentencing Guidelines not referenced herein or the sentencing factors under 18 U.S.C. § 3553(a).

The United States and the defendant also agree that he has assisted the government in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to Sentencing Guidelines § 3E1.1(a) and the offense level prior to the operation of that section is 16 or greater, the government agrees to file, pursuant to Sentencing Guidelines § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

6.    **Waiver of Appeal, FOIA, Privacy Act Rights, Venue and Statute of Limitations**

The defendant also understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

direct appeal, in exchange for the concessions made by the United States in this plea agreement. This plea agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

The defendant knowingly waives all rights to the venue requirement for Count One of the Information due to the fact that venue for the crimes committed lies in any other Federal judicial district, and the defendant further agrees to be prosecuted for this charge in the Eastern District of Virginia.

The defendant knowingly waives all rights to raise any defense based on the failure of a federal grand jury or the United States to charge him with the offense described in paragraph 1 of this agreement within any applicable statute of limitations.

7.   **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00).

8.   **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, he agrees voluntarily to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9. **Restitution**

The defendant agrees to the entry of a Restitution Order for the full amount of the victim's losses pursuant to 18 U.S.C. § 3663(a)(3). Victims of the conduct, as defined by 18 U.S.C. § 3663(a)(2) and described in the charging instrument or Statement of Facts or any other document describing the defendant's conduct, shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that, at a minimum, the following victims have suffered the following losses:

| Victim Name/ Address | Amount of Restitution |
|---|---|
| IRS- RACS<br>Attn.: Mail Stop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, MO 64108 | TBD |

The parties acknowledge that determination of the loss amounts for all victims in this matter is a complicated and time consuming process. To that end, the defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the Court may defer the imposition of restitution until after the sentencing; however, the defendant specifically waives the 90 day provision found at 18 U.S.C.

§ 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

10. **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or Statement of Facts.

11. **Waiver of Protections of Proffer Agreement**

The defendant agrees that all protections set forth in any proffer letter executed in relation to this case are hereby waived. The defendant further agrees that the government may use all statements provided by him, without limitation, in any proceeding brought by the government, including the Internal Revenue Service, against the defendant.

12. **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to him regarding any criminal activity as requested by the government. In that regard:

  a. The defendant agrees to appear for and testify truthfully and completely at any grand juries, trials or other proceedings.

  b. The defendant agrees to be reasonably available for debriefings, meetings, and pre-trial conferences as the United States may require.

  c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under his care, custody, or control relating directly or indirectly to all areas of inquiry and investigation. Nothing in this plea agreement requires the defendant to waive any valid assertion of the attorney client privilege as to counsel advising him in connection with this investigation or any related proceeding.

  d. The defendant agrees that, at the request of the United States, he will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

  e. The defendant agrees that the Statement of Facts is limited to information necessary to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

  f. The defendant agrees to execute any and all instructions and authorizations to direct individuals, entities, or financial institutions to provide account documents and information as well as to repatriate funds held by foreign financial institutions in order to accomplish the terms and conditions of this plea agreement.

  g. The defendant acknowledges that he is hereby on notice that he may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

h. Nothing in this plea agreement places any obligation on the government to seek the defendant's cooperation or assistance.

13. **Use of Information Provided by the Defendant under this Plea Agreement.**

The United States will not use any truthful information provided pursuant to this plea agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to Sentencing Guidelines §1B1.8, no truthful information that the defendant provides under this plea agreement will be used in determining the applicable Sentencing Guidelines advisory sentencing range, except as provided in §1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this plea agreement prevents the government in any way from prosecuting the defendant should he knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

14. **Defendant Must Provide Full, Complete and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges

resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

15. **Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the applicable Sentencing Guidelines advisory sentencing range, pursuant to § 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b), if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

16. **Payment of Taxes and Filing of Tax Returns**

The defendant consents to any motion by the United States, under Federal Rule of Criminal Procedure 6(e)(3)(E), to disclose grand jury material to the Internal Revenue Service ("IRS") for use in computing and collecting his taxes, interest and penalties, and to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to file true and correct Amended U.S. Individual Income Tax Returns, Forms 1040X, for the years 2003 through 2010 and to pay all taxes, interest and penalties for the years 2003 through 2010, prior to sentencing, as will be agreed upon between him and the IRS, or as otherwise imposed or assessed by the IRS. The defendant also admits that he willfully failed to file a true and accurate FBAR for each required year 2003 through 2010, and agrees not to object to the assessment of fraud penalties pursuant to 26 U.S.C. § 6663. The defendant further agrees to make all books, records and documents available to the IRS for use in computing his taxes, interest and penalties for the years 1999 through 2010.

17. **Penalty Related to filing False and Fraudulent FBARs**

The defendant agrees that in order to resolve his civil liability for both willfully failing to file FBARs and for willfully filing false and fraudulent FBARs for years 1999 through 2010, he will pay a civil penalty in the amount of $14,075,862 (fourteen million, seventy-five thousand, eight hundred and sixty-two dollars), equaling 50% of the total assets that the Defendant held in his undeclared accounts in Switzerland on December 31, 2004, no later than ten (10) days after the entry of Judgment in this case. The defendant further agrees to cause the transfer of the funds by electronic funds transfer pursuant to written instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Virginia. The defendant further agrees to cooperate with the United States, and make best efforts to transfer and remit the funds, including taking all steps requested by any financial institution or the United States, including the execution of all documents, orders, and/or instructions directing persons or entities acting on his behalf or in the name of nominee holders of accounts on his behalf, providing any information requested to facilitate the transfer, and granting access to information to facilitate the transfer. The defendant understands and agrees that nothing in paragraphs 15 and 16 of, or otherwise in, this plea agreement shall preclude or limit the IRS in its civil determination, assessment, or collection of any taxes, interest and/or penalties that he may owe.

The defendant agrees to file with the Financial Crimes Enforcement Network of the Department of the Treasury true and correct FBARs, including amended FBARs as needed, for 1999 through 2010.

18. **Breach of this Plea Agreement and Remedies**

This plea agreement is effective when signed by the defendant, his attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date

and time scheduled with the Court by the United States (in consultation with his attorney). If the defendant withdraws from this plea agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this plea agreement, then:

    a.    The United States will be released from its obligations under this plea agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this plea agreement.

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this plea agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

    c.    Any prosecution, including the prosecution that is the subject of this plea agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this plea agreement, including the statement of facts accompanying this plea agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this plea agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Federal Rule of Criminal Procedure 35(b) and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

19. **Nature of this Plea Agreement and Modifications**

This written plea agreement constitutes the complete plea agreement between the United States, the defendant, and his counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause him to plead guilty. Any modifications of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney
Eastern District of Virginia

By: _____
Mark D. Lytle
Assistant United States Attorney

Date: 10/26/2017

Stuart M. Goldberg
Acting Deputy Assistant Attorney General
Department of Justice, Tax Division

By: _____
Mark F. Daly
Senior Litigation Counsel
Robert J. Boudreau
Trial Attorney

Date: 10/26/2017

Defendants Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and voluntarily agree to it.

Date: October 26, 2017

Hyung Kwon Kim
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained the defendant's rights to him with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: October 26, 2017

Mark E. Matthews
Charles Myungsik Yoon
Counsel for the Defendant