IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> PAUL J. MANAFORT, JR., ) <br> ) <br> *Defendant.* ) <br> ) | Criminal No. 1:18-cr-00083-TSE <br><br> Judge T. S. Ellis, III <br><br> Sentencing: March 7, 2019, 3:30 p.m. |

## PAUL J. MANAFORT, JR.'S STATUS REPORT TO THE COURT

Paul J. Manafort, Jr., by and through counsel, hereby files this Status Report with respect to the defendant's upcoming sentencing hearing scheduled for March 7, 2019. The Special Counsel's Office has asked this Court to consider, for purposes of sentencing, certain findings made by the district court in the related District of Columbia case concerning Mr. Manafort's allegedly false statements during his cooperation. (Doc. 314).

On February 26, 2019, the Special Counsel submitted a sealed supplemental memorandum with respect to the DC court's February 13, 2016 ruling which contained material that the defendant contends is covered by *Brady v. Maryland*, 373 U.S. 83 (1983). The *Brady* material is exculpatory with respect to an argument made by the Special Counsel and accepted by the D.C. court in its finding that Mr. Manafort lied to the Special Counsel. The Special Counsel has filed a redacted version of that supplemental memorandum on the docket. At this point, Mr. Manafort does not know what impact, if any, the Special Counsel's filing will have on the February 13, 2019 ruling.

In connection with the sentencing in this case, the Special Counsel asks that the DC court's findings be considered with respect to whether Mr. Manafort is entitled to a reduction under the U.S. Sentencing Guidelines ("Guidelines") for acceptance of responsibility pursuant to Section 3E1.1. *Id*. at 19-20. The prosecution further seeks to have this Court consider the DC court's findings pursuant to the statutory sentencing factors set forth in Title 18, United States Code, Section 3553(a). *Id*. at 24. If the Court decides to consider the DC court's findings for purposes of imposing sentence, which it is clearly entitled to do, the defendant respectfully requests that the Court be provided with and review the parties' submissions, the hearing transcripts, the transcript of the DC court's ruling and all the related materials in *unredacted* form before reaching a conclusion. This review should include the issue raised by sealed pleading filed by the Special Counsel this week.

As the defendant noted prior to the Special Counsel's submission of its sentencing memorandum (*see* Doc. 313), the filings and exhibits that were redacted from the public versions of those documents are important and material to this Court's *independent* consideration of the relevant sentencing issues noted above. This Court is not bound by a determination made in the District of Columbia, despite the implicit suggestion in the Special Counsel's sentencing memorandum that this is a "done deal."  (Doc. 314 at 20) ("Judge Jackson found by a preponderance of the evidence that Manafort intentionally lied to the government as to three subject areas, and had not with respect to two others.")[1]

---

[1] The Special Counsel's Office also avers in its sentencing memorandum that "the defendant has now conceded that he breached his plea agreement in the District of Columbia," but this is not accurate. *Id.* The defendant only conceded that the government made *its* determination of a breach in good faith—not attacking the intent or motivation of the prosecutors based on that minimal standard. The defense, however, has consistently maintained that Mr. Manafort did not intentionally lie, and the Special Counsel's Office previously acknowledged the defense position. (Doc. 312 at 3) ("At a hearing before the DC Court on January 25, 2019, Manafort conceded the government made its determination that he breached the plea agreement in good faith; however, Manafort disputed that he intentionally lied to the government.")

Dated: March 1, 2019                    Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing (*pro hac vice*)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

s/ Thomas E. Zehnle
Thomas E. Zehnle (VSB No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

s/ Richard W. Westling
Richard W. Westling (*pro hac vice*)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
(202) 861-1868
rwestling@ebglaw.com

s/ Jay R. Nanavati
Jay R. Nanavati (VSB No. 44391)
Brian P. Ketcham (*pro hac vice*)
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000
jnanavati@kflaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 1st day of March 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew A. Weissman
Greg D. Andres
Uzo Asonye

U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800
Email: AAW@usdoj.gov
   GDA@usdoj.gov
   Uzo.Asonye@usdoj.gov

                s/ Jay R. Nanavati
                Jay R. Nanavati (VSB No. 44391)
                Kostelanetz & Fink LLP
                601 New Jersey Avenue NW
                Suite 620
                Washington, DC 20001
                (202) 875-8000
                jnanavati@kflaw.com

                *Counsel for Defendant Paul J. Manafort, Jr.*