```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION

---------------------------x
UNITED STATES OF AMERICA    :    Criminal Action No.:
                            :    1:18-cr-83
     versus                 :
                            :    Friday, October 18, 2024
PAUL J. MANAFORT, JR.,      :    Alexandria, Virginia
et al.,                     :
             Defendant.     :    Pages 1-8
---------------------------x
```

     The above-entitled motions to unseal hearing was heard before the Honorable Leonie M. Brinkema, United States District Judge.  This proceeding commenced at 9:58 a.m.

                         A P P E A R A N C E S:

FOR THE GOVERNMENT:      DREW BRADYLYONS, ESQUIRE
                         OFFICE OF THE UNITED STATES ATTORNEY
                         2100 Jamieson Avenue
                         Alexandria, Virginia  22314
                         (703) 299-3700

FOR THE INTERVENORS:     THEODORE BOUTROUS, JR., ESQUIRE
(The Washington Post     GIBSON DUNN & CRUTCHER LLP
and The Reporters        333 South Grand Avenue
Committee for            46th Floor
Freedom of the Press)    Los Angeles, California  90071
                         (213) 229-7000

                         KATHERINE MADDOX DAVIS, ESQUIRE
                         GIBSON DUNN & CRUTCHER LLP
                         1700 M Street, N.W.
                         Washington, D.C.  20036-4504
                         (202) 955-8500

                         HARRISON CHASE WEIDNER, ESQUIRE
                         GIBSON DUNN & CRUTCHER LLP
                         200 Park Avenue
                         New York, New York  10166
                         (212) 351-4000

                                                                    1

              Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

```
 1   COURT REPORTER:         STEPHANIE M. AUSTIN, RPR, CRR
                             Official Court Reporter
 2                           United States District Court
                             401 Courthouse Square
 3                           Alexandria, Virginia  22314
                             (607) 743-1894
 4                           S.AustinReporting@gmail.com

 5       COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

2

```
 1                     P R O C E E D I N G S
 2              THE DEPUTY CLERK:  Criminal Number 1:18-cr-83,
 3   United States of America versus Paul J. Manafort, Jr., et
 4   al.
 5              Will counsel please note their appearance for the
 6   record, first for the government.
 7              MR. BRADYLYONS:  Good morning, Your Honor.  Drew
 8   Bradylyons on behalf of the United States.
 9              THE COURT:  Good morning.
10              MR. BOUTROUS:  Good morning, Your Honor.  Theo
11   Boutrous for The Washington Post and The Reporters Committee
12   for Freedom of the Press.
13              THE COURT:  Good morning.
14              MR. BOUTROUS:  Good morning.
15              THE COURT:  Do you have other folks there with
16   you?
17              MR. BOUTROUS:  Yes.
18              MS. DAVIS:  Good morning, Your Honor.  I'm
19   Katherine Maddox Davis, and this is my colleague, Chase
20   Weidner, also on behalf of the intervenors.
21              THE COURT:  Good morning.
22              All right.  What we have before us is the request
23   by The Reporters Committee for Freedom of the Press to
24   intervene in this case.  I'm going to grant that motion.
25              And then there's also a request that the Court
```

1   unseal a judicial record.  Now, the Court has the authority
2   to unseal judicial records.  The Court does not have the
3   authority to unseal classified information, and I believe
4   that the Reporters Committee recognizes that.  It certainly
5   did in the *Moussaoui* case.  I don't have the authority.  I
6   can push back, and I've done that in the past, and many
7   times the intelligence community, in rethinking their
8   position, you know, accommodate the Court's pushback;
9   sometimes it doesn't, and if it doesn't, you're basically
10  stuck with the situation.
11          I have been advised at this point that the
12  document -- several lines of the document that are still
13  sealed are also still considered classified by the executive
14  branch.  And as I note from the redacted copy -- which you
15  already have had for some years -- if you notice on the very
16  bottom, it says:  Declassified by the FBI on 4/30/2020.
17  This redacted version only.
18          So I know there's been an argument in your papers
19  that somehow the presentation of this Rosenstein memo to the
20  public somehow automatically declassified it.  Only the
21  redacted version has been declassified, but the material
22  that remains under seal is still classified.
23          So that's the situation; however, I want to hear
24  from the United States, more specifically why it's taking so
25  long, given how little information there is in those few

4

1  lines.  Now, I have in chambers reviewed the material that's
2  at issue, so I know what's at issue.  So I need an
3  explanation from the government as to why it is not, at this
4  point, able to give me a precise understanding as to why the
5  government still considers this material material that, if
6  revealed, could somehow damage the national security.
7             MR. BRADYLYONS:  Yes, Your Honor.
8             Since receiving the motion to unseal, the
9  government has endeavored to work expeditiously.  We, in the
10 first instance, reached out to the law enforcement agency
11 that had been involved in the Manafort investigation.  They
12 then, in turn, pointed us towards an additional equity
13 holder which had to undertake a review to assess whether the
14 information that was classified in 2017 remains so.
15            The government, the Department of Justice, has
16 liaised with the General Counsel's office at this other
17 equity holder who then, in turn, has to speak with other
18 individuals at equity holder, and it has just taken some
19 time.  And we have pressed them to move very expeditiously.
20 We have spoken to them numerous times over the last week and
21 a half, and we have asked them to produce a declaration for
22 this Court to review as quickly as possible, and we believe
23 that that can be accomplished within the next 30 days.
24            THE COURT:  Thirty days is too long, I agree,
25 given the nature of the information which was attached to

5

1  the motion and the many exhibits that were attached to the
2  intervenor's motion.  I cannot fathom why it's taking this
3  long to give the Court a more explicit understanding or to
4  make the decision that it no longer needs to be kept under
5  seal, and so I'm not going to grant you 30 days.
6          I do -- I am willing to give you a few more days.
7  If they have to work over the weekend, sobeit, but I think
8  by Wednesday of next week, the government needs to be able
9  to give us a definitive position.
10         I mean, obviously if the decision is going to be
11 to maintain it under -- you know, as a classified document,
12 I believe that will end the analysis.  But I don't have any
13 good reasons at this point why it should be.  And I think
14 you should probably relay to them that unless they've got a
15 good reason, based upon what I've seen, I don't understand
16 why it's kept under seal; all right?
17         MR. BRADYLYONS:  Very well, Your Honor.
18         THE COURT:  All right.  So I've granted the motion
19 in part.
20         I don't know whether we'll need a hearing on
21 Wednesday -- next week or not.  Let me see what I get on
22 Wednesday, and then we'll let both of you know whether I
23 want you back in court.  All right.
24         MR. BOUTROUS:  Your Honor.
25         THE COURT:  Is there anything you wanted to add?

                                                              6

1          MR. BOUTROUS:  Yes.  Thank you so much, Your
2   Honor, for hearing this.  Theo Boutrous.  We very much
3   appreciate that.
4          And the only request I would make is that, to the
5   extent they make a filing and there's something in that, if
6   the Court thinks that a response is warranted, that we would
7   get whatever the Court views as something that could be
8   given to us to respond to.
9          THE COURT:  Well, you understand that normally
10  when this is done, it's done -- the materials are kept in
11  the SCIF, and the Court is not able to share much at all
12  with you all.  We'll try to make this as transparent as
13  possible.  I just don't know.  It may very well be that the
14  whole issue may be moot by next Wednesday.
15         MR. BOUTROUS:  Thank you, Your Honor.
16         And the other thing I would just say here is that
17  this really is -- time is of the essence.  One of the
18  things -- we didn't make the point in our briefing, but
19  there are allegations of election interference now in 2024
20  by foreign governments, and the public should have as much
21  information as possible about what happened in the past,
22  what happened with respect to Egypt, if what -- we're
23  correct that that's what's mentioned and discussed in the
24  Rosenstein memo.  And we very much appreciate the Court
25  moving this up quickly and -- because of high public

7

1  interest, and so much of the information is already out from
2  official sources, from the Egyptian government, Mr. Trump's
3  campaign, the U.S. attorney who closed the investigation,
4  and the Justice Department's own conduct is under scrutiny
5  here so the public can understand what's going on here.  So
6  we very much appreciate the Court's schedule, and we're
7  prepared to come back, file more papers, whatever the Court
8  needs from us.
9          THE COURT:  Let's see what shows up on Wednesday.
10         MR. BOUTROUS:  Thanks so much.
11         THE COURT:  All right.  Thank you very much.
12         We'll call the next case.
13         (Proceedings adjourned at 10:05 a.m.)
14         -----------------------------------
15  I certify that the foregoing is a true and accurate
16  transcription of my stenographic notes.
17
18                          _____
19                              Stephanie M. Austin, RPR, CRR